Richard D. McCune, Esq. State Bar No. 132124
rdm@mwtriallawyers.com
Jae (Eddie) K. Kim, Esq., State Bar No. 236805
jkk@mwtriallawyers.com
MCCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiffs CLAUDIA SANCHEZ, ERIN WALKER
and WILLIAM SMITH, on behalf of themselves and
all others similarly situated,

**UNITED STATES DISTRICT COURT**

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA SANCHEZ, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated, | Case No.: CV 07 5923 |
| Plaintiffs, | COMPLAINT: **CLASS ACTION** |
| v. | 1. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT [CIVIL CODE SECTION 1750, ET SEQ.] |
| WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125, | 2. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.] |
| Defendants. | 3. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17500, ET SEQ.] |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs, CLAUDIA SANCHEZ, ERIN WALKER and WILLIAM SMITH, as individuals, on

behalf of themselves and all others similarly situated (i.e., the members of the various Plaintiff Classes

described and defined, infra), herein allege as follows:

- 1 -

CLASS ACTION COMPLAINT

# I

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  The amount-in-controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and there is minimal diversity because certain members of the class are citizens of a different state than any defendant as required by 28 U.S.C., section 1332(d)(2).

2.      Venue as to Defendant is proper in this judicial district because Defendant Wells Fargo & Company is headquartered in the City and County of San Francisco, California.

# II

## GENERAL ALLEGATIONS

3.      This is a civil action primarily seeking from Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A., restitution and disgorgement of all profits gained on their practice of improperly assessing customers overdraft charges for insufficient funds on debit/check card purchases and ATM withdrawals, when there was sufficient funds in the account when the purchases and withdrawals were made and approved by Defendants.  Plaintiffs also seek remedies for Defendants actions in increasingly the likelihood or assessing these charges by identifying and publishing inaccurate "available balance" information to customers.  Plaintiffs also seek remedies for Defendants failure to adequately notify Customers of this practice.  Finally, Plaintiffs seek to enjoin Defendants from continuing to conduct such improper activities.  Plaintiffs, for themselves and all others similarly situated, brings this action pursuant to the Consumer Legal Remedies Act, Civil Code section 1750, *et seq.*; the Unfair Business Practices Act, Business & Professions Code section 17200, *et seq.*; and False Advertising, Business & Professions Code section 17500, *et seq.*

4.      Plaintiff CLAUDIA SANCHEZ is a resident of the County of Riverside, California.  She entered into her contractual relationship with Wells Fargo & Company, and Wells Fargo Bank, N.A. (hereinafter referred to as "WELLS FARGO" or "Defendants") in the County of Riverside, California.

5.      Plaintiff ERIN WALKER is a college student at Arizona State University, so when school is in session she is a temporary Arizona resident.  When school is out of session, she lives with her parents in Los Angeles County at which time she is a California resident.  She entered into her

CLASS ACTION COMPLAINT

contractual relationship with Wells Fargo & Company, and Wells Fargo Bank, N.A. in the County of Los Angeles, California.

6.     Plaintiff WILLIAM SMITH is a resident of the County of San Bernardino, California. He regularly conducts banking at the Wells Fargo & Company, and Wells Fargo Bank, N.A. in the County of San Bernardino, California.

7.     Wells Fargo & Co. is the parent of all Wells Fargo entities. Wells Fargo & Co. is a diversified financial services company providing banking, insurance, investments, mortgage banking and consumer finance to individuals, businesses and institutions in all 50 states and internationally. Wells Fargo & Co. is headquartered in San Francisco, CA.

8.     Wells Fargo Banking, N.A., is a subsidiary of Wells Fargo & Co. and conducts substantial business in all Counties within the State of California as well as in most other States.

9.     Based on information and belief, the decisions relating to developing, marketing and implementing the actions complained herein originated from Wells Fargo & Company in San Francisco, California.  For all plans and decisions that originated at Wells Fargo business locations outside of San Francisco, California, those plans and decision required approval from Wells Fargo's San Francisco, California headquarters, thereby providing Wells Fargo & Company authority and control over the actions complained about herein.

10.    The true names and capacities of defendants sued herein as DOES 1 through 125, inclusive, are currently unknown to plaintiffs, who therefore sue such defendants by such fictitious names.  Each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as DOES when such identities become known.

11.    Based upon information and belief, plaintiffs allege that at all times mentioned herein, each and every defendant was acting as an agent and/or employee of each of the other defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission and consent of each of the other defendants. In addition, each of the acts

1   and/or omissions of each defendant alleged herein were made known to, and ratified by, each of the

2   other defendants.

### III

### FACTUAL ALLEGATIONS

5       12.    WELLS FARGO is one of this country's largest consumer banking companies servicing

6   millions of individual and business customers nationwide.   One of the services provided by WELLS

7   FARGO for customers who open a checking account is a check/debit/ATM card.  This card allows

8   customers to access their checking account funds by using the card to conduct transactions.  Whether it

9   is transactions with vendors or using the card to withdraw cash from an ATM machine, the card is

10  processed electronically so that WELLS FARGO is aware of the use of the card and has the option to

11  accept or decline transactions at the point of sale.

12      13.    On or about August 16, 2007, at or about 9:23 a.m., Plaintiff CLAUDIA SANCHEZ used

13  her WELLS FARGO debit card to purchase $20.45 of gas from ARCO am/pm in Beaumont, California.

14  Based on information and belief, Defendant WELLS FARGO expressly electronically approved the

15  transaction before approving the transaction.  Based on information and belief, at the time of the

16  transaction, Ms. Sanchez had more than $20.45 in her checking account.

17      14.    On or about August 17, 2007, Defendants assessed and automatically deducted from

18  Plaintiff CLAUDIA SANCHEZ'S checking account a $34 insufficient funds overdraft charge for the

19  August 16, 2007 ARCO purchase without explanation as to why she received an insufficient overdraft

20  charge for a transaction that occurred when there were sufficient funds in the account at the time the

21  transaction took place.

22      15.    On or about May 29, 2007, Plaintiff ERIN WALKER made a $9.66 check card purchase

23  at Jackson Market in Culver City, California.  Based on information and belief, Defendants expressly

24  approved the transaction before the transaction was completed.  Also based on information and belief, at

25  the time the transaction was conducted and approved, Plaintiff had at least $53.05 in her account; more

26  than enough to cover this charge.

27      16.    Sometime after June 25, 2007, Plaintiff ERIN WALKER received a statement from

28  Defendants showing that on June 5, 2007, Defendants assessed and automatically deducted from

- 4 -

1   Plaintiff's checking account a $34 insufficient funds overdraft charge for the May 29, 2007 transaction.

2   The statement did not have an explanation as why she received an insufficient funds overdraft charge for

3   a transaction that occurred when there were sufficient funds in the account at the time the transaction

4   took place.

5       17.    On or about July 3, 2007, Plaintiff WILLIAM SMITH made a check card purchase at

6   TNT Fireworks located in San Bernardino, California.  Based on information and belief, Defendants

7   expressly approved the transaction before the transaction was completed.  Also based on information

8   and belief, at the time the transaction was conducted and approved, Plaintiff had more than enough

9   funds in the account to cover this charge.

10       18.    Following the charge, Plaintiff WILLIAM SMITH reviewed an online statement from

11   Defendants showing that on July 13, 2007, Defendants had assessed a $34 overdraft charge for the

12   July 3, 2007 TNT Fireworks transaction.  The online statement did not have an explanation as why he

13   received an insufficient funds overdraft charge for a transaction that occurred when there were sufficient

14   funds in the account at the time the transaction took place.

15       19.    Based on information and belief, the insufficient funds charges incurred by Plaintiffs are

16   representative of hundreds of millions of dollars of insufficient overdraft fees that WELLS FARGO

17   assessed its customers and automatically deducted from their checking accounts when there were

18   sufficient funds in the account at the time of the transaction.  This is made further unfair because

19   WELLS FARGO specifically approved each of these transactions and knew at the time it approved the

20   transaction there was sufficient funds in the account to cover the transaction.

21       20.    Based on information and belief, this unfair practice is exacerbated because WELLS

22   FARGO promotes, markets, encourages and advertises that Customers can rely on available balance

23   information provided to them by WELLS FARGO in making their purchase decisions, thus avoiding

24   overdraft fees.  These ways that WELLS FARGO provides and publishes this information includes

25   ATM balance inquiries, Monthly statements, Online Balance statements, Telephone inquiries, and In-

26   Store inquiries.  However, when customers like Plaintiff WILLIAM SMITH rely on this available

27   balance information provide by WELLS FARGO, they still incur insufficient funds overdraft fees for

28   WELLS FARGO approved purchases made within the available balance amount provided by WELLS

- 5 -

1   FARGO.

2        21.    Finally, WELLS FARGO has failed to provide notice and make customers aware that

3   they can incur insufficient funds overdraft fees on transactions that when made, there was sufficient

4   funds in the account to cover the transaction.  WELLS FARGO has also failed to provide notice to

5   customers that the published available balance information it promotes, markets, encourages and

6   advertises as something for the customer to rely on, is inaccurate and can result in insufficient overdraft

7   charges for transaction that are within the amount of the stated available balance published by WELLS

8   FARGO.

9        22.    Based on information and belief, the way WELLS FARGO creates these phantom

10   insufficient funds overdraft charges is by manipulating and delaying the posting of the account in such a

11   way that will increase the likelihood of creating an insufficient funds overdraft fee for a transaction that

12   WELLS FARGO knows had sufficient funds at the time the transaction occurred.

13   **IV**

14   **CLASS ACTION ALLEGATIONS**

15        23.    Plaintiffs each incurred insufficient funds overdraft fee in their checking account for a

16   transaction that when it occurred, there was sufficient funds in the account to cover the transaction.

17   WELLS FARGO approved the transaction of each Plaintiff before the transaction was processed.  None

18   of the Plaintiffs knew or were notified by WELLS FARGO that they could incur an insufficient funds

19   overdraft fee for an approved transaction where they had sufficient funds to cover the transaction at the

20   time the transaction was made.

21        24.    Plaintiff WILLIAM SMITH relied on account available balance information provided to

22   him by WELLS FARGO in entering into the transaction that resulted in an insufficient funds overdraft

23   fee when the available balance provided to him by WELLS FARGO showed he had sufficient funds to

24   cover the transaction.  Plaintiff WILLIAM SMITH neither knew nor was notified that the account

25   available balance information provided to him by WELLS FARGO was inaccurate.

26        25.    Plaintiffs brings this action on behalf of themselves and a plaintiff class initially defined

27   as follows:

28

- 6 -

1   All California Residents who were/are checking account customers of WELLS FARGO,

2   and from May 25, 2003 to the present were assessed an insufficient overdraft fee for at

3   ATM, Check Card Purchase, Debit Card Purchase, or ATM transaction for which there

4   was sufficient funds in the checking account at the time of the transaction.

5   Excluded from this class is any entity in which Defendant has a controlling interest, and officers

6   or director of Defendant.  Plaintiffs, and those persons similarly situated as described in the preceding

7   paragraph, may be collectively referred to herein as "The California Class Plaintiffs."

8   26.      Plaintiffs also brings this action on behalf of themselves and a plaintiff class initially

9   defined as follows:

10   All non-California United States Residents who were/are checking account customers of

11   WELLS FARGO, and who from May 25, 2003 to the present were assessed an

12   insufficient overdraft fee for at ATM, Check Card Purchase, Debit Card Purchase, or

13   ATM transaction for which there was sufficient funds in the checking account at the time

14   of the transaction.

15   Excluded from this class is any entity in which Defendant has a controlling interest, and officers or

16   director of Defendant.  Plaintiffs, and those persons similarly situated as described in the preceding

17   paragraph, may be collectively referred to herein as "The National Class Plaintiffs."

18   27.      This action is brought as a class action and may properly be so maintained pursuant to the

19   provisions of the Federal Rules of Civil Procedure 23(a) and 23(b).  Plaintiffs reserve the right to modify

20   the California Class and the National Class definitions and the class period based on the results of

21   discovery.

22   28.      **Numerosity of the California and National Class** – The members of the California

23   Class and the National Class are so numerous that their individual joinder is impracticable.  Plaintiffs are

24   informed and believe that there are at least hundreds of thousands of customers in the class.  Since the

25   class members may be identified through business records regularly maintained by Defendant and its

26   employees and agents, and through the media, the number and identities of class members can be

27   ascertained.  Members of the Class can be notified of the pendency of this action by mail and

28   supplemented by published notice, if necessary;

CLASS ACTION COMPLAINT

29.   **<u>Existence and Predominance of Common Question of Fact and Law</u>** – There are questions of law and fact common to the California Class and National Class.  These questions predominate over any questions affecting only individual class members.  These common legal and factual issues include, but are not limited to:

    a.   Whether Defendant WELLS FARGO assessed insufficient overdraft fees for transactions it approved and for which there were sufficient funds in the account at the time of the transaction to cover the cost of the transaction.

    b.   Whether Defendant WELLS FARGO promotes, markets, encourages and advertises the available balance through ATM machines, Online, Bank Statements, In-Store and Telephone as something for the customer to rely on, which is inaccurate and can result in insufficient overdraft charges for transaction that are within the amount of the stated available balance provided by WELLS FARGO.

    c.   Whether Defendant WELLS FARGO failed to notify customers that it assessed insufficient overdraft fees for transactions it approved, and for which there were sufficient funds in the account at the time of the transaction to cover the cost of the transaction.

    d.   Whether Defendant WELLS FARGO failed to notify customers that available balance information through ATM machines, Online, Bank Statements, In-Store and Telephone is inaccurate and can result in insufficient overdraft charges for transaction that are within the amount of the stated available balance provided by WELLS FARGO.

    e.   Whether Defendant WELLS FARGO'S conduct as described above constitute unlawful, unfair, or fraudulent business acts or practices in violation of California Consumer Legal Remedies act and/or the Business and Professions Code section 17200 *et seq.*;

30.   **<u>Typicality</u>** – The claims of the representative Plaintiffs are typical of the claims of each member of the California Class and the National Class.  Plaintiffs, like all other members of the Classes, have sustained damages arising from Defendant's violations of the laws, as alleged herein.  The

CLASS ACTION COMPLAINT

representative Plaintiffs and the members of the California Class and National Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by Defendant.

31.   **Adequacy** – The representative Plaintiffs will fairly and adequately represent and protect the interests of the California Class and National Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation.  There are no material conflicts between the claims of the representative Plaintiffs and the members of the California Class and National Class that would make class certification inappropriate.  Counsel for the Classes will vigorously assert the claims of all Class members.

32.   **Predominance and Superiority** – This suit may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the California Class and National Class predominate over the questions affecting only individual members of the Classes and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.  Further, it would be virtually impossible for the members of the Classes to individually redress effectively the wrongs done to them.  Even if class members themselves could afford such individual litigation, the court system could not.  In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

33.   The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action.  Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices.  To

1 the extent that any further notices may be required, the Class Plaintiffs would contemplate the use of

2 additional media and/or mailings.

3      34.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly

4 maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

5      a.    Without class certification and determination of declaratory, injunctive, statutory

6 and other legal questions within the class format, prosecution of separate actions by individual members

7 of the California and National Classes will create the risk of:

8      i.    Inconsistent or varying adjudications with respect to individual members

9 of the Classes which would establish incompatible standards of conduct for the parties opposing the

10 Classes; or

11      ii.    Adjudication with respect to individual members of the Classes which

12 would as a practical matter be dispositive of the interests of the other members not parties to the

13 adjudication or substantially impair or impede their ability to protect their interests;

14      b.    The parties opposing the Classes have acted or refused to act on grounds

15 generally applicable to each member of the Class, thereby making appropriate final injunctive or

16 corresponding declaratory relief with respect to the Classes as a whole; or

17      c.    Common questions of law and fact exist as to the members of the Class and

18 predominate over any questions affecting only individual members, and a Class Action is superior to

19 other available methods of the fair and efficient adjudication of the controversy, including consideration

20 of:

21      i.    The interests of the members of the Classes in individually controlling the

22 prosecution or defense of separate actions;

23      ii.    The extent and nature of any litigation concerning controversy already

24 commenced by or against members of the Classes;

25      iii.    The desirability or undesirability of concentrating the litigation of the

26 claims in the particular forum;

27      iv.    The difficulties likely to be encountered in the management of a Class

28 Action.

**FIRST CAUSE OF ACTION**

**(Violation of Civil Code Section 1750 *et seq.* – Consumers Legal Remedies Act)**

35.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

36.     Defendants provide "services" within the meaning of Civil Code sections 1761(a), 1761(b) and 1770.

37.     Each defendant is a "person" within the meaning of Civil Code sections 1761(c) and 1770.

38.     Purchasers of defendants' services, including plaintiffs and other members of the Classes, are "consumers" within the meaning of Civil Code sections 1761(d) and 1770.

39.     Plaintiffs' and each and every Class members' purchase of the services sold by defendants constitutes a "transaction" within the meaning of Civil Code section 1761(d) and 1770.

40.     The policies, acts and practices of defendants as described above were intended to result in the sale of services to plaintiffs and the California and National Class members.  These actions violated, and continue to violate the Consumers Legal Remedies Act in at least the following aspects:

a.     In violation of Civil Code section 1770(a)(5) and (14), defendants make deceptive representations in connection with the services in question;

b.     In violation of Civil Code section 1770(a)(5), defendants represent that their services have characteristics, uses, or benefits which they do not have;

c.     In violation of Civil Code section 1770(a)(5) and (14), defendants advertise services without the intent to sell them as advertised;

d.     In violation of Civil Code section 1770(a)(14), defendants represent that their services confer or involve rights, remedies or obligations which they do not have, or which are prohibited by law.

e.     In violation of Civil Code section 1770(a)(19), inserting an unconscionable provision in a contract.

41.     As a result of defendants' action, each plaintiff and members of the class have incurred damages in the form of insufficient funds overdraft fees.

42.     On September 7, 2007, plaintiff William Smith notified defendants of the unlawful acts and practices described above by written notice. (Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff William Smith's Notice of Intent to Bring an Action for Damages Under the Consumer Legal Remedies Act (Civil Code Sections 1750-1784)). Pursuant to California Civil Code section 1782(b), defendants were required to respond to plaintiff's notice and demand letter within 30 days of its receipt by either correcting, repairing, replacing, or rectifying the violation set forth in the notice and demand or by agreeing to correct, repair, replace, or rectify the violation within a reasonable time.

43.     Despite the demand, defendants have failed to offer an appropriate correction or remedy for each of the issues raised herein. Therefore, plaintiffs bring this action pursuant to Civil Code sections 1780 and 1781 and seek compensatory and punitive damages, restitution and injunctive relief hereunder in the form of an order enjoining defendants from continuing to engage in the practices alleged herein. Furthermore, the above-described acts and practices committed by defendants are in violation of Civil Code section 1780(b) and 3345, entitling plaintiff and other Class members to damages and/or $5,000 per person, to the extent that such members of the Class are disabled persons within the meaning of Civil Code section 1761(f) and (g).

## SECOND CAUSE OF ACTION

### (Violation of Business And Professions Code Section 17200 *et seq.* – Unlawful, Fraudulent, and Unfair Business Act and Practices)

44.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

45.     Defendants' acts and practices as described herein constitute unlawful, fraudulent, and unfair business acts and practices, in that (1) defendants' practices, as described herein, violate each of the statutes set forth above, and/or (2) the justification for defendants' conduct is outweighed by the gravity of the consequences to plaintiff and members of the Classes, and/or (3) defendants' conduct is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially injurious to plaintiff and members of the Classes, and/or (4) the uniform conduct of defendants has a tendency to deceive plaintiff and the members of the Classes.

46.     Defendants' unlawful, unfair and fraudulent business acts and practices are described herein and include, but are not limited to the practice of charging insufficient overdraft fees for

CLASS ACTION COMPLAINT

transactions where there was sufficient funds in the account at the time of the transaction to cover the transaction; providing inaccurate available balance information and failing to provide reasonable notice of these practices.

47.     Plaintiffs, and each of them, have been damaged by said practices.  Had plaintiffs and members of the Classes been aware that they were going to be charged an insufficient funds overdraft fee of $34 for each complained about transaction, the Plaintiffs would not have entered into the transaction and would not have incurred an insufficient funds overdraft fees of $34.

48.     The conduct of Defendants as described herein violates Business and Professions Code section 17200 *et seq.*, and other similar state unfair competition and unlawful business practices statutes.

49.     Pursuant to Business and Professions Code sections 17200 and 17203, plaintiffs, on behalf of themselves and all others similarly situated, seeks relief as prayed for below.

**THIRD CAUSE OF ACTION**

**(Violation of Business and Professions Code Section 17500 *et seq.* – False Advertising)**

50.     Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

51.     The standardized practice and advertisements regarding the practice were uniformly applied to the Plaintiffs and the class members.

52.     As a result, Plaintiffs relied on the advertisements and were damaged as a result.

53.     Plaintiffs, on behalf of themselves and the California and National Classes, seek relief as prayed for below.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on their own behalf and on behalf of the California and National Classes, pray for relief as follows:

A.     For an order certifying the California Class and appointing plaintiffs and his counsel to represent the California Class;

B.     For an order certifying the National Class and appointing plaintiffs and their counsel to represent the National Class;

C.     For an order awarding plaintiffs and the California and National Classes restitution and/or disgorgement and other equitable relief as the Court deems proper;

1    D.    For an order awarding plaintiffs and the California and National Classes punitive

2    damages as to the appropriate cause of action;

3    E.    For an order enjoining defendants:

4         1.    under Civil Code sections 1780(a)(2) and 1781(a) from continuing to use, employ, or

5              undertake unfair methods of competition, acts and practices, or any of them, which

6              are violative of that statute as alleged herein;

7         2.    under Business and Professions Code section 17203 from continuing to engage in

8              business acts and practices, or any of them, which are unlawful, unfair, or fraudulent,

9              as alleged herein; and

10        3.    under Business and Professions Code section 17535 from continuing to engage in the

11             dissemination of advertisements which are untrue or misleading, alleged herein;

12   F.    For an order mandating that defendants engage in a corrective advertising campaign to

13   correct the misperceptions defendants' conduct created;

14   G.    For an order awarding plaintiff and the California and National Classes pre-judgment and

15   post-judgment interest, as well as their reasonable attorneys' and expert-witness fees and other costs

16   pursuant to the Consumers Legal Remedies Act, Civil Code section 1750 *et seq.*, Code of Civil

17   Procedure section 1021.5, and other statutes as may be applicable; and

18   H.    For an order awarding such other and further relief as this Court may deem just and

19   proper.

20   DATED: November 21, 2007                          McCUNE & WRIGHT, LLP

21

22                                          By: _____
                                               Richard D. McCune
23                                             Attorney for Plaintiffs

24                               **DEMAND FOR JURY TRIAL**

25   Plaintiff, and all others similarly situated, hereby demands a trial by jury herein.

26   DATED: November 21, 2007                          McCUNE & WRIGHT, LLP

27                                          By: _____
                                               Richard D. McCune
28                                             Attorney for Plaintiffs

- 14 -

CLASS ACTION COMPLAINT

# EXHIBIT    _1_

1  Richard D. McCune (California SBN 132124)
   rdm@mwtriallawyers.com
2  McCUNE & WRIGHT
   2068 Orange Tree Lane, Suite 216
3  Redlands, CA 92374
   Telephone:  (909) 557-1250
4  Facsimile:  (909) 557-1275

5  Attorneys for Plaintiff

6

7

8

9

10  **William Smith,**                              ) **NOTICE OF INTENT TO BRING AN**
                                                     ) **ACTION FOR DAMAGES UNDER THE**
11       as an individual and on behalf of all others ) **CONSUMER LEGAL REMEDIES ACT**
                                                     ) **(Civil Code Sections 1750-1784)**
12  similarly situated.                             )
                                                     )
13  _____ )

14

15      1.  <u>**NOTICE TO BE SENT TO:**</u>

16      **Wells Fargo & Company**
        **Attention: Legal Department**
17      **420 Montgomery Street**
        **San Francisco, CA 94104-1202**
18
        **Wells Fargo Bank, National Association**
19      **Attention: Legal Department**
        **464 California Street**
20      **San Francisco, CA 94104**

21      2.  <u>**ENTITY ALLEGED TO HAVE VIOLATED THE CONSUMER LEGAL REMEDIES**</u>
22      <u>**ACT (CLRA):**</u>

23      Wells Fargo & Company and Wells Fargo Bank, N.A. (hereinafter "Wells Fargo")

24      3.  <u>**APPROXIMATE NUMBER OF AFFECTED WELLS FARGO CUSTOMERS:**</u>

25      Precise number unknown, but it is believed the number of affected U.S. customers is over 1
26  million.

27      4.  <u>**SPECIFIC SECTION(S) OF CLRA VIOLATION BY WELLS FARGO:**</u>

28      **Civil Code §1770:**

- 1 -
NOTICE OF INTENT TO BRING ACTION FOR DAMAGES UNDER CLRA

EXHIBIT 1                                                           15

(5)   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…

(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(19) Inserting an unconscionable provision in a contract.

**5.   FACTS SUPPORTING VIOLATION OF CIVIL CODE §1770:**

Claimant contends that WELLS FARGO has a practice of delaying posting of charges on check/debit cards which results in customers, such as claimant, being led to believe that the available balance in the checking account is higher then in reality it is after WELLS FARGO posts all the outstanding charges.  As a result, claimant and class members have incurred overdraft fees as a result of being misled as to their available balance in their checking accounts.

Combined with charging an exorbitant fee per NSF charge that bears no relationship to the actual cost and risk to WELLS FARGO of paying a NSF item, this scheme has become an illegal and undisclosed profit center for WELLS FARGO.  To the extent this practice is legal with proper disclosure; WELLS FARGO has failed to adequately disclose this practice to its customers.

Accordingly, WELLS FARGO'S practices are in violation of **Civil Code §1700(a)(5),(14) and (19)**.

**6.   DEMAND:**

Plaintiff, on behalf of the proposed class, demands that WELLS FARGO immediately cease its practice of providing balances online, over the telephone and at ATM machines that do not include transactions incurred but not yet posted.  In addition, it is demanded that WELLS FARGO immediately determine the number and amount of overdraft fees created that have been improperly charged to customers, and agree to reimburse customers the overdraft fees plus interest.

DATED: September 7, 2007.                              McCUNE & WRIGHT

By: _____
Richard D. McCune

- 2 -
NOTICE OF INTENT TO BRING ACTION FOR DAMAGES UNDER CLRA

EXHIBIT 1                                                                                  16

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2068 Orange Tree Lane, Suite 216, Redlands, California, 92374.

On **September 7, 2007**, I served the foregoing document described as **NOTICE OF INTENT TO BRING AN ACTION FOR DAMAGES UNDER THE CONSUMER LEGAL REMEDIES ACT (Civil Code Sections 1750-1784)** on the interested parties through their respective attorneys of record in this action, by placing a ☒ true copy or ☐ original thereof enclosed in sealed envelopes addressed as follows:

**Wells Fargo & Company**
**Attention: Legal Department**
**420 Montgomery Street**
**San Francisco, CA   94104-1202**

**Wells Fargo Bank, National Association**
**Attn:  Legal Department**
**464 California Street**
**San Francisco, CA   94104**

**METHOD OF SERVICE PURSUANT TO CCP SECTION 1013:**

[  ]   **(BY MAIL)**   I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing.  Under that practice, I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Redlands, California.

[  ]   **(BY FACSIMILE)**   I caused such documents to be transmitted by facsimile to the offices of the addressee(s) to the facsimile number(s) listed above.

[  ]   **(BY PERSONAL SERVICE)**  I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

[ X ]   **(BY OVERNIGHT DELIVERY)**  I  caused such document to be delivered by overnight delivery to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on the above-referenced date at Redlands, California.

_____
Ann Marie Smith

Proof of Service

EXHIBIT 1                                                                          17

From:    Origin ID: RIVA  (909)335-0444
Richard McCune
McCune & Wright, LLP
2068 Orange Tree Lane, Ste. 216

**Redlands, CA 92374**



Ship Date: 07SEP07
ActWgt: 1 LB
System#: 9533514:INET2600
Account#: S *********

---

SHIP TO:   (909)557-1250         **BILL SENDER**

**Attn: Legal Department**
**Wells Fargo & Company**
**420 Montgomery Street**

**San Francisco, CA 941041202**

Delivery Address Bar Code



Ref #        Smith v Wells Fargo
Invoice #
PO #
Dept #

TRK#  7917 5859 6075
0201

MON - 10SEP          A1

STANDARD OVERNIGHT

# WA-APCA

SFO
CA-US
**94104**

---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

EXHIBIT 1

18

From:   Origin ID: RIVA  (909)335-0444
Richard McCune
McCune & Wright, LLP
2068 Orange Tree Lane, Ste. 216

**Redlands, CA 92374**

FedEx
Express

**E**

CL5012907 2123

Ship Date: 07SEP07
ActWgt: 1 LB
System#: 9533514/INET2600
Account#: S *********

Delivery Address Bar Code

SHIP TO:   (909)557-1250          **BILL SENDER**

**Attn:  Legal Department**
**Wells Fargo Bank, National Assoc.**
**464 California Street**

**San Francisco, CA 94104**

Ref #      Smith v Wells Fargo
Invoice #
PO #
Dept #

TRK#
0201          **7997 1091 8181**

**MON - 10SEP          A1**

**STANDARD OVERNIGHT**

# WA-APCA

**SFO**
**CA-US**
**94104**

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

EXHIBIT 1

19

**Ann M Smith**

**From:**     TrackingUpdates@fedex.com
**Sent:**      Monday, September 10, 2007 8:57 AM
**To:**          ams@wmtrial-law.com
**Subject:** FedEx Shipment 791758596075 Delivered

---

This tracking update has been requested by:

Company Name: McCune & Wright, LLP

Name:  Richard McCune

E-mail:  ams@wmtrial-law.com

---

Our records indicate that the following shipment has been delivered:

Tracking number:                 791758596075
Reference:                            Smith v Wells Fargo
Ship (P/U) date:                   Sep 8, 2007
Delivery date:                      Sep 10, 2007 8:49 AM
Sign for by:                          R.SAMPAGA
Delivered to:                        Shipping/Receiving
Service type:                        FedEx Standard Overnight
Packaging type:                   FedEx Envelope
Number of pieces:                1
Weight:                                 0.50 lb.

Shipper Information                       Recipient Information
Richard McCune                            Attn:  Legal Department
McCune & Wright, LLP                   Wells Fargo & Company
2068 Orange Tree Lane, Ste. 216    420 Montgomery Street
Redlands                                       San Francisco
CA                                                 CA
US                                                 US
92374                                            941041202

Special handling/Services:
Deliver Weekday

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 10:56 AM  CDT
on 09/10/2007.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update.  For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

EXHIBIT 1

**Ann M Smith**

**From:** TrackingUpdates@fedex.com
**Sent:** Monday, September 10, 2007 8:57 AM
**To:** ams@wmtrial-law.com
**Subject:** FedEx Shipment 799710918181 Delivered

---

This tracking update has been requested by:

Company Name: McCune & Wright, LLP

Name:  Richard McCune

E-mail:  ams@wmtrial-law.com

---

Our records indicate that the following shipment has been delivered:

Tracking number:
Reference:
Ship (P/U) date:
Delivery date:
Sign for by:
Delivered to:
Service type:
Packaging type:
Number of pieces:
Weight:

799710918181
Smith v Wells Fargo
Sep 8, 2007
Sep 10, 2007 8:49 AM
R.SAMPAGA
Shipping/Receiving
FedEx Standard Overnight
FedEx Envelope
1
0.50 lb.

Shipper Information
Richard McCune
McCune & Wright, LLP
2068 Orange Tree Lane, Ste. 216
Redlands
CA
US
92374

Recipient Information
Attn:  Legal Department
Wells Fargo Bank, National Assoc.
464 California Street
San Francisco
CA
US
94104

Special handling/Services:
Deliver Weekday

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 10:56 AM  CDT
on 09/10/2007.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update.  For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

EXHIBIT 1