1  Richard D. McCune, SB # 132124
   rdm@mwtriallawyers.com
2  Jae (Eddie) K. Kim, SB # 236805
   jkk@mwtriallawlawyers.com
3  McCUNE & WRIGHT, LLP
   2068 Orange Tree Lane, Suite 216
4  Redlands, CA  92374
   Telephone:    (909) 557-1250
5  Facsimile:    (909) 557-1275

6  Attorneys for Plaintiffs
   CLAUDIA SANCHEZ, ERIN WALKER
7  and WILLIAM SMITH

8

9  Sonya D. Winner, SB # 200348
   David M. Jolley, SB # 191164
10 COVINGTON & BURLING LLP
   One Front Street
11 San Francisco, CA 94111
   Telephone:    (415) 591-6000
12 Facsimile:    (415) 591-6091
   swinner@cov.com
13

14 Attorneys for Defendants
   WELLS FARGO BANK, N.A. and
15 WELLS FARGO & CO.

16

17                UNITED STATES DISTRICT COURT

18        FOR THE NORTHERN DISTRICT OF CALIFORNIA

19 CLAUDIA SANCHEZ, ERIN WALKER and        Civil Case No.: C-07-5923 WHA
   WILLIAM SMITH, as individuals, and on behalf
20 of all others similarly situated,            CLASS ACTION

21          Plaintiffs,                        **JOINT CASE MANAGEMENT STATEMENT**

22          v.

23 WELLS FARGO & COMPANY; WELLS             Hon. William H. Alsup
   FARGO BANK, N.A.; and DOES 1 through 125, Date:  February 27, 2008
24                                           Time: 9:00 a.m.

25          Defendants.

26                                           Complaint filed:  November 21, 2007

27

28

JOINT CASE MANAGEMENT STATEMENT

1   **1.  Status of the Case:**

2       Plaintiffs Claudia Sanchez, Erin Walker and William Smith filed their Complaint in this matter

3   on November 21, 2007.  On December 28, 2007, shortly after the Complaint was served on Defendants

4   Wells Fargo & Company and Wells Fargo Bank, N.A., the Court stayed this case pending the ruling on

5   Plaintiffs' motion to vacate class action judgment in *Smith v. Wells Fargo N.A.*, No. GIC 802664 (San

6   Diego Superior Ct.).  This case was put back on active status on February 13, 2008.  This case was then

7   recently reassigned to this court, presided by Honorable William H. Alsup, on February 15, 2008.

8       As a result, this case is still in its earliest stages, and Defendants have yet to file a responsive

9   pleading.  Defendants' response to the Complaint is due on March 3, 2008, pursuant to an order issued

10  by the Honorable Martin J. Jenkins.

11  **2.  Jurisdiction and Service:**

12      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.

13  The amount-in-controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and

14  there is minimal diversity because certain members of the class are citizens of a different state than any

15  defendant as required by 28 U.S.C., section 1332(d)(2).

16      Venue is proper in this judicial district because Defendants are headquartered in the City and

17  County of San Francisco, California.

18      All parties have been served.

19  **3.  Facts:**

20      Plaintiffs contend that Defendants have improperly assessed them (as well as other customers)

21  overdraft charges for insufficient funds on debit/check card purchases and ATM withdrawals.

22      Defendants deny that they have engaged in any improper practice.

23  **4.  Legal Issues:**

24      Disputed points of law include whether Defendants' practice and inadequate disclosure of the

25  practices constitute a violation of Consumer Legal Remedies Act, Civil Code section 1750, *et seq.*; the

26  Unfair Business Practices Act, Business & Professions Code section 17200, *et seq.*; and False

27  Advertising, Business & Professions Code section 17500, *et seq.*

28      A further disputed point of law is whether Plaintiffs' claims warrant class certification.

-2-

JOINT CASE MANAGEMENT STATEMENT

**5. Further Proceedings:**

As discussed above, the parties have yet to conduct the Rule 26(f) joint conference, which would determine the various other points that are required to be set forth in the contents of an initial Joint Case Management Statement. The parties had intended to engage in the Rule 26(f) joint conference prior to the Rule 16(b) Case Management Conference that the Honorable Judge Jenkins had ordered to occur after April 15, 2008. Now that the case has been reassigned, the parties will, as required by the Rules, engage in the Rule 26(f) joint conference prior to the Rule 16(b) Case Management Conference at a time set by the Court (or as the Court may otherwise require).

DATED:    February 25, 2008                    McCUNE & WRIGHT LLP

                                               By: _____ for
                                                   Richard D. McCune
                                                   Attorneys for Plaintiffs

DATED:    February 25, 2008                    COVINGTON & BURLING LLP

                                               By: _____
                                                   David M. Jolley
                                                   Attorneys for Defendants

JOINT CASE MANAGEMENT STATEMENT