Sonya D. Winner, SB # 200348
David M. Jolley, SB # 191164
Margaret G. May, SB # 234910
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:    (415) 591-6000
Facsimile:    (415) 591-6091
swinner@cov.com

Attorneys for Defendants
WELLS FARGO BANK, N.A. and
WELLS FARGO & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA SANCHEZ, ERIN WALKER
and WILLIAM SMITH, as individuals, and
on behalf of all others similarly situated,

                Plaintiffs,

      v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.; and DOES 1 through
125,

                Defendants.

Civil Case No.:  CV-07-5923 WHA

**ANSWER OF DEFENDANTS
WELLS FARGO BANK, N.A. AND
WELLS FARGO & CO. TO
COMPLAINT**

Hon. William H. Alsup

## ANSWER

       Defendants Wells Fargo Bank, N.A., and Wells Fargo & Co. (collectively "the

Wells Fargo defendants") answer the Complaint of plaintiffs Claudia Sanchez, Erin Walker, and

William Smith in this action as follows:

       1.      The allegations in paragraph 1 are conclusions of law as to which no

response is required; to the extent that a response is required, the Wells Fargo defendants state

that the jurisdictional requirements of 28 U.S.C. § 1332(d)(2) are satisfied.

       2.      The allegations in paragraph 2 are conclusions of law as to which no

response is required; to the extent that a response is required, the Wells Fargo defendants state

that venue is proper in this district.  The Wells Fargo defendants further state that their principal

1    places of business are in San Francisco, California, but the Main Office of Wells Fargo Bank,

2    N.A., as set forth in its Articles of Association, is located in South Dakota.

3          3.     The allegations in paragraph 3 are conclusions of law as to which no

4    response is required; to the extent that a response is required, the Wells Fargo defendants deny

5    the allegations.  The Wells Fargo defendants specifically deny that the challenged fees or

6    charges are in any way "improper," deny that they have provided any "inaccurate" information,

7    and deny that they have conducted any "improper" activities.

8          4.     The Wells Fargo defendants are without knowledge or information

9    sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis

10   denies them.

11         5.     Answering paragraph 5, the Wells Fargo defendants state that on July 15,

12   2006, plaintiff Erin Walker opened a checking account at the Wells Fargo Bank, N.A., branch

13   office in Culver City, California.  The Wells Fargo defendants further state that on the same day,

14   plaintiff Walker opened a savings account.  With respect to the remaining allegations in

15   paragraph 5, the Wells Fargo defendants are without knowledge or information sufficient to

16   form a belief as to the truth of those allegations, and on that basis denies them.

17         6.      The Wells Fargo defendants are without knowledge or information

18   sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis

19   denies them.

20         7.     Answering paragraph 7, the Wells Fargo defendants state that Wells

21   Fargo & Co. is the parent holding company of Wells Fargo Bank, N.A.  The Wells Fargo

22   defendants further state that Wells Fargo & Co.'s subsidiaries provide banking, insurance,

23   investments, mortgage banking, and consumer finance services to individuals, businesses, and

24   institutions in all 50 states and internationally.  The Wells Fargo defendants further state that

25   Wells Fargo & Co.'s principal place of business is in San Francisco, California.  The Wells

26   Fargo defendants deny the remaining allegations in paragraph 7.

27         8.     Answering paragraph 8, the Wells Fargo defendants state that Wells

28   Fargo Bank, N.A., is a subsidiary of Wells Fargo & Co. and that Wells Fargo Bank, N.A.,

1    conducts business throughout California and in many other states, and that the Main Office of

2    Wells Fargo Bank, N.A., as set forth in its Articles of Association, is located in South Dakota.

3    The Wells Fargo defendants deny the remaining allegations in paragraph 8.

4          9.     The Wells Fargo defendants deny the allegations in paragraph 9.

5          10.    The allegations in paragraph 10 are conclusions of law as to which no

6    response is required; to the extent that a response is required, the Wells Fargo defendants deny

7    the allegations.

8          11.    The Wells Fargo defendants deny the allegations in paragraph 11.

9          12.    Answering paragraph 12, the Wells Fargo defendants state that Wells

10   Fargo Bank, N.A., is a banking company with millions of customers nationwide.  The Wells

11   Fargo defendants further state that one of the banking services that Wells Fargo Bank, N.A.,

12   provides is a debit card, which can be used to access funds in deposit accounts under terms and

13   conditions established in the bank's customer agreement.  The Wells Fargo defendants deny the

14   remaining allegations in paragraph 12.

15         13.    Because the complaint provides insufficient information as to the identity

16   of "Claudia Sanchez," the Wells Fargo defendants are without knowledge or information

17   sufficient to form a belief as to the truth of the allegations in the first and third sentences of

18   paragraph 13, and on that basis denies them.  The Wells Fargo defendants deny the remaining

19   allegations in paragraph 13.

20         14.    The Wells Fargo defendants deny the allegations in paragraph 14.

21         15.    Answering paragraph 15, the Wells Fargo defendants state that on June 4,

22   2007, a check card purchase of $9.66 made on May 29, 2007, posted to plaintiff Walker's

23   checking account.  The Wells Fargo defendants further state that at the time the transaction

24   posted, plaintiff Walker's checking account had a negative balance.  The Wells Fargo

25   defendants deny the remaining allegations in paragraph 15.

26         16.    Answering paragraph 16, the Wells Fargo defendants state that plaintiff

27   Walker incurred multiple overdraft fees on June 5, 2007, which were reflected in plaintiff

28

1   Walker's checking account statement for the statement period ending June 25, 2007. The Wells

2   Fargo defendants deny the remaining allegations in paragraph 16.

3           17.     Because the complaint provides insufficient information as to the identity

4   of "William Smith," the Wells Fargo defendants are without knowledge or information

5   sufficient to form a belief as to the truth of the allegations in the first and third sentences of

6   paragraph 17, and on that basis denies them. The Wells Fargo defendants deny the remaining

7   allegations in paragraph 17.

8           18.     Because the complaint provides insufficient information as to the identity

9   of "William Smith," the Wells Fargo defendants are without knowledge or information

10  sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18,

11  and on that basis denies them. The Wells Fargo defendants deny the remaining allegations in

12  paragraph 18.

13          19.     The Wells Fargo defendants deny the allegations in paragraph 19.

14          20.     Answering paragraph 20, the Wells Fargo defendants state that Wells

15  Fargo Bank, N.A., provides customers with deposit account balance information in several

16  ways, including online, by calling the phone bank, visiting a store, at a Wells Fargo Bank, N.A.,

17  ATM, and in monthly deposit account statements. The Wells Fargo defendants deny the

18  remaining allegations in paragraph 20.

19          21.     The Wells Fargo defendants deny the allegations in paragraph 21.

20          22.     The Wells Fargo defendants deny the allegations in paragraph 22.

21          23.     The Wells Fargo defendants deny the allegations in paragraph 23.

22          24.     The Wells Fargo defendants deny the allegations in paragraph 24.

23          25.     The allegations in paragraph 25 are conclusions of law as to which no

24  response is required; to the extent that a response is required, the Wells Fargo defendants deny

25  the allegations. The Wells Fargo defendants specifically deny that this case is an appropriate

26  one for class treatment.

27          26.     The allegations in paragraph 26 are conclusions of law as to which no

28  response is required; to the extent that a response is required, the Wells Fargo defendants deny

the allegations.  The Wells Fargo defendants specifically deny that this case is an appropriate one for class treatment.

27.    The allegations in paragraph 27 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny the allegations.

28.    The Wells Fargo defendants deny the allegations in paragraph 28.

29.    The Wells Fargo defendants deny the allegations in paragraph 29 and each of its subparts.

30.    The Wells Fargo defendants deny the allegations in paragraph 30.

31.    The Wells Fargo defendants deny the allegations in paragraph 31.

32.    The Wells Fargo defendants deny the allegations in paragraph 32.

33.    The Wells Fargo defendants deny the allegations in paragraph 33.

34.    The Wells Fargo defendants deny the allegations in paragraph 34 and each of its subparts.

35.    Answering paragraph 35, the Wells Fargo defendants incorporate their responses to paragraphs 1-34 as if each were set forth in full herein.

36.    The allegations in paragraph 36 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

37.    The allegations in paragraph 37 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

38.    The allegations in paragraph 38 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

39.    The allegations in paragraph 39 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

40.    The Wells Fargo defendants deny the allegations in paragraph 40.

41.    The Wells Fargo defendants deny the allegations in paragraph 41.

42.    Answering paragraph 42, the Wells Fargo defendants state that counsel for a "William Smith" sent Wells Fargo Bank, N.A., and Wells Fargo & Co. a Notice of Intent to Bring an Action for Damages Under the Consumer Legal Remedies Act dated September 7, 2007.  The Wells Fargo defendants deny the remaining allegations in paragraph 42.

43.    Answering paragraph 43, the Wells Fargo defendants state that they have not engaged in any unlawful conduct that would require correction or remedy.  The Wells Fargo defendants deny the remaining allegations in paragraph 43.

44.    Answering paragraph 44, the Wells Fargo defendants incorporate their responses to paragraphs 1-43 as if each were set forth in full herein.

45.    The Wells Fargo defendants deny the allegations in paragraph 45.

46.    The Wells Fargo defendants deny the allegations in paragraph 46.

47.    The Wells Fargo defendants deny the allegations in paragraph 47.

48.    The Wells Fargo defendants deny the allegations in paragraph 48.

49.    The allegations in paragraph 49 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.  The Wells Fargo defendants specifically deny that plaintiffs are entitled to any relief in this action.

50.    Answering paragraph 50, the Wells Fargo defendants incorporate their responses to paragraphs 1-49 as if each were set forth in full herein.

51.    The Wells Fargo defendants deny the allegations in paragraph 51.

52.    The Wells Fargo defendants deny the allegations in paragraph 52.

53.    The allegations in paragraph 53 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.  The Wells Fargo defendants specifically deny that plaintiffs are entitled to any relief in this action.

* * * * *

1    In response to plaintiffs' Prayer for Relief, the Wells Fargo defendants deny that

2    plaintiffs or any other persons are entitled to the relief sought in the prayer or to any other relief

3    as a result of this action.

4    The Wells Fargo defendants deny all allegations of the Complaint (including

5    headings) not specifically admitted above.

6                                    **AFFIRMATIVE DEFENSES**

7    The Wells Fargo defendants assert the following defenses to plaintiffs' alleged

8    causes of action.  Insofar as any of the following expresses denial of an element of any claim

9    alleged against the Wells Fargo defendants, such expression does not indicate that plaintiffs are

10   relieved of their burden to prove each and every element of any such claim.

11                                   **First Affirmative Defense**

12   Plaintiffs fail to state any claim upon which relief can be granted.

13                                  **Second Affirmative Defense**

14   Plaintiffs lack standing to assert any of the alleged claims.

15                                   **Third Affirmative Defense**

16   The claims are barred, in whole or in part, by the applicable statutes of

17   limitations, including but not limited to those set forth in Code of Civil Procedure Sections 338,

18   343; California Civil Code Section 1783; California Business and Professions Code Section

19   17208; and/or by the doctrine of laches.

20                                  **Fourth Affirmative Defense**

21   The claims are barred by the doctrines of waiver, unjust enrichment, and/or

22   estoppel.

23                                   **Fifth Affirmative Defense**

24   The claims are preempted by federal law, including, without limitation, the

25   National Bank Act, 12 U.S.C. § 21, *et seq.*, and regulations promulgated thereunder.

26                                   **Sixth Affirmative Defense**

27   The claims are barred by the existence of consent, notification, ratification,

28   and/or acceptance.

### Seventh Affirmative Defense

The claims are barred by the fact that the obligations and fees about which plaintiffs complain were paid voluntarily.

### Eighth Affirmative Defense

Plaintiffs' alleged injuries were caused, in whole or in part, by their own actions. Similarly, the alleged injuries of members of the alleged class that plaintiffs seek to represent were caused, in whole or in part, by their own actions.

### Ninth Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any. Similarly, members of the alleged classes that plaintiffs seek to represent failed to mitigate their damages, if any.

### Tenth Affirmative Defense

The claims are barred by the doctrine of unclean hands.

### Eleventh Affirmative Defense

The claims are barred by virtue of the terms and provisions of contractual agreements with Wells Fargo Bank, N.A.

### Twelfth Affirmative Defense

The claims are barred by the failure to notify Wells Fargo Bank, N.A., of any allegedly unauthorized debits in a timely manner following the mailing of account statements.

### Thirteenth Affirmative Defense

The debits and charges for which plaintiffs seek relief in this action represent lawful obligations that were owed to Wells Fargo Bank, N.A. In the event that plaintiffs or any members of the alleged classes that plaintiffs seek to represent are entitled to monetary relief in the nature of disgorgement, restitution, or damages with respect to any such debits and charges, then Wells Fargo Bank, N.A., is entitled to an offset in the amount of such debits and charges.

### Fourteenth Affirmative Defense

Some or all of the claims are barred by the class settlement agreement and release in *Smith v. Wells Fargo Bank*, No. GIC 802664 (San Diego Super. Ct.).

* * *

1        The Wells Fargo defendants reserve the right to assert any and all affirmative

2  and/or additional defenses that may appear or become available during the discovery

3  proceedings in this case and hereby reserve the right to amend their Answer to assert any such

4  defenses.

5        Accordingly, the Wells Fargo defendants respectfully request that the Court:

6      (a)  Dismiss the Complaint with prejudice;

7      (b)  Award the Wells Fargo defendants their costs and attorney's fees; and

8      (c)  Grant such other relief as the Court deems appropriate.

10  DATED:  February 29, 2008        COVINGTON & BURLING LLP

13                By:  _____/s/_____
                            Margaret G. May
                            Attorneys for Defendants
                            WELLS FARGO BANK, N.A., and
                            WELLS FARGO & CO.