1  Richard D. McCune, Esq. State Bar No. 132124
   rdm@mwtriallawyers.com
2  Jae (Eddie) K. Kim, Esq., State Bar No. 236805
   jkk@mwtriallawyers.com
3  MCCUNE & WRIGHT, LLP
   2068 Orange Tree Lane, Suite 216
4  Redlands, California  92374
   Telephone:  (909) 557-1250
5  Facsimile:  (909) 557-1275

6  Attorneys for Plaintiffs CLAUDIA SANCHEZ, ERIN WALKER
   and WILLIAM SMITH, on behalf of themselves and all others
7  similarly situated,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA SANCHEZ, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125,<br><br>Defendants. | Case No.:  C 07-05923 WHA (JCSx)<br><br>Judge Assigned:  Hon. William H. Alsup<br>Original Complaint filed: November 21, 2007<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; DECLARATION OF RICHARD D. McCUNE IN SUPPORT THEREOF; EXHIBIT; [PROPOSED] ORDER**<br><br>Date:  May 1, 2008<br>Time:  8:00 a.m.<br>Courtroom 9, 19th Floor |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 1, 2008 at 8:00 a.m. in the courtroom of the Honorable William H. Alsup, United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., Courtroom 9, 19th Floor, San Francisco, California, or at such date and time as the Court may otherwise direct, Plaintiffs and Class Representatives CLAUDIA SANCHEZ, ERIN WALKER and WILLIAM SMITH, as individuals, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), will move and hereby do move the Court for leave to file a First Amended Complaint.

The Amended Complaint sought by Plaintiffs is based on allegations of the same operative facts as in the original motion. Its differences consist primarily of: 1) Removing the allegations as a National Class and seeking only California Class Status; 2) Setting forth more specific allegations relating to misrepresentation, fraud and conversion as a basis for a finding of an Unfair Business Practice along with alleging these as independent causes of action; 3) Separating the California class into subclass allegations; and 4) Removing one Class Representatives and adding two additional Class Representatives.

The motion is made pursuant to Fed. R. Civ. P. 15(a)(2) on the grounds that: (1) This request is timely and complies with the Court order for amending pleadings and adding parties; (2) The amendments are consistent with the Court's liberal policy in permitting amended pleadings and addition of parties, (3) As this motion is filed less than three weeks from when the Defendant answered the complaint, it will not prejudice Defendant or cause unreasonable delay of the action by the Court permitting Plaintiffs to file a First Amended Complaint, (4) The substitution of the two new class representatives will narrow the issues to be litigated in the action; (5) The removal of the national class allegations and the allegations of subclasses will make the action more manageable and efficient; and (6) Taking the basic originally pled facts, and re-alleging those facts with increased specificity, along with adding causes of actions based on the facts, makes the likelihood of time consuming law and motion less likely in light of the recently decided *T.C. Jefferson v. Chase Home Finance*, 2007 WL 4374410 (N.D. Cal., December 14, 2007.)

This motion will be based on this notice of motion, the memorandum of points and authorities, the declaration of Richard D. McCune, all pleadings and records on file herein, and upon such further oral and documentary evidence that may be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

While the operative Complaint has been on file since November 21, 2007, this action is at its initial stages. When the Complaint was filed, the Parties had a dispute about how the settlement of a California class action entitled *Smith v. Wells Fargo N.A.*, No. GIC 802664 (San Diego Superior Ct.)

would affect the subject matter. On December 28, 2007, the Court ordered, pursuant to a joint stipulation of the Parties, to stay this subject action until that issue was resolved by the *Smith* Court. On February 1, 2008, the Court in the *Smith* matter ruled on the issue. This case was put back on active status on February 13, 2008 pursuant to stipulation of the Parties. This case was then reassigned to this Court, presided by Honorable William H. Alsup, on February 15, 2008. On February 27, 2008, this Court issued a Case Management Order which set the deadline for leave to add any new parties or amend the pleadings for March 21, 2008. Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co. (collectively "Defendants") jointly filed their answer to the Complaint on February 29, 2008.

Pursuant to the Court's order on the deadline to file amended pleading and add new parties, along with the Court's admonishment to the Parties on February 13, 2008 of the Court's intention of moving the case forward at a brisk pace, Plaintiffs determined that certain amendments needed to be made to the Complaint. These amendments are necessary to avoid delay by law and motion practice in light of the newly decided Ninth Circuit review of the Northern District of California case *T.C. Jefferson v. Chase Home Finance*, 2007 WL 4374410 (N.D. Cal., December 14, 2007), as well as to make the issues more manageable for the Class Certification procedure. Plaintiffs also determined that removing one class representative and adding two other class representatives would better serve the Class they seek to represent.

Of note, the amendments and the allegations of the new class representatives are based on the same operative facts. The facts are just pled with more specificity and used to support additional causes of action. Plaintiffs provided defense counsel a copy of the Proposed First Amended Complaint on March 15, 2008 along with a request that Defendants stipulate to the filing of the Proposed First Amended Complaint (Proposed First Amended Complaint is attached to the Declaration of Richard D. McCune as Exh. "1.") Defense Counsel responded on March 17, 2008 declining to stipulate to the filing of an amended complaint.

Plaintiffs timely bring this motion for leave to file a First Amended Complaint in accordance with the March 21, 2008 deadline set forth by the Court's Case Management Order. The motion is made pursuant to Fed. R. Civ. P. 15(a)(2) on the grounds that: (1) This request is timely and complies with the Court order for amending pleadings and adding parties; (2) The amendments are consistent with the

Court's liberal policy in permitting amended pleadings and addition of parties, (3) As this motion is filed less than 30 days from when the Defendant answered the complaint, it will not prejudice Defendant or cause unreasonable delay of the action by the Court permitting Plaintiffs to file a First Amended Complaint, (4) The substitution of the two new class representatives will narrow the issues to be litigated in the action; (5) The removal of the national class allegations and the allegations of subclasses will make the action more manageable and efficient; and (6) Taking the basic originally pled facts, and re-alleging those facts with increased specificity, along with adding causes of actions based on the facts, makes the likelihood of time consuming law and motion less likely in light of the recently decided *T.C. Jefferson v. Chase Home Finance*, 2007 WL 4374410 (N.D. Cal., December 14, 2007).

## II

## ARGUMENT

### A.  The Courts are to be Liberal in Granting Leave to Amend Complaints

According to Federal Rule of Civil Procedure 15, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . .[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). Where leave of court is sought, Rule 15 states that "leave shall be freely given when justice so requires." *Id.* In *Foman v. Davis*, the Supreme Court held that:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). This Court has recognized and upheld this principle, for example, in *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, stating that "the court must be very liberal in granting leave to amend a complaint," noting that "[t]his rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F.Supp. 1237, 1241 (N.D. Cal. 1997).

//

Furthermore, leave to amend a complaint by adding a party should ordinarily freely be given. *Villani v. New York Stock Exchange*, (S.D.N.Y. 1972) 367 F.Supp. 1124; *see also Helene Curtis Industries v. Sales Affiliates*, (S.D.N.Y. 1952) 105 F.Supp. 886, affirmed at 199 F.2d 732 (Subdivision (a) of Rule 15, relating to adding or dropping of parties, is to be liberally treated, within the sound discretion of the court); *City of Orangeburg v. Southern Ry. Co.*, (E.D.S.C. 1942) 45 F.Supp. 734, affirmed at 134 F.2d 890 (Under practice in federal court, amendments are frequently allowed to bring in the proper parties).

**B.    The Circumstances and Timing of the Filing of the Leave to Amend are Consistent with the Recognized Principal that Leave to Amend Should be Liberally Granted.**

This is the first request for amending the complaint. The circumstances where the Courts have disallowed leave to amend the pleadings are usually where there has been unreasonable delay in making the motion. Here, while it has only been four months since the complaint was filed on November 21, 2007, it has been only five weeks from when the stay was lifted on the matter. This motion comes within the period set by the Court to file amended pleadings and add parties, without Plaintiffs requesting additional time for amending the Complaint. Plaintiffs have moved diligently at all stages to move this case forward. There has not been any unreasonable delay in filing this motion.

An additional reason that the Courts have given for denying leave to amend in the face of the concept of liberally allowing amendments to the pleadings, is when the amendment appears futile. Those cases involve circumstances where after repeated amendments of the pleadings, the Plaintiff still cannot allege facts to support a cause of action and further leave for amendments seems futile. Here, Defendant did not challenge the original complaint as deficit on its face. There is no evidence that the amendments do not clarify the issues in the case, and Plaintiffs believe that the amended complaint will in fact clarify the issues and reduce the amount of law and motion. As such, futility of the amendment is not a grounds to deny the motion.

Finally, the other reason that the Courts have given for denying leave to amend pleadings is that Defendants would be prejudiced by granting the motion. Here, they cannot be shown to be prejudice. Defendants answered the complaint less than three weeks ago. Before Defendants answered the Complaint three weeks ago, Plaintiffs could have amended as a matter of right. The same general facts

and allegations set forth in the original complaint form the allegations in the proposed amended complaint. While the Proposed Amended Complaint may lay out the facts with more specificity and group them slightly different to form additional causes of action, it certainly does not cause undue prejudice that outweighs the mandate to try cases on their merits. To the extent that the granting of this motion results in any prejudice to Defendant, no matter how slight, it can be remedied by minor modifications to the case management order that would not result in any substantial change to getting the case to trial.

As none of the reasons for rejecting leave are present, then pursuant to the line of cases that unanimously guide the Court to a finding that leave to amend should be liberally allowed, the Court should grant leave to amend.

**C.    The Proposed Amendments to the Complaint Further the Court's Interest of Managing the Litigation Deciding the Lawsuit on the Merits**

The general rule favoring allowing amended pleadings is even greater where the amending pleading furthers the Parties and the Court's interest in managing the litigation and deciding the Lawsuit on its merits. Plaintiffs' proposed amendments to the complaint do three things. First, they take the general facts alleged in the Complaint and expand on those facts to provide more specificity to the allegations which benefits all Parties and the Court. Second, the facts are grouped to form additional causes of action based on the recent decision of *T.C. Jefferson v. Chase Home Finance*, 2007 WL 4374410 (N.D. Cal., December 14, 2007) that should avoid unnecessary law and motion, resulting in further requests by Plaintiffs to amend the Complaint and slowing down the progress of the case.

The third thing the amendments do is simplify and clarify the class certification issues. By amending the complaint to allege only a California Class rather than a National Class, Plaintiffs remove a potential issue in the class certification process. By alleging subclasses, Plaintiffs help define for the Court how the class can be defined and managed. Each of these three things assist in management of the litigation and moving the case toward decision on its merits.

Finally, Plaintiffs' request for leave to amend the Complaint includes the removal of one class representative and the addition of two new class representations. First, it important to note that this process is taking place before Defendants have deposed the class representatives or the class

representatives have provided discovery responses. So Defendants are not being prejudiced by having to start over with discovery in dealing with the proposed additional class representatives. Second, the named class representatives and the Putative Class, as well as the Court, has a strong interest in having the best possible class representatives involved in the case so that they might advance the issues on behalf of the class in order that the case may be decided on its merits. Plaintiff would not have added these class representatives unless they felt is was in the interests of the putative class.

The Courts have found that the Trial Court have broad discretion to allow substitute class representatives. *See Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236, 244, n.3 (E.D. Mich., 1997); *Carpenter v. Stephen F. Austin State University*, 706 F.2d 608 (5th Cir. 1983); *Davis v. Thornburgh*, 903 F.2d 212, 233 (3rd Cir. 1990) (Becker, C.J., concurring in part and dissenting in part). Here the additional class representatives will simplify the issues and move the case forward to trial on the merits.

In light of the above, Plaintiffs submit that this Court should grant their request for leave to file a First Amended Complaint for the reasons set forth throughout this Motion.

## III

## CONCLUSION

For the Foregoing reasons, Plaintiffs respectfully request leave to file the Proposed First Amended Complaint, attached to the Declaration of Richard D. McCune as Exhibit "1."

DATED: March 20, 2008                                McCUNE & WRIGHT, LLP

BY: _____
Richard D. McCune
Attorney for Plaintiffs

Case: SANCHEZ, et al. v. WELLS FARGO BANK, et. al.

PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO

    I am employed in the County of San Bernardino, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2068 Orange Tree Lane, Suite 216, Redlands, California, 92374.

    On March 20, 2008, I served the foregoing document described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; DECLARATION OF RICHARD D. McCUNE IN SUPPORT THEREOF; EXHIBIT; [PROPOSED] ORDER** on the interested parties through their respective attorneys of record in this action, by placing a [X] true copy or [ ] original thereof enclosed in sealed envelopes addressed as follows:

**Sonya D. Winner, Esquire**            **Attorneys for Defendants**
**David M. Jolley, Esquire**
**Margaret G. May, Esquire**
**COVINGTON & BURLING, LLP**
**One Front Street**
**San Francisco, CA 94111**
**Telephone: (415) 591-6000**
**Facsimile: (415) 591-6091**

**METHOD OF SERVICE**:

[ ]     **(BY MAIL)**     I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing. Under that practice, I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Redlands, California.

[ ]     **(BY E-MAIL)**     By transmitting it to the following individuals by electronic mail:
    Sonya D. Winner: SWinner@cov.com
    David M. Jolley: djolley@cov.com

[ ]     **(BY FAX)**     I caused such documents to be transmitted by facsimile to the offices of the addressee(s). The facsimile machine used complied with California Rules of Court, rule 2003, and no error was reported by the machine.

[X]     **(BY OVERNIGHT DELIVERY)**     I caused such document to be delivered by overnight delivery to the offices of the addressee(s).

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on the above-referenced date at Redlands, California.

_____
Ann Marie Smith

Proof of Service                         Case No.: C-07-5923 WHA