Richard D. McCune, Esq. State Bar No. 132124
rdm@mwtriallawyers.com
Jae (Eddie) K. Kim, Esq., State Bar No. 236805
jkk@mwtriallawyers.com
MCCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiffs VERONICA GUTIERREZ, TIM FOX, ERIN WALKER
and WILLIAM SMITH, on behalf of themselves and
all others similarly situated,

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, TIM FOX, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125,<br><br>Defendants. | Case No.: C 07-05923 WHA (JCSx)<br><br>Judge Assigned: Hon. William H. Alsup<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT [CIVIL CODE SECTION 1750, ET SEQ.]<br><br>2. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.]<br><br>3. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17500, ET SEQ.]<br><br>4. FRAUD<br><br>5. NEGLIGENT MISREPRESENTATION<br><br>6. CONVERSION<br><br>**DEMAND FOR JURY TRIAL**<br><br>Original Complaint filed: November 21, 2007 |

-1-

1  Plaintiffs VERONICA GUTIERREZ, TIM FOX, ERIN WALKER and WILLIAM SMITH, as

2  individuals, on behalf of themselves and all others similarly situated (i.e., the members of the various

3  Plaintiff Classes described and defined, infra), herein allege as follows:

I

## JURISDICTION AND VENUE

6  1.      This Court has original jurisdiction of this action under the Class Action Fairness Act of

7  2005. The amount-in-controversy exceeds the sum or value of $5,000,000 exclusive of interest and

8  costs, and there is minimal diversity because certain members of the class are citizens of a different state

9  than any defendant as required by 28 U.S.C., section 1332(d)(2).

10  2.      Venue as to Defendant is proper in this judicial district because Defendant Wells Fargo &

11  Company is headquartered in the City and County of San Francisco, California.

II

## GENERAL ALLEGATIONS

14  3.      This is a civil action primarily seeking from Defendants Wells Fargo & Co. and Wells

15  Fargo Bank, N.A., restitution and disgorgement of all profits gained as a result of wrongfully taking

16  overdraft fees from Wells Fargo customers' checking accounts after debit transactions and ATM

17  withdrawals when customers had sufficient funds in their checking accounts to cover these transactions

18  at the time they were made.  Plaintiffs also seek remedies for Defendants' actions in increasingly the

19  likelihood of assessing these charges by identifying and publishing inaccurate "available balance"

20  information to customers.  Plaintiffs also seek remedies for Defendants failure to adequately notify

21  Customers of this practice.  Finally, Plaintiffs seek to enjoin Defendants from continuing to conduct

22  such improper activities.  Plaintiffs, for themselves and all others similarly situated, brings this action

23  pursuant to the Consumer Legal Remedies Act, Civil Code section 1750, *et seq.*; the Unfair Business

24  Practices Act, Business & Professions Code section 17200, *et seq.*; and False Advertising, Business &

25  Professions Code section 17500, *et seq*; as well as California common law fraud, negligent

26  misrepresentation, and conversion.

27  4.      Plaintiff VERONCIA GUTIERREZ is a resident of the County of San Bernardino,

28  California.  She entered into her contractual relationship with Wells Fargo & Company and Wells Fargo

-2-

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

1   Bank, N.A. (hereinafter referred to as "WELLS FARGO" or "Defendants") in the County of San

2   Bernardino, California, and her account is currently maintained at a San Bernardino County Wells Fargo

3   branch office.

4           5.      Plaintiff TIM FOX is a resident of County of Orange, California.  He entered into a

5   contractual relationship with WELLS FARGO in the State of Colorado, and his account is currently

6   maintained at a County of Orange Wells Fargo branch office.

7           6.      Plaintiff ERIN WALKER is a college student at Arizona State University, so when

8   school is in session she is a temporary Arizona resident.  When school is out of session, she lives with

9   her parents in Los Angeles County at which time she is a California resident.  She entered into her

10  contractual relationship with WELLS FARGO in the County of Los Angeles, California and her account

11  is currently maintained at a County of Los Angeles branch office.

12          7.      Plaintiff WILLIAM SMITH is a resident of the County of San Bernardino, California.

13  He regularly conducts banking at WELLS FARGO in the County of San Bernardino, California and his

14  account is maintained at a San Bernardino County Wells Fargo branch office.

15          8.      Wells Fargo & Co. is the parent of all Wells Fargo entities. Wells Fargo & Co. is a

16  diversified financial services company providing banking, insurance, investments, mortgage banking

17  and consumer finance to individuals, businesses and institutions in all 50 states and internationally.

18  Wells Fargo & Co. is headquartered in San Francisco, CA.

19          9.      Wells Fargo Banking, N.A., is a subsidiary of Wells Fargo & Co. and conducts

20  substantial business in all Counties within the State of California as well as in most other States.

21          10.     Wells Fargo maintains branch offices throughout the State of California and in most other

22  states.  Individual customer accounts are maintained at these branch offices.

23          11.     Based on information and belief, the decisions relating to developing, marketing and

24  implementing the actions complained herein originated from Wells Fargo & Company in San Francisco,

25  California.  For all plans and decisions that originated at Wells Fargo business locations outside of San

26  Francisco, California, those plans and decision required approval from Wells Fargo's San Francisco,

27  California headquarters, thereby providing Wells Fargo & Company authority and control over the

28  actions complained about herein.

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

EXHIBIT "1"

12.     The true names and capacities of defendants sued herein as DOES 1 through 125, inclusive, are currently unknown to plaintiffs, who therefore sue such defendants by such fictitious names. Each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as DOES when such identities become known.

13.     Based upon information and belief, plaintiffs allege that at all times mentioned herein, each and every defendant was acting as an agent and/or employee of each of the other defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission and consent of each of the other defendants. In addition, each of the acts and/or omissions of each defendant alleged herein were made known to, and ratified by, each of the other defendants.

**III**

**FACTUAL ALLEGATIONS**

**A. "Sufficient Funds" Class Factual Allegations**

14.     WELLS FARGO is one of this country's largest consumer banking companies servicing millions of individual and business customers nationwide.   One of the services provided by WELLS FARGO for customers who open a checking account is a check/debit/ATM card.  This card allows customers to access their checking account funds by using the card to conduct transactions.  Whether it is transactions with vendors or using the card to withdraw cash from an ATM machine, the card is processed electronically so that WELLS FARGO is aware of the use of the card and has the option to accept or decline transactions at the point of sale.

15.     On October 6, 2006, Plaintiff VERONICA GUTIERREZ used her WELLS FARGO ATM card to withdraw $22.00 from her checking account. From October 5-9, 2006 Plaintiff VERONICA GUTIERREZ used her WELLS FARGO check card to make 7 purchases. Based on information and belief, Defendant WELLS FARGO expressly electronically approved these transactions before the transactions were completed. Based on information and belief, at the time of each of theses transactions, Ms. Sanchez had a positive balance in her account.

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

16.     Notwithstanding that sufficient funds were in Plaintiff VERONICA Gutierrez's WELLS FARGO account to cover each of the transactions occurring between October 5-9, 2006, Defendants assessed and automatically deducted from Plaintiff VERONICA GUTIERREZ' checking account four $34 insufficient funds overdraft charges totaling $136.

17.     Between March 5 -8, 2008, PLAINTIFF Tim Fox monitored his available balance information provided by WELLS FARGO through the Wells Fargo website as well as through an ATM balance inquiry.  The available balance information provided to Plaintiff by WELLS FARGO through its online account information and ATM balance inquiry showed that there were sufficient funds in the account for the purchases made by Plaintiff Tim Fox from March 5-8, 2008.  Based on information and belief, WELLS FARGO expressly electronically approved each of these transactions before the transactions were completed.

18.     Notwithstanding that the published available balance information provided by WELLS FARGO indicated that Plaintiff Tim Fox had sufficient funds in his account to make the purchases he made on March 5-8, 2008;  that there was sufficient funds in the account to cover the transactions at the time each of the transactions took place; and that WELLS FARGO expressly approved the transactions prior to the transaction taking place, Plaintiff Tim Fox was assessed three $34 overdraft fees, totaling $102 for his purchases from March 5-8, 2008.  This is one of several occasions where WELLS FARGO improperly assessed and automatically deducted overdraft fees from Plaintiff Tim Fox's account when his published account balance showed a positive balance and when there were sufficient funds at the time of purchase to cover the transaction.

19.     On or about May 29, 2007, Plaintiff ERIN WALKER made a $9.66 check card purchase at Jackson Market in Culver City, California.  Based on information and belief, Defendants expressly approved the transaction before the transaction was completed.  Also based on information and belief, at the time the transaction was conducted and approved, Plaintiff had at least $53.05 in her account; more than enough to cover this charge.

20.     Sometime after June 25, 2007, Plaintiff ERIN WALKER received a statement from Defendants showing that on June 5, 2007, Defendants assessed and automatically deducted from Plaintiff's checking account a $34 insufficient funds overdraft charge for the May 29, 2007 transaction.

-5-

FIRST AMENDED CLASS ACTION COMPLAINT

Case No.: C-07-05923 WHA (JCSx)

1  The statement did not have an explanation as why she received an insufficient funds overdraft charge for

2  a transaction that occurred when there were sufficient funds in the account at the time the transaction

3  took place.

4        21.    On or about July 3, 2007, Plaintiff WILLIAM SMITH made a check card purchase at

5  TNT Fireworks located in San Bernardino, California. Based on information and belief, Defendants

6  expressly approved the transaction before the transaction was completed. Also based on information

7  and belief, at the time the transaction was conducted and approved, Plaintiff had more than enough

8  funds in the account to cover this charge.

9        22.    Following the charge, Plaintiff WILLIAM SMITH reviewed an online statement from

10  Defendants showing that on July 13, 2007, Defendants had assessed a $34 overdraft charge for the

11  July 3, 2007 TNT Fireworks transaction. The online statement did not have an explanation why he

12  received an insufficient funds overdraft charge for a transaction that occurred when there were sufficient

13  funds in the account at the time the transaction took place.

14        23.    Based on information and belief, the insufficient funds charges incurred by Plaintiffs are

15  representative of hundreds of millions of dollars of insufficient overdraft fees that WELLS FARGO

16  assessed its customers and automatically deducted from their checking accounts when there were

17  sufficient funds in their accounts at the time of the transaction. This is an especially egregious wrongful

18  taking of customers' money from their checking accounts because WELLS FARGO specifically

19  approved each of these transactions and knew at the time it approved the transaction there was sufficient

20  funds in the account to cover the transaction.

21        24.    Finally, WELLS FARGO has failed to provide notice and make customers aware that

22  they can incur insufficient funds overdraft fees on transactions that when made, there was sufficient

23  funds in the account to cover the transaction.

24  **B. "Inaccurate Balance" Class Factual Allegations**

25        25.    Another service that WELLS FARGO promotes, markets and sells to its customers is the

26  availability of current available balance information provided by WELLS FARGO online, by telephone,

27  by in-store representatives and at ATM's.

28        26.    However, when customers like Plaintiffs WILLIAM SMITH and TIM FOX rely on this

-6-

FIRST AMENDED CLASS ACTION COMPLAINT           Case No.: C-07-05923 WHA (JCSx)

1   available balance information provide by WELLS FARGO, they still incur insufficient funds overdraft

2   fees for WELLS FARGO approved purchases made within the available balance amount provided by

3   WELLS FARGO.  This is because WELLS FARGO has a practice of publishing inaccurate account

4   balances and therefore misrepresents in all of the above mentioned ways of accessing checking account

5   information that the "available balance" is actually what it purport to be—the amount of funds available

6   in the checking account, and that the transactions within the "available balance" will not result in

7   overdraft fees

8          27.     WELLS FARGO further misrepresents the accuracy and reliability of these published

9   "account balance" or "available balance" information in its marketing materials and customer

10  contractual agreements while encouraging customers to rely on available balance information provided

11  to them by WELLS FARGO in making their purchase decisions.  Examples of such misrepresentations

12  include:

13              a.   Welcome to Your New Account Jacket:

14  **"Gain More Control Over Your Finances With Wells Fargo Online Banking**.

15  Free online access to your accounts lets you manage your finance any time, anywhere you have Internet

16  access.  **Check your account balances and transaction history**."

17              b.   Consumer Account Fee and Information Schedule, p. 38:

18  **"Wells Fargo Online Banking**

19  Online Banking gives you a convenient and flexible way to manage your finances by providing free

20  online access to your personal accounts. You can view account balances and history, transfer funds and

21  receive monthly statements online."

22              c.   Get your finances into shape with our resources (brochure):

23  **"Wells Fargo Online Banking with Bill Pay**

24  As a leader in Internet banking, we can help you get fiscally fit by organizing your finances with Online

25  Banking with Bill Pay.  This service lets you enjoy managing your money in one place, anytime,

26  anywhere you have Internet access.  You can check balances, transfer funds between accounts, view

27  your monthly statement and pay your bills all online."

28              d.   Checking, Savings, And More (brochure):

-7-

FIRST AMENDED CLASS ACTION COMPLAINT                              Case No.: C-07-05923 WHA (JCSx)

EXHIBIT "1"

"**Online Banking and Bill Pay**

• Manage your finances anytime, anywhere you have Internet access

• View online statements, check balances, transfer funds, and more

• Pay any company or individual in the U.S. with Online Bill Pay"

        e.  Wells Fargo Account Activity Questions (webpage):

"<u>Why are my available and ending balances different?</u>

Your available balance is the most current information regarding the funds you have available for withdrawal, ATM or check Card purchases, or writing checks.  It reflects the latest balance based on transactions recorded to your account today including direct deposits, paid checks, withdrawals, and point-of-sale purchases."

        f.  Checking Account statement envelope, postmarked August 24, 2007:

Front side:  "Someday, I'll know where all my money goes."

Back side: "Today.  Take control of your financial life with our **FREE** online tools.  Easily track your spending, transfer funds, check your balances and more with money management tools from *Wells Fargo Online*®.  To learn more, visit **www. Wellsfargo.com/wfonline**"

        g.  Television and Radio Commercial Campaign:

In a television and radio commercial campaign, WELLS FARGO advertised that customers could rely on ATM and online balance information for whether the customer had sufficient funds in the account for the transactions.

    28.     WELLS FARGO has also failed to provide notice to customers that the published available balance information it promotes, markets, encourages and advertises as something for the customer to rely on, is inaccurate and can result in insufficient overdraft charges for transaction that are within the amount of the stated available balance published by WELLS FARGO.

IV

**CLASS ACTION ALLEGATIONS**

    29.     Plaintiffs initially propose that two subclasses be used in litigating this case, the "Sufficient Funds" Class Plaintiffs and the "Inaccurate Balance" Class Plaintiffs, as defined below.

FIRST AMENDED CLASS ACTION COMPLAINT                Case No.: C-07-05923 WHA (JCSx)

30.  **The "Sufficient Funds" Class Plaintiffs:**  Plaintiffs each incurred insufficient funds overdraft fee in their checking account for a transaction that when it occurred, there was sufficient funds in the account to cover the transaction.  WELLS FARGO approved the transaction of each Plaintiff before the transaction was processed.  The Plaintiffs were not notified by WELLS FARGO that they would incur an insufficient funds overdraft fee for an approved transaction where they had sufficient funds to cover the transaction at the time the transaction was made.

31.  Plaintiffs bring this action on behalf of themselves and a plaintiff class initially defined as follows:

> All WELLS FARGO customers who maintained a checking accounts with a California branch office who from November 21, 2003 to the present who were assessed an insufficient overdraft fee for a Check Card Purchase, Debit Card Purchase, or ATM transaction which there was sufficient funds in the checking account at the time of the transaction to cover the amount of the transaction.

Excluded from this class is any entity in which Defendants have a controlling interest, and officers or director of Defendants.  Plaintiffs, and those persons similarly situated as described in the preceding paragraph, may be collectively referred to herein as "The 'Sufficient Funds' Class Plaintiffs."

32.  **The "Inaccurate Balance" Class Plaintiffs:**  Plaintiffs WILLIAM SMITH and TIM FOX relied on account available balance information provided to them by WELLS FARGO in entering into the transactions that resulted in an insufficient funds overdraft fee when the available balance provided to them by WELLS FARGO showed they had sufficient funds to cover the transactions.  Plaintiffs WILLIAM SMITH and TIM FOX were not notified that the account available balance information provided to them by WELLS FARGO was inaccurate.

33.  Plaintiffs bring this action on behalf of themselves and a plaintiff class initially defined as follows:

> All WELLS FARGO customers who maintained a checking account with a California branch office who from November 21, 2003 to the present who were assessed an insufficient overdraft fee for a Check Card Purchase, Debit Card Purchase, or ATM

-9-

FIRST AMENDED CLASS ACTION COMPLAINT          Case No.: C-07-05923 WHA (JCSx)

transaction which amount was within WELLS FARGO's published available balance information at the time of the transaction.

Excluded from this class is any entity in which Defendant has a controlling interest, and officers or directors of Defendants. Plaintiffs, and those persons similarly situated as described in the preceding paragraph, may be collectively referred to herein as "The 'Inaccurate Balance' Class Plaintiffs."

34.    This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure 23(a) and 23(b). Plaintiffs reserve the right to modify the "Sufficient Funds" Class and the "Inaccurate Balance" Class definitions and the class period based on the results of discovery.

35.    **Numerosity of the "Sufficient Funds" and "Inaccurate Balance" Class** – The members of the "Sufficient Funds" Class and the "Inaccurate Balance" Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that there are at least hundreds of thousands of customers in the class. Since the class members may be identified through business records regularly maintained by Defendant and its employees and agents, and through the media, the number and identities of class members can be ascertained. Members of the Classes can be notified of the pending action by e-mail, mail and supplemented by published notice, if necessary;

36.    **Existence and Predominance of Common Question of Fact and Law** – There are questions of law and fact common to either the "Sufficient Funds" Class or the "Inaccurate Balance" Class. These questions predominate over any questions affecting only individual class members. These common legal and factual issues include, but are not limited to:

      a.    Whether Defendant WELLS FARGO assessed insufficient overdraft fees for transactions it approved and for which there were sufficient funds in the account at the time of the transaction to cover the cost of the transaction.

      b.    Whether Defendant WELLS FARGO assessed insufficient overdraft fees for transactions which were within the published available balance information at the time of the transaction.

      c.    Whether Defendant WELLS FARGO promotes, markets, encourages and advertises the available balance through ATM machines, Online, Bank Statements, In-Store and

-10-

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

Telephone as something for the customer to rely on, which is inaccurate and can result in insufficient overdraft charges for transaction that are within the amount of the stated available balance provided by WELLS FARGO.

    d.   Whether Defendant WELLS FARGO misled customers regarding that it assessed insufficient overdraft fees for transactions it approved, and for which there were sufficient funds in the account at the time of the transaction to cover the cost of the transaction.

    e.   Whether Defendant WELLS FARGO misled customers that available balance information through ATM machines, Online, Bank Statements, In-Store and Telephone is inaccurate and can result in insufficient overdraft charges for transaction that are within the amount of the stated available balance provided by WELLS FARGO.

    f.   Whether Defendant WELLS FARGO'S conduct as described above constitute violations of the causes of action set forth below.;

37.    **Typicality** – The claims of the representative Plaintiffs are typical of the claims of the member of either or both of the "Sufficient Funds" Class or the "Inaccurate Balance" Class. Plaintiffs, like all other members of the Classes, have sustained damages arising from Defendant's violations of the laws, as alleged herein. The representative Plaintiffs and the members of the Classes were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by Defendant.

38.    **Adequacy** – The representative Plaintiffs will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the Classes that would make class certification inappropriate. Counsel for the Classes will vigorously assert the claims of all Class members.

39.    **Predominance and Superiority** – This suit may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the Classes

-11-

FIRST AMENDED CLASS ACTION COMPLAINT          Case No.: C-07-05923 WHA (JCSx)

predominate over the questions affecting only individual members of the Classes and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Classes to individually redress effectively the wrongs done to them. Even if class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40.    The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action. Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, the Class Plaintiffs would contemplate the use of additional media and/or mailings.

41.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

a.    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Classes will create the risk of:

i.    Inconsistent or varying adjudications with respect to individual members of the Classes which would establish incompatible standards of conduct for the parties opposing the Classes; or

ii.    Adjudication with respect to individual members of the Classes which would as a practical matter be dispositive of the interests of the other members not parties to the

-12-

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

1    adjudication or substantially impair or impede their ability to protect their interests;

2            b.       The parties opposing the Classes have acted or refused to act on grounds

3    generally applicable to each member of the Class, thereby making appropriate final injunctive or

4    corresponding declaratory relief with respect to the Classes as a whole; or

5            c.       Common questions of law and fact exist as to the members of the Class and

6    predominate over any questions affecting only individual members, and a Class Action is superior to

7    other available methods of the fair and efficient adjudication of the controversy, including consideration

8    of:

9            i.       The interests of the members of the Classes in individually controlling the

10   prosecution or defense of separate actions;

11           ii.       The extent and nature of any litigation concerning controversy already

12   commenced by or against members of the Classes;

13          iii.      The desirability or undesirability of concentrating the litigation of the

14   claims in the particular forum;

15          iv.      The difficulties likely to be encountered in the management of a Class

16   Action.

## FIRST CAUSE OF ACTION

### Violation of Civil Code Section 1750 *et seq.* – Consumers Legal Remedies Act

### (Against all Defendants)

20       42.       Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

21       43.       Defendants provide "services" within the meaning of Civil Code sections 1761(a),

22   1761(b) and 1770.

23       44.       Each defendant is a "person" within the meaning of Civil Code sections 1761(c) and

24   1770.

25       45.       Purchasers of Defendants' services, including plaintiffs and other members of the

26   Classes, are "consumers" within the meaning of Civil Code sections 1761(d) and 1770.

27       46.       Plaintiffs' and each and every Class members' purchase of the services sold by

28   defendants constitutes a "transaction" within the meaning of Civil Code section 1761(d) and 1770.

-13-

FIRST AMENDED CLASS ACTION COMPLAINT                 Case No.: C-07-05923 WHA (JCSx)

47.    The policies, acts and practices of defendants as described above were intended to result in the sale of services to plaintiffs and the "Sufficient Funds" and "Inaccurate Balance" Class members. These actions violated, and continue to violate the Consumers Legal Remedies Act in at least the following aspects:

      a.    In violation of Civil Code section 1770(a)(5) and (14), defendants make deceptive representations in connection with the services in question;

      b.    In violation of Civil Code section 1770(a)(5), defendants represent that their services have characteristics, uses, or benefits which they do not have;

      c.    In violation of Civil Code section 1770(a)(5) and (14), defendants advertise services without the intent to sell them as advertised;

      d.    In violation of Civil Code section 1770(a)(14), defendants represent that their services confer or involve rights, remedies or obligations which they do not have, or which are prohibited by law.

      e.    In violation of Civil Code section 1770(a)(19), inserting an unconscionable provision in a contract.

48.    As a result of Defendants' action, each Plaintiff and members of the Classes have incurred damages in the form of insufficient funds overdraft fees being assessed and automatically withdrawn from their checking account.

49.    On September 7, 2007, plaintiff William Smith notified defendants of the unlawful acts and practices described above by written notice. (Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff William Smith's Notice of Intent to Bring an Action for Damages Under the Consumer Legal Remedies Act (Civil Code Sections 1750-1784)). Pursuant to California Civil Code section 1782(b), defendants were required to respond to plaintiff's notice and demand letter within 30 days of its receipt by either correcting, repairing, replacing, or rectifying the violation set forth in the notice and demand or by agreeing to correct, repair, replace, or rectify the violation within a reasonable time.

50.    Despite the demand, defendants have failed to offer an appropriate correction or remedy for each of the issues raised herein. Therefore, Plaintiffs bring this action pursuant to Civil Code sections 1780 and 1781 and seek compensatory and punitive damages, restitution and injunctive relief

-14-

FIRST AMENDED CLASS ACTION COMPLAINT        Case No.: C-07-05923 WHA (JCSx)

EXHIBIT "1"

1    hereunder in the form of an order enjoining Defendants from continuing to engage in the practices

2    alleged herein.  Furthermore, the above-described acts and practices committed by defendants are in

3    violation of Civil Code section 1780(b) and 3345, entitling plaintiff and other Class members to

4    damages and/or $5,000 per person, to the extent that such members of the Class are disabled persons

5    within the meaning of Civil Code section 1761(f) and (g).

**SECOND CAUSE OF ACTION**

**Violation of Business And Professions Code Section 17200 *et seq.* – Unlawful, Fraudulent, and**

**Unfair Business Act and Practices**

**(Against all Defendants)**

10    51.    Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

11    52.    Defendants' acts and practices as described herein constitute unlawful, fraudulent, and

12    unfair business acts and practices, in that (1) defendants' practices, as described herein, violate each of

13    the statutes set forth within this Complaint, and/or (2) the justification for defendants' conduct is

14    outweighed by the gravity of the consequences to plaintiff and members of the Classes, and/or (3)

15    defendants' conduct is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially

16    injurious to plaintiff and members of the Classes, and/or (4) the uniform conduct of defendants has a

17    tendency to deceive plaintiff and the members of the Classes.

18    53.    Defendants' unlawful, unfair and fraudulent business acts and practices are described

19    herein and include, but are not limited to, wrongfully directly taking insufficient overdraft fees from

20    customers' checking accounts for transactions where there was sufficient funds in the account at the

21    time of the transaction to cover the transaction; providing inaccurate available balance information and

22    failing to provide reasonable notice of these practices; and misrepresenting and falsely advertising the

23    accuracy and reliability of the available balance or account balance in publications of customers'

24    checking account information.

25    54.    In addition to the above, the conduct as alleged throughout the complaint constitutes

26    breach of contract, negligent misrepresentation, fraud, and conversion that not only result in liability as

27    individual causes of action, they provide the basis for a finding of liability under Business and

28    Professions Code Section 17200 et seq.

-15-

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

EXHIBIT "1"

55.    Plaintiffs, and each of them, have been damaged by said practices.

56.    The conduct of Defendants as described herein violates Business and Professions Code section 17200 *et seq.*, and other similar state unfair competition and unlawful business practices statutes.

57.    Pursuant to Business and Professions Code sections 17200 and 17203, Plaintiffs, on behalf of themselves and all others similarly situated, seeks relief as prayed for below.

**THIRD CAUSE OF ACTION**

**Violation of Business and Professions Code Section 17500 *et seq.* – False Advertising**

**(Against all Defendants)**

58.    Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

59.    The standardized practice and advertisements regarding the practice were uniformly applied to the Plaintiffs and the class members.  Examples of the false and misrepresentative advertisements are set forth in the above "Factual Allegations."

60.    As a result, Plaintiffs relied on the advertisements and were damaged as a result by incurring overdraft charges they otherwise would not have incurred.

61.    Plaintiffs, on behalf of themselves and Classes, seek relief as prayed for below.

**FOURTH CAUSE OF ACTION**

**Fraud**

**(Against all Defendants)**

62.    Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

63.    The misrepresentations, nondisclosure and/or concealment of material facts made by Defendants to Plaintiffs and the members of the Class, as set forth above, were known by Defendants to be false and material and were intended by the Defendants to mislead Plaintiffs and the members of the Class.

64.    That the Plaintiffs and the Class were actually misled and deceived and were induced by WELLS FARGO to incur overdraft charges they otherwise would not have incurred.

65.    As a result of the conduct of Defendants, Plaintiffs and the Class members have been damaged by having incurred unwarranted overdraft fees assessed and taken from their checking account. In addition to such damages, Plaintiffs seek punitive or exemplary damages pursuant to Civil Code

-16-

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

1    section 3294 in that defendants engaged in "an intentional misrepresentation, deceit, or concealment of a

2    material fact known to the defendant[s] with the intention on the part of the defendant[s] of thereby

3    depriving a person of property or legal rights or otherwise causing injury."

### FIFTH CAUSE OF ACTION

#### Negligent Misrepresentation

#### (Against all Defendants)

7        66.    Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

8        67.    That Defendants had a duty to provide honest and accurate information to its customers

9    to avoid those customers from incurring expensive and unnecessary overdraft charges.

10        68.    Defendants specifically and expressly indicated to class members that Wells Fargo's

11    customers' checking account balance or available balance that are published online, by phone, by ATM

12    machines, and in-store inquiries are accurate and reliable, when in fact they are inaccurate and

13    unreliable.

14        69.    Such misrepresentations were and are made by WELLS FARGO through the use of the

15    identifying term "available balance" in the various methods in which customers may access their

16    checking account information, when in fact such information is not what it purport to be, and through

17    the various marketing materials and the customer agreement contracts (examples of all of which are set

18    forth in the "Factual Allegations" set forth above).

19        70.    Defendants knew or in the exercise of reasonable diligence should have known, that the

20    ordinary consumer and customer of Defendants' products would understand Defendants' representations

21    concerning the terms "account balance" or "available balance" as being what they purport to be – the

22    actual available balance at the time of the inquiry.  Defendants also knew or in the exercise of

23    reasonable diligence should have known, that the ordinary consumer and customer of Defendants'

24    products would understand the marketing materials and the terms of the customers agreement contracts

25    set forth in this Complaint as indicating that the published "account balance" or "available balance" are

26    accurate and reliable.  Any other understanding on the part of consumers would not be reasonable given

27    Defendants' representations.

28

-17-

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

71.     Plaintiffs and the "Inaccurate Balance" Class members justifiably relied on Defendants' misrepresentation as to their available balance and engaged in debit transactions or ATM withdrawals which were within the limits of their published "available balance," yet were assessed overdraft fees.

72.     As a result of the conduct of Defendants, Plaintiffs and the "Inaccurate Balance" Class Members have been damaged by having relied on Defendants' misrepresentations as to their available balance and have incurred unwarranted overdraft fees.

73.     In addition, by representing and posting pending charges to online accounts in real time, and then including those charges to provide available balance, WELLS FARGO represented to Class Members that overdraft fees would not be charged for transactions that were less than the balance in the account at the time the transaction took place.

74.     Those representations were false as Defendants did assess and automatically deduct overdraft fees from customers account even though there was funds available to cover the transaction at the time of the transaction.

75.     Defendants knew or in the exercise of reasonable diligence should have known, the Plaintiffs and ordinary customers would rely on those representations.

76.     That Plaintiff and the Class Members did reasonably rely on those representations.

77.     As a result, Plaintiffs and the Class Members have been damaged by being assessed expensive and unnecessary overdraft fees.

**SIXTH CAUSE OF ACTION**

**Conversion**

**("Sufficient Funds" Class Members Against all Defendants)**

78.     Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged herein.

79.     Plaintiffs and the Class members own and have the right to possess the money that is in their checking accounts.

80.     Defendants interfered with Plaintiffs' and the Class members' possession of this money by wrongfully taking directly from their checking accounts overdraft fees after check card, debit card transactions or ATM withdrawals, despite the fact that Plaintiffs and the "Sufficient Funds" Class members had sufficient funds in their accounts to cover these transactions at the time they were made.

-18-

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No.: C-07-05923 WHA (JCSx)

81.     Plaintiffs and the "Sufficient Funds" Class members never consented to Defendants directly taking overdraft fees from their checking accounts as a result of debit card transactions or ATM withdrawals when there were sufficient funds in their accounts to cover these transactions at the time they were made.

82.     Plaintiffs and the Class members have been damaged by Defendants' wrongful taking of overdraft fees from their checking accounts in an amount that is capable of identification through Defendants' records.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on their own behalf and on behalf of the "Insufficient Funds" and "Inaccurate Balance" Classes, pray for relief as follows:

A.     For an order certifying the "Insufficient Funds" Class and appointing Plaintiffs and their counsel to represent the "Insufficient Funds" Class;

B.     For an order certifying the "Inaccurate Balance" Class and appointing Plaintiffs and their counsel to represent the "Inaccurate Balance" Class;

C.     For an order awarding Plaintiffs and the "Insufficient Funds" and "Inaccurate Balance" Classes restitution and/or disgorgement and other equitable relief as the Court deems proper;

D.     For an order awarding Plaintiffs and the "Insufficient Funds" and "Inaccurate Balance" Classes punitive damages as to the appropriate cause of action;

E.     For an order enjoining Defendants:

1.     under Civil Code sections 1780(a)(2) and 1781(a) from continuing to use, employ, or undertake unfair methods of competition, acts and practices, or any of them, which are violative of that statute as alleged herein;

2.     under Business and Professions Code section 17203 from continuing to engage in business acts and practices, or any of them, which are unlawful, unfair, or fraudulent, as alleged herein; and

3.     under Business and Professions Code section 17535 from continuing to engage in the dissemination of advertisements which are untrue or misleading, alleged herein;

-19-

FIRST AMENDED CLASS ACTION COMPLAINT                          Case No.: C-07-05923 WHA (JCSx)

F.      For an order mandating that Defendants engage in a corrective advertising campaign to correct the misperceptions Defendants' conduct created;

G.      For an order awarding plaintiff and the "Insufficient Funds" and "Inaccurate Balance" Classes pre-judgment and post-judgment interest, as well as their reasonable attorneys' and expert-witness fees and other costs pursuant to the Consumers Legal Remedies Act, Civil Code section 1750 *et seq.*, Code of Civil Procedure section 1021.5, and other statutes as may be applicable; and

H.      For an order awarding such other and further relief as this Court may deem just and proper.

DATED: March 15, 2008                                    McCUNE & WRIGHT, LLP

By: _____
Richard D. McCune
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff, and all others similarly situated, hereby demands a trial by jury herein.

DATED: March 15, 2008                                    McCUNE & WRIGHT, LLP

By: _____
Richard D. McCune
Attorney for Plaintiffs

-20-

FIRST AMENDED CLASS ACTION COMPLAINT                        Case No.: C-07-05923 WHA (JCSx)

EXHIBIT "1"