1   Sonya D. Winner, SB # 200348
    David M. Jolley, SB # 191164
2   Margaret G. May, SB # 234910
    COVINGTON & BURLING LLP
3   One Front Street
    San Francisco, CA 94111
4   Telephone:     (415) 591-6000
    Facsimile:      (415) 591-6091
5   mmay@cov.com

6   Attorneys for Defendants
    WELLS FARGO BANK, N.A. and
7   WELLS FARGO & CO.

8

9                        UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  CLAUDIA SANCHEZ, ERIN WALKER          Civil Case No.:  CV-07-5923 WHA
    and WILLIAM SMITH, as individuals, and
    on behalf of all others similarly situated,

13                                         **DEFENDANTS' OPPOSITION TO**
                      Plaintiffs,          **PLAINTIFFS' MOTION FOR**
14                                         **LEAVE TO FILE A FIRST**
          v.                               **AMENDED COMPLAINT**
15
    WELLS FARGO & COMPANY; WELLS           Date:   May 1, 2008
16  FARGO BANK, N.A.; and DOES 1 through   Time:   8:00 a.m.
    125,                                   Courtroom 9, 19th Floor
17
                      Defendants.
18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Civil Case No.:  CV-07-5923 WHA

1

# **TABLE OF CONTENTS**

2    I.      INTRODUCTION AND STATEMENT OF ISSUES ..................................................... 1

3    II.     PROCEDURAL BACKGROUND ............................................................................... 1

4    III.    ARGUMENT............................................................................................................... 2

5            A.      Plaintiffs' Motion Should Be Denied Because It Is Futile and Would
                     Prejudice Wells Fargo.................................................................................... 3
6
                     1.      Plaintiffs' Fraud-Based Amendments Are Futile Because They
7                            Are Not Pled with Particularity and Would Be Subject to
                             Dismissal............................................................................................. 3
8
                     2.      The Numerous Substantive Changes in the Proposed FAC Will
9                            Prejudice Wells Fargo.......................................................................... 5

10           B.      If Plaintiffs' Motion Is Granted, Either in Whole or in Part, the Court
                     Should Provide for an Extension of the Schedule and Discovery
11                   Limits.............................................................................................................. 7

12   IV.     CONCLUSION............................................................................................................ 8

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Abels* v. *JBC Legal Group, P.C.*,
    229 F.R.D. 152 (N.D. Cal. 2005)..................................................................................................3

*Artman* v. *International Harvester Co.*,
    355 F. Supp. 476 (D. Pa. 1972) ...................................................................................................7

*Ascon Properties, Inc.* v. *Mobil Oil Co.*,
    866 F.2d 1149 (9th Cir. 1989) .....................................................................................................6

*Bonin* v. *Calderon*,
    59 F.3d 815 (9th Cir. 1995) .........................................................................................................2

*Brown Leasing Co.* v. *Cosmopolitan Bancorp, Inc.*,
    42 F.3d 1112 (7th Cir. 1994) .......................................................................................................3

*Bell Atlantic Corp.* v. *Twombly*,
    127 S. Ct. 1955 (2007)..................................................................................................................7

*In re Century 21-RE/MAX Real Estate Adver. Claims Litigation*,
    882 F. Supp. 915 (C.D. Cal. 1994) ..............................................................................................3

*Collaboration Prop. Inc.* v. *Tandberg ASA*,
    No. C-05-01940-MHP, 2006 WL 2398763 (N.D. Cal. June 27, 2006)......................................7

*Eminence Capital, LLC* v. *Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) .....................................................................................................2

*Finlay* v. *Simonovich*,
    No. 97-CIV-1455, 1997 WL 746460 (S.D.N.Y. Dec. 2, 1997)...................................................7

*Firchau* v. *Diamond National Corp.*,
    345 F.2d 269 (9th Cir. 1965) .......................................................................................................7

*Foman* v. *Davis*,
    371 U.S. 178 (1962)......................................................................................................................2

*Glen Holly Entertainment, Inc.* v. *Tektronix, Inc.*,
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) .......................................................................................3

*Moore* v. *Kayport Package Express*,
    885 F.2d 531 (9th Cir. 1989) ...................................................................................................4, 7

*Neilson* v. *Union Bank of California, N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................................................................................3

1
2
*Newcal Industrial, Inc.* v. *Ikon Office Solutions, Inc.*,
   No. C-04-2776-FMS, 2004 WL 3017002 (N.D. Cal. Dec. 23, 2004) ....................................5

3
*Partington* v. *Bugliosi*,
   56 F.3d 1147 (9th Cir. 1995) ................................................................................................3

4
*Podiatrist Association, Inc.* v. *La Cruz Azul de Puerto Rico, Inc.*,
5
   332 F.3d 6 (1st Cir. 2003)......................................................................................................4

6
*Roth* v. *Garcia Marquez*,
7
   942 F.2d 617 (9th Cir. 1991) ................................................................................................3

8
*Strigliabotti* v. *Franklin Resources, Inc.*,
   No. C04-00883, 2005 WL 645529 (N.D. Cal. Mar. 7, 2005)...........................................3
9

10
*T.C. Jefferson* v. *Chase Home Finance*,
   2007 WL 4374410 (N.D. Cal. Dec. 14, 2007),..................................................................6

11
*In re Turbodyne Tech., Inc. Sec. Litigation, No. CV99-00697*,
12
   No. CV99-00697, 2000 WL 33961193 (C.D. Cal. Mar. 15, 2000) ...................................5

13
*U.S. Concord, Inc.* v. *Harris Graphics Corp.*,
14
   757 F. Supp. 1053 (N.D. Cal. 1991)...................................................................................3

15
*Vess* v. *Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..........................................................................................3, 5
16
*Western Shoshone National Council* v. *Molini*,
17
   951 F.2d 200 (9th Cir. 1991) ................................................................................................2

18
*Ynclan* v. *Department of Air Force*,
19
   943 F.2d 1388 (5th Cir. 1991) ..............................................................................................2

20                                 **STATE CASES**

21
*Smith v. Wells Fargo Bank, N.A*
   No. GIC 802664 (San Diego Super. Ct.)  ...........................................................................1
22

23                              **FEDERAL STATUTES**

24
Fed. R. Civ. P. 9(b) ......................................................................................................1, 3, 4, 5

25
Fed. R. Civ. P. 12(b) .........................................................................................................1, 3, 4

26
Fed. R. Civ. P. 15...................................................................................................................2

27
Fed. R. Civ. P. 21...................................................................................................................5
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. R. Civ. P. 30.........................................................................................................................2, 8

Fed. R. Civ. P. 33............................................................................................................................8

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION      iv
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Civil Case No.:  CV-07-5923 WHA

1

2

## I.    INTRODUCTION AND STATEMENT OF ISSUES

Plaintiffs' proposed First Amended Complaint ("FAC") contains three new

causes of action, adds two additional plaintiffs (and removes one), creates two new subclasses,

and adds numerous additional factual allegations against defendants Wells Fargo Bank, N.A.

and Wells Fargo & Company ("Wells Fargo").  Some of these proposed amendments are futile,

because they fail to allege plaintiffs' new or amended fraud-based claims with particularity and

will therefore be subject to dismissal under Federal Rule of Civil Procedure 9(b) and 12(b)(6).

Wells Fargo therefore opposes plaintiffs' motion insofar as it seeks to add causes of action for

fraud and negligent misrepresentation and to provide corresponding amendments to plaintiffs'

CLRA, UCL, and FAL claims.

Moreover, the proposed amendment of the Complaint, if permitted, will

prejudice Wells Fargo, because it contains significant changes that cannot adequately be

addressed within the Court's current case schedule.  Accordingly, in the event the motion is

granted, in whole or in part, Wells Fargo requests that the Court adopt an appropriate extension

of existing deadlines and discovery limitations to address the resulting prejudice to Wells Fargo.

## II.    PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on November 21, 2007.  On December 28, 2007,

shortly after the Complaint was served, the action was stayed pending the outcome of plaintiff

Claudia Sanchez's Motion to Vacate Class Action Judgment in *Smith v. Wells Fargo Bank,*

*N.A.*, GIC 802664 (San Diego Super. Ct.).  After Ms. Sanchez's motion was denied, this case

was put on active status on February 13, 2008, by stipulation of the parties.  The Court held an

initial Case Management Conference on February 27, 2008, and issued a scheduling order

requiring any motions for leave to amend the pleadings to be filed by March 21, 2008.[1]  Wells

---

[1]    In the same scheduling order, the Court required the parties to serve Initial Disclosures
by March 21, 2008, to file any class certification motions by July 10, 2008, to complete non-
expert discovery and file expert disclosures by October 17, 2008, and to file any dispositve
motions by November 20, 2008.  The Court set the final pre-trial conference for January 26,
2009, and set trial for February 9, 2009.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Civil Case No.:  CV-07-5923 WHA

1

1    Fargo filed its Answer on February 29, 2008, and served its first set of discovery requests on

2    plaintiffs on March 7, 2008.  Declaration of Margaret G. May ("May Dec.") ¶ 2.

3              Plaintiffs filed their Motion for Leave to File a First Amended Complaint on

4    March 20, 2008.[2]  The next day, on March 21, 2008, both sides served their Initial Disclosures.

5    May Dec. ¶ 4.  Plaintiffs' Initial Disclosures identified 63 potential witnesses in this case (in

6    addition to the plaintiffs) who assertedly "have knowledge about the circumstances involving

7    being unfairly assessed multiple overdraft fees by Wells Fargo."  May Dec. Ex. 1.  However,

8    plaintiffs' disclosures contained no contact or identifying information for any of these

9    individuals beyond their names.[3]  When Wells Fargo's counsel asked for more complete

10   identifying and contact information, plaintiffs' counsel estimated that they would need 45 to 60

11   days to provide it.  May Dec. ¶ 6.

12   **III.    ARGUMENT**

13             Federal Rule of Civil Procedure 15(a) provides that leave to amend should be

14   freely granted.  However, "leave to amend should not be granted automatically."  *Ynclan v.*

15   *Dept. of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991).  Courts have discretion to deny

16   motions for leave to amend upon a showing of undue prejudice to the non-movant, futility,

17   undue delay, bad faith or dilatory motive by the movant, or repeated failure to cure deficiencies

18   by previous amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Western Shoshone Nat'l*

19   *Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).  Futility and prejudice to the non-moving

20   party are often identified as the most important of these factors.  *See, e.g., Eminence Capital,*

21   *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845

22   (9th Cir. 1995).  Both exist here.

23

24   _____

25   [2]    On that same day, plaintiffs also served their first round of discovery on Wells Fargo,
     including interrogatories, document requests, and requests for Rule 30(b)(6) depositions.  May
26   Dec. ¶ 3.

27   [3]    Wells Fargo is unable to confirm the identity of any of these witnesses based on their
     names alone.  Without additional information such as addresses or account numbers, Wells
     Fargo cannot even verify that they are Wells Fargo customers.  May Dec. ¶ 7.
28

1

2

**A.    Plaintiffs' Motion Should Be Denied Because It Is Futile and Would Prejudice Wells Fargo.**

3

**1.    Plaintiffs' Fraud-Based Amendments Are Futile Because They Are Not Pled with Particularity and Would Be Subject to Dismissal.**

4

Allowing plaintiffs to add generally pled causes of action for fraud and negligent

5

misrepresentation (as well as corresponding fraud-based amendments to their previously stated

6

causes of action) would be futile, because those claims would be subject to dismissal for failure

7

to plead with particularity.  Courts may properly deny leave to amend as futile when the

8

proposed amended pleading would be subject to a motion to dismiss.  *Partington v. Bugliosi*, 56

9

F.3d 1147, 1162 (9th Cir. 1995) (denying leave to amend as futile where proposed amended

10

Complaint failed to state a claim); *Brown Leasing Co. v. Cosmopolitan Bancorp, Inc.*, 42 F.3d

11

1112, 1116 (7th Cir. 1994) (denial of leave to amend proper where plaintiff could not plead

12

reliance on alleged misrepresentation); *Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir.

13

1991) (upholding denial of leave to amend for futility where greater specificity of facts would

14

not cure legal deficiencies).[4]

15

Under Federal Rule of Civil Procedure 9(b), the factual circumstances

16

constituting misrepresentation-based claims – the who, what, when, where, and how – must be

17

pled with particularity, and failure to do so is a basis for dismissal of such claims under Rule

18

12(b)(6).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).[5]  Moreover,

19

failure to set forth factual allegations as to each of the other required elements of a

20

21

[4]    When faced with a facially inadequate amended pleading, the Court may alternatively permit the amendment and then entertain a motion to dismiss under Rule 12(b).  *See Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005).  Wells Fargo suggests that in this instance the Court, in the interests of efficiency, simply reject the proposed amendment at the threshold.

22

23

24

[5]    Although Rule 9(b) refers specifically to the pleading requirements for fraud claims, it is well established in the Ninth Circuit that misrepresentation-based allegations generally (including those based on false advertising claims) must meet Rule 9(b)'s particularity requirements.  *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citing *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999), *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991)); *In re Century 21-RE/MAX Real Estate Adver. Claims Litig.*, 882 F. Supp. 915, 927 (C.D. Cal. 1994); *Strigliabotti v. Franklin Res., Inc.*, No. C04-00883, 2005 WL 645529, at *10 (N.D. Cal. Mar. 7, 2005).

25

26

27

28

1　misrepresentation claim is also a basis for Rule 12(b)(6) dismissal. *Podiatrist Ass'n, Inc. v. La*

2　*Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003). Conclusory allegations are

3　insufficient to satisfy the pleading requirements of Rule 9(b). *Moore v. Kayport Package*

4　*Express*, 885 F.2d 531, 540 (9th Cir. 1989).

5　　　　Plaintiffs allege that (1) Wells Fargo misrepresented the amount of plaintiffs'

6　"available balances," and (2) Wells Fargo misrepresented the accuracy of such "available

7　balance" information in marketing materials and customer agreements. Proposed FAC ¶¶ 25-

8　28, 32, 68-69. Neither of these claims is pled with the requisite particularity.

9　　　　Plaintiffs allege generally that Wells Fargo provides inaccurate "available

10　balance" information on its website, by telephone, by representatives in stores, and at ATMs.

11　Proposed FAC ¶¶ 25-26, 32, 68-69. But no particulars are supplied. For example, plaintiff

12　William Smith alleges that he relied on "available balance" information provided by Wells

13　Fargo, but fails to identify any of the circumstances surrounding Wells Fargo's communication

14　of this information to him. *See* Proposed FAC ¶ 26. He does not specify where or how he

15　checked his "available balance" (e.g., on the website, by phone, in a store, or at an ATM), when

16　he checked it, or what information was conveyed by Wells Fargo. Similarly, none of the other

17　plaintiffs named in the proposed FAC offer specific factual allegations about the circumstances

18　under which Wells Fargo communicated allegedly misleading information about the amount of

19　their "available balances." *See* Proposed FAC ¶¶ 15-22, 25-26, 32, 68-69.[6] Conclusory or

20　incomplete allegations do not meet the particularity requirements of Rule 9(b). *See Moore*, 885

21　F.2d at 540.

22　　　　Plaintiffs also complain of purportedly misleading statements about "available

23　balance" information in various Wells Fargo brochures, disclosures, websites, and commercials.

24

25　[6]　Plaintiff Tim Fox alleges that he monitored his "available balance" between March 5,
2008, and March 8, 2008, online and through one inquiry at an ATM. Proposed FAC ¶ 17.
26　This is still insufficient to identify the precise "who," "where" – and especially "when" – of his
claims. (The precise timing of the alleged misrepresentation is likely to be particularly
27　important here.) Moreover, he fails entirely to specify *what* his available balance was stated to
be or *how* that information was misleading.
28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION　　4
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Civil Case No.: CV-07-5923 WHA

1    Proposed FAC ¶¶ 27(a)-(g), 28, 69.  However, nowhere do they allege that any of the four

2    plaintiffs named in the proposed FAC ever saw, read, or heard any such statements.[7]  Nowhere

3    do the plaintiffs allege that Wells Fargo communicated any misrepresentations to them through

4    the advertisements or commercials.  Indeed, more fundamentally, there are no allegations in the

5    proposed FAC that any plaintiff ever saw or heard *any* misrepresentation from Wells Fargo

6    contained in any brochure, disclosure, website, or commercial.  There are certainly no

7    allegations about the factual details (the who, what, when, where, and how) of any such

8    communication.  *See Vess*, 317 F.3d at 1106.  Plaintiffs state that the advertisements they

9    describe are "examples."  Proposed FAC ¶ 27.  But "examples" of alleged misrepresentations,

10   without any allegations that they were made to plaintiffs by Wells Fargo, do not satisfy the

11   particularity requirement of Rule 9(b).  *See Newcal Indus., Inc. v. Ikon Office Solutions, Inc.*,

12   No. C-04-2776-FMS, 2004 WL 3017002, at *7 (N.D. Cal. Dec. 23, 2004).

13          Because plaintiffs have failed to plead with particularity their misrepresentation-

14   based claims, rendering them subject to dismissal, amendment to include these claims would be

15   futile.  The Court should accordingly deny plaintiffs' motion as presented and direct that

16   plaintiffs submit a revised amended complaint that omits those portions.[8]

17                    **2.      The Numerous Substantive Changes in the Proposed FAC Will
                              Prejudice Wells Fargo.**
18
            Despite plaintiffs' assurances to the contrary, the proposed FAC contains
19
     numerous significant changes and additions.  For example, the proposed FAC would add two
20
     new plaintiffs, Veronica Gutierrez and Tim Fox.[9]  Plaintiffs seek to add three new causes of
21

22   ─────────────────────

23   [7]     Nor does the proposed FAC allege that any plaintiff relied on any such advertisement,
     also a required element of these causes of action.  *See In re Turbodyne Tech., Inc. Sec. Litig.*,
     No. CV99-00697, 2000 WL 33961193, at *12-14 (C.D. Cal. Mar. 15, 2000).
24
     [8]     Alternatively, should the Court be inclined to permit plaintiffs another attempt at
25   pleading these claims, it should set a schedule for them to do so and adjust the rest of the case
     schedule accordingly.

26   [9]     The proposed FAC omits any mention of the former lead plaintiff, Claudia Sanchez, but
     the motion fails to address the status of her claim.  Wells Fargo requests that, if leave to amend
27   is granted, it be conditioned upon the dismissal of Ms. Sanchez's claims with prejudice.  *Cf.*
     Fed. R. Civ. P. 21 (permitting dropping of a party "on just terms").
28

1    action, for fraud, negligent misrepresentation, and conversion; and to create two new subclasses,

2    a "Sufficient Funds" subclass and an "Inaccurate Balance" subclass.  And plaintiffs have offered

3    new factual allegations relating to their new claims, subclasses, and the addition of the new

4    plaintiffs.  (Although plaintiffs' motion does not provide a redline comparison of the proposed

5    FAC and the original Complaint, it appears that seven out of the fifteen paragraphs in the

6    Factual Allegations section of the proposed FAC are new or different.)  In short, plaintiffs have

7    not merely "realleged" the originally pled facts with more specificity, but have pled entirely new

8    factual allegations and theories.[10]

9              Wells Fargo acknowledges that leave to amend a complaint is freely granted and

10    does not suggest a substantive basis for denying proposed amendments other than the

11    insufficiently pled claims addressed above.  But under the current schedule, these significant

12    amendments, if permitted, would unduly prejudice Wells Fargo by requiring it to evaluate and

13    investigate substantial new factual allegations after the deadline for serving Initial Disclosures

14    has passed and after Wells Fargo has served its first set of discovery requests.  *See Ascon*

15    *Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) ("To put Mobil 'through

16    the time and expense of continued litigation on a new theory, with the possibility of additional

17    discovery,' would cause undue prejudice.").  This task would be particularly onerous in light of

18    plaintiffs' disclosure of 63 potential witnesses whose full identities are still not known.[11]

19

20    _____

21    [10]    *T.C. Jefferson v. Chase Home Finance*, 2007 WL 4374410, at *4-7 (N.D. Cal. Dec. 14,
      2007), cited by plaintiffs, does not compel amendment in this case.  The court in *T.C. Jefferson*
22    construed new facts submitted by the plaintiff in opposition to a motion for summary judgment
      as a motion to amend.  However, there the amendment was to add an additional factual
23    allegation of misrepresentation when the misrepresentation claim had already been adequately
      pled. *Id.* at *7.

24    [11]    The two new plaintiffs named in the proposed FAC have agreed to respond to Wells
      Fargo's first set of discovery requests (which were served before Wells Fargo received either
25    the motion to amend or plaintiffs' initial disclosures) on the same timetable as the original
      plaintiffs. May Dec. ¶ 5.  However, this concession falls far short of addressing the burden
26    Wells Fargo faces to complete relevant discovery on the new causes of action and factual
      allegations in the time allowed by the current schedule.  Notably, plaintiffs have sought (and, as
27    a matter of mutual professional courtesy, have been granted) an extension of time until April 24,
      2008, to respond to any of these discovery requests.  May Dec. ¶ 6.
28

1    Moreover, if plaintiffs' motion is granted, Wells Fargo will need to file a motion

2    to dismiss addressing plaintiffs' failure to plead their fraud-based claims with particularity, as

3    addressed above.  Such a motion would likely not be set for hearing until mid- to late June.

4    Under the Court's current schedule, therefore, Wells Fargo would be compelled to do most of

5    the preparation for its response to plaintiffs' class certification motion (due July 10, 2008)

6    before the pleadings in this case have been definitely set.  Wells Fargo will be prejudiced by the

7    amendment if it is forced to complete most of this preparation before knowing the contours of

8    the operative complaint and having a meaningful opportunity to conduct class-related discovery.

9    *Cf. Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (defendant entitled to fair

10   notice of claim and grounds on which it rests); *Moore*, 885 F.2d at 540 (claims of fraud or

11   mistake must be pled with adequate particularity so a defendant can prepare its defense).

**B.    If Plaintiffs' Motion Is Granted, Either in Whole or in Part, the Court Should Provide for an Extension of the Schedule and Discovery Limits.**

13   If the Court grants plaintiffs' motion, it should condition the amendment on

14   extending existing deadlines and discovery limits so as to address the prejudice to Wells

15   Fargo.[12]  Courts have discretion to impose appropriate conditions on leave to amend.  *See*

16   *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965); *Collaboration Prop. Inc. v.*

17   *Tandberg ASA*, No. C-05-01940-MHP, 2006 WL 2398763, at *3 (N.D. Cal. June 27, 2006).

18   Such conditions may include extensions of time to respond to the amended pleading, reopening

19   of discovery, and a continuation of the trial date.  *See* 6 Wright, Miller & Kane, Federal Practice

20   and Procedure § 1486 (2d ed. 1990 & Supp. 2007); *see also Finlay v. Simonovich*, No. 97-CIV-

21   1455, 1997 WL 746460, at *1-2 (S.D.N.Y. Dec. 2, 1997) (extending discovery deadline so that

22   defendants could sufficiently investigate added claim); *Artman v. Int'l Harvester Co.*, 355 F.

23   Supp. 476, 481 (D. Pa. 1972) ("courts may permit the amendment and grant a continuance if

24   such a continuance would enable the objecting party to prepare and meet the new issue").

25

26

27   [12]    Plaintiffs themselves acknowledge that modifications to the schedule may be necessary
     to avoid prejudice to Wells Fargo.  *See* Mot. at 6.

28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION         7
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Civil Case No.:  CV-07-5923 WHA

1          If plaintiffs' motion is granted, more time will be needed for Wells Fargo to

2   complete its investigation of the new allegations (including investigation of the 63 witnesses

3   identified by plaintiffs the day after filing the motion), to adjust its disclosures as needed, and to

4   pursue discovery from plaintiffs and third parties based on the newly alleged causes of action

5   and factual allegations.  Wells Fargo will also need time to prepare a motion to dismiss

6   addressing plaintiffs' failure to plead its misrepresentation-based claims with particularity.

7   None of these significant tasks will be completed in time to allow Wells Fargo to adequately

8   prepare to respond to plaintiffs' class certification motion, which is currently due in July.

9          Wells Fargo accordingly asks that, should the Court grant plaintiffs' motion

10  (either in whole or in part), it extend the existing schedule by an appropriate amount to diminish

11  the prejudice to Wells Fargo that would otherwise result from the amendment.  Wells Fargo

12  further asks that the discovery limits in Rules 30 and 33 be extended to afford Wells Fargo an

13  additional 15 depositions and 20 interrogatories to address the new allegations.[13]

14  **IV.    CONCLUSION**

15         For the reasons set forth above, the Court should deny Plaintiffs' Motion for

16  Leave to File a First Amended Complaint.  Alternatively, should the motion be granted, in

17  whole or in part, Wells Fargo requests that the Court further order (a) that the claims of plaintiff

18  Claudia Sanchez be dismissed with prejudice, (b) that the deadlines in the case be extended by

19  an appropriate period of time to address the prejudice to Wells Fargo, and (c) that Wells Fargo

20  be granted the right to take an additional 15 depositions and to propound an additional 20

21  interrogatories beyond those provided for under the Federal Rules of Civil Procedure.

22

23

24

25

26
_____

27  [13]     Wells Fargo reserves the right to seek a further extension of the limit on depositions
depending on what it learns in the coming weeks about the 63 largely unidentified witnesses
listed in plaintiffs' Initial Disclosures.
28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION          8
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Civil Case No.:  CV-07-5923 WHA

1

DATED:  April 10, 2008                        COVINGTON & BURLING LLP

2

3

                                              By:  _____/s/_____
4
                                                   Margaret G. May
                                                   Attorneys for Defendants
5                                                  WELLS FARGO BANK, N.A. and
                                                   WELLS FARGO & CO.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION          9
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Civil Case No.:  CV-07-5923 WHA