1    Richard D. McCune, Esq. State Bar No. 132124
     rdm@mwtriallawyers.com
2    Jae (Eddie) K. Kim, Esq., State Bar No. 236805
     jkk@mwtriallawyers.com
3    MCCUNE & WRIGHT, LLP
     2068 Orange Tree Lane, Suite 216
4    Redlands, California 92374
     Telephone: (909) 557-1250
5    Facsimile: (909) 557-1275

6    Attorneys for Plaintiffs CLAUDIA SANCHEZ, ERIN WALKER
     and WILLIAM SMITH, on behalf of themselves and all others
7    similarly situated,

8

9

UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   CLAUDIA SANCHEZ, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated, | Case No.: C 07-05923 WHA (JCSx) |
| 13 | Judge Assigned: Hon. William H. Alsup |
| 14       Plaintiffs, | Original Complaint filed: November 21, 2007 |
| 15      v. | REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO |
| 16   WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125, | FILE A FIRST AMENDED COMPLAINT; DECLARATION OF RICHARD D. McCUNE IN SUPPORT; EXHIBIT |
| 17 | |
| 18      Defendants. | Date: May 1, 2008 |
| 19 | Time: 8:00 a.m. Courtroom 9, 19th Floor |
| 20 | |

I

INTRODUCTION

In the opposition, Defendants seek to make it appear that they are blind-sided by a late filing of an amended complaint seeking completely new theories under completely new facts. That is completely inaccurate, and an apparent effort to obtain a continuance of the existing deadlines.

Plaintiffs filed this motion within 40 days of when the stay was lifted in the subject case after Plaintiff successfully defeated Defendants' claim that as part of settlement of an unrelated case that involved completely different allegations of wrongdoing, that Plaintiffs' claims were released. The

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
C 07-05923 WHA (JCSx)

1  Trial Court that approved the settlement made clear that the released claims in the settlement only

2  related to the issues involved in that case, and did not preclude Plaintiffs from bringing the subject

3  action that involved different issues.  (Declaration of Richard D. McCune in Support of Reply to

4  Defendants' Opposition to Plaintiffs' Motion for Leave to File a First Amended Complaint ("McCune

5  Decl."), at ¶ 2.)

6      The Proposed First Amended Complaint ("Proposed FAC") alleges the same basic facts of

7  wrongdoing as the Complaint.  The allegations are that Wells Fargo charges overdraft fees for

8  transactions where there is money in the account to cover the transaction when it is approved and posted

9  by Wells Fargo.  Complaint, at ¶ 19.  The further allegations are that this wrongdoing is compounded by

10  Wells Fargo publishing "available balance" information to customers stating there is money in the

11  account to cover the transaction, and then nevertheless charging an overdraft fee for the transaction.

12  Complaint, at ¶ 21.  Finally, the allegations are that Wells Fargo further compounds this wrongdoing by

13  attempting to get its customers to use and rely on this either inaccurate or intentionally misleading

14  "available balance" information through marketing and disclosure materials.  Complaint, at ¶ 20.

15      The Proposed First Amended Complaint takes those basic allegations in the Complaint, and sets

16  out in greater detail the facts supporting the allegations.   It then asserts that these same allegations not

17  only support a violation of California Consumer Protection Statutes, but also support traditional fraud

18  causes of action.   Finally, the Proposed First Amended Complaint substitutes two new class

19  representatives and removes one class representative.  This occurred before Plaintiffs were to respond to

20  any discovery propounded by Defendants with regard to individual class representatives.  (McCune

21  Decl., at ¶ 4.)

22      Defendant's position on prejudice is a manufactured one.  Plaintiff on filing this motion

23  informed Defendant that Plaintiffs would accept and respond to discovery on the First Amended

24  Complaint as if it were already filed.  (McCune Decl., at ¶ 5.)  Defendant accepted that offer and served

25  discovery on the substitute class representatives that will be responded to at the same time as the class

26  representatives in the original complaint.  (McCune Decl., at ¶ 5.)  Accordingly, there is not any delay in

27  obtaining information from the class representatives on their individual claims or on the allegations

28  made in the First Amended Complaint.

1    Defendants' complaints on the amount of discovery are unrelated to the First Amended

2  Complaint. The sixty-three names are names of customers Plaintiffs are aware of who feel they have

3  been wrongly charged overdraft fees. (McCune Decl., at ¶ 6.) As Plaintiffs' counsel informed Defense

4  counsel, Plaintiffs are undergoing investigation and will provide a supplemental disclosure to provide

5  complete information on these individuals within the next 30-45 days. (McCune Decl., at ¶ 6.) Whether

6  that information justifies a delay in the scheduling order has nothing to do with filing a First Amended

7  Complaint.

8    In addition, Defendants' position on futility is unconvincing and inappropriate. Not only do

9  Defendants seek to deny Plaintiffs the right to amend as set forth in Federal Rule of Civil Procedure

10  15(a), it seeks to deny Plaintiffs the right to a 12(b)(6) hearing. That is rarely ever granted. While

11  Plaintiff agrees that cases should be moved expeditiously through the system, it should not be at the

12  expense of fairness to the Plaintiffs.

13    Further, any issues raised by Defendant as deficiencies in the First Amended Complaint are

14  technical in nature and certainly curable. Plaintiffs submit as Exhibit "1" to this reply a further

15  refinement of the Proposed First Amended Complaint attached to the motion that cures those

16  deficiencies. In an effort to avoid unnecessary delay, Plaintiff would willingly have the Court order that

17  the Plaintiffs file Exhibit "1" to the reply as the First Amended Complaint in granting leave to file a first

18  amended complaint. (McCune Decl., at ¶ 2)

## II

## ARGUMENT

**A.    Plaintiffs' Motion for Leave to File a First Amended Complaint Should be Granted**

21
22    **Because the Proposed Amendments Are Not Futile**

23    Defendants contend that Plaintiffs' motion should be denied because the fraud-based

24  amendments are not pled with particularity and would be subject to dismissal, and therefore the

25  amendments are futile. Defendants' Opposition, at pp. 2-5. However, Defendants' contention is

26  meritless and supported by inaccurate assertions. Before discovery is complete, a proposed amendment

27  is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim

28  or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F2d 209, 214 (9th Cir. 1988).

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT
C 07-05923 WHA (JCSx)

1    In support of their "futility" argument, Defendants assert that the proposed FAC does not supply

2    any particulars as to the inaccurate "available balance" information Wells Fargo provides by pointing

3    out that the proposed FAC fails to identify any of the circumstances surrounding Wells Fargo's

4    communication of this information to Plaintiff William Smith.  Defendants' Opposition, at p. 4.

5    However, the Proposed FAC does specify that William Smith "rel[ied] on this available balance

6    information provided by WELLS FARGO," which Wells Fargo provides "online, by telephone, by in-

7    store representatives and at ATM's," and that Mr. Smith "still incur[red] insufficient funds overdraft

8    fees for WELLS FARGO approved purchases made within the available balance amount provided by

9    WELLS FARGO."  Proposed FAC, at ¶¶ 25, 26.

10    Defendants then erroneously assert that none of the other named plaintiffs in the proposed FAC

11    offer specific factual allegations about the circumstances under which Wells Fargo communicated

12    misleading information about the amount of their "available balance."  Defendants' Opposition, at p. 4.

13    In fact, the Proposed FAC specifically states that "[b]etween March 5-8, 2008, PLAINTIFF Tim Fox

14    monitored his available balance information provided by WELLS FARGO through the Wells Fargo

15    website as well as through an ATM balance inquiry," and that:

16    [n]otwithstanding that the published available balance information
      provided by WELLS FARGO indicated that Plaintiff Tim Fox had
17    sufficient funds in his account to make the purchases he made on March 5-
      8, 2008;  that there was sufficient funds in the account to cover the
18    transactions at the time each of the transactions took place; and that
      WELLS FARGO expressly approved the transactions prior to the
19    transaction taking place, Plaintiff Tim Fox was assessed three $34
      overdraft fees, totaling $102 for his purchases from March 5-8, 2008.
20

21    Proposed FAC, at ¶¶ 17-18.  Therefore, the Proposed FAC is absolutely clear as to all of the

22    circumstances surrounding Plaintiff Fox's viewing and reliance on the "available balance" information

23    provided by Wells Fargo before being assessed overdraft fees.

24    Defendants also point out that the list of misleading statements about "available balance"

25    information in various Wells Fargo brochures, disclosures, websites, and commercials as set forth in the

26    Proposed FAC is not accompanied by any allegations that any of the four named plaintiffs in the

27    proposed FAC ever saw, read, heard, or relied on any such statements.  Defendants' Opposition, at pp.4-

28    5.  However, representations are actionable under the CLRA, FAL and UCL if they are "likely to

-4-

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT
C 07-05923 WHA (JCSx)

1     deceive" a reasonable consumer. *T.C. Jefferson v. Chase Home Finance*, 2007 WL 4374410, at *15-18

2     (N.D. Cal. Dec. 14, 2007) (citing *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th

3     1351, 1358-60 [8 Cal.Rptr.3d 22] (2003)).  The Proposed FAC clearly alleges that:

4
5
6

> WELLS FARGO further misrepresents the accuracy and reliability of
> these published "account balance" or "available balance" information in
> its marketing materials and customer contractual agreements while
> encouraging customers to rely on available balance information provided
> to them by WELLS FARGO in making their purchase decisions.

7     Proposed FAC, at ¶ 27.  The Court may decide that such representations are "likely to deceive" a

8     reasonable consumer under the circumstances.

9         In light of the above, it is evident that Defendants have failed to demonstrate that

10    no set of facts can be proved under the amendments that would constitute a valid claim.

11 **B.**     **Alternatively, the Court Should Permit Plaintiffs to File a Refined First Amended**

12        **Complaint Attached Hereto**

13        Any issues raised by Defendants as to the deficiencies in the First Amended Complaint are

14    technical in nature and curable.  Plaintiffs therefore submit as Exhibit A to the Declaration of Richard D.

15    McCune in support of Plaintiff's Reply a further refinement of the Proposed First Amended Complaint

16    that cures those alleged deficiencies.

17        Specifically, Plaintiffs add in ¶ 26 of the Proposed FAC the following:

18
19
20

> Erin Walker and William Smith reviewed and relied on their "available
> balance" information on the "Account Activity" page for their accounts on
> Wells Fargo's website.  Upon information and belief, Eric Walker and
> William Smith both reviewed and relied on this "available balance"
> information prior to being hit with an overdraft fee.

21        Plaintiffs also add in ¶ 27(a) of the Proposed FAC the following:  "Veronica Gutierrez received

22    the Welcome to Your New Account Jacket when she first signed up for her account.  Upon information

23    and belief, Erin Walker received the Welcome to Your New Account Jacket when she first signed up for

24    her account."

25        These additions to the Proposed FAC should cure any of Defendants' objections as to the

26    "futility" of the amendments.  Plaintiff submits this revised First Amended Complaint as part of their

27    reply in order to avoid unnecessary delay in this action.

28

**C.     Defendants Will Not be Prejudiced if the Court Grants Plaintiffs to File a First Amended Complaint**

Wells Fargo acknowledges that leave to amend a complaint is freely granted, yet seeks denial of Plaintiffs' Motion for Leave to File a First Amended Complaint on the basis of an apparent prejudice to Defendants in meeting the scheduling deadlines set by the Court. However, any difficulty for Defendants in meeting the court-ordered deadlines would not be the result of the filing of the Proposed First Amended Complaint.

Prejudice to opposing party is by far the most important and most common reason for denying leave to amend: "Prejudice is the touchstone of the inquiry under rule 15(a)." *Emminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotes omitted). Absent prejudice, or a strong showing of any of the remaining reasons for denying leave to amend, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* To justify denial of leave to amend, the prejudice must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (a showing of substantial prejudice and other relevant factors required); *see also Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("[a]ny prejudice to the movant must be weighed against the prejudice to the moving party by not allowing the amendment").

As set forth in greater detail in the Introduction, Plaintiffs filed this motion within 40 days when the stay, which was in effect almost immediately after the filing of the original complaint, was lifted. Plaintiffs also filed this motion prior to the court-ordered deadline for seeking to amend the complaint and add parties. Finally, the Proposed FAC takes the basic allegations of the Complaint, and sets out in greater detail the facts supporting the allegations, adds California common law causes of actions based on these exact same allegations, and substitutes two new class representatives while removing one class representative. The splitting of the class into two subclasses merely divides the original class into subclasses with more concise and exact class definitions. All of these changes were made timely and do not "come out of left field" – instead, they are well within the issues framed by the original Complaint.

Furthermore, Defendants will not be prejudiced by any delays resulting from the filing of the Proposed FAC. First, this motion was made prior to the deadline for Plaintiffs to answer any discovery. Second, Plaintiff, on filing this motion, informed Defendants that it would accept and respond to

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
C 07-05923 WHA (JCSx)

1   discovery on the First Amended Complaint as if it were already filed.  Defendants accepted that offer

2   and served discovery on the substitute class representatives that will be responded to at the same time as

3   the class representatives in the original complaint.  Therefore, there is not any delay in obtaining

4   information from the class representatives on their individual claims or on the allegations made in the

5   Proposed FAC.

6        Defendants assert that if Plaintiffs' motion is granted, more time will be needed for Wells Fargo

7   to complete its investigation of "the 63 witnesses identified by plaintiffs the day after filing the motion."

8   Defendants' Opposition, at p. 8.  The sixty-three names are names of customers Plaintiffs are aware of

9   who feel they have been wrongly charged overdraft fees.  As Plaintiffs' counsel informed Defense

10  counsel, it is undergoing investigation and will provide a supplemental disclosure to provide complete

11  information on these individuals within the next 30 days.  Whether that information justifies a delay in

12  the scheduling order has nothing to do with filing a First Amended Complaint.

13       In light of the fact that Plaintiffs' motion comes at the very earliest stages of this action; that

14  Plaintiffs' request was timely, pursuant to the Court's order; that Plaintiffs have been accommodating to

15  Defendants in answering discovery for all new class representatives; that the amendments are well

16  within the issues framed by the original Complaint; and that the 63 witnesses that need to be

17  investigated is not the result of Plaintiffs' motion, it is evident that Defendants' position on prejudice

18  resulting from the filing of the First Amended Complaint is manufactured and certainly does not meet

19  the "substantiality" test required to merit a denial of Plaintiffs' request for leave to file a First Amended

20  Complaint.  Any claimed prejudice would be a result of the Court deadlines and not Plaintiffs' filing the

21  First Amended Complaint.

### III

### CONCLUSION

24       For the Foregoing reasons, Plaintiffs respectfully request leave to file the Proposed First

25  Amended Complaint, attached to the Declaration of Richard D. McCune as Exhibit "1" in support of

26  Plaintiffs' Motion for Leave to File a First Amended Complaint.  Alternatively, Plaintiffs request leave

27  to file the adjusted Proposed First Amended Complaint, attached to the Declaration of Richard D.

28

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT
C 07-05923 WHA (JCSx)

1  McCune as Exhibit "1" in support of the Reply to Defendants' Opposition to Plaintiffs' Motion for

2  Leave to File a First Amended Complaint.

3        If the Court determines that the current deadlines pose a potential problem for Defendants to prepare

4  for Plaintiffs' motion for Class certification, Plaintiffs do not oppose continuing the deadlines for a

5  reasonable time period.

6  DATED:  April 17, 2008                        McCUNE & WRIGHT, LLP

7

8                                      BY: _____

9                                          Richard D. McCune
                                           Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT
C 07-05923 WHA (JCSx)

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2068 Orange Tree Lane, Suite 216, Redlands, California, 92374.

On April 3, 2008, I electronically filed the documents titled

1.    REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; DECLARATION OF RICHARD D. McCUNE IN SUPPORT; EXHIBITS

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following interested parties:

**Sonya D. Winner, Esquire**          **Attorneys for Defendants**
**David M. Jolley, Esquire**
**Margaret G. May, Esquire**
**COVINGTON & BURLING, LLP**
**One Front Street**
**San Francisco, CA  94111**
**Telephone:  (415) 591-6000**
**Facsimile:  (415) 591-6091**

Sonya D. Winner:  SWinner@cov.com
David M. Jolley:   djolley@cov.com

Further, I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing.  Under that practice, I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Redlands, California, on the above-referenced date to the following non CM/ECF participants:
**None.**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on the above-referenced date at Redlands, California.

_____
Ann Marie Smith

Certificate of Service
C 07-05923 WHA (JCSx)