IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA SANCHEZ, ERIN WALKER and
WILLIAM SMITH, as individuals, and on behalf
of all others similarly situated,

    Plaintiffs,

  v.

WELLS FARGO AND COMPANY, WELLS
FARGO BANK, N.A., and DOES 1 through 125,

    Defendants.

No. C 07-05923 WHA

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this putative class action, plaintiffs move for leave to file a first amended complaint. For the reasons stated below, plaintiffs' motion is **GRANTED**. Defendants' request to extend discovery deadlines is **DENIED**. The hearing on this motion is hereby **VACATED**.

## STATEMENT

Plaintiffs filed their complaint on November 21, 2007, alleging defendants Wells Fargo & Co., and Wells Fargo Bank, N.A, had improperly assessed customers overdraft charges for insufficient funds on debt/check card transactions when their was sufficient funds in the accounts at the time of the transactions (Compl. ¶ 3). Defendants are alleged to have published inaccurate "available balance" information thereby increasing the likelihood that overdraft charges would be applied to customers. In the complaint, plaintiffs alleged violations of the Consumer Legal Remedies Act and Unfair Business Practices Act on behalf of a national putative class. On December 28, the case was stayed pending the outcome of plaintiff Claudia

Sanchez's motion to vacate class action judgment in *Smith v. Wells Fargo Bank, N.A.*, GIC 802664 (San Diego Super Ct.). After the motion was denied, this case was put back on active status by stipulation of the parties. An initial case management conference was held on February 27 and a case management order was issued setting a deadline of March 21 for the parties to file any motion for leave to amend the pleadings.

Plaintiffs filed the instant motion for leave to file a first amended complaint on March 20. The first amended complaint limits all allegations to a California putative class consisting of two subclasses. Three further causes of action for fraud, negligent misrepresentation, and conversion were added. In addition, two new class representatives were added and one class representative was removed.

## ANALYSIS

### 1.  LEGAL STANDARD.

Plaintiffs filed the instant motion on the day before the deadline to seek such leave under the Rule 16 scheduling order. Hence, Rule 15(a) governs the present motion. Leave to amend a complaint "shall be freely given when justice so requires" under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that leave to file the first amended complaint should be denied because it would result in undue prejudice to defendants and because plaintiffs' fraud-based amendments are futile. If plaintiffs' motion is granted, defendants request an extension to the existing discovery deadlines.

### 2.  FUTILITY.

Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare

2

an adequate answer from the allegations. *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged in the complaint. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Defendants argue that allowing plaintiffs to add causes of action for fraud and negligent misrepresentation would be futile because neither claim is pled with the requisite particularity required by Rule 9(b). The deficiencies defendants cite to in the proposed amended complaint, however, require trivial, if any, amendments. For example, defendants argue that while the proposed amended complaint alleges where inaccurate available balance information was provided (*e.g.*, website, phone, store, or ATM), it does not allege that plaintiffs specifically relied on any misrepresentation. Contrary to defendants' contentions, the proposed amended complaint states (Proposed FAC at ¶¶ 17–18):

> [N]otwithstanding that the published available balance information provided by Wells Fargo indicated that Plaintiff Tim Fox had sufficient funds in his account to make the purchases he made on March 5-8, 2008; that there was sufficient funds in the account to cover the transactions at the time each of the transactions took place; and that Wells Fargo expressly approved the transactions prior to the transaction taking place, plaintiff Tim Fox was assessed three $34 overdraft fees, totaling $102 for his purchases from March 5-8, 2008.

All of defendants arguments regarding futility are so minor that they hardly warrant prohibiting plaintiffs from alleging their fraud and negligent misrepresentation claims. Even for those plaintiffs that defendants futility argument has slight merit, plaintiffs have offered to amend the proposed amended complaint to cure whatever slight deficiencies defendants have objected to.

### 3. UNDUE PREJUDICE AND EXTENSION OF DISCOVERY DEADLINES.

Defendants next argue that because the proposed amended complaint contains "numerous significant changes" that leave to amend should be denied because undue prejudice would result if defendants were required to meet the existing scheduling deadlines. In the alternative, defendants argue the current discovery deadlines should be extended to allow a complete investigation of the new allegations if plaintiffs are given leave to file their proposed amended complaint.

3

Defendants' argument of undue prejudice is meritless. *First*, the proposed amended complaint narrows the previous nationwide class to a California class, thereby substantially reducing the number of class members. *Second*, the proposed amended complaint does nothing more than specify the general allegations of the original complaint. Defendants have known from the start of the case that plaintiffs alleged they misrepresented available balance information to the detriment of its customers. The allegations in the proposed amended complaint should not have been surprising at all. *Third*, upon filing their motion for leave to amend, plaintiffs informed defendants that they would accept and respond to discovery on the proposed amended complaint as if it were already filed. Defendants accepted this offer and subsequently served new discovery on the substitute class representatives. *Fourth*, the primary reason why defendants maintain that they will need an extension in discovery deadlines has nothing to do with the proposed amended complaint. Defendants contend that they will need additional time to conduct an "investigation of the 63 witnesses identified by plaintiffs the day after filing the motion" (Opp. 8). The 63 witnesses are customers that plaintiffs feel have been wrongly charged overdraft fees. The discovery request would have been made regardless of the additional allegations in the proposed amended complaint. Defendants cannot use such a discovery request as a reason to justify extending the previously designated deadlines. The motion for leave to amend was made less than a month after the case management order set the deadlines to begin with.

In sum, defendants' contention that undue prejudice would arise if leave to amend were granted is unconvincing. Defendants have not shown any hardship beyond what they originally would have endured with the original complaint to substantiate a claim of undue prejudice or to justify an extension in the discovery deadlines.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for leave to file a first amended complaint is **GRANTED**. Plaintiffs may file the amended complaint attached as Exhibit 1 to the declaration of Richard D. McCune in support of the reply to defendants' opposition to this

4

1  motion by **APRIL 25, 2008**. Defendants must file their answer by **MAY 15, 2008**. All
2  scheduled deadlines remain unchanged. This ruling is made without prejudice to a Rule 12
3  motion to dismiss.
4      **IT IS SO ORDERED.**

6  Dated: April 22, 2008.

        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE