Sonya D. Winner, SB # 200348
David M. Jolley, SB # 191164
Margaret G. May, SB # 234910
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
swinner@cov.com

Attorneys for Defendants
WELLS FARGO BANK, N.A. and
WELLS FARGO & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, TIM FOX, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated,

Plaintiffs,

v.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125,

Defendants.

Case No.: CV-07-5923 WHA (JCSx)

**ANSWER OF DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO & CO. TO PLAINTIFFS' [ADJUSTED] FIRST AMENDED CLASS ACTION COMPLAINT**

Hon. William H. Alsup

Original Compl. filed: Nov. 21, 2007

**ANSWER**

Defendants Wells Fargo Bank, N.A., and Wells Fargo & Co. (collectively "the Wells Fargo defendants") answer the [Adjusted] First Amended Class Action Complaint of plaintiffs Veronica Gutierrez, Tim Fox, Erin Walker, and William Smith in this action as follows:

1. The allegations in paragraph 1 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants state that the jurisdictional requirements of 28 U.S.C. § 1332(d)(2) are satisfied.

2. The allegations in paragraph 2 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants state

that venue is proper in this district. The Wells Fargo defendants further state that their principal places of business are in San Francisco, California, but the Main Office of Wells Fargo Bank, N.A., as set forth in its Articles of Association, is located in South Dakota.

3. The allegations in paragraph 3 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny the allegations. The Wells Fargo defendants specifically deny that the challenged fees or charges are in any way "wrongful," deny that they have provided any "inaccurate" information, deny that they have provided inadequate notice to customers of any of their practices, and deny that they have conducted any "improper" activities.

4. Answering paragraph 4, the Wells Fargo defendants state that on October 25, 2002, plaintiff Veronica Gutierrez opened a checking account at the Wells Fargo Bank, N.A., branch office in Rancho Cucamonga, California. With respect to the remaining allegations in paragraph 4, the Wells Fargo defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

5. Answering paragraph 5, the Wells Fargo defendants state that on January 5, 2007, plaintiff Tim Fox opened a checking account at the Wells Fargo Bank, N.A., branch office in Lake Forrest, California. With respect to the remaining allegations in paragraph 5, the Wells Fargo defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

6. Answering paragraph 6, the Wells Fargo defendants state that on July 15, 2006, plaintiff Erin Walker opened a checking account at the Wells Fargo Bank, N.A., branch office in Culver City, California. With respect to the remaining allegations in paragraph 6, the Wells Fargo defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

7. Answering paragraph 7, the Wells Fargo defendants state that on February 16, 2000, plaintiff William Smith opened a checking account at the Wells Fargo Bank, N.A., branch office in Rancho Cucamonga, California. With respect to the remaining

allegations in paragraph 7, the Wells Fargo defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

8. Answering paragraph 8, the Wells Fargo defendants state that Wells Fargo & Co. is the parent holding company of Wells Fargo Bank, N.A. The Wells Fargo defendants further state that Wells Fargo & Co.'s subsidiaries provide banking, insurance, investments, mortgage banking, and consumer finance services to individuals, businesses, and institutions in all 50 states and internationally. The Wells Fargo defendants further state that Wells Fargo & Co.'s principal place of business is in San Francisco, California. The Wells Fargo defendants deny the remaining allegations in paragraph 8.

9. Answering paragraph 9, the Wells Fargo defendants state that Wells Fargo Bank, N.A., is a subsidiary of Wells Fargo & Co. and that Wells Fargo Bank, N.A., conducts business throughout California and in many other states, and that the Main Office of Wells Fargo Bank, N.A., as set forth in its Articles of Association, is located in South Dakota. The Wells Fargo defendants deny the remaining allegations in paragraph 9.

10. Answering paragraph 10, the Wells Fargo defendants state that Wells Fargo Bank, N.A., maintains branch offices in the State of California and in many other states. The Wells Fargo defendants deny the remaining allegations in paragraph 10.

11. The Wells Fargo defendants deny the allegations in paragraph 11.

12. The allegations in paragraph 12 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny the allegations.

13. The Wells Fargo defendants deny the allegations in paragraph 13.

14. Answering paragraph 14, the Wells Fargo defendants state that Wells Fargo Bank, N.A., is a banking company with millions of customers nationwide. The Wells Fargo defendants further state that one of the banking services that Wells Fargo Bank, N.A., provides is a debit card, which can be used to access funds in deposit accounts under terms and conditions established in the bank's customer agreement. The Wells Fargo defendants deny the remaining allegations in paragraph 14.

15. Answering paragraph 15, the Wells Fargo defendants state that on October 10, 2006, an ATM withdrawal of $22.00 made on October 6, 2006, posted to plaintiff Gutierrez's checking account. The Wells Fargo defendants further state that on October 10, 2006, seven debit-card purchases made between October 5-9, 2006, posted to plaintiff Gutierrez's checking account. The Wells Fargo defendants further state that, at the time these transactions posted, plaintiff Gutierrez's checking account had insufficient funds for at least four of the transactions. As a result, four overdraft fees posted to plaintiff Gutierrez's checking account on October 11, 2006. The Wells Fargo defendants deny the remaining allegations in paragraph 15.

16. Answering paragraph 16, the Wells Fargo defendants state that on October 11, 2006, four $22.00 overdraft fees posted to plaintiff Gutierrez's checking account. The Wells Fargo defendants deny the remaining allegations in paragraph 16.

17. Answering paragraph 17, the Wells Fargo defendants state that on March 10, 2008, five debit transactions (including one debit-card purchase made on March 7, 2008, and two debit-card purchases made on March 8, 2008) posted to plaintiff Fox's checking account. The Wells Fargo defendants further state that, at the time these transactions posted, plaintiff Fox's checking account had insufficient funds for each of them. The Wells Fargo defendants deny the remaining allegations in paragraph 17.

18. Answering paragraph 18, the Wells Fargo defendants state that on March 11, 2008, five $34.00 overdraft fees posted to plaintiff Fox's checking account. The Wells Fargo defendants deny the remaining allegations in paragraph 18.

19. Answering paragraph 19, the Wells Fargo defendants state that on June 4, 2007, a debit-card purchase of $9.66 made on May 29, 2007, posted to plaintiff Walker's checking account. The Wells Fargo defendants further state that at the time the transaction posted, plaintiff Walker's checking account had insufficient funds for the transaction. The Wells Fargo defendants deny the remaining allegations in paragraph 19.

20. Answering paragraph 20, the Wells Fargo defendants state that eight $34.00 overdraft fees posted to plaintiff Walker's checking account on June 5, 2007, which

were reflected in plaintiff Walker's checking account statement for the statement period ending June 25, 2007. The Wells Fargo defendants deny the remaining allegations in paragraph 20.

21. Answering paragraph 21, the Wells Fargo defendants state that on July 12, 2007, a debit-card purchase of $68.85 made on July 3, 2007 posted to plaintiff Smith's checking account. The Wells Fargo defendants further state that, at the time this transaction posted, plaintiff Smith's checking account had insufficient funds for the transaction. The Wells Fargo defendants deny the remaining allegations in paragraph 21.

22. Answering paragraph 22, the Wells Fargo defendants state that two $34.00 overdraft fees posted to plaintiff Smith's checking account on July 13, 2007, which were reflected in plaintiff Smith's checking account statement for the statement period ending July 17, 2007. The Wells Fargo defendants deny the remaining allegations in paragraph 22.

23. The Wells Fargo defendants deny the allegations in paragraph 23.

24. The Wells Fargo defendants deny the allegations in paragraph 24.

25. Answering paragraph 20, the Wells Fargo defendants state that Wells Fargo Bank, N.A., provides customers with checking account balance information in several ways, including online, by calling the phone bank, visiting a store, at a Wells Fargo Bank, N.A., ATM, and in monthly deposit account statements. The Wells Fargo defendants deny the remaining allegations in paragraph 25.

26. The Wells Fargo defendants deny the allegations in paragraph 26.

27. The Wells Fargo defendants deny the allegations in paragraph 27 and each of its subparts.

28. The Wells Fargo defendants deny the allegations in paragraph 28.

29. The allegations in paragraph 29 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny the allegations. The Wells Fargo defendants specifically deny that this case is an appropriate one for class treatment.

30. The Wells Fargo defendants deny the allegations in paragraph 30.

31. The allegations in paragraph 31 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny the allegations. The Wells Fargo defendants specifically deny that this case is an appropriate one for class treatment.

32. The Wells Fargo defendants deny the allegations in paragraph 32.

33. The allegations in paragraph 33 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny the allegations. The Wells Fargo defendants specifically deny that this case is an appropriate one for class treatment.

34. The allegations in paragraph 34 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny the allegations.

35. The Wells Fargo defendants deny the allegations in paragraph 35.

36. The Wells Fargo defendants deny the allegations in paragraph 36 and each of its subparts.

37. The Wells Fargo defendants deny the allegations in paragraph 37.

38. The Wells Fargo defendants deny the allegations in paragraph 38.

39. The Wells Fargo defendants deny the allegations in paragraph 39.

40. The Wells Fargo defendants deny the allegations in paragraph 40.

41. The Wells Fargo defendants deny the allegations in paragraph 41 and each of its subparts.

42. Answering paragraph 42, the Wells Fargo defendants incorporate their responses to paragraphs 1-41 as if each were set forth in full herein.

43. The allegations in paragraph 43 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

44. The allegations in paragraph 44 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

45. The allegations in paragraph 45 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

46. The allegations in paragraph 46 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

47. The Wells Fargo defendants deny the allegations in paragraph 47 and each of its subparts.

48. The Wells Fargo defendants deny the allegations in paragraph 48.

49. Answering paragraph 49, the Wells Fargo defendants state that counsel for a "William Smith" sent Wells Fargo Bank, N.A., and Wells Fargo & Co. a Notice of Intent to Bring an Action for Damages Under the Consumer Legal Remedies Act dated September 7, 2007. The Wells Fargo defendants deny the remaining allegations in paragraph 49.

50. Answering paragraph 50, the Wells Fargo defendants state that they have not engaged in any unlawful conduct that would require correction or remedy. The Wells Fargo defendants deny the remaining allegations in paragraph 50.

51. Answering paragraph 51, the Wells Fargo defendants incorporate their responses to paragraphs 1-50 as if each were set forth in full herein.

52. The Wells Fargo defendants deny the allegations in paragraph 52.

53. The Wells Fargo defendants deny the allegations in paragraph 53.

54. The Wells Fargo defendants deny the allegations in paragraph 54.

55. The Wells Fargo defendants deny the allegations in paragraph 55.

56. The Wells Fargo defendants deny the allegations in paragraph 56.

57. The allegations in paragraph 57 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny

those allegations. The Wells Fargo defendants specifically deny that plaintiffs are entitled to any relief in this action.

58. Answering paragraph 58, the Wells Fargo defendants incorporate their responses to paragraphs 1-57 as if each were set forth in full herein.

59. The Wells Fargo defendants deny the allegations in paragraph 59.

60. The Wells Fargo defendants deny the allegations in paragraph 60.

61. The allegations in paragraph 61 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations. The Wells Fargo defendants specifically deny that plaintiffs are entitled to any relief in this action.

62. Answering paragraph 62, the Wells Fargo defendants incorporate their responses to paragraphs 1-61 as if each were set forth in full herein.

63. The Wells Fargo defendants deny the allegations in paragraph 63.

64. The Wells Fargo defendants deny the allegations in paragraph 64.

65. The Wells Fargo defendants deny the allegations in paragraph 65. The Wells Fargo defendants specifically deny that plaintiffs are entitled to any relief in this action.

66. Answering paragraph 66, the Wells Fargo defendants incorporate their responses to paragraphs 1-65 as if each were set forth in full herein.

67. The allegations in paragraph 67 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations. The Wells Fargo defendants specifically deny that they ever provided information to customers that was not "honest and accurate."

68. The Wells Fargo defendants deny the allegations in paragraph 68.

69. The Wells Fargo defendants deny the allegations in paragraph 69.

70. The Wells Fargo defendants deny the allegations in paragraph 70.

71. The Wells Fargo defendants deny the allegations in paragraph 71.

72. The Wells Fargo defendants deny the allegations in paragraph 72.

73. The Wells Fargo defendants deny the allegations in paragraph 73.

74. The Wells Fargo defendants deny the allegations in paragraph 74.

75. The Wells Fargo defendants deny the allegations in paragraph 75.

76. The Wells Fargo defendants deny the allegations in paragraph 76.

77. The Wells Fargo defendants deny the allegations in paragraph 77.

78. Answering paragraph 78, the Wells Fargo defendants incorporate their responses to paragraphs 1-77 as if each were set forth in full herein.

79. The allegations in paragraph 79 are conclusions of law as to which no response is required; to the extent that a response is required, the Wells Fargo defendants deny those allegations.

80. The Wells Fargo defendants deny the allegations in paragraph 80.

81. The Wells Fargo defendants deny the allegations in paragraph 81.

82. The Wells Fargo defendants deny the allegations in paragraph 82.

* * * * *

In response to plaintiffs' Prayer for Relief, the Wells Fargo defendants deny that plaintiffs or any other persons are entitled to the relief sought in the prayer or to any other relief as a result of this action.

The Wells Fargo defendants deny all allegations of the [Adjusted] First Amended Complaint (including headings) not specifically admitted above.

## AFFIRMATIVE DEFENSES

The Wells Fargo defendants assert the following defenses to plaintiffs' alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against the Wells Fargo defendants, such expression does not indicate that plaintiffs are relieved of their burden to prove each and every element of any such claim.

### First Affirmative Defense

Plaintiffs fail to state any claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs lack standing to assert any of the alleged claims.

**Third Affirmative Defense**

The claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to those set forth in Code of Civil Procedure Sections 338, 343; California Civil Code Section 1783; California Business and Professions Code Section 17208; and/or by the doctrine of laches.

**Fourth Affirmative Defense**

The claims are barred by the doctrines of waiver, unjust enrichment, and/or estoppel.

**Fifth Affirmative Defense**

The claims are preempted by federal law, including, without limitation, the National Bank Act, 12 U.S.C. § 21, *et seq.*, and regulations promulgated thereunder.

**Sixth Affirmative Defense**

The claims are barred by the existence of consent, notification, ratification, and/or acceptance.

**Seventh Affirmative Defense**

The claims are barred by the fact that the obligations and fees about which plaintiffs complain were paid voluntarily.

**Eighth Affirmative Defense**

Plaintiffs' alleged injuries were caused, in whole or in part, by their own actions. Similarly, the alleged injuries of members of the alleged class that plaintiffs seek to represent were caused, in whole or in part, by their own actions.

**Ninth Affirmative Defense**

Plaintiffs have failed to mitigate their damages, if any. Similarly, members of the alleged classes that plaintiffs seek to represent failed to mitigate their damages, if any.

**Tenth Affirmative Defense**

The claims are barred by the doctrine of unclean hands.

**Eleventh Affirmative Defense**

The claims are barred by virtue of the terms and provisions of contractual agreements with Wells Fargo Bank, N.A.

**Twelfth Affirmative Defense**

The claims are barred by the failure to notify Wells Fargo Bank, N.A., of any allegedly unauthorized debits in a timely manner following the mailing of account statements.

**Thirteenth Affirmative Defense**

The debits and charges for which plaintiffs seek relief in this action represent lawful obligations that were owed to Wells Fargo Bank, N.A. In the event that plaintiffs or any members of the alleged classes that plaintiffs seek to represent are entitled to monetary relief in the nature of disgorgement, restitution, or damages with respect to any such debits and charges, then Wells Fargo Bank, N.A., is entitled to an offset in the amount of such debits and charges.

**Fourteenth Affirmative Defense**

Some or all of the claims are barred by the class settlement agreement and release in *Smith v. Wells Fargo Bank*, No. GIC 802664 (San Diego Super. Ct.).

* * *

The Wells Fargo defendants reserve the right to assert any and all affirmative and/or additional defenses that may appear or become available during the discovery proceedings in this case and hereby reserve the right to amend their Answer to assert any such defenses.

* * *

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Wells Fargo defendants respectfully request that the Court:

(a) Dismiss the [Adjusted] First Amended Complaint with prejudice;

(b) Award the Wells Fargo defendants their costs and attorney's fees; and

(c) Grant such other relief as the Court deems appropriate.

DATED: May 13, 2008

COVINGTON & BURLING LLP

By: /s/
David M. Jolley
Attorneys for Defendants
WELLS FARGO BANK, N.A., and
WELLS FARGO & CO.