# Exhibit 1

Request for Judicial Notice in Support of Plaintiffs'
Motion for Class Certification

Veronica Gutierrez, et al. v. Wells Fargo, et al.
Case No.: C 07-05923 WHA

---

# EXHIBIT "1"



# Superior Court
San Diego County, State of California

**Business**
Return to Request Ruling | Trouble printing?

The following is a TELEPHONIC, ruling for 2/6/2004,
Department 71, the Honorable RONALD S. PRAGER presiding.

Case Number GIC802664

The Court rules on plaintiff Sean M. Smith's ("Plaintiff") motion for class certification as follows:

A class action may be certified if a plaintiff establishes the existence of an ascertainable class and a well-defined community of interest among the class members. See Linder v. Thrifty Oil Co., 23 Cal. 4th 429, 435 (2000). In order to establish that a community of interest exists, it must be shown that there are (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class. See Norwest Mortgage, Inc. v. Superior Court, 72 Cal App. 4th 214, 221 (1999). The California Supreme Court has held that individualized proof of deception, reliance, and injury are not required to sustain class-wide injunctive relief, an award of restitution, and disgorgement and that a victim under UCL need not prove the elements of tort but need only show that members of the public are likely to be deceived by a violator's wrongful conduct. See Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1267 (1992). It is the plaintiff's burden to establish that the requisites for continuation of the litigation as a class action are present. See Hamwi v. Citinational-Buckeye Inv. Co., 72 Cal. App. 3d 462, 471 (1977).

Plaintiff defines the proposed class as follows: "All persons and entities who, while a California resident, have been charged an overdraft fee as a result of using a Wells Fargo Check Card issued by defendants or an entity owned or controlled by them (the 'Class' or 'Class Members')." The Court finds that the class is ascertainable as defined and that the questions of law stated in Plaintiff's complaint present predominant common questions of law and fact. See Complaint, ¶14 and 15. In addition, Plaintiff has demonstrated that he will adequately represent the class, as no disabling conflict of interest exists between Plaintiff and the class and his counsel possesses the requisite competence and experience to undertake this type of litigation. See McGhee v. Bank of America, 60 Cal. App. 3d 442, 450 (1976). Furthermore, the law does not require that the class representative have identical interests with the other class members in order to meet the typicality requirement. It is sufficient that a named plaintiff be similarly situated to other class members. See Classen v. Weller, 145 Cal. App. 3d 27, 46 (1983). Here, Plaintiff alleges that he, like other account holders, had signed up for Wells Fargo checking service and received a check card that was subsequently burdened by an involuntary overdraft feature without adequate notice. Plaintiff

argues that the disclosure was provided in a manner that was calculated to lead the average Wells Fargo account holder to miss or ignore it. Plaintiff's deposition testimony indicates that he does not recall reading the disclosure in a March 2002 bank statement, which stated that Defendant was implementing a new overdraft policy with regard to point of sale transactions. Based on the foregoing, the Court finds that Plaintiff would be typical of the class he seeks to represent. Although not a requirement for certification of a CLRA claim, Plaintiff has also shown that a substantial benefit will result to the litigants and the Court. Therefore, the motion for class certification is granted.

Should Defendant wish to present oral argument, it shall file and serve with the Court by noon on February 10, 2004, a two-page letter brief (1) identifying the issues to be argued and (2) stating a summary of the arguments to be presented on each issue. The opposing party shall file and serve by 4:00 p.m. on February 11, 2004, a two-page letter brief responding to the arguments. If the Court receives the letter brief requesting oral argument by the above deadline, oral argument is scheduled for February 20, 2004 at 1:15 p.m.

NO ORAL ARGUMENT REQUIRED. IT IS SO ORDERED.

*This ruling file posted to web server: Fri, Feb 6, 2004, 2:32 PM*
*This ruling file retrieved by browser: Fri, Feb 6, 2004, 2:47 PM*



*Please send questions or comments about this page to the Superior Court Webmaster San Diego Superior Court, Systems Group, 330 West Broadway, San Diego, CA 92101*