# Exhibit 3

Request for Judicial Notice in Support of Plaintiffs'
Motion for Class Certification

Veronica Gutierrez, et al. v. Wells Fargo, et al.
Case No.: C 07-05923 WHA

---

# EXHIBIT "3"

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

MINUTE ORDER

Date: 02/01/2008   Time: 10:00:00 AM   Dept: C-71
Judicial Officer Presiding: Judge Ronald S. Prager
Clerk: Kathleen Sandoval

Bailiff/Court Attendant: L. Wilks
ERM:
Reporter:

Case Init. Date: 12/27/2002

Case No: GIC802664   Case Title: SMITH vs WELLS FARGO BANK N A

Case Category: Civil - Unlimited   Case Type: Business Tort

Event Type: Motion Hearing (Civil)
Moving Party: Claudia Sanchez
Causal Document & Date Filed: Request for Judicial Notice, 01/25/2008

**Appearances:**

Appearances by Mark Knutson personally present for Plaintiff Sean Smith, Daniel Lamb and Brian Martin personally present for Defendant Wells Fargo & Co., Richard McCune and Joe Kim personally present for Plaintiff Claudia Sanchez

The Court hears oral argument and modifies the tentative ruling as follows: Ruling

TENTATIVE RULING: The Court rules on Claudia Sanchez et al.'s (collectively "Sanchez") Motion to Vacate as follows:

Code of Civil Procedure section 663 (hereinafter "§ 663") provides that "a judgment or decree, when based upon a decision by the court . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court."

All parties to the Smith v. Wells Fargo Class Action Settlement agreement assert that Sanchez is not a "party aggrieved" as required under § 663. Specifically, both Wells Fargo & Co. et al. (collectively "Wells Fargo"), and Sean M. Smith et al. (collectively "Smith") maintain that the Smith Class is limited to customers who were charged with overdraft fees prior to May 14, 2007. Sanchez falls outside the Smith Class because she was not charged an overdraft fee until August 2007. (Sanchez Decl. ¶ 4.)

In her reply, Sanchez includes an exhibit showing overdraft charges prior to May 14, 2007, but the Court will not consider this on due process grounds because the opposing party has no opportunity to confront new information submitted for the first time on reply. (Sanchez's January statement, Exh. 3 to McCune Declaration; see also San Diego Watercrafts v. Wells Fargo Bank, N.A. (2002) 102 Cal.App.4th 308, 316.)

To determine just who is in the settlement class, the Court looks to the Class Action Settlement

Date: 02/01/2008
Dept: C-71                MINUTE ORDER                Page: 1
                                                    Calendar No.: 5

Case Title: SMITH vs WELLS FARGO BANK N A   Case No: GIC802664

Agreement ("Agreement"), which was approved by the Court on November 2, 2007. The Agreement defines "Settlement Class" as "[a]ll persons and entities who, while a California resident, have been charged an overdraft fee as a result of using a Wells Fargo Check Card issued by defendants or an entity owned or controlled by them." (Agreement p. 4.)

Sanchez points out the ambiguity of this Settlement Class definition. She asserts that it could reasonably be read to encompass the class that was certified in 2004, and customers incurring an overdraft charge before the notice in May 2007, and/or customers who incurred an overdraft fee before the final approval on November 7, 2007.

By this Court's reading, the Settlement Class definition has no temporal limit at all. Indeed, it could be reasonably read to apply to all California Wells Fargo customers who have been charged an overdraft fee from the beginning of time to the end of time. If this is the case, then Sanchez is squarely within the definition of the Settlement Class.

But to determine if she is a "party aggrieved" under the terms of § 663, the Court must determine what claims have been released within the Settlement Class.

The Agreement states "all Class members shall be deemed to have released and discharged Wells Fargo . . . from any and all causes of action . . . against the Releasees relating to, on the basis of, in connection with, or arising out of, in whole or in part, the subject matter of or facts relating to any of the claims alleged in the Complaint." (emphasis added)(Agreement, p. 11, Exh. 2.)

To determine what these claims are, the Court must look to the Complaint in Smith v. Wells Fargo ("Complaint"). In the Complaint, under the heading "Factual Allegations Common To All Causes of Action" we find the lynchpin of this settlement class. The Complaint alleges that the agreement between Wells Fargo and its check card-holding customers failed to adequately disclose that Wells Fargo would provide "involuntary overdraft protection in the event the account holder exceeds their checking account balance through the use of the check card for which they are charged a fee of approximately $30 per transaction." (Smith Class Action Complaint, ¶ 19 p. 5.)

Wells Fargo issued a "Policy Change Notice" in March 2002 which identified "the change in policy whereby Wells Fargo may approve a check card purchase on insufficient funds, create an overdraft and charge a customer a fee for that overdraft." (Agreement, p. 6.)

Thus, the claim alleged in the complaint centers on whether or not this "Policy Change Notice" adequately disclosed Wells Fargo's new overdraft protection policy to its check card customers. As stated above, Wells Fargo issued the Policy Change Notice on March of 2002. Under the terms of the Agreement, a Settlement Class member could only receive monetary compensation if she submitted a Claim Form

[S]tating under the penalty of perjury that the customer was charged an overdraft fee on a Check Card purchase during the 12 month period following May 24, 2002 because the customer was ignorant of the Bank's change in overdraft policy or did not understand the March 2002 Policy Change Notice.

(emphasis added) (Class Action Settlement Agreement, p.8-9)

It is only these claims that have been released by the Settlement Class as defined in the Agreement. For all other claims, the Smith settlement has no preclusive effect.

Sanchez's claim appears to have no relation to the March 2002 Policy Change Notice.

Therefore, though Sanchez is a member of the Settlement Class, her claim has not been released by the Smith Settlement. With her claim unaffected by the Smith Settlement, Sanchez is not a "party

Case Title: SMITH vs WELLS FARGO BANK N A    Case No: GIC802664

aggrieved" under § 663.

Sanchez has informed the Court that Wells Fargo asserted in its Stipulation and Order to Stay the Sanchez case that "if plaintiff is unsuccessful in vacating the Smith settlement, the judgment in Smith approving the settlement agreement (and its release of claims) bars plaintiffs Sanchez . . . from pursuing [her] claims here." (Attached to Request for Judicial Notice in Support of Motion to Vacate.) It should be clear from this Court's ruling that Wells Fargo's proposition does not comport with the Court's reading of the settlement agreement.

Based on the foregoing, the motion to vacate the Class Action Judgment is denied.

IT IS SO ORDERED.