Richard D. McCune, Esq. State Bar No. 132124
rdm@mwtriallawyers.com
Jae (Eddie) K. Kim, Esq., State Bar No. 236805
jkk@mwtriallawyers.com
MCCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiffs
CLAUDIA SANCHEZ, ERIN WALKER
and WILLIAM SMITH,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA SANCHEZ, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125<br><br>Defendants. | Case No.: C 07-05923 WHA<br><br>Judge Assigned: Hon. William H. Alsup<br>Complaint Filed: November 21, 2007<br><br>**PLAINTIFF ERIN WALKER'S RESPONSES TO SPECIAL INTERROGATORIES PROPOUNDED BY DEFENDANT WELLS FARGO BANK, N.A.**<br>**[SET ONE – Nos. 1-7]** |

PROPOUNDING PARTY:    DEFENDANT, Wells Fargo Bank, N.A.

RESPONDING PARTY:    PLAINTIFF, Erin Walker

SET NUMBER:    ONE (Nos. 1-7)

    Plaintiff, Erin Walker, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Defendant Wells Fargo Bank, N.A.'s Special Interrogatories as follows:

<p align="center"><u>**PRELIMINARY STATEMENT:**</u></p>

    These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of

any statement contained herein if it were made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

The party on whose behalf the responses are given has not yet completed investigation into the facts relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Consequently, the following responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts that are discovered to be material.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been responded to should not be taken as an admission or concession of the existence of any facts set forth or assumed by such request, or that such responses constitute evidence of any fact set forth or assumed.

## RESPONSES TO SPECIAL INTERROGATORIES

### (SET ONE)

**INTERROGATORY NO. 1:**

Identify each and every occasion on which WALKER improperly was assessed an insufficient funds and/or overdraft fee on debit/check card purchases and/or ATM withdrawals when there were sufficient funds in WALKER'S CHECKING ACCOUNT at the time that the purchases and/or withdrawals were made and approved by WELLS FARGO. (*See* Compl. ¶3.)

**RESPONSE TO INTERROGATORY NO. 1:**

Transactions occurring between May 29, 2007 and June 1, 2007.

**INTERROGATORY NO. 2:**

For each and every occasion identified in response to Interrogatory No. 1, described in detail WALKER'S belief at the time of transaction about whether or not there were sufficient funds in WALKER'S CHECKING ACCOUNT to cover the transaction, including but not limited to source and /or origin of belief, date and time belief began, and duration of belief.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Compound. Without waiving said objection, Plaintiff responds as follows. I believed there were sufficient funds in the account at the time of each of these transactions. This was

-2-

based on two things. One is that I regularly checked my balance online. The second is that it was my belief that a transaction would be denied if I did not have sufficient funds in the account to cover the transaction.

**INTERROGATORY NO. 3:**

Describe in detail each and every CHALLENGED STATEMENT of WELLS FARGO, whether written or oral, including the nature and/or content of the CHALLENGED STATEMENT and the circumstances (including, but not limited, to date and/or time period, LOCATION, PARTICIPANTS, and manner) under which YOU contend such CHALLENGED STATEMENT occurred.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. Compound. Without waiving said objection, Plaintiff responds as follows: I do not have personal knowledge of the statements except that I regularly reviewed my online account and checked my balance. I relied on that information provided by Wells Fargo as being accurate.

However, my counsel is aware of other statements and this response includes statements known by my counsel. Those statements include:

   a. Welcome to Your New Account Jacket:

**"Gain More Control Over Your Finances With Wells Fargo Online Banking.**
Free online access to your accounts lets you manage your finance any time, anywhere you have Internet access. **Check your account balances and transaction history.**"

   b. Consumer Account Fee and Information Schedule, p. 38:

**"Wells Fargo Online Banking**
Online Banking gives you a convenient and flexible way to manage your finances by providing free online access to your personal accounts. You can view account balances and history, transfer funds and receive monthly statements online."

   c. Get your finances into shape with our resources (brochure):

**"Wells Fargo Online Banking with Bill Pay**
As a leader in Internet banking, we can help you get fiscally fit by organizing your finances with Online Banking with Bill Pay. This service lets you enjoy managing your money in one place, anytime,

-3-

anywhere you have Internet access. You can check balances, transfer funds between accounts, view your monthly statement and pay your bills all online."

    d. Checking, Savings, And More (brochure):

**"Online Banking and Bill Pay**

- Manage your finances anytime, anywhere you have Internet access
- View online statements, check balances, transfer funds, and more
- Pay any company or individual in the U.S. with Online Bill Pay"

    e. Wells Fargo Account Activity Questions (webpage):

<u>"Why are my available and ending balances different?</u>

Your available balance is the most current information regarding the funds you have available for withdrawal, ATM or check Card purchases, or writing checks. It reflects the latest balance based on transactions recorded to your account today including direct deposits, paid checks, withdrawals, and point-of-sale purchases."

    f. Checking Account statement envelope, postmarked August 24, 2007:

Front side: "Someday, I'll know where all my money goes."

Back side: "Today. Take control of your financial life with our **FREE** online tools. Easily track your spending, transfer funds, check your balances and more with money management tools from *Wells Fargo Online*®. To learn more, visit **www. Wellsfargo.com/wfonline**"

    g. Television and Radio Commercial Campaign:

In a television and radio commercial campaign, WELLS FARGO advertised that customers could rely on ATM and online balance information for whether the customer had sufficient funds in the account for the transactions.

**INTERROGATORY NO. 4:**

Describe in detail the circumstances (including but not limited to date, LOCATION, PARTICIPANTS, and context) under which WALKER first became personally aware of each CHALLENGED STATEMENT of WELLS FARGO indentified in response to Interrogatory No. 3.

//

//

-4-

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. Compound. I do not know the exact date, time or place that I first started to review my account balance information online. It would have been shortly after I opened my account.

**INTERROGATORY NO. 5:**

Describe in detail each and every CHALLENGED PRACTICE of WELLS FARGO, including the nature and/or content of the CHALLENGED PRACTICE and the circumstances (including, but not limited to, date and/or time period, LOCATION, PARTICIPANTS, and manner) under which YOU contend such CHALLENGED PRACTICE occurred.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. Compound and call for a legal conclusion. Without waving said objection, Plaintiff responds as follows: I do not have personal knowledge of each CHALLENGED PRACTICE except as that I received numerous unfair overdraft fees. With the assistance of my counsel, and their review of my account, the Wells Fargo practices include: 1) Charging overdraft fees from May 29, 2007 to June 1, 2007 transactions, when I had sufficient funds to cover those transactions at the time they were approved and posted on my online account; and 2) Wells Fargo providing online account balance information that there was sufficient funds to cover the transactions from May 29, 2007 to June 1, 2007, when in fact Wells Fargo charged me overdraft fees for those transactions.

**INTERROGATORY NO. 6:**

Describe in detail the circumstances (including but not limited to date, LOCATION, PARTICIPANTS, and context) under which WALKER first became personally aware of each CHALLENGED PRACTICE of WELLS FARGO identified in response to Interrogatory No. 5.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. Compound. I became aware I had been assessed numerous overdraft charges sometime in June of 2007, when I reviewed my online account and noted a negative balance.

**INTERROGATORY NO. 7:**

Identify in detail each and every injury WALKER claims to have sustained as a result of any of the allegations contained in the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

1  Objection, the Request seeks a legal opinion and calls for an expert opinion. Without waiving said objection, Plaintiff responds: I personally do not have the knowledge or legal training to know what legal "injuries" or "damages" I am entitled to recover resulting from Wells Fargo's practices. However, with the assistance of counsel, and using the information provided by the online statements of June 2007 and July 2007, it shows I was assessed $34 overdraft fees on 14 different transactions from May 29, 2007 through June 12, 2007. Wells Fargo later reversed 4 of those charges. Accordingly, I was assessed a total of $408 in overdraft fees. While I did not know I had overdrafted my account, it appears from the statement that I actually overdrafted my account on two occasions, so at most I should have been assessed $68 in overdraft fees.

DATED: 4/23/08 .

McCUNE & WRIGHT, LLP

BY: _____
Richard D. McCune
Attorney for Plaintiffs

-6-

Plaintiff Erin Walker's Responses to Special Interrogatories Propounded by Defendant Wells Fargo Bank, N.A.
[Set One – Nos. 1-7]

## VERIFICATION

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I have read the foregoing PLAINTIFF ERIN WALKER'S RESPONSE TO SPECIAL INTERROGATORIES PROPOUNDED BY WELLS FARGO BANK, N.A. [SET ONE – Nos. 1-7] and know its contents.

CHECK APPLICABLE PARAGRAPH

[X] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

[ ] I am an officer/partner/authorized representative of *, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

[ ] I am one of the attorneys for *, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I made this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on April 21, 2008, at Culver City, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X _____
ERIN WALKER

1 | Case: SANCHEZ, et al. v. WELLS FARGO BANK, et. al.

2 | <center>PROOF OF SERVICE</center>

3 | STATE OF CALIFORNIA
4 | COUNTY OF SAN BERNARDINO

5 | I am employed in the County of San Bernardino, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2068 Orange Tree Lane, Suite 216, Redlands, California, 92374.

7 | On April 23, 2008, I served the foregoing document described as **PLAINTIFF ERIN WALKER'S RESPONSES TO SPECIAL INTERROGATORIES PROPOUNDED BY WELLS FARGO BANK, N.A. [SET ONE]** on the interested parties through their respective attorneys of record in this action, by placing a ☒ true copy or ☐ original thereof enclosed in sealed envelopes addressed as follows:

**Sonya D. Winner, Esquire**                              **Attorneys for Defendants**
**David M. Jolley, Esquire**
**Margaret G. May, Esquire**
**COVINGTON & BURLING, LLP**
**One Front Street**
**San Francisco, CA 94111**
**Telephone: (415) 591-6000**
**Facsimile: (415) 591-6091**

**METHOD OF SERVICE**:

[ X ]   **(BY MAIL)**   I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing. Under that practice, I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Redlands, California.

[ X ]   **(BY E-MAIL)**   By transmitting it to the following individuals by electronic mail:
Sonya D. Winner: SWinner@cov.com
David M. Jolley: djolley@cov.com

[ ]   **(BY FAX)**   I caused such documents to be transmitted by facsimile to the offices of the addressee(s). The facsimile machine used complied with California Rules of Court, rule 2003, and no error was reported by the machine.

[ ]   **(BY OVERNIGHT DELIVERY)**   I caused such document to be delivered by overnight delivery to the offices of the addressee(s).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on the above-referenced date at Redlands, California.

*Ann Marie Smith*
Ann Marie Smith