1 | Sonya D. Winner, SB # 200348
  | David M. Jolley, SB # 191164
2 | Margaret G. May, SB # 234910
  | COVINGTON & BURLING LLP
3 | One Front Street
  | San Francisco, CA 94111
4 | Telephone: (415) 591-6000
  | Facsimile: (415) 591-6091
5 | E-mail: mmay@cov.com

6 | Attorneys for Defendants
  | WELLS FARGO BANK, N.A. and
7 | WELLS FARGO & CO.

8

9 | **UNITED STATES DISTRICT COURT**

10 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11 | VERONICA GUTIERREZ, *et al.*,        Civil Case No.: CV-07-5923 WHA (JCSx)

12 |           Plaintiffs,

13 |     v.

14 | WELLS FARGO & COMPANY, *et al.*,

15 |           Defendants.

**DEFENDANT WELLS FARGO BANK, N.A.'S ADMINISTRATIVE REQUEST AND SUPPORTING DECLARATION OF DAVID M. JOLLEY TO FILE UNDER SEAL PORTIONS OF (1) PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND (2) EXHIBITS TO THE SUPPORTING DECLARATION OF RICHARD MCCUNE**

*[Filed in connection with Plaintiffs' July 10, 2008, Administrative Request to File Portions of Plaintiffs' Motion for Class Certification Under Seal]*

Date:      August 21, 2008
Time:     8:00 a.m.
Courtroom:  9

Honorable William H. Alsup

**ADMINISTRATIVE REQUEST**

Pursuant to Civil Local Rule 79-5 and this Court's Standing Order for Cases Involving Sealed or Confidential Documents, defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby requests that the Court authorize filing under seal portions of (1) Plaintiffs' Motion for Class Certification ("Class Certification Motion") and (2) exhibits to the Declaration of Richard McCune ("McCune Declaration"). Wells Fargo further requests that the Court direct plaintiffs to prepare and file conforming revised redacted versions of the Class Certification Motion and the McCune Declaration. Wells Fargo further requests that the Court direct the clerk to remove from the public file the previously-filed redacted version of plaintiffs' Class Certification Motion that inadvertently contained the confidential information listed at Item (a) below.

For the reasons set forth in the accompanying Declaration of David M. Jolley, good cause exists for filing the following portions of plaintiffs' Class Certification Motion and McCune Declaration under seal:

**Class Certification Motion**:

(a). Page 5, line 6 (beginning at "A pending" and ending with "business day");

(b). Page 9, lines 21-23 (the numbers of customers and dollar amounts);

(c). Page 13, lines 3-5 (the numbers of customers and dollar amounts).

**McCune Declaration"**:

**Exhibit 1**:    (d). Page 5, lines 10-11 (the actual numbers of customers);

(e). Page 6, lines 11-12 (the actual numbers of customers);

(f). Page 7, lines 12-13 (the actual transaction numbers);

(g). Page 8, lines 26-27 (the actual dollar amounts);

(h). Page 10, lines 27-28 (the actual numbers of customers);

(i). Page 20, lines 1-2 (the actual dollar amounts);

(j). Page 23, line 10 (beginning at "However, …") through line 17.

**Exhibit 15:**    (k). Plaintiff Gutierrez's personal account information.

1             This request is narrowly tailored, as it seeks to seal only the very limited portions

2  of the Class Certification Motion and the McCune Declaration related to sensitive non-public

3  bank procedures or confidential Wells Fargo financial and/or customer information.  The

4  remainder of these documents will be publicly filed with the Court.

5             For these reasons, Wells Fargo asks the Court to grant this administrative

6  request.

7

8  DATED:  July 16, 2008            COVINGTON & BURLING LLP

9

10                       By:   /s/ David M. Jolley

11                           David M. Jolley
                                Attorneys for Defendants
                                WELLS FARGO BANK, N.A. and

12                                WELLS FARGO & CO.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DAVID M. JOLLEY

I, David M. Jolley, declare as follows:

1.      I am an attorney in the law firm of Covington & Burling LLP, counsel of record for defendant Wells Fargo Bank, N.A. ("Wells Fargo") in this action. I am licensed to practice law in the State of California. The matters set forth herein are true and correct of my own personal knowledge and information provided to me. If called as a witness, I could and would testify competently thereto.

2.      On July 1, 2008, I had a telephone conversation with plaintiffs' counsel Eddie Kim. During that conversation, I suggested that plaintiffs identify any confidential Wells Fargo documents they would be filing in support of their class certification motion so that the parties could meet and confer on the possibility of waiving the confidentiality designation for particular documents or pages. On that same day, I sent Mr. Kim a confirming email, which stated, "To the extent that plaintiffs need to file selected pages from Wells Fargo's confidential documents, we will in good faith review any such selections you send us beforehand to determine whether the confidentiality designation can be waived for purposes of your filing." However, plaintiffs never identified any such documents for Wells Fargo prior to their filing of their class certification motion.

3.      After reviewing the Wells Fargo information included in and attached to the papers submitted by plaintiffs in support of their non-dispositive motion for class certification, it is apparent that good cause exists to file under seal the following portions of those documents:

**Plaintiffs' Motion for Class Certification ("Class Certification Motion")**:

(a). Page 5, line 6 (beginning at "A pending" and ending with "business day");[1]

(b). Page 9, lines 21-23 (the numbers of customers and dollar amounts);

(c). Page 13, lines 3-5 (the numbers of customers and dollar amounts).

---

[1]    Plaintiffs inadvertently filed this confidential information in the public record, although they submitted the supporting materials under seal. Therefore, the previously-filed redacted version of plaintiffs' Class Certification Motion needs to be removed from the public record and replaced by a properly redacted version.

1    **Declaration of Richard D. McCune ("McCune Declaration")**:

2    **Exhibit 1**:    (d).  Page 5, lines 10-11 (the actual numbers of customers);

3                      (e).  Page 6, lines 11-12 (the actual numbers of customers);

4                      (f).  Page 7, lines 12-13 (the actual transaction numbers);

5                      (g).  Page 8, lines 26-27 (the actual dollar amounts);

6                      (h).  Page 10, lines 27-28 (the actual numbers of customers);

7                      (i).  Page 20, lines 1-2 (the actual dollar amounts);

8                      (j).  Page 23, line 10 (beginning at "However, …") through line 17.

9    **Exhibit 15**:   (k).  Plaintiff Gutierrez's personal account information.

10                    **REASONS WHY GOOD CAUSE EXISTS**

11           4.      The identified text in Items (a) and (j) listed above describes the non-

12   public, internal Wells Fargo practices concerning holds placed on funds in consumer deposit

13   accounts in certain specific situations.  The Court has already found (in connection with Wells

14   Fargo's Summary Judgment Motion) that a compelling reason exists to maintain this

15   information under seal.  *See* July 14, 2008, Order Granting Wells Fargo's Administrative

16   Motion.  Specifically, if made public, this information would expose Wells Fargo to a

17   heightened risk of fraud.  Plaintiffs inadvertently filed the text in Item (a) in the public record as

18   part of the redacted version of the Class Certification Motion, although the supporting text in

19   Item (j) was submitted under seal.  Therefore, the previously-filed redacted version of plaintiffs'

20   Class Certification Motion needs to be removed from the public record and replaced by a

21   properly redacted version prepared by plaintiffs.

22           5.      Items (b) through (i) listed above consist of non-public Wells Fargo

23   financial and/or customer information.  Specifically, the identified information sets out specific

24   bank revenue streams and customer levels in California broken into 12-month periods.  This

25   information is maintained as confidential by Wells Fargo, and similar information is typically

26   maintained as confidential by other banks in the industry.  Disclosure of these numbers would

27   place Wells Fargo at a strategic and competitive disadvantage among its peers and competitors.

28

6.      Additionally, the financial and customer numbers identified in Items (b) through (i) have little or no relevance to the issues presented in plaintiffs' Class Certification Motion. The revenue figures are completely irrelevant. The statistics on numbers of customers are arguably relevant to the issue of numerosity, but that is not at issue here, as Wells Fargo does not dispute that numerosity exists for purposes of class certification (although it does dispute the appropriateness of class certification for other reasons). Since this information is not relevant to the disputed issues of plaintiffs' non-dispositive Class Certification Motion, the need for it to be available in the public record is greatly diminished.

7.      The information in Item (k) – a one-page report of customer account activity – contains plaintiff Veronica Gutierrez's account number and personal financial information. As such, it should either be filed under seal or redacted by plaintiffs to remove any personally identifiable information.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 16, 2008, in San Francisco, California.

David M. Jolley