Sonya D. Winner, SB # 200348
David M. Jolley, SB # 191164
Margaret G. May, SB # 234910
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
E-mail: mmay@cov.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, et al., <br><br> Defendants. | Civil Case No.: CV-07-5923 WHA (JCSx) <br><br> **DEFENDANT WELLS FARGO BANK, N.A.'S ADMINISTRATIVE MOTION AND SUPPORTING DECLARATION OF MARGARET G. MAY FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DECLARATION OF MARK LENTZ** <br><br> *[Submitted in connection with Opposition of Wells Fargo Bank, N.A. to Plaintiffs' Motion for Class Certification]* <br><br> Date:       August 21, 2008 <br> Time:      8:00 a.m. <br> Courtroom: 9 <br><br> Honorable William H. Alsup |

## ADMINISTRATIVE MOTION

Pursuant to Civil Local Rule 79-5 and this Court's Standing Order for Cases Involving Sealed or Confidential Documents, defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby moves the Court for leave to file under seal portions of the Declaration of Mark Lentz ("Lentz Declaration") in support of Wells Fargo's Opposition to Motion for Class Certification ("Opposition"), and exhibits thereto.

For the reasons set forth in the accompanying Declaration of Margaret G. May, good cause exists for filing the following portions of the Lentz Declaration under seal:

**Lentz Declaration**:

(a). Page 12, lines 12-16 (the numbers of transactions, accounts, analyst days and analyst years);

(b). Page 15, lines 14-21 (the customer's witness number and name);

(c). Page 17, lines 9-18 (the customer's witness number and name);

(d). Page 17, line 24-page 18, line 3 (the customer's witness number and name);

(e). Page 17, line 28 (from "including …" to end of sentence);

(f). Page 18, lines 1-2 (from "$ …" to end of sentence);

(g). Page 18, line 7 (from "like …" to end of parentheses);

(h). Page 18, lines 8-9 (from "for which …" to end of parentheses);

(i). Page 18, lines 9-18 (from "To offer …" through end of paragraph);

(j). Page 19, line 4 (the customer's witness number and name);

(k). Page 20, lines 2-9 (the customer's witness number and name);

**Exhibit F:**    (l). Customers' personal account statements.

This request is narrowly tailored, as it seeks to seal only the very limited portions of the Lentz Declaration related to sensitive non-public bank procedures or confidential Wells Fargo financial and/or customer information. The remainder of these documents will be publicly filed with the Court.

For these reasons, Wells Fargo asks the Court to grant this administrative motion.

DATED:  July 31, 2008                COVINGTON & BURLING LLP

                                     By:    /s/
                                     Sonya D. Winner
                                     Attorneys for Defendant
                                     WELLS FARGO BANK, N.A.

# DECLARATION OF MARGARET G. MAY

I, Margaret G. May, declare as follows:

1. I am an attorney in the law firm of Covington & Burling LLP, counsel of record for defendant Wells Fargo Bank, N.A. ("Wells Fargo") in this action. I am licensed to practice law in the State of California. The matters set forth herein are true and correct of my own personal knowledge and information provided to me. If called as a witness, I could and would testify competently thereto.

2. After reviewing the information included in and attached to the Declaration of Mark Lentz ("Lentz Declaration") submitted by Wells Fargo in opposition to plaintiffs' non-dispositive motion for class certification, it is apparent that good cause exists to file under seal the following portions of those documents:

**Lentz Declaration:**

    (a). Page 12, lines 12-16 (the numbers of transactions, accounts, analyst days and analyst years);

    (b). Page 15, lines 14-21 (the customer's witness number and name);

    (c). Page 17, lines 9-18 (the customer's witness number and name);

    (d). Page 17, line 24-page 18, line 3 (the customer's witness number and name);

    (e). Page 17, line 28 (from "including ..." to end of sentence);

    (f). Page 18, lines 1-2 (from "$ ..." to end of sentence);

    (g). Page 18, line 7 (from "like ..." to end of parentheses);

    (h). Page 18, lines 8-9 (from "for which ..." to end of parentheses);

    (i). Page 18, lines 9-18 (from "To offer ..." through end of paragraph);

    (j). Page 19, line 4 (the customer's witness number and name);

    (k). Page 20, lines 2-9 (the customer's witness number and name);

**Exhibit F:**   (l). Customers' personal account statements.

## REASONS WHY GOOD CAUSE EXISTS

3. Item (a) listed above consists of non-public Wells Fargo customer information. Specifically, the identified information sets out specific transaction and customer levels in California. This information is maintained as confidential by Wells Fargo, and similar information is typically maintained as confidential by other banks in the industry. Disclosure of these numbers would place Wells Fargo at a strategic and competitive disadvantage among its peers and competitors. The Court previously has found (in connection with Plaintiffs' Motion for Class Certification) that good cause exists to maintain this information under seal. *See* July 25, 2008, Order Granting Wells Fargo's Administrative Request (Docket No. 54).

4. The information in Items (e)-(i) describes or illustrates non-public, internal Wells Fargo practices concerning holds placed on funds in consumer deposit accounts in certain specific situations that would expose the Bank to a heightened risk of fraud if made public. The Court previously has found (in connection with Wells Fargo's Motion for Summary Judgment) that a compelling reason exists to maintain this information under seal. *See* July 14, 2008, Order Granting Wells Fargo's Administrative Motion (Docket No. 48).

5. Items (b)-(d) and (j)-(l) contain the identities and personal banking records of certain Wells Fargo customers who have been previously identified by plaintiffs as potential witnesses and class members, but who are not parties to this action. To protect their privacy, this information should be filed under seal.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on July 31, 2008, in San Francisco, California.

Margaret G. May

WELLS FARGO'S ADMINISTRATIVE MOTION AND SUPPORTING DECLARATION
Civil Case No.: CV-07-5923 WHA

5