Richard D. McCune, SB # 132124
rdm@mwtriallawyers.com
Jae (Eddie) K. Kim, SB # 236805
jkk@mwtriallawyers.com
McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone:    (909) 557-1250
Facsimile:     (909) 557-1275

Mitchell M. Breit, Esq. (Admitted *Pro Hac Vice*)
mbreit@wdklaw.com
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: (212) 447-7070
Facsimile: (212) 447-7077

Attorneys for Plaintiffs, VERONICA GUTIERREZ, ERIN WALKER
and WILLIAM SMITH, on behalf of themselves and all others similarly situated,

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125, <br><br> Defendants. | Case No.:   C 07-05923 WHA (JCSx) <br><br> **CLASS ACTION** <br><br> **DECLARATION OF VERONICA GUTIERREZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Judge Assigned:  Hon. William H. Alsup <br> Complaint Filed: November 21, 2007 |

I, Veronica Gutierrez, do declare as follows:

1.   I opened a checking account at the Wells Fargo Fontana, California branch in October of 2002 when I was 18 years old. At that time I was provided a debit card. I also opened a savings account and used the savings account as overdraft protection.

2.   Since opening the checking account I have worked and gone to school full time.    I am completing my education requirements and will begin my career as a middle-school teacher. I was a new financial consumer when opening the account, and following my mother's advice, was careful

Declaration of Veronica Gutierrez
Case No.: C 07-05923 WHA (JCSx)

with my account. I would occasionally write a check, but the vast majority of purchases were made using the debit card. I would keep my receipts and check my statements to make sure that the receipts matched my statements.

3.  I had difficulty with keeping my account balance, because my check registry never seemed to match the balance given to me by Wells Fargo. I decided it was just safer to use the Wells Fargo balance. I would check "available balance" at least weekly by calling the Wells Fargo toll free number in which an automated service would provide the "available balance", and I would also check the "available balance" when I was online, at a branch store, or when I took out ATM withdrawals.

4.  I do not have a specific recollection of checking my available balance during the time frame I received the overdraft fees. However, based on my custom and practice of checking my account balance regularly and at least weekly through telephone inquiries and online inquires, I believe I would have obtained my available balance information from Wells Fargo between October 4-9, 2006, and based on that available balance I believe the transactions on October 5 and 6 were within my available balance and account balance on October 5 and 6, 2006.

5.  I was not aware that I could be charged an overdraft fee even though there was money in my account to cover the transaction. If I had known before October 5, 2006 that I would be charged multiple overdraft charges for transaction that were within the available balance if there was a single overdraft, I would have insured that there was always a higher minimum balance in the account to cover for this contingency. Following the assessment of these overdraft fees, I have avoided overdraft fees due to inaccurate available balance figures by keeping a higher balance in my account.

I so declare the above is true and correct under penalty of perjury under the laws of the United States.

Executed this ___30___ day of July, 2008, at ___Fontana___, California.

_____
Veronica Gutierrez

Declaration of Veronica Gutierrez
Case No.: C 07-05923 WHA (JCSx)