```
1  Richard D. McCune, Esq. State Bar No. 132124
   rdm@mwtriallawyers.com
2  Jae (Eddie) K. Kim, Esq., State Bar No. 236805
   jkk@mwtriallawyers.com
3  MCCUNE & WRIGHT, LLP
   2068 Orange Tree Lane, Suite 216
4  Redlands, California 92374
   Telephone: (909) 557-1250
5  Facsimile: (909) 557-1275

6  Mitchell M. Breit, Esq. (Admitted Pro Hac Vice)
   mbreit@wdklaw.com
7  WHATLEY DRAKE & KALLAS, LLC
   1540 Broadway, 37th Floor
8  New York, NY 10036
   Telephone: (212) 447-7070
9  Facsimile: (212) 447-7077

10 Attorneys for Plaintiffs VERONICA GUTIERREZ, ERIN
   WALKER and WILLIAM SMITH, on behalf of themselves
11 and all others similarly situated
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125,<br><br>Defendants. | Case No.: C 07-05923 WHA (JCSx)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO OBJECTIONS OF DEFENDANT WELLS FARGO BANK, N.A. TO DECLARATION OF LEWIS MANDELL**<br><br>DATE: August 21, 2008<br>TIME: 8:00 a.m.<br>DEPT: Courtroom 9, 19th Floor<br><br>Judge Assigned: Hon. William H. Alsup<br>Original Complaint filed: November 21, 2007 |

Plaintiffs Veronica Gutierrez, Erin Walker and William Smith hereby respond to Objections of Defendant Wells Fargo Bank, N.A. to Declaration of Lewis Mandell.

Plaintiffs attached a declaration of Professor Lewis Mandell to Plaintiffs' Motion for Class Certification for the purposes of illustrating that a plausible methodology exists for ascertaining class

1  members and to propose methods for computing individual damages using Wells Fargo's own data. In
2  *Klay v. Humana, Inc.*, the Eleventh Circuit observed that, "Particularly where damages can be computed
3  according to some formula, statistical analysis, or other easy or essentially mechanical methods, the fact
4  that damages must be calculated on an individual basis is no impediment to class certification." 382
5  F.3d 1241, 1259-60 (11th Cir. 2004). Moreover, "in assessing whether to certify a class, the Court's
6  inquiry is limited to whether or not the proposed methods for computing damages are so insubstantial as
7  to amount to no method at all … Plaintiffs need only come forward with plausible statistical or
8  economic methodologies to demonstrate impact on a class-wide basis." *Id.*

9  For this purpose, Mandell's declaration succeeds in presenting the Court with proposed feasible
10 methodologies for ascertaining class members and determining individual damages through the use of
11 Wells Fargo's own databases and the application of computer algorithm programs. Professor Mandell
12 has vast experience in the field of banking operations and economic analysis.

13 Mandell's declaration, however, was not presented for the purposes of establishing facts for
14 purposes of trial, although Defendant's objections reflect their erroneous belief that Mandell's
15 declaration must be evaluated and scrutinized as a final expert opinion for establishing facts for purposes
16 of trial. This is the class certification stage – not trial stage – and the purpose of Mandell's declaration
17 was to *propose plausible methods* – not present to the Court or jury final algorithm formulas or software
18 programs – for ascertaining class members and determining individual damages based on the limited
19 information provided thus far by Wells Fargo with regard to their databases.

20 Furthermore, as discussed in the reply to Defendant's Opposition to the Motion for Class
21 Certification, Wells Fargo's objections to Mandell's declaration are ironic considering that Wells Fargo
22 corporate designee, Mark Lentz, provided deposition testimony that was materially inaccurate regarding
23 the ability to obtain data from Wells Fargo's databases. The reason was that he was a marketing
24 employee, not a technical employee, and his experience is with running queries from an already
25 established database, not determining what other queries are possible with the information from other
26 databases and sources within Wells Fargo.

27 Wells Fargo asserts that Plaintiffs' witness Mandell failed to disclose in his declaration the basis
28 and reasons for his opinions and then disputes a number of facts underlying Mandell's opinions.

However, Mandell stated in his declaration that he relied on documents, discovery responses and deposition transcripts of the Wells Fargo employees received in this case as well as his own experience in the banking field. (Declaration of Lewis Mandell in Support of Plaintiffs' Motion for Class Certification ("Mandell Decl."), at ¶¶ 2, 3.) As discussed in the reply, the day before the class certification information, Wells Fargo's employee verified that "available balance" information, overdraft transactions, and date and time of a transaction is authorized, is all information retained by Wells Fargo, providing support and basis for Dr. Mandell's opinions.

Finally, Wells Fargo objects to ambiguous terms used by Mandell such as "real balance," "end of the day," and "algorithm." Plaintiffs believe that the meaning of such terms are self evident (and Plaintiffs will provide any clarification upon the Court's request) and that Wells Fargo's contention that they are ambiguous was made disingenuously. At this class certification stage, Plaintiff must propose plausible methods for ascertaining class members and determining individual damages. Clarification on the final computer algorithm programs to be used will come later, when Plaintiffs' technical experts are given access to the databases in order to formulate the actual algorithms.

Based on the foregoing, Plaintiffs contend that Wells Fargo's objections to the declaration of Professor Mandell are without merit and should be denied.

DATED: August 7, 2008                           McCUNE & WRIGHT, LLP

                                                BY: _____
                                                    Richard D. McCune
                                                    Attorney for Plaintiffs

-3-
PLAINTIFFS' RESPONSE OBJECTIONS OF DEFENDANT WELLS FARGO BANK, N.A. TO DECLARATION OF LEWIS MANDELL
C 07-05923 WHA (JCSx)