# COVINGTON & BURLING LLP

ONE FRONT STREET
SAN FRANCISCO, CA 94111-5356
TEL 415.591.6000
FAX 415.591.6091
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN FRANCISCO
WASHINGTON

SONYA D. WINNER
TEL 415.591.7072
FAX 415.955.6572
SWINNER@COV.COM

August 21, 2008

**VIA PERSONAL DELIVERY AND E-FILING**

The Honorable William Alsup
United States District Court
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Gutierrez v. Wells Fargo*, Case No. C-07-05923 WHA (JCSx)

Dear Judge Alsup:

    This letter brief is submitted by defendant Wells Fargo Bank, N.A. ("Wells Fargo") at the direction of the Court to address the status of the Office of the Comptroller of the Currency ("OCC") regulations relied upon in Wells Fargo's Motion for Summary Judgment. The principal regulation upon which Wells Fargo relies is found at 12 C.F.R. § 7.4007; Wells Fargo has also cited 12 C.F.R. §§ 7.4002 and 7.4009.

    All of these regulations were promulgated by the OCC as legislative rules issued pursuant to the agency's authority under Section 93a of the National Bank Act. 12 U.S.C. § 93a. Section 93a grants the OCC wide authority to adopt binding rules and regulations, including in the area of federal preemption. *See Conference of State Bank Supervisors v. Conover*, 710 F.2d 878, 885 (D.C. Cir. 1983).

    The OCC explicitly invoked its authority under Section 93a in promulgating these regulations, following full notice-and-comment rulemaking. *See* 69 Fed. Reg. 1904-01, 1907, 1916 (2004) (promulgation of Sections 7.4007 and 7.4009), *see also* 66 Fed. Reg. 34784-01, 34791 (2001) (promulgation of Section 7.4002). As the OCC stated in its notice publishing Section 7.4007 in the Federal Register,

> "As the courts have recognized, Federal law authorizes the OCC to issue rules that preempt state law in furtherance of our responsibility to ensure that national banks are able to operate to

COVINGTON & BURLING LLP

Hon. William Alsup
August 21, 2008
Page 2

> the full extent authorized under Federal law, notwithstanding inconsistent state restrictions, and in furtherance of their safe and sound operations."

69 Fed. Reg. at 1907.

That these regulations have the status of legislative rules is beyond reasonable dispute: they were promulgated following notice-and-comment rulemaking, they invoked the agency's authority to promulgate legislative rules, and they are phrased as statements of law. *See Erringer v. Thompson*, 371 F.3d 625, 629-31 (9th Cir. 2004) (legislative rules require notice-and-comment rulemaking and add to existing law); *Hemp Industries Ass'n v. Drug Enforcement Agency*, 333 F.3d 1082, 1087 (9th Cir. 2003) (rules have the "force of law" when "the agency has explicitly invoked its general legislative authority") (citation omitted); *Monroe Retail, Inc. v. Charter One Bank, N.A.*, 2007 WL 2769645, at *9-10 (N.D. Ohio 2007) (distinguishing between (i) the "notice-and-comment" regulations in 12 C.F.R. §§ 7.4002 and 7.4007 and (ii) the separate OCC "interpretations" of those regulations).

It is well established that regulations promulgated by an administrative agency pursuant to a statutory delegation of authority have the force of law, including in the area of preemption. *See, e.g., Fidelity Fed. Sav. & Loan v. de la Cuesta*, 458 U.S. 141, 153-54 (1982); *Lincoln Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.*, 856 F.2d 1558, 1560 (D.C. Cir. 1988); *Conference of State Bank Supervisors*, 710 F.2d at 371-72. The OCC's preemption regulations have been enforced on numerous occasions. *See, e.g., Montgomery v. Bank of America Corp.*, 515 F.Supp.2d 1106, 1113-14 (C.D. Cal. 2007) (holding that 12 C.F.R. §§ 7.4002 and 7.4007 preempted state-law challenges to bank's overdraft fee policy and related disclosures). *See also Wells Fargo Bank N.A. v. Boutris*, 419 F.3d 949, 964 (9th Cir. 2005) (holding that OCC regulation preempted contrary state law); *Rose v. Chase Manhattan Bank USA, N.A.*, 513 F.3d 1032, 1036-38 (9th Cir. 2008) (holding that OCC regulation preempted UCL claims); *Wells Fargo Bank of Texas v. James*, 321 F.3d 488, 492-94 (5th Cir. 2003) (holding that 12 C.F.R. § 7.4002 preempted state-law claims); *Martinez v. Wells Fargo Bank, N.A.*, 2007 WL 2213216 (N.D. Cal. 2007) (holding that 12 C.F.R. § 7.4002 preempted UCL and CLRA claims).[1]

---

[1] Similar preemptive effect has been given to parallel preemption regulations of other federal agencies with authority over other types of federally regulated financial institutions, such as thrifts. *See, e.g., Lopez v. Washington Mutual Bank*, 302 F.3d 900, 906-07 (9th Cir. 2002); *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1006-07 (9th Cir. 2008). The Ninth Circuit's recent decision in *Silvas* is particularly important here, as it describes the proper method of interpreting and applying an OTS regulation that closely parallels the key OCC regulation at issue here. *See* Wells Fargo's Summary Judgment Reply Br. at 5-6.

COVINGTON & BURLING LLP

Hon. William Alsup
August 21, 2008
Page 3

      Accordingly, because the plaintiffs' claims in this case seek to impose state-law regulation of Wells Fargo's "activit[ies] incidental to receiving deposits" in the areas of "checking accounts," "funds availability," and "disclosures," 12 C.F.R. § 7.4007, as well as Wells Fargo's banking "operations," 12 C.F.R. § 7.4009, and its assessment of "non-interest fees," 12 C.F.R. § 7.4002, those claims are barred by express preemption.

                                                   Respectfully,

                                                   Sonya D. Winner

cc: Richard D. McCune, Esq. (by electronic mail)