Sonya D. Winner, SB # 200348
David M. Jolley, SB # 191164
Margaret G. May, SB # 234910
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
E-mail: mmay@cov.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, et al., <br><br> Defendants. | Civil Case No.: CV-07-5923 WHA (JCSx) <br><br> [PROPOSED] ORDER RE ELECTRONIC DATA SECURITY <br><br> Honorable William H. Alsup |

On December 10, 2008, at 2:00 p.m., the Court heard the Motion for Protective Order ("Motion") of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in the above-captioned action. After oral argument and consideration of the pleadings and all documents relating to this Motion, the Court rules as follows:

IT IS ORDERED that Wells Fargo shall provide plaintiffs with access to the following data:

A. For a random sample of 10,000 California customers, electronic transaction data from May 14, 2008, to June 13, 2008, from the following sources:

1. The BMG data from the V_Tran_Detail_HD table.
2. The BMG data from the V_Tran_Detail_EP table.
3. The BMG data from the V_Tran_Detail_CK table.

    4.    The BMG data from the V_Tran_Detail_TQ table.

    5.    The BMG data from the V_Tran_Detail_EW table.

    6.    The BMG data from the V_Tran_SUM_YYYYMM_OL table.

    7.    The electronic transaction data stored by the Settlement System.

    8.    The transaction data from the BEV database.

Wells Fargo shall provide plaintiffs with the algorithm used to generate the random sample of 10,000 customers.

B.    For the same random sample of 10,000 customers, electronic transaction data from May 26, 2005, to June 1, 2005, from the BMG data sources listed in paragraphs A-1 though A-6 above.

C.    The BR-14 and XR-Memo reports in electronic format for California customers from May 14, 2008, to June 13, 2008.

D.    Electronic data from the RDS system for all California customer transactions from October 27, 2008, and October 31, 2008.

IT IS FURTHER ORDERED that, to protect the security of the personal financial data of Wells Fargo's customers, the data shall be produced in a "clean room" at a secure Wells Fargo facility in San Francisco, California. The following conditions shall apply:

A.    The clean room shall remain locked at all times with cardkey access for an audit trail or with a passcode lock to be set by plaintiffs. The room shall be accessible to plaintiffs' counsel and their employees, retained experts, and consultants who sign an agreement to be bound by the Protective Order issued in this case on April 8, 2008. No Wells Fargo staff, contractors, or cleaning crew may be allowed access to the room.[1]

---

[1] Fire marshals and/or emergency responders may, however, be allowed access after a reported safety issue.

B.  Plaintiffs may bring into the room any hardware or software they wish other than modems or other devices to broadcast outside the room. The hard drives that plaintiffs use shall be inventoried prior to use, and shall be accounted for and destroyed after completion.

C.  Plaintiffs' system shall be loaded with the requested electronic customer transaction data.

D.  Plaintiffs may encode or encrypt their system so that no Wells Fargo personnel will have access to plaintiffs' work product. Wells Fargo shall not "spy" on the work conducted by plaintiffs in the clean room. Wells Fargo shall, if plaintiffs request it, provide a disaster-proof safe (with the combination to be set by plaintiffs) for plaintiffs to lock keys, software, backups, passwords, or other confidential property.

E.  Plaintiffs shall not remove individual customer financial transaction data of any kind from the clean room. Plaintiffs may remove from the room work product reflecting aggregate analyses based on the data so long as no customer-specific information is disclosed in, or can be ascertained from, the removed material. Any such work product that plaintiffs remove from the clean room shall be designated "HIGHLY CONFIDENTIAL" under the Protective Order issued in this case on April 8, 2008.

With these security measures in place, the Court finds there to be no need to provide notice to Wells Fargo customers that their financial data is being analyzed by plaintiffs and their consultants.

IT IS FURTHER ORDERED that plaintiffs and their consultants shall be provided access to the clean room from 6:00 am until midnight each day until the close of fact discovery in this matter. Plaintiffs shall provide Wells Fargo with reasonable advance notice of those occasions when they will need such access outside of regular business hours.

1   IT IS FURTHER ORDERED that Wells Fargo shall designate a liaison who shall be reasonably available to resolve logistical problems that plaintiffs and their consultants may encounter in connection with their use of the clean room.

DATED: December 16, 2008



Hon. William Alsup