## COVINGTON & BURLING LLP

| | | |
|---|---|---|
| ONE FRONT STREET<br>SAN FRANCISCO, CA 94111-5356<br>TEL 415.591.6000<br>FAX 415.591.6091<br>WWW.COV.COM | BEIJING<br>BRUSSELS<br>LONDON<br>NEW YORK<br>SAN DIEGO<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON | SONYA D. WINNER<br>TEL 415.591.7072<br>FAX 415.955.6572<br>SWINNER@COV.COM |

January 26, 2009

The Honorable William Alsup
United States District Court
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   <u>Gutierrez v. Wells Fargo</u>, Case No. C-07-05923 WHA (JCSx)

Dear Judge Alsup:

   I am writing to seek a conference with the Court concerning matters that have recently come to Wells Fargo's attention that may bear on Your Honor's continued service as the assigned judge in this matter. I emphasize at the outset that we do not raise this issue lightly, but we believe that we must responsibly call it to the Court's attention and that Your Honor would wish us to do so promptly.

   This issue does not involve the "investment accounts" identified in Your Honor's Notice of January 15, 2009. While the undersigned has no information on that subject beyond what is provided in the Notice, Wells Fargo's understanding, based solely on the Court's description, is that those facts would not require disqualification in this case.

   However, other recent events create a different concern. As the Court is aware, this case involves a challenge by plaintiffs to the methodology used by Wells Fargo in sequencing transactions when batch posting them to a customer's account each night. We recently received an amended interrogatory answer in which plaintiffs asserted that, with respect to at least some transactions, they now contend that Wells Fargo is required to post transactions from lowest amount to highest, in part because that was the method the bank used in California before 1998.[1] This theory has also been the apparent basis of questions asked in recent depositions of Wells Fargo witnesses about the bank's historical practices.

---

[1] Specifically, plaintiffs now contend that, to the extent it is not technologically possible to post transactions according to plaintiffs' preferred method (as plaintiffs apparently now recognize is the case in at least some instances), Wells Fargo should post from lowest amount to highest and that "[t]he reason is based on this was Wells Fargo's practice before changing to a high to low system [following its merger with NorWest in 1998].… A second reason is that this (continued…)

COVINGTON & BURLING LLP

Following plaintiffs' disclosure of this theory, we investigated the reason for Wells Fargo's posting order in the period before 1998. Current and former employees of the bank have indicated that the bank previously used the posting order at issue, not because it believed such a practice was required by law or was more reasonable than other methods, but rather because the bank had committed to do so for a fixed period of time as part of a court-approved settlement of prior class action litigation against Wells Fargo and Crocker Bank (which was merged into Wells Fargo in 1986) involving overdraft fees. That litigation included several consolidated and/or related cases, including *Perdue v. Crocker National Bank*, *Abascal v. Crocker National Bank*, and *Rebney v. Wells Fargo Bank, N.A.* Your Honor, along with others in your prior law firm, was counsel for Crocker in that litigation.[2]

We currently know little about Your Honor's involvement in the prior litigation beyond your appearance in the California Supreme Court in *Perdue*. Unfortunately, neither the bank nor your prior law firm has retained its files from the litigation. The in-house lawyer at Wells Fargo who had responsibility for the litigation is no longer with the bank and now resides, we are told, in Brazil. Although our investigation of this matter is continuing (pertinent files may be in the possession of the recently dissolved Heller Ehrman firm, but we have so far been unable to obtain them), we believe that Your Honor would not wish us to delay further in bringing the matter to the Court's attention. Moreover, Your Honor may have pertinent information bearing on the subject of which we are so far unaware.

I want to stress that it is Wells Fargo's position that the order in which it sequenced transactions ten years ago – long before the beginning of the class period in this case – is utterly irrelevant to any issue in this case. However, plaintiffs have now revealed that they believe otherwise, and it is a question that the Court will ultimately have to address. And if evidence of that past posting practice is deemed relevant and admissible, Wells Fargo would have the right to offer evidence of its own rebutting any suggestion that it did so in the belief that such a posting order was required under California law or was otherwise the most appropriate one. Both sides will likely offer a variety of arguments about what aspects of this history (including information about the underlying litigation) should and should not be admissible under Rules 402 and 403 of the Federal Rules of Evidence. Again, these would be issues that the Court would have to resolve.

In light of these facts, we believe there is a question as to whether grounds for mandatory disqualification exist under the "personal knowledge" prong of 28 U.S.C. § 455(b)(1) and/or the "service in private practice" or "witness" prongs of 28 U.S.C. § 455(b)(2). And regardless of whether section 455(b) applies here, a substantial question may exist under 28 U.S.C. § 455(a), which is of obvious concern to the parties as well as to absent class members.

---

is the most logical and fair system when chronological debit card posting order cannot be determined...."

[2] Wells Fargo has been aware since the outset of this case that Your Honor was counsel in *Perdue*. However, it is only recently that we learned of plaintiffs' new theory of the case and the additional facts that establish the potential link between this case and the prior litigation.

COVINGTON & BURLING LLP

Wells Fargo requests the guidance of the Court on how it wishes to proceed.

Respectfully submitted,

Sonya D. Winner

Counsel for Defendant
Wells Fargo Bank, N.A.