IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA SANCHEZ, ERIN WALKER and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO AND COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125,<br><br>  Defendants. | No. C 07-05923 WHA<br><br>**ORDER RE DEFENDANT'S LETTER RE DISQUALIFICATION AND REFERRAL FOR RANDOM RE-ASSIGNMENT TO ANOTHER JUDGE FOR DECISION** |

The Court has received a letter dated January 26, 2009, from counsel for Wells Fargo. It is true that the undersigned was counsel for Crocker National Bank in litigation brought by plaintiffs Perdue and Abascal in the early 1980s, as the Court mentioned in a hearing early on herein. That litigation, which ended decades ago, was over the amount of overdraft fees. The main theory pursued there was whether the NSF fee amount charged was "unconscionable" under state law and whether the signature card was a "contract." The case went all the way to the California Supreme Court and the undersigned argued for appellee banks. The *Perdue* decision was rendered in 1985. The matter settled thereafter.

The letter states that plaintiff's counsel is inquiring into the sequencing method the bank used before 1998. Even if the sequencing method used by Wells Fargo is relevant to the instant litigation, the undersigned is aware of no confidential information, or for that matter any non-confidential information on the subject, learned by the undersigned from representation of

Crocker National Bank in the 1980s that could bear upon the issues at hand. It should also be remembered that when Wells Fargo acquired Crocker National Bank in 1986, the undersigned was phased out of the litigation in favor of other counsel for Wells Fargo.

If it is indeed true in this case that the posting sequence used before 1998 is relevant herein, the undersigned is nonetheless aware of no personal knowledge by him that would bear upon those practices, is aware of no service in private practice that was directed to a sequencing method, and is aware of no way he would be a witness in the instant case. All that he knows about this matter is what counsel have provided to him in this litigation and, of course, what any consumer with a deposit account would learn from ordinary life experience.

Out of an abundance of caution, the Court will treat counsel's letter as a motion to disqualify and will refer the motion to the Clerk for reassignment and disposition. In the meantime, we will proceed with litigation and all deadlines must be met.

**IT IS SO ORDERED.**

Dated: January 27, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE