1 Richard D. McCune, SB # 132124
rdm@mwtriallawyers.com
2 Jae (Eddie) K. Kim, SB # 236805
jkk@mwtriallawyers.com
3 McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
4 Redlands, CA 92374
Telephone: (909) 557-1250
5 Facsimile: (909) 557-1275

6 Attorneys for Plaintiffs
VERONICA GUTIERREZ, ERIN WALKER
7 and WILLIAM SMITH, on behalf of themselves and
all others similarly situated,

8

9 Sonya D. Winner, SB # 200348
David M. Jolley, SB # 191164
10 COVINGTON & BURLING LLP
One Front Street
11 San Francisco, CA 94111
Telephone: (415) 591-6000
12 Facsimile: (415) 591-6091
swinner@cov.com
13
Attorneys for Defendant
14 WELLS FARGO BANK, N.A.

15

16 UNITED STATES DISTRICT COURT

17 FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18 VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals, and on behalf of all others similarly situated, | Civil Case No.: C-07-5923 WHA (JCSx) |
| | CLASS ACTION |
| Plaintiffs, | **STIPULATION RE EXPERT DISCOVERY AND [PROPOSED] ORDER** |
| v. | |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125, | Hon. William H. Alsup |
| | Complaint filed: November 21, 2007 |
| Defendants. | |

STIPULATION RE EXPERT DISCOVERY AND
[PROPOSED] ORDER
Civil Case No.: C-07-5923 WHA (JCSx)

## STIPULATION

WHEREAS, the parties in this action, subject to the Court's approval, wish to adopt certain procedures that will apply to expert disclosures and discovery in this case; and

WHEREAS, the provisions on expert discovery in Paragraph 22 of the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup and Paragraph 4 of the Second Amended Case Management Order (Dkt. 148) authorize the parties to vary certain of the requirements set out in those provisions, and the parties wish to adopt some such variations in those requirements;

The parties accordingly STIPULATE as follows:

1.  In addition to the expert reports and related information required to be provided under Fed. R. Civ. P. 26(a)(2), each party will voluntarily produce, at the same time and without the need for separate discovery requests, copies of all materials – including workpapers, algorithms, data compilations, and other materials reflecting and illustrating underlying analyses – that each of their expert witnesses has relied upon in forming or explaining his or her opinions. Deposition transcripts from this case and documents that have previously been produced in the case need not be produced again if they are specifically identified by bates numbers (or, in the case of depositions, by deponent).

2.  The following items will not be produced by the parties or their expert witnesses:

    - Notes, emails, and other correspondence, except if and to the extent such documents constitute or reflect a source of facts the expert has relied upon to form or explain his or her opinions. (Thus, for example, if an expert's source for a particular fact that she relies upon is an interview with a third party, her notes of that interview must be produced.)

    - Drafts of expert reports.

    - Documents and data reflecting "computer runs," calculations, and other analyses that the expert witness does not rely upon and as to which no testimony will be provided.

3.  The time to exchange any illustrative animations, diagrams, charts, and models that may be used in the direct examination of an expert witness at trial is extended until two days before the scheduled deposition of the expert witness. However, this extension applies

only to materials that merely illustrate information that is fully disclosed and explained in the expert's report. The parties will continue to meet and confer on this subject and may agree on further variations of this deadline in the future.

4. Along with their Rule 26(a)(2) disclosures, the parties will provide alternative dates when each expert witness would be available for deposition (i) before the date that the other party's responsive or reply expert report would be due and (ii) during the two-week period between service of the final expert report and the close of expert discovery. The opposing party will then select which date it wishes to depose each expert witness.

5. All expert witnesses will be made available for deposition in San Francisco, California.

6. Nothing in this stipulation will limit in any way the scope of permissible questioning during an expert's deposition.

**IT IS SO STIPULATED.**

DATED: ~~January~~ February 2, 2009

COVINGTON & BURLING LLP

By: _____
David M. Jolley
Attorneys for Defendant

DATED: January 30, 2009

McCUNE & WRIGHT, LLP

By: _____
Richard D. McCune
Attorneys for Plaintiffs

STIPULATION RE EXPERT DISCOVERY AND ~~[PROPOSED]~~ ORDER        2

**ORDER**

1. **IT IS SO ORDERED.**

DATED: ____February 3____, 2009

IT IS SO ORDERED
Judge William Alsup