1  Sonya D. Winner, SB # 200348
   David M. Jolley, SB # 191164
2  Margaret G. May, SB # 234910
   COVINGTON & BURLING LLP
3  One Front Street
   San Francisco, CA 94111
4  Telephone: (415) 591-6000
   Facsimile: (415) 591-6091
5  E-mail: swinner@cov.com

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
7

8
                    UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 | VERONICA GUTIERREZ, *et al.*,              | Civil Case No.: CV-07-5923 WHA (JCSx)
12 |                        Plaintiffs,          |
                                                 | **MOTION OF DEFENDANT WELLS
13 |            v.                               | FARGO BANK, N.A. FOR PARTIAL
                                                 | SUMMARY JUDGMENT ON
14 | WELLS FARGO & COMPANY, *et al.*,            | PLAINTIFFS'
                                                 | MISREPRESENTATION CLAIMS**
15 |                        Defendants.          |
                                                 | Date: March 19, 2009
16                                                 Time: 2:00 p.m.
                                                   Dept.: Courtroom 9
17

18                                                 Honorable William H. Alsup

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**PAGE(S)**

NOTICE OF MOTION ...................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES...............................................................1

I. INTRODUCTION AND SUMMARY OF ISSUE TO BE DECIDED .............................1

II. FACTUAL BACKGROUND ..............................................................................................3

    A. The Claims at Issue ...................................................................................................3

    B. The Court's Class Certification Order.....................................................................4

    C. Plaintiffs' Initial Interrogatory Answers and Deposition Testimony....................5

    D. Wells Fargo's Follow-Up Interrogatory ..................................................................6

III. ARGUMENT .........................................................................................................................8

    A. Plaintiffs Cannot Prevail on Their False Advertising and Other Misrepresentation Claims Without Proof of Reliance by, and Causation of Injury to, the Named Plaintiffs..........................................................8

    B. The Court Should Grant Partial Summary Judgment on Plaintiffs' UCL, CLRA, UCL, Fraud, and Negligent Misrepresentation Claims ...................9

    C. The Court Should Enter Summary Judgment on Plaintiffs' FAL Claim in its Entirety ..............................................................................................................10

IV. CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986) ................................................................................................................8

*Bates v. United Parcel Serv., Inc.,*
   465 F.3d 1069 (9th Cir. 2006) ................................................................................................10

*Chern v. Bank of Am.,*
   15 Cal. 3d 866 (1976) ............................................................................................................10

*Daghlian v. DeVry Univ., Inc.,*
   2007 WL 5625508 (C.D. Cal. Dec. 10, 2007) .......................................................................10

*Hall v. Time Inc.,*
   158 Cal. App. 4th 847 (2008) ..................................................................................................9

*Laster v. T-Mobile USA, Inc.,*
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) ...................................................................................9

*Massachusetts Mut. Life Ins. Co. v. Super. Ct.,*
   97 Cal. App. 4th 1282 (2002) ..................................................................................................9

*Mirkin v. Wasserman,*
   5 Cal. 4th 1082 ........................................................................................................................9

*Peterson v. Cellco P'ship,*
   164 Cal. App. 4th 1583 (2008) ................................................................................................9

*Simon v. E. Ky. Welfare Rights Org.,*
   426 U.S. 26 (1976) ................................................................................................................10

*Wooden v. Bd. of Regents of Univ. Sys. of Ga.,*
   247 F.3d 1262 (11th Cir. 2001) ..............................................................................................10

**STATUTES**

Cal. Bus. & Prof. Code § 17204 .....................................................................................................8

Cal. Bus. & Prof. Code § 17535 .....................................................................................................8

Cal. Civ. Code § 1780(a) ................................................................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 ...........................................................................................................................1

Fed. R. Civ. P. 56(c) ......................................................................................................................8

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

ii

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 19, 2009, at 2:00 p.m. in the courtroom of the Honorable William H. Alsup, United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., Courtroom 9, 19th Floor, San Francisco, California, or at such date and time as the Court may otherwise direct, defendant Wells Fargo Bank, N.A. ("Wells Fargo") will move and hereby does move the Court for partial summary judgment on the misrepresentation claims alleged in plaintiffs' [Adjusted] First Amended Class Action Complaint.

This motion is made pursuant to Fed. R. Civ. P. 56 on the grounds that: (a) as to the challenged advertising and other statements that are the subject of this motion, plaintiffs cannot prevail in their CLRA, UCL, FAL, fraud, or negligent misrepresentation claims as facts admitted by plaintiffs preclude proof of either reliance or causation of injury; and (b) plaintiffs' FAL claim rests solely on reliance on a communication that is not "advertising" within the meaning of the statute. Resolution of the issues presented in this motion at this time will lead to substantial savings of judicial and party resources.

The motion is based on this notice, the memorandum of points and authorities set out below, and the accompanying declaration of David M. Jolley, together with such further argument and evidence as the Court shall permit.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ISSUE TO BE DECIDED

In this suit, plaintiffs, representing two classes certified by the Court, challenge (1) the sequencing used by Wells Fargo Bank, N.A. ("Wells Fargo") in posting transactions to a customer's account (the so-called "Re-Sequencing" claims) and (2) the bank's practice of including and thereafter eliminating certain pending debit transactions from the "available balance" figures provided to customers (the "Including and Deleting" claims). *See* Order

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'  1
MISREPRESENTATION CLAIMS

Denying Defendant's Motion for Summary Judgment and Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification (September 11, 2008) (Dkt. No. 98) ("Order").

In their complaint, plaintiffs also presented a variety of allegations concerning alleged misrepresentations in advertisements and other statements by Wells Fargo. Two of the plaintiffs, who are the class representatives for the "Including and Deleting" class, claim to have relied to their detriment on individual communications of the amounts of their "available balances." This motion does not address that claim. However, discovery has shown unequivocally that none of the named plaintiffs saw or relied on any other alleged misrepresentations by Wells Fargo. This motion accordingly seeks summary judgment on plaintiffs' misrepresentation claims to the extent they go beyond plaintiffs' claims concerning "available balance" figures supplied under an "Including and Deleting" scenario.

In this motion, Wells Fargo does not ask the Court to consider the substance of any alleged advertising or other statements or to assess whether they are in fact false or misleading. Rather, this motion focuses solely on the undisputed evidence that the named plaintiffs did not rely upon any such alleged misrepresentations. In the absence of such reliance, plaintiffs are unable to demonstrate causation, which is a required element of each of their misrepresentation claims. Wells Fargo is accordingly entitled to summary judgment on plaintiffs' False Advertising claim in its entirety and to partial summary judgment on plaintiffs' CLRA, UCL, fraud, and negligent misrepresentation claims to the extent that those claims purport to challenge any alleged misrepresentation other than the allegedly "inaccurate" available balance figures provided individually to members of the Including and Deleting Class.

Granting partial summary judgment at this time will substantially narrow the issues to be addressed in subsequent stages of this case and will avoid pointless expenditure of judicial and party resources on *Daubert* motions, motions *in limine*, and other activities. Plaintiffs' counsel have already made clear that their trial preparation efforts focus heavily on issues that are utterly unrelated to any claims that could be presented by these plaintiffs,

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.  
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'  
MISREPRESENTATION CLAIMS  
Civil Case No.: CV-07-5923 WHA (JCSx)

2

including arguments about alleged misleading statements that plaintiffs assert are "known by counsel."[1] But the plaintiffs in this case are Erin Walker, William Smith, and Veronica Gutierrez, and what matters here is what those three individuals saw, what they relied upon, and what affected them, not what their counsel hope to argue without reference to them.

## II. FACTUAL BACKGROUND

### A. The Claims at Issue

In their [Adjusted] First Amended Class Action Complaint ("Complaint") (Dkt. No. 30), plaintiffs asserted claims under two general theories on behalf of two putative classes, a "Sufficient Funds" class (whose claims related to overdraft fees incurred on debit-card transactions in situations in which customers had sufficient funds in their accounts at the time of the transactions) and an "Inaccurate Balance" class (whose claims related to overdraft fees incurred when a customer relied upon an allegedly inaccurate "available balance" communicated by the bank).

In their allegations relating specifically to the claims of the "Inaccurate Balance" class, plaintiffs challenged Wells Fargo's methodology for calculating and disclosing customers' available balances and identified seven alleged misrepresentations by Wells Fargo that they alleged were pertinent to the claims of that class. Complaint ¶ 27(a)-(g). Specifically, the Complaint identified certain statements made in a "Welcome to Your New Account Jacket" (¶ 27(a)); a Consumer Account Fee and Information Schedule (¶ 27(b)); a "Get your finances into shape with our resources" brochure (¶ 27(c)); a "Checking, Savings, and More" brochure (¶ 27(d)); a webpage on "Wells Fargo Account Activity Questions" (¶ 27(e)); an envelope used to send a checking account statement (¶ 27(f)); and a "Television and Radio Commercial Campaign" (¶ 27(g)). The Complaint alleged that these materials misrepresented the accuracy and reliability of the "available balance" information that Wells Fargo provides to its customers.

---

[1] For example, plaintiffs' counsel have indicated an intention to proffer substantial expert testimony about these alleged misrepresentations, notwithstanding the fact that any such testimony would be irrelevant to the plaintiffs. See Declaration of David M. Jolley ("Jolley Dec.") ¶ 2.

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

3

1  The Complaint alleged no misrepresentations with respect to claims of the "Sufficient Funds" class. *See* Complaint ¶¶ 14-24.

The Complaint asserted six causes of action, under the Consumer Legal Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), and the False Advertising Law ("FAL"), and for fraud, negligent misrepresentation, and conversion.

### B. The Court's Class Certification Order

In its Class Certification Order issued on September 11, 2008, the Court significantly revised and narrowed plaintiffs' two alleged classes. The "Sufficient Funds" class was revised and certified as a "Re-Sequencing Class," defined as "all Wells Fargo California customers from November 15, 2004, to June 30, 2008, who incurred overdraft fees on debit card transactions as a result of the bank's practice of sequencing transactions from highest to lowest." Order at 27. The "Inaccurate Balance" class was narrowed and certified as an "Including and Deleting Class," defined as "all Wells Fargo California customers with consumer checking accounts from November 15, 2004, to June 30, 2008, who incurred overdraft fees on debit card transactions after dissemination by Wells Fargo of available-balance information that once reflected and later deleted a debit card transaction." *Id.* at 25. The Court found, based on the evidence then before it, that plaintiff Gutierrez could serve as an adequate class representative for the "Re-Sequencing Class." *Id.* at 26-27. The Court also found that plaintiffs Walker and Smith had suffered "Including and Deleting" events and could therefore serve as class representatives for the "Including and Deleting" class. *Id.* at 23-24.

The Court's Order made no findings as to plaintiffs' standing with respect to any particular cause of action alleged in the Complaint; nor were any of the Court's holdings predicated on a finding that plaintiffs had made a colorable showing of reliance on any advertising or other affirmative statements by Wells Fargo other than the communications of "available balance" figures to Walker and Smith.[2]

---

[2] Wells Fargo had sought summary judgment on the issue of plaintiffs' standing. However, that motion – and the Court's ruling in its September 11 Order – addressed entirely different issues, *i.e.*, whether plaintiffs Walker and Smith could show that they had reasonably (continued...)

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

4

### C. Plaintiffs' Initial Interrogatory Answers and Deposition Testimony

Wells Fargo served interrogatories on plaintiffs that sought disclosure of all advertising and other statements by Wells Fargo that each plaintiff challenged in this case and the circumstances under which each plaintiff became personally aware of each such challenged statement. *See* Jolley Dec. Ex. A. As discussed in more detail below, each of the named plaintiffs provided verified responses that disclaimed personal familiarity with any advertising or other statements (other than statements about the amounts of their account balances) that might be relevant to their claims in this case. *Id.* Exs. B-D. However, each plaintiff went on to state "my counsel is aware of other statements and this response includes statements known by my counsel," and then listed as "known to counsel" the same seven items alleged in paragraph 27 of the Complaint. *Id.* Ex. B at 3, Ex. C at 3, Ex. D at 3.

No supplement has ever been served to these interrogatory responses pursuant to Rule 26(e). Jolley Dec. ¶ 7.

The specifics of the responses and follow-up deposition testimony of each of the three plaintiffs are as follows:

**William Smith.** Plaintiff Smith's interrogatory response stated, in pertinent part (*i.e.*, before identifying challenged statements known only to "[his] counsel"):

> "I do not have personal knowledge of the statements except that I regularly reviewed my account online and checked my balance. I relied on that information provided by Wells Fargo as being accurate."

Jolley Dec. Ex. B at 3. Smith confirmed in his deposition that this interrogatory answer was accurate and complete and that he had no personal familiarity with the "known by counsel" materials. *Id.* Ex. H at 100-01.

**Erin Walker.** The pertinent portion of Walker's interrogatory response (which also listed the seven items "known by [her] counsel") was identical to that of Smith:

---

relied on the available balance figures they were given and whether plaintiff Gutierrez's overdraft fees could have been caused by the bank's order of sequencing in posting transactions to her account. Order at 19-20. The Court's Order did not touch on the issues addressed here.

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

5

> "I do not have personal knowledge of the statements except that I regularly reviewed my online account and checked my balance. I relied on that information provided by Wells Fargo as being accurate."

Jolley Dec. Ex. C at 3. Walker, like Smith, confirmed in her deposition that her interrogatory answers were accurate and complete. *Id.* Ex. I at 118-19.

**Veronica Gutierrez**. Gutierrez also identified the seven items "known by [her] counsel." Otherwise, her interrogatory answer stated as follows:

> "I do not have personal knowledge of the statements except that I regularly reviewed my online account and checked my balance. I relied on that information provided by Wells Fargo as being accurate. I also looked at the jacket that I received when I signed up that discussed the benefits to online banking to manage your finances and check account balances."

Jolley Dec. Ex. D at 3. Gutierrez produced a copy of the new account jacket referred to in her response, which was the 2001 version of that document. Jolley Dec. ¶ 14 & Ex. K. The interrogatory answers identified statements in that document as bearing on the accuracy of "available balances." However, such statements are pertinent only to the claims of the "Including and Deleting" class. Plaintiffs have admitted that Gutierrez – whose injury, if any, relates solely to the sequence in which transactions were posted to her account, not the amount of any "available balance" communicated to her (*see* Order at 21) – is not a member of that class.[3]

In her deposition, Gutierrez confirmed that her interrogatory answers were accurate and complete. Jolley Dec. Ex. J at 72-73. She also confirmed that she did not rely on the new account jacket for any purpose. *Id.* at 22-23.

### D. Wells Fargo's Follow-Up Interrogatory

With the close of fact discovery approaching, Wells Fargo served a follow-up interrogatory designed to reconfirm that plaintiffs have no actual evidence of reliance on any affirmative statements by Wells Fargo beyond statements of account balances:

---

[3] Jolley Dec. Ex. G at 4 (Plaintiffs' Response to Request For Admission No. 15). The 2001 version of the new account jacket did not contain additional language used in later versions that plaintiffs referred to in the subsequent interrogatory answer discussed below.

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.  
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'  
MISREPRESENTATION CLAIMS  
Civil Case No.: CV-07-5923 WHA (JCSx)

6

> "For every advertisement, marketing piece, or other statement by Wells Fargo that YOU challenge in this case, identify each individual member of the class for whom YOU have evidence or actual knowledge that the individual class member actually reviewed and relied upon the advertisement, marketing piece, or other statement at issue, and for each such class member, list all such advertisements, marketing pieces, or other statements for which YOU have such evidence or actual knowledge, and identify and describe the particular evidence or actual knowledge that supports YOUR response."

Jolley Dec. ¶ 8 & Ex. E at 3.

On February 2, 2009, plaintiffs served an unverified response to this interrogatory, signed only by counsel. Jolley Dec. Ex. F. This response did not answer the question posed – no specific advertisements, marketing pieces, or other statements were identified and no class members were named. Instead, after objecting that the interrogatory called for a legal conclusion and sought attorney work product, plaintiffs' counsel responded:

> "Plaintiffs challenge a variety of advertisements, marketing and other statements made by Wells Fargo. Those challenges include statements that:
>
> - Purchases made with a check card are "immediately" deducted from the checking account.
>
> - Purchases made with a check card are "automatically" deducted from the checking account.
>
> - The customer cannot spend more than they have in the account when using a debit card.
>
> - Available balance is the most current picture of funds available for withdrawal.
>
> - The use of the term "available balance."
>
> **Other than individual class members identified and deposed by Defendants, Plaintiffs are aware of no specific individual class members that specifically "relied" on a specific advertising, marketing or other statement made by Wells Fargo."**

Jolley Dec. Ex. F at 3 (emphasis added).[4]

---

[4] Some of the bullet-point propositions cited in this response are nowhere to be found in the advertisements and other materials cited in plaintiffs' verified responses to the earlier interrogatories seeking identification of the specific Wells Fargo materials that plaintiffs challenge. This new interrogatory answer, which identifies not a single specific Wells Fargo (continued…)

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

7

At the time this response was served, the only "individual class members" deposed by Wells Fargo were the named plaintiffs and one of two additional alleged class members identified by plaintiffs as potential trial witnesses; that witness also disclaimed any memory of, or reliance on, any Wells Fargo advertising.[5] Read in light of this fact, plaintiffs' largely unresponsive answer effectively acknowledges that the true answer to the interrogatory is "NONE" – *i.e.*, that (with the possible exception of the mere use of the term "available balance" to describe numbers communicated to plaintiffs Walker and Smith) plaintiffs have *no* evidence of actual review and detrimental reliance on *any* Wells Fargo statement by *any* class member – including, importantly, the named plaintiffs.

## III. ARGUMENT

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis upon which a reasonable jury could find for the nonmoving party, and a fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, the material facts have been flatly admitted by plaintiffs, and the applicable rule of law requires summary judgment.

### A. Plaintiffs Cannot Prevail on Their False Advertising and Other Misrepresentation Claims Without Proof of Reliance by, and Causation of Injury to, the Named Plaintiffs.

Causation of injury is a required element for each of plaintiffs' claims. *See* Cal. Civ. Code § 1780(a) (CLRA); Cal. Bus. & Prof. Code § 17204 (UCL); Cal. Bus. & Prof. Code §

---

advertisement or other publication, clearly does not serve as a supplement to those earlier responses. This fact should not to matter for current purposes, however, as it is plain that (with the exclusion of the reference to "available balance" figures) this response, once again, refers only to contentions about items "known to counsel," not statements on which any of the named plaintiffs claims to have relied.

[5] Jolley Dec. Ex. L at 37-39. The second class member witness was deposed on February 9, 2008. He also disclaimed familiarity with any Wells Fargo advertising or other statements. *Id.* Ex. M at 14-15.

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

8

17535 (FAL); *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1089 n.2, 1092 (1993) (fraud and negligent misrepresentation). Before the passage of Proposition 64 in 2004, a plaintiff could bring a UCL or FAL claim based solely on potential injury to unidentified other people caused by advertising known only to "counsel." But Proposition 64 changed the law to require the named plaintiffs to demonstrate actual injury suffered as a result of the challenged conduct. *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (2008) (a plaintiff "now has standing to assert a UCL claim only if he or she (1) 'has suffered injury in fact,' and (2) 'has lost money or property as a result of such unfair competition'"); *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008) (same).

To demonstrate the requisite causation for a claim based on misrepresentation, a plaintiff must be able to demonstrate that he relied on the misrepresentation. *See Massachusetts Mut. Life Ins. Co. v. Super. Ct.*, 97 Cal. App. 4th 1282, 1292-93 (2002) (CLRA); *Hall*, 158 Cal. App. 4th at 471-72 (UCL and FAL); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1193-94 (S.D. Cal. 2005) (UCL and FAL); *Mirkin*, 5 Cal. 4th at 1089 n.2, 1092 (fraud and negligent misrepresentation). Where, as here, proof of such reliance is absent, such claims fail as a matter of law. *See, e.g., Laster*, 407 F. Supp. 2d at 1194 (dismissing false advertising claim where plaintiffs did not allege that they relied on the challenged advertisements).

**B.    The Court Should Grant Partial Summary Judgment on Plaintiffs' UCL, CLRA, UCL, Fraud, and Negligent Misrepresentation Claims.**

The only alleged statements of any kind by Wells Fargo on which any of the three plaintiffs claim personally to have relied to his or her detriment were the available balance figures that plaintiffs Smith and Walker claim were given to them under an "Including and Deleting" scenario. The three plaintiffs have explicitly admitted a lack of reliance on any of the advertising and other materials alleged in the Complaint. Indeed, they admit a lack of any personal knowledge of those or any other statements by Wells Fargo (other than available balance figures), asserting only that some such statements are "known by [their] counsel."

It is now clear that plaintiffs lack evidence that *any* class member relied on any of the statements they seek to challenge in this case. But even if evidence existed of reliance by

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

9

class members other than the named plaintiffs, that would be insufficient to salvage their claims in this case.[6] "When a plaintiff is a class, the class must establish that at least one named plaintiff has standing in order for the entire class to have standing." *Bates v. United Parcel Serv., Inc.*, 465 F.3d 1069, 1078 (9th Cir. 2006). The standing requirement may not be satisfied by bootstrapping from allegations of injury to other class members; rather the named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (citation omitted).

Accordingly, the Court should grant summary judgment to Wells Fargo on plaintiffs' CLRA, UCL, fraud, and negligent misrepresentation claims as they pertain to any alleged misrepresentations other than specific available balance figures.

### C. The Court Should Enter Summary Judgment on Plaintiffs' FAL Claim in its Entirety.

The only communications from Wells Fargo as to which any of the named plaintiffs has alleged reliance are the available balance figures plaintiffs Smith and Walker claim were given to them. These communications are not "advertising" within the meaning of the FAL. That statute governs statements made to induce potential customers to purchase goods or services or to enter into a relationship with the advertiser. *See Daghlian v. DeVry Univ., Inc.*, 2007 WL 5625508, at *5 n.29 (C.D. Cal. Dec. 10, 2007) (sales pitches); *Chern v. Bank of Am.*, 15 Cal. 3d 866, 876 (1976) (FAL covers statements to potential customers to "entice" them into doing business with defendant).

---

[6] If such evidence existed, it might argue for the entry of summary judgment only as to the named plaintiffs and the decertification of the classes as to these claims due to a failure to satisfy the typicality requirement. *See Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1287-88 (11th Cir. 2001) ("It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class…"). However, in the absence of evidence of actual impact on *any* class member, the Court should simply grant summary judgment against the classes as a whole.

Plaintiffs have not alleged that Wells Fargo communicated available balance figures to Walker and Smith in order to induce them to purchase goods or services from the bank. To the contrary, the available balance figures Smith and Walker claim to have received were simply part of their ongoing relationship with Wells Fargo. Because these communications did not constitute "advertising" – and because (as discussed above) there are no other communications from Wells Fargo on which any of the plaintiffs claim to have relied to their detriment – Wells Fargo is entitled to summary judgment on the FAL claim in its entirety.[7]

## IV.   CONCLUSION

For the reasons set forth above, the Court should grant summary judgment in favor of Wells Fargo on plaintiffs' False Advertising claim in its entirety and on plaintiffs' CLRA, UCL, fraud, and negligent misrepresentation claims as they pertain to alleged misrepresentations other than the specific amounts of "available balances" communicated to plaintiffs Walker and Smith and other members of the Including and Deleting Class.

DATED: February 12, 2009

Respectfully submitted,

COVINGTON & BURLING LLP

By: s/
David M. Jolley
Attorneys for Defendant
WELLS FARGO BANK, N.A.

---

[7] At a minimum, the Court should grant partial summary judgment on the FAL claim co-extensive with the partial summary judgment sought here on plaintiffs' other misrepresentation claims.

MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS'
MISREPRESENTATION CLAIMS
Civil Case No.: CV-07-5923 WHA (JCSx)

11