1  Sonya D. Winner, SB # 200348
   David M. Jolley, SB # 191164
2  Margaret G. May, SB # 234910
   Bryanne J. Schmitt, SB # 257534
3  COVINGTON & BURLING LLP
   One Front Street
4  San Francisco, CA 94111
   Telephone:  (415) 591-6000
5  Facsimile:  (415) 591-6091
   E-mail:  mmay@cov.com
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8

9              UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
   VERONICA GUTIERREZ, *et al.*,                Civil Case No.:  CV-07-5923 WHA (JCSx)
12
                  Plaintiffs,
13                                              **REPLY OF DEFENDANT WELLS**
         v.                                     **FARGO BANK, N.A. IN SUPPORT**
14                                              **OF MOTION FOR PARTIAL**
   WELLS FARGO & COMPANY, *et al.*,             **SUMMARY JUDGMENT**
15
                  Defendants.                   Date:  March 19, 2009
16                                              Time:  2:00 p.m.
                                                Dept.:  Courtroom 9
17
                                                Honorable William H. Alsup
18

19

20

21

22

23

24

25

26

27

28
   REPLY OF WELLS FARGO IN SUPPORT OF MOTION FOR
   PARTIAL SUMMARY JUDGMENT
   Civil Case No.:  CV-07-5923 WHA (JCSx)

TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................. 1

II.   STATUS OF THIS CASE AND CONTEXT OF THIS MOTION................................. 2

III.  ARGUMENT........................................................................................................... 4

      A.   The Court's September 11 Order Did Not Address The Issues Presented on this Motion. ................................................................................ 4

      B.   The Mere Fact That Plaintiffs May Have Standing to Assert One Claim Does Not Afford Them the Right to Assert Other Claims as to Which Standing Is Manifestly Absent. .............................................................. 6

      C.   Plaintiffs Cannot Escape Their Own Clear Admissions....................................... 7

      D.   Plaintiffs Cannot Escape Summary Judgment By Relying On An Inference Of Class-Wide Reliance. ...................................................................... 8

      E.   Plaintiffs Do Not Oppose Wells Fargo's Motion for Summary Judgment on Their False Advertising Claim as It Relates to The "Including and Deleting" Available Balance Figures. ........................................ 10

IV.  CONCLUSION...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Block v. City of Los Angeles*,
 253 F.3d 410 (9th Cir. 2001) ..................................................................................................7

*Deitz v. Comcast Corp.*,
 2007 WL 2015440 (N.D. Cal. 2007) .......................................................................................9

*Dessar v. Bank of Am. Nat'l Trust and Savings Ass'n*,
 353 F.2d 468 (9th Cir. 1965) ...................................................................................................4

*Gonzalez v. Proctor and Gamble Co.*,
 247 F.R.D. 616 (S.D. Cal. 2007) .............................................................................................9

*Hall v. Time Inc.*,
 158 Cal. App. 4th 847 (2008) ..................................................................................................6

*In re U.S. Financial Securities Litigation*,
 64 F.R.D. 443 (S.D. Cal. 1974) ...............................................................................................9

*Laster v. T-Mobile USA, Inc.*,
 407 F. Supp. 2d 1181 (S.D. Cal. 2005) ....................................................................................6

*Massachusetts Mut. Life Ins. Co. v. Super. Ct.*,
 97 Cal. App. 4th 1282 (2002) ..................................................................................................6

*Mirkin v. Wasserman*,
 5 Cal. 4th 1082 (1993) ....................................................................................................5, 6, 9

*Negrete v. Allianz Life Insurance Co. of North America*,
 238 F.R.D. 482 (C.D. Cal. 2006) .............................................................................................9

*Poulos v. Caesars World, Inc.*,
 379 F.3d 654 (9th Cir. 2004) ...................................................................................................9

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*
 809 F.2d 626 (9th Cir. 1987) ...................................................................................................7

*Vasquez v. Super. Ct.*,
 4 Cal. 3d 800 (1971) ................................................................................................................9

*Veliz v. Cintas Corp.*,
 2008 WL 4911238 (N.D. Cal. Nov. 13, 2008) ........................................................................7

**OTHER AUTHORITIES**

10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL
    PRACTICE AND PROCEDURE § 2712 (3d ed. 2008) ..................................................................5

## I.     INTRODUCTION

Plaintiffs' Opposition discusses just about every topic under the sun other than the single straightforward issue presented in this Motion for Partial Summary Judgment. That issue – which this Court has not previously addressed here – is this: May a group of plaintiffs pursue false advertising and fraud claims as to advertisements that they admit none of them has ever seen or heard, much less relied on? The answer to this question under California law is unqualifiedly "no."

Plaintiffs Opposition not only fails to present any meaningful response to Wells Fargo's actual Motion; it demonstrates clearly why it is important that the Court rule on this Motion now, so that the remaining proceedings can address the real issues in this case. This Motion is not about corporate jets (Opp. at 5) or the compensation of Wells Fargo's Chairman (*id.* at 4-5) or Wells Fargo's supposed "profits" (*id.* at 1, 3).[1] Nor is it about whether Wells Fargo did or did not make any statements that might *hypothetically* have misled a customer. *Id.* at 5-11. Nor is it about whether Wells Fargo's disclosures in its Consumer Account Agreement – which none of the plaintiffs ever read – could hypothetically confuse someone who did read them. *Id*. at 11-12. Nor is it about what Wells Fargo did or did not think or do at the time it selected its current order of sequencing transactions. *Id*. at 3-4.

Although the Opposition's numerous misstatements and gross mischaracterizations of the record on these subjects cry out for a response, any such response would be just as irrelevant to this Motion as plaintiffs' distorted discussion. Wells Fargo will therefore be respectful of the Court's time and attention and resist the near-overwhelming temptation to provide such a response at this stage of the case. Instead, this Reply will focus solely on the issue actually raised in this Motion: whether these plaintiffs have standing to challenge advertisements and other materials that they admit they never saw.

---

[1]     There will obviously be motions *in limine* on many of these subjects down the road, but the Court need not concern itself with them now.

REPLY OF WELLS FARGO IN SUPPORT OF MOTION FOR  1
PARTIAL SUMMARY JUDGMENT
Civil Case No.:  CV-07-5923 WHA (JCSx)

1  In its opening brief on this Motion, Wells Fargo demonstrated that plaintiffs have
2  admitted that none of them saw or relied on any of the advertising or other alleged misleading
3  statements identified as under challenge in the Complaint and plaintiffs' interrogatory answers.
4  Most of the advertising and other materials discussed in plaintiffs' Opposition were not
5  identified in either their pleadings or their discovery responses (and so could not properly be
6  pursued in this case in any event), but this fact does not matter for purposes of this Motion,
7  because it is undisputed that these plaintiffs did not see or rely on any of those materials either.
8  Indeed, plaintiffs have admitted that they know of *no Wells Fargo customer* who actually saw or
9  relied on *any* false or misleading statement by Wells Fargo. The sole exceptions are the
10 "available balance" figures that are the subject of plaintiffs' "including and deleting" claim –
11 which were, and remain, expressly excluded from this Motion.

12 Once one focuses on what plaintiffs have to say about the specific issue that this
13 Motion actually poses, it quickly becomes clear that their only arguments are (a) that the Court
14 has already decided this issue, (b) that the Court should ignore the law and permit their claim to
15 go forward even though they demonstrably lack standing, and (c) that *other* claims they have
16 asserted that are not addressed in this Motion remain viable. The first argument is wrong, the
17 second is unavailing, and the third – whether true or not – is beside the point.

18 **II.  STATUS OF THIS CASE AND CONTEXT OF THIS MOTION**

19 Before addressing plaintiffs' Opposition, it may be useful to reorient the Court as
20 to the context in which this Motion is presented.

21 As the Court will recall, this case involves two sets of claims: (1) claims relating
22 to the specific order in which Wells Fargo posts debit-card transactions to a customer's account
23 and the alleged impact that this order has on overdraft fee charges (referred to by the court as
24 the "Re-Sequencing" claims), and (2) claims relating to situations in which an "available
25 balance" figure a customer receives from Wells Fargo first includes, and then excludes, a
26 pending debit-card transaction, so that the customer could be misled (on the second occasion)
27 into thinking that he had more money in his account than he actually had, leading him to incur
28 an overdraft (the "Including and Deleting" claims). Order of September 11 at 4.

REPLY OF WELLS FARGO IN SUPPORT OF MOTION FOR  2
PARTIAL SUMMARY JUDGMENT
Civil Case No.: CV-07-5923 WHA (JCSx)

On September 11, 2008, the Court issued an Order that certified two classes of California customers to pursue these claims. In the same Order, the Court denied a threshold motion for summary judgment filed by Wells Fargo. That motion – and the Court's Order on it – focused primarily on the issue of federal preemption. Wells Fargo also argued in that motion that plaintiffs Walker and Smith – the representatives of the "Including and Deleting" class – lacked standing to challenge the "available balance" figures provided to them because neither could prove that they reasonably relied on those amounts.[2] Wells Fargo also asserted that plaintiff Gutierrez – the representative of the "Re-Sequencing" class (who has no "including and deleting" claim) – lacked standing because her challenged overdraft fee was not caused by any "re-sequencing." The Court's September 11 Order found that these arguments were insufficient to defeat plaintiffs' standing as a matter of law.[3]

This Motion addresses none of these issues. Nor does it contradict any holding, finding, or even observation made by the Court in its September 11 Order. This Motion does *not* address Walker's and Smith's standing to challenge any alleged "misrepresentations" embodied in available balance figures provided to them. Nor does it challenge Gutierrez's standing to claim that her transactions should have been posted in a different order. Instead, it addresses a whole host of alleged advertising and other materials that none of these three plaintiffs has ever claimed to have seen, relied upon, or been injured by.

After the Court issued its September 11 Order, the parties continued with fact discovery, which concluded only recently, on February 20. As shown in Wells Fargo's opening papers on this Motion, plaintiffs identified in discovery a discrete number of advertisements and other materials that they claimed to be challenging. In each instance, plaintiffs claimed to be

---

[2]  Wells Fargo presented evidence that Walker had no actual recollection of having relied on any such available balance figures, while Smith had actual knowledge that his available balance could be affected by the "including and deleting" phenomenon and so could not have *reasonably* relied in the manner plaintiffs alleged.

[3]  The Court found that Walker and Smith had potential standing because plaintiffs had made a sufficient showing that they might have experienced "including and deleting" events, and Gutierrez had standing because her transactions had been posted in an order that plaintiffs challenged. Order at 19-20.

1  challenging those materials, not because any of them had seen or relied on them – they admitted
2  they had not done so – but because they were "known to [their] counsel." Shortly before the
3  close of expert discovery, plaintiffs (in a discovery response signed only by their counsel)
4  admitted that they had no evidence that *any* class member had seen and relied upon *any* false or
5  misleading statement by Wells Fargo. *See* Mot. at 5-7.

6  The parties are currently engaged in expert discovery. Opening expert reports on
7  issues on which a party has the burden of proof were due on February 20, and responsive expert
8  reports are due on March 6. Schmitt Dec. ¶ 2. Wells Fargo is bewildered by plaintiffs'
9  assertion (Opp. at 3, 21) that the report of its consumer perception expert, Mr. Mandell, is
10 "unopposed," since Wells Fargo's responsive report on those issues (on which plaintiffs have
11 the burden of proof) is not yet due. Wells Fargo will most certainly be serving an expert report
12 responding to Professor Mandell's report.[4] However, since neither Professor Mandell's report
13 nor his declaration (which simply attaches the report) purport to address the questions of actual
14 reliance and standing at issue here, they are not germane to this Motion.

15 **III. ARGUMENT**

16 The thrust of plaintiffs' opposition is simplistic: Plaintiffs believe that Wells
17 Fargo has done bad things. Therefore, plaintiffs argue, they can challenge those bad things,
18 even though they were not actually harmed by them. That is not the law.

19 **A. The Court's September 11 Order Did Not Address The Issues Presented on this Motion.**
20
21 Plaintiffs' first argument (Opp. at 14-16) is that the issue presented in Wells
22 Fargo's motion has already been decided by the Court. Even this assertion were true (which it
23 is not), the denial of a motion for summary judgment "merely postpones decision of any
24 question; it decides none." *Dessar v. Bank of Am. Nat'l Trust and Savings Ass'n*, 353 F.2d 468,
25 470 (9th Cir. 1965) (holding that denial of a motion for summary judgment does not establish a

---

26 [4] Wells Fargo also may file, before the deadline established by the Court for dispositive
27 motions, a further motion seeking summary judgment on claims not addressed in this Motion. Wells Fargo has held off on moving as to those claims because they were potentially the subject
28 of expert testimony, and the process of exchanging expert reports remains ongoing.

REPLY OF WELLS FARGO IN SUPPORT OF MOTION FOR     4
PARTIAL SUMMARY JUDGMENT
Civil Case No.: CV-07-5923 WHA (JCSx)

rule of law in the case); *see generally* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2712 (3d ed. 2008).

Moreover, as discussed above, plaintiffs are simply wrong in asserting that the Court has previously addressed the issues posed by the Motion. In its September 11 Order, the Court rejected *different* standing arguments presented by Wells Fargo, but it did not purport to address in any way the issues presented here.

Beyond their generalized assertion that the issue of standing has already been decided, plaintiffs focus on two specific aspects of the September 11 Order, neither of which supports their argument. First, they assert that the September 11 Order found two of the plaintiffs – Walker and Smith – to have standing to challenge the "available balance" figures provided to them that were allegedly inaccurate because of "including and deleting." Opp. at 15. This argument is beside the point, because that claim is not at issue on this Motion.

Plaintiffs then point to the language in the Court's September 11 Order discussing potential inadequacy of Wells Fargo's disclosure in its Consumer Account Agreement about its posting order. Opp. at 15. Contrary to plaintiffs' suggestion, the Court purported to make no conclusive findings on that subject, which it touched upon only in the context of its discussion of the preemption issue. *See* Order at 15. The Court certainly did not find that any of these plaintiffs had standing to challenge alleged misrepresentations in that disclosure. There could be no such standing, because none of the three plaintiffs ever read the pertinent portions of the Consumer Account Agreement.[5] Simply put, it doesn't matter as to these plaintiffs what the Agreement said about posting order, because it had no impact on them. *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993) (holding that reliance on an omission requires proof that plaintiff would have been aware of the omitted information had it been disclosed).

---

[5] Plaintiff Gutierrez testified that she read a few selected portions of the Agreement that did not relate to the subjects at issue here. *See* Declaration of Bryanne J. Schmitt ("Schmitt Dec.") Ex. A at 31-37. Plaintiffs Walker and Smith never read any portion of the document. *Id.* Exs. B at 23-24 (Walker), C at 26-27 (Smith).

REPLY OF WELLS FARGO IN SUPPORT OF MOTION FOR   5
PARTIAL SUMMARY JUDGMENT
Civil Case No.: CV-07-5923 WHA (JCSx)

1 Plaintiffs do not even try to pretend that the Court has previously considered the
2 plaintiffs' standing to challenge any of the *other* alleged statements by Wells Fargo that
3 plaintiffs now assert could have – hypothetically – confused customers about posting order,
4 available balances, or other subjects. The standing issue as to these materials – which consume
5 the majority of the discussion at pages 5 through 11 of the Opposition – has therefore clearly *not*
6 been decided.

**B. The Mere Fact That Plaintiffs May Have Standing to Assert One Claim Does Not Afford Them the Right to Assert Other Claims as to Which Standing Is Manifestly Absent.**

9 Plaintiffs next argue that, because the Court has found that they have standing to
10 bring *some* claims in this case, they necessarily have the right to challenge *other* actions by the
11 Bank that indisputably had no impact on them whatsoever. Opp. at 16. Plaintiffs cite no law for
12 this remarkable proposition, and Wells Fargo is aware of none.
13 What we have here are plaintiffs who are seeking to challenge a wide variety of
14 statements that they *never* saw in *any* form.[6] And the law clearly states that to bring a claim for
15 false advertising, a plaintiff must be able to show injury stemming from reliance *on that*
16 *advertising. Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1193-94 (S.D. Cal. 2005).
17 Similarly, a claim for fraud or misrepresentation – whether at common law or under the UCL or
18 CLRA – requires a showing of injury stemming from reliance on the alleged false or misleading
19 statement that is challenged. *Id.; see also Mirkin*, 5 Cal. 4th at 1089 n.2, 1092; *Hall v. Time*
20 *Inc.*, 158 Cal. App. 4th 847, 855 (2008); *Massachusetts Mut. Life Ins. Co. v. Super. Ct.*, 97 Cal.
21 App. 4th 1282, 1292-93 (2002). It is fruitless for plaintiffs to argue (Opp. at 16), that reliance is
22 an issue of fact for the jury. For the materials at issue in this Motion, no reasonable jury could
23 possibly find reliance, because plaintiffs have admitted that they never read any of them.

---

[6] This section of plaintiffs' Opposition offers the bare assertion that "[t]here is substantial evidence that the Class Representatives have been exposed to, and have relied upon, certain of the misrepresentations and nondisclosures which are a part of Wells Fargo's systematic and pervasive scheme of deception." Opp. at 16. No record citation is presented for this assertion; nor is any evidence to support this proposition provided anywhere else in plaintiffs' Opposition papers. Rather, plaintiffs have admitted that they saw and relied upon *none* of the advertisements and other materials addressed in this Motion.

REPLY OF WELLS FARGO IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
Civil Case No.: CV-07-5923 WHA (JCSx)

6

1  Plaintiffs' potential standing to bring *other* claims about *other* conduct by Wells Fargo is beside
2  the point.

3  **C.    Plaintiffs Cannot Escape Their Own Clear Admissions.**

4  The named plaintiffs have provided clear and unequivocal admissions that they
5  lacked knowledge of, or reliance on, the materials at issue in this motion. Mot. at 5-6. These
6  admissions were provided in verified interrogatory answers and confirmed in sworn deposition
7  testimony. The Opposition cannot deny these facts but tries to ignore them in arguing that
8  plaintiffs did rely on certain specific items. Opp. at 18-20. These arguments are unavailing.

9  As to Walker and Smith, plaintiffs primarily just argue, once again, that those
10 plaintiffs have standing to claim that they were given inaccurate available balances figures. *Id.*
11 at 19-20. This Motion does not address that claim, so this argument is irrelevant. The
12 Opposition further asserts that Walker also saw a Welcome to Wells Fargo jacket. *Id.* at 19.
13 But this does nothing to undercut Walker's verified interrogatory answers – which her sworn
14 testimony confirmed – that she did not see or rely on any allegedly misleading statement in that
15 or any other document. Mot. at 5-6; *see Veliz v. Cintas Corp.*, 2008 WL 4911238, at *8 n.12
16 (N.D. Cal. Nov. 13, 2008) (party may not defeat summary judgment by seeking to contradict
17 sworn testimony) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 419 n.2 (9th Cir. 2001)).

18 As to Gutierrez, plaintiffs point to the fact that she sometimes checked her
19 account online and speculate that she might have been misled by the way her transactions were
20 set out in that online display. Opp. at 18. There are multiple fundamental flaws in this
21 argument. First, it ignores the fact that this alleged "misrepresentation" is cited in neither the
22 Complaint nor in Gutierrez's interrogatory answers, which she reaffirmed in her deposition and
23 never supplemented. Second, and more substantively, plaintiffs have offered zero evidence –
24 either through a citation to Gutierrez's deposition or a declaration from her in support of their
25 Opposition – to show that she did in fact rely on the online display and was misled in the
26 manner that her counsel speculates she might have been. *See T.W. Elec. Serv., Inc. v. Pac. Elec.*
27 *Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (to survive a motion for summary
28 judgment, plaintiff "must do more than simply show that there is some metaphysical doubt as to

the material facts" and "must produce at least some significant probative evidence tending to support the complaint." (internal marks and citations omitted)).[7]

Tellingly, the Opposition does not even try to assert that any of these plaintiffs had any exposure whatsoever to the vast majority of the allegedly misleading advertising, educational guides, and other materials that are discussed at such elaborate length in the first fourteen pages of their Opposition. Instead, plaintiffs end this discussion (Opp. at 20), with a plea that "this is not a sham class action." What exactly they mean by that statement is unclear.[8] But they certainly cite no law for the proposition that the standing requirement may be ignored based on some nebulous finding that a class action is not a "sham." That is not the test established by Proposition 64, and it cannot save these claims here.

### D. Plaintiffs Cannot Escape Summary Judgment By Relying On An Inference Of Class-Wide Reliance.

Plaintiffs finally assert that they may proceed with their challenge to the advertisements and other materials addressed in this Motion, notwithstanding their demonstrated lack of standing to challenge those materials, because of case law suggesting that, under certain circumstances, reliance by absent class members may be inferred. Regardless of whether plaintiffs have correctly stated the law on this "inference" rule (and they have not), that rule cannot save their claims here.

---

[7] Gutierrez did testify that she once believed that her debit card transactions were posted to her account instantaneously. However, plaintiffs' Opposition conveniently fails to mention that she testified further that this belief was based, not on anything she saw or heard from Wells Fargo, but solely on her general assumption that this "is what our technology is for…." Schmitt Dec. Ex. A at 47-48. Indeed, Gutierrez freely admitted that she had noticed in examining her account online that her transactions did *not* post immediately. *Id.* at 40-41.

[8] Plaintiffs have admitted that they have no evidence that *any* Wells Fargo customer relied upon these items. And Plaintiffs' counsel had pulled out all the stops to identify such individuals. After broadcasting radio advertisements soliciting plaintiffs and witnesses for this case, plaintiffs identified in their initial disclosures 62 other Wells Fargo customers as potential witnesses. *See* Schmitt Dec. Exs. A at 110-12, F at 11-12, G at 9, D at 3-10. When Wells Fargo served discovery requiring identification of the persons from that list whom plaintiffs actually expected to testify, that list was winnowed down to four people. *Id.* ¶ 7 & Ex. E at 6. When deposition dates were sought for that group, the list narrowed yet again, to only two customers. *Id.* ¶ 8. Both of those customers were deposed, and neither could claim to have relied on (or, for the most part, even seen) the materials at issue here. *See* Jolley Dec. [Doc. No. 177] Exs. L at 37-39, M at 14-15.

Civil Case No.: CV-07-5923 WHA (JCSx)          8

As demonstrated in Wells Fargo's opening Memorandum, a class action may not proceed on a given claim unless at least one named plaintiff himself or herself has individual standing to pursue that claim. *See* Mot. at 10. And for claims of fraud and misrepresentation (including statutory claims under the UCL, FAL, and CLRA), such individual standing requires actual proof of reliance. *Id.* at 9. There is no need to draw inferences about whether or not Erin Walker, Veronica Gutierrez, and William Smith relied on the materials at issue here, because it has been established – indeed, admitted – as an undisputed fact that they did not. It would be a bizarre outcome indeed if plaintiffs could avoid summary judgment by seeking an inference that is flatly contradicted by their own admissions on a matter (their own reliance) as to which they have personal knowledge.

Plaintiffs' arguments about inferences of reliance are also unavailing because they cannot show that the prerequisites to such an inference exist here. One such prerequisite is typically the presence of a named plaintiff, found to be typical of the class, who has in fact relied upon the misrepresentation at issue.[9] Another requirement is a showing that all members of the class were uniformly exposed to the same misrepresentation.[10] Neither of these showings can be made here. Indeed, if these plaintiffs are viewed as "typical," the only reasonable inference would be that *no* class members relied on the materials at issue.[11]

---

[9] *Deitz v. Comcast Corp.*, 2007 WL 2015440, at *5 n.4 (N.D. Cal. 2007) (denying class certification and holding that presumption of reliance was not warranted where plaintiff admitted he did not read or rely on defendant's communications) (citing *Mirkin*, 5 Cal. 4th at 1095, and *Vasquez v. Super. Ct.*, 4 Cal. 3d 800 (1971)).

[10] *Mirkin*, 5 Cal. 4th at 1094 (limiting inference of reliance to cases where defendants had made identical representations to each class member); *Gonzalez v. Proctor and Gamble Co.*, 247 F.R.D. 616, 624-25 (S.D. Cal. 2007) (denying inference of reliance to class of consumers who "may have seen all, some, or none of the advertisements that form the basis of Plaintiff's suit").

[11] Plaintiffs' reliance on *Negrete v. Allianz Life Insurance Co. of North America*, 238 F.R.D. 482, 492 (C.D. Cal. 2006) is unavailing. *Negrete* did not involve a situation in which no named plaintiff had seen or relied upon the alleged misrepresentations; to the contrary, the plaintiffs had the burden of showing that all class members (including the class representatives) had been equally injured by the challenged misrepresentations. *Id.* at 492. *In re U.S. Financial Securities Litigation*, 64 F.R.D. 443, 451 (S.D. Cal. 1974) is also off-point, as that was a securities case involving a "fraud-on-the-market" theory; no such theory is available under the causes of action asserted here. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 666 (9th Cir. 2004) (presumption of reliance has typically been limited to cases involving securities fraud).

E. **Plaintiffs Do Not Oppose Wells Fargo's Motion for Summary Judgment on Their False Advertising Claim as It Relates to The "Including and Deleting" Available Balance Figures.**

In its Motion (at 10), Wells Fargo demonstrated that plaintiffs cannot assert a false advertising claim even with respect to the available balance figures at issue in the "including and deleting" claim, because those available balance figures were not "advertising." Plaintiffs' Opposition does not respond to this argument, which is therefore conceded.

## IV. CONCLUSION

For the reasons stated above, Wells Fargo respectfully requests that the Court enter partial summary judgment in its favor on plaintiffs' fraud, negligent misrepresentation, CLRA, and UCL claims and full summary judgment on plaintiffs' false advertising claim.

Specifically, Wells Fargo asks that the Court:

(1) Enter summary judgment on all aspects of plaintiffs' fraud, negligent misrepresentation, and CLRA causes of action except their claims relating to alleged misrepresentations embodied in "available balance" figures provided to class members under an "including and deleting" scenario, as defined in the Court's prior Order.

(2) Enter summary judgment on all aspects of plaintiffs' UCL cause of action except (a) claims relating to alleged misrepresentations embodied in "available balance" figures provided to customers under an "including and deleting" scenario and (b) plaintiffs' substantive challenge to the order in which Wells Fargo posts debit-card transactions; and

(3) Enter summary judgment on plaintiffs' FAL cause of action in its entirety.

A proposed order embodying this requested relief is filed herewith.

DATED: March 5, 2009

Respectfully submitted,

COVINGTON & BURLING LLP

By: _____/s/_____
Sonya D. Winner
Attorneys for Defendant
WELLS FARGO BANK, N.A.