1 | Richard D. McCune, SB # 132124
rdm@mwtriallawyers.com
Jae (Eddie) K. Kim, SB # 236805
jkk@mwtriallawyers.com
MCCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Sonya D. Winner, SB # 200348
David M. Jolley, SB # 191164
Margaret G. May, SB # 234910
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
E-mail: swinner@cov.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

Mitchell M. Breit, Esq. (Admitted *Pro Hac Vice*)
mbreit@wdklaw.com
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th floor
New York, NY 10036
Telephone: (212) 447-7070
Facsimile: (212) 447-7077

Brian J. Panish, Esq. SB # 116060
panish@psandb.com
Adam K. Shea, Esq. SB # 166800
shea@psandb.com
PANISH, SHEA & BOYLE
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025-3341
Telephone: (310) 477-1700
Facsimile: (310) 477-1699

Attorneys for Plaintiffs, VERONICA GUTIERREZ, ERIN WALKER and WILLIAM SMITH, on behalf of themselves and all others similarly situated,

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA GUTIERREZ, *et al.*, | Civil Case No.: CV-07-5923 WHA (JCSx) |
| Plaintiffs, | [PROPOSED] SECOND ORDER RE ELECTRONIC DATA SECURITY |
| v. | |
| WELLS FARGO & COMPANY, *et al.*, | Honorable William H. Alsup |
| Defendants. | |

- 1 -

[PROPOSED] SECOND ORDER RE ELECTRONIC DATA SECURITY
Civil Case No.: CV-07-5923 WHA (JCSx)

1    For the reasons set out by the Court in its prior orders and on the record at the hearing in
2 this matter on May 13, 2009,
3    IT IS ORDERED that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") shall provide
4 plaintiffs with access to electronic consumer transaction data from November 1, 2004, to July 31, 2008,
5 from the following sources, to the extent that such data is requested by plaintiffs:

1. The Business Modeling Group ("BMG") data from the V_Tran_Detail_HD table for California checking accounts.
2. The BMG data from the V_Tran_Detail_EP table for California checking accounts.
3. The BMG data from the V_Tran_Detail_CK table for California checking accounts.
4. The BMG data from the V_Tran_Detail_EW table for California checking accounts.
5. Daily Authorization Reports containing authorization timestamps for debit-card transactions.

   IT IS FURTHER ORDERED that this production shall be subject to the Protective Order issued in this case on April 8, 2008, and that the data may be used solely for purposes of this action and may be disclosed by plaintiffs' counsel only to their retained experts and consultants who have a need for such disclosure for purposes of their work in connection with this case and who have been made aware of, and agreed to abide by, the restrictions set out herein.

   IT IS FURTHER ORDERED that, to protect the security of the personal financial data of Wells Fargo's customers, the data shall be produced in a "clean room" at a secure Wells Fargo facility in San Francisco, California. The following conditions shall apply:

   A. The clean room shall remain locked at all times with the passcode to be set by plaintiffs. The room shall be accessible to plaintiffs' counsel and their employees, retained experts, and consultants who sign an agreement to be bound by the Protective Order issued in this case on April 8, 2008. No Wells Fargo staff, contractors, or cleaning crew may be allowed access to the room during the analysis period without the permission and supervision of plaintiffs' counsel or their employees, retained experts, and/or consultants.[1]

---

[1] Fire marshals and/or emergency responders may, however, be allowed access after a reported safety issue.

B. Plaintiffs may bring into the room any hardware or software they wish other than modems or other devices to broadcast outside the room.  The hard drives that plaintiffs use shall be inventoried prior to use, shall be secured in the room by cable locks or such other means as to prevent their removal from the room, shall be subject to reasonable periodic serial number inventory checks by Wells Fargo personnel under the supervision of plaintiffs' counsel and/or experts, and shall be accounted for and destroyed after completion.  Nothing in this paragraph shall give Wells Fargo authority to view the content of such hard drives without plaintiffs' consent.

C. Plaintiffs' system shall be loaded with the requested electronic customer transaction data.  Such transfer may occur during non-business hours.  Plaintiffs shall provide Wells Fargo with at least two business days' notice of each occasion when they will be prepared to receive a new batch of data, and during the actual data transfer will either make a representative available in the clean room to receive and facilitate the transfer or provide Wells Fargo personnel access to the clean room to do this on their behalf.

D. Plaintiffs may further encode or encrypt their system so that no Wells Fargo personnel will have access to plaintiffs' work product.  Wells Fargo shall not "spy" on the work conducted by plaintiffs in the clean room.

E. Plaintiffs shall not remove individual customer financial transaction data of any kind from the clean room.  However, if plaintiffs wish to remove the details of a small number of exemplary transactions in a format in which the identity of the particular customer cannot be identified, they may do so, provided they first provide Wells Fargo with an opportunity to review the individual transaction data to be removed so as to confirm that the customer is not identifiable.  Plaintiffs may remove from the room, without advance review by Wells Fargo, (a) work product reflecting aggregate analyses based on the data so long as no customer-specific information is disclosed in, or can be ascertained from, the removed material, and (b) encrypted lists of customers as to whom plaintiffs' experts have made findings, provided that the names, account numbers, and other sensitive identifying information for those customers are not included within such lists.  Any such

1  work product or other information that plaintiffs remove from the clean room shall be
2  designated "HIGHLY CONFIDENTIAL" under the Protective Order issued in this case
3  on April 8, 2008.
4 With these security measures in place, the Court finds there to be no need to provide notice to Wells
5 Fargo customers that their financial data is being analyzed by plaintiffs and their consultants.
6  IT IS FURTHER ORDERED that plaintiffs and their consultants shall be provided access
7 to the clean room from 6:00 am until midnight each day, or during such other period as the parties may
8 agree upon.  Plaintiffs shall provide Wells Fargo with reasonable advance notice of those occasions
9 when they will need such access outside of regular business hours.
10
11  IT IS FURTHER ORDERED that Wells Fargo shall designate a liaison who shall be
12 reasonably available to resolve logistical problems that plaintiffs and their consultants may encounter in
13 connection with their use of the clean room.

15 DATED:  June  2 , 2009



H
Judge William Alsup

- 4 -

[PROPOSED] SECOND ORDER RE ELECTRONIC DATA SECURITY
Civil Case No.:  CV-07-5923 WHA (JCSx)