IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125,<br><br>    Defendants.<br>                                           / | No. C 07-05923 WHA<br><br>**CLASS ACTION**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

      In this certified consumer class action, defendant Wells Fargo Bank, N.A. moves for reconsideration of a prior order finding that plaintiffs' claims pertaining to the allegedly "unfair" re-sequencing of consumer transactions by Wells Fargo were *not* preempted by the National Bank Act and regulations set forth by the Office of the Comptroller of the Currency (OCC) (Dkt. No. 98). The basis for the instant motion is the recent Ninth Circuit decision, *Martinez v. Wells Fargo Home Mortgage, Inc.*, 2010 WL 779549 (9th Cir. 2010), which held — in relevant part — that a claim targeting certain underwriting and tax services fees brought under the "unfair" prong of California unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq.*, was preempted by the National Bank Act and OCC regulations. For the reasons set forth below, defendant's motion must be **DENIED**.

The undersigned has carefully reviewed each of the decisions submitted by both sides. This includes the *Martinez* decision mentioned above, the Sixth Circuit decision cited therein, *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274 (6th Cir. 2009), and the decision by Judge King in *In re Checking Account Overdraft Litigation*, --- F. Supp. 2d ----, 2010 WL 841305 (S.D. Fla. 2010). The undersigned also reviewed *Cuomo v. Clearing House Association, L.L.C.*, --- U.S. ----, 129 S.Ct. 2710 (2009), as well as *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1 (2007).

Giving full consideration to the Ninth Circuit's recent decision in *Martinez*, this order finds that the unfair competition claim remaining in this litigation is *not* preempted by the National Banking Act or OCC regulations. An important distinction can be drawn between the claims in *Martinez* and those made by plaintiffs here. In *Martinez*, the plaintiffs alleged that an $800 underwriting fee was excessive or an "overcharge" because the amount was not reasonably related to the lender's actual underwriting costs. The *Martinez* plaintiffs also alleged that a $75 tax service fee represented a "mark-up" because the fee was more than what Wells Fargo was charged by its affiliate for providing tax services. Based upon these allegations, the *Martinez* plaintiffs claimed that the overcharge and mark-up constituted "unfair" competition under Section 17200 of the California Business & Professions Code.

The Ninth Circuit characterized the above claims as follows: "In essence, the Martinezes argue that these fees are too high, and ask the court to decide how much an appropriate fee would be." Given this characterization, the *Martinez* court held that the Section 17200 claim was preempted by an OCC regulation that stated in relevant part:

> The establishment of non-interest charges and fees, their amounts, and the method of calculating them are business decisions to be made by each bank, in its discretion, according to sound banking judgment and safe and sound banking principles

12 C.F.R. § 7.4002(b)(2). The court separately held that preemption was warranted under a different OCC regulation pertaining specifically to real estate loans, which does not apply to the instant dispute.

Unlike in *Martinez*, plaintiffs in the instant litigation neither challenge whether a particular overdraft fee charged by the bank is "too high," nor do they ask the Court to decide how much an appropriate fee would be. Rather, the "unfair" claim in this litigation targets

2

whether Wells Fargo's manipulation of customer transactions "behind the scenes" to maximize the *occurrence* of overdraft fees during the posting process was a breach of the bank's duty to act in good faith.  In other words, it is the bank's allegedly "unfair" practice of assessing and imposing as many overdraft penalties as mathematically possible that is at issue in this action.

This practice has nothing to do with whether Wells Fargo has the right to establish overdraft fees, or whether individual overdraft fees are reasonably related to actual underlying costs.  Plaintiffs also do not question how Wells Fargo calculated its $34 (as alleged in the complaint) overdraft fee.  Indeed, an important distinction between the claims alleged here and in *Martinez* is that the *Martinez* plaintiffs were not challenging *how often* they would be assessed the challenged fees.  By contrast, in this litigation, part of what makes Wells Fargo's re-sequencing practice allegedly "unfair" is that consumers have no idea whether one or ten overdrafts fees will result from a particular debit-card transaction.

Even the Ninth Circuit recognized a distinction between a bank's right to establish a fee versus a bank's right to deceive or unfairly induce customers into paying them.  *See Martinez*, 2010 WL 779549, at *4 (citing *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358 (N.D. Ga. 2008), which held that a claim under the Georgia Fair Business Practices Act that a bank engaged in unfair or deceptive business practices by manipulating the posting of transactions to an account in order to impose overdraft fees was *not preempted*).  Indeed, the *Martinez* decision expressly noted that "the OCC has specifically cited the UCL in an advisory letter cautioning banks that they may be subject to such laws that prohibit unfair or deceptive acts or practices."  The Ninth Circuit would not have reiterated this point, or cited to the *White* decision, if — as Wells Fargo contends — the court intended for all "unfair" UCL claims pertaining to fees to be preempted.

As explained above, unlike in *Martinez*, the practice at issue here does not challenge "[t]he establishment of non-interest charges and fees, their amounts, and the method of calculating them . . .".  12 C.F.R. § 7.4002(b)(2).  As such, this order finds that the re-sequencing claims are *not* preempted in light of the Ninth Circuit's recent decision.

The out-of-circuit decisions cited by defendants do not compel a contrary conclusion.  In *Monroe*, the practice examined by the Sixth Circuit was between a bank and its creditors, and it

3

involved a state law that interfered with the bank's right to charge service fees for garnishment orders. By contrast, the targeted practice here is between a bank and its depositor customers, and the bank's right to charge an overdraft fee is *not* challenged. These differences were also noted by Judge King in distinguishing *Monroe* from the types of claims alleged in this action. *See In re Checking Account Overdraft Litigation*, 2010 WL 841305, at *6 (distinguishing *Monroe* on similar grounds).

Finally, neither Supreme Court decision compels preemption to be found. In *Cuomo*, the more recent of the two decisions, the Court underscored the notion that the National Bank Act is limited in its preemptive scope, commenting that "states retain some power to regulate national banks in areas such as contracts, debt collection, acquisition and transfer of property, and taxation, zoning, criminal, and tort law" before holding that federal law did *not* preempt an action under state fair-lending laws. 129 S.Ct. at 2718–21 (citations omitted). This appeared to be a retreat from the earlier decision in *Watters*, which upheld preemption by the National Bank Act and OCC regulations in a mortgage lending context. In any event, neither decision compels preemption of plaintiffs' re-sequencing claims.

For the reasons set forth above, as well as the reasons stated in the Court's prior order on this issue, the remaining claims in this dispute are *not* preempted by the National Bank Act and OCC regulations. Wells Fargo's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4