Richard M. Heimann (State Bar No. 063607)
E-mail: rheimann@lchb.com
Barry R. Himmelstein (State Bar No. 157736)
E-mail: bhimmelstein@lchb.com
Michael W. Sobol (State Bar No. 194857)
E-mail: msobol@lchb.com
Jordan Elias (State Bar No. 228731)
E-mail: jelias@lchb.com
Mikaela Bernstein (State Bar No. 261301)
E-mail: mbernstein@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Richard D. McCune (State Bar No. 132124)
E-mail: rdm@mwtriallawyers.com
Jae (Eddie) K. Kim (State Bar No. 236805)
E-mail: jkk@mwtriallawyers.com
McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125,<br><br>Defendants. | Case No. C 07-05923-WHA (JCSx)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING THE BANKING PRACTICES OF OTHER BANKS AND EVIDENCE REGARDING PURPORTED RESEARCH BY NORWEST BANK REGARDING CUSTOMER PREFERENCES**<br><br>Judge Assigned:  Hon. William H. Alsup<br>Trial Date:           April 26, 2010 |

## I. INTRODUCTION

Plaintiffs, on behalf of themselves and the class, hereby submit this Motion in Limine No. 1 to exclude: (a) any and all evidence regarding the banking practices of other banks; and (b) any and all testimony and other evidence regarding the purported research by Norwest Bank regarding customer preferences, which Wells Fargo and its experts rely upon, but which Wells Fargo has not produced and cannot find.

Wells Fargo has made clear that one of the ways it intends to defend the practices challenged in this action is by contending that other banks engage in the same practices. Putting aside that this assertion is contrary to a recent FDIC report that indicated that only 25% of all banks sequence transactions from highest to lowest, *see* Declaration of Richard D. McCune in Support of Plaintiffs' Motion in Limine No. 1 ("McCune Decl."), Ex. A (FDIC Report), such evidence of other banks' practices is inadmissible under California law where, as here, Plaintiffs are proceeding under theories of unfair business practice and misrepresentation.

By this motion, Plaintiffs respectfully ask the Court to exclude any and all evidence regarding the banking practices of other banks on the grounds that such evidence must be excluded in whole under Rules 402 and 403 of the Federal Rules of Evidence. Specifically, such evidence is irrelevant to this action. Courts have consistently recognized that evidence of industry custom and practice is inadmissible in this context, and that the argument that "everyone does it" is not a valid defense to claims alleging violations of Cal. Bus. & Prof. Code § 17200 *et. seq.* (the "UCL"). A party's wrongful conduct is not excused merely because others engage in the same conduct. Moreover, the banking industry is not a governmental or regulatory body whose standards are afforded the force of law.

Further, to the extent that this evidence has any probative value, it is substantially outweighed by the danger of unfair prejudice and confusion of the issues, and its introduction would cause undue delay and waste judicial resources.

Finally, Plaintiffs respectfully ask the Court to exclude any and all testimony and other evidence regarding the purported Norwest Bank research regarding customer preferences that Wells Fargo and its experts have widely relied upon. This research has never been produced,

1  and, in fact, Wells Fargo claims that it currently cannot find it. Given that Plaintiffs have not had
2  an opportunity to review the purported research, (or, for that matter, confirm its existence), it
3  would be unfair and prejudicial to Plaintiffs if any evidence regarding this purported research
4  were admitted.

## II. FACTUAL BACKGROUND

In his February 20, 2009 report, Wells Fargo's expert Christopher M. James opined that "the overdraft fees set by Wells Fargo are consistent with industry norms." McCune Decl., Ex. B (James Report) at 14. To support his position, Mr. James cited to a 2007 Wachovia survey which purportedly found that many of Wells Fargo's primary competitors posted transactions from high to low. *See id.* Similarly, Wells Fargo's expert Paul Carrubba opined in his report that "most banks and a substantial majority of the large banks" post transactions from highest to lowest. McCune Decl., Ex. C (Carrubba Report) at 7. Like Mr. James, Mr. Carrubba cited the Wachovia survey as his support. *See id*. Wells Fargo and its experts, however, are cherry-picking their statistics. While many of the largest national banks do process their banking transactions from high to low, a November 2008 report by the FDIC found that only approximately 25% of all banks order transactions from highest to lowest, and only about 50% of the larger banks order transactions from highest to lowest. *See* McCune Decl., Ex. A at 11.

Mr. James also relies on purported research conducted by Norwest Bank to support his opinion that at least for some customers, "Wells Fargo's practice of posting debit items from high-to-low is likely a desirable feature…." McCune Decl., Ex. B at 14. Similarly, Wells Fargo employee witnesses and Wells Fargo's damages expert, Dr. Cox, have also relied upon this purported Norwest study to draw a similar conclusion. *See* McCune Decl., Ex. D (Cox Report) at 23, Ex. E (Zimmerman Depo.) at 32. Though Wells Fargo and its experts rely extensively on this research, the research, somehow, is nowhere to be found. Wells Fargo has not produced the purported Norwest research to Plaintiffs, and currently claims that it cannot find the research.

## III. ARGUMENT

### A. Evidence Regarding Other Banks' Practices is Irrelevant to Plaintiffs' Claims, and Must Be Excluded.

It is well recognized that the argument that "everyone does it" is not a defense to the claims brought here. *See People v. Cappuccio, Inc.*, 204 Cal. App. 3d 750, 763 (1988) ("[F]airness, as based upon an industry-wide custom and practice, is not a defense in this [UCL] case."). Thus, for example, if a statement or advertising is deceptive, it is no defense that others in the same industry customarily advertise their service or product the same way. *See Chern v. Bank of America,* 15 Cal. 3d 866, 876 (1976) (stating "[t]he fact that it may be "customary" business practice within the banking community to quote interest rates on the basis of a 360-day year does not necessarily establish that the practice is not misleading to the general public with whom defendant deals.") A business practice is not immune from attack under the UCL merely because it has become customary or habitual either for the defendant or the industry of which it is a part. *See id.* (holding customary industry practice violates § 17500); *see also People v. Casa Blanca Convalescent Homes, Inc*. 159 Cal. App. 3d 509, 527 (1984) (holding that whether competitors employed the same or similar methods in their business practices was immaterial to the charges made against defendant concerning those methods), *overruled on other grounds*, *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163 (1999); *Doe v. Cutter Biological, Inc., a Div. of Miles Laboratories, Inc.*, 971 F.2d 375, 383 (9th Cir. 1992) (holding that following industry standards does not necessarily immunize defendants from liability). Thus, conforming to industry-wide custom and practice is no defense to Plaintiffs' claims.

In *People v. Cappuccio, Inc., supra,* 204 Cal. App. 3d at 761-62, after Plaintiffs prevailed at trial on their UCL claim, the defendants argued on appeal that the court improperly excluded from consideration evidence presented on the industry custom and practice of weighing squid. The appellate court, however, agreed with the trial court that industry custom was no defense to allegations that wholesalers committed unlawful business practices by understating the weight of squid purchased from fishermen, and therefore affirmed that such evidence was

properly excluded. *Id.*

Likewise, here, the fact that it may be "customary" for some banks in the industry to reorder banking transactions from high to low is no defense to Plaintiffs' claims that the practices at issue here are unfair to the customers with whom Wells Fargo deals. Such practices are not on par with regulatory or governmental standards. Moreover, unfair acts cannot be excused with a claim that business considerations of industry-wide practice justify such conduct. In other words, "fairness," as based upon a purported industry-wide custom and practice, is not a defense in this case. Therefore any evidence concerning industry custom and practice is irrelevant.

Federal Rule of Evidence, Rule 402, provides that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. *Evidence which is not relevant is not admissible*.

(emphasis added.)

The Rules of evidence are clear that irrelevant evidence is inadmissible. Relevance is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here, Wells Fargo's argument that its reordering of transactions from high to low is consistent with other banks' practices is simply not relevant to any issue in this case. The UCL demands fairness in dealing with consumers, and if the banking industry was permitted to be the sole arbiter of what is fair, such methods would be wide open to abuse. The focus of the instant matter is on the fairness of Wells Fargo's practice, and only Wells Fargo's practice, as it relates to its consumers; evidence regarding the practices of other banks has no place in such an analysis and therefore must be excluded.

**B.  To the Extent it Has Any Relevance Whatsoever, Evidence Regarding Other Banks' Practices Should Be Excluded Because its Prejudicial Impact Far Outweighs Any Probative Value.**

Even if it were relevant to Plaintiffs' claims, the evidence at issue should be

excluded pursuant to Federal Rule of Evidence 403, which states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence

The Court has broad discretion to exclude evidence if its likely prejudicial value outweighs its probative value, or if the evidence, although possibly relevant, will serve to confuse the issues in the case. *See United States v. Howell*, 285 F.3d 1263, 1266 (10th Cir. 2002). Rule 403 applies to all forms of evidence, including direct and circumstantial, testimonial, hearsay, documentary, real proof, and demonstrative evidence. *See* Fed. R. Evid. 403, Advisory Committee's note.

In exercising its discretion, the Court must consider whether the search for the truth will be helped or hindered by the interjection of distracting, confusing, or emotionally charged evidence. *See Howell*, 285 F.3d at 1266. In making this determination, the Court must assess the probative value of the proffered evidence as well as the harmful consequences specified in Rule 403. *See United States v. Foster*, 376 F.3d 577, 592 (6th Cir. 2004).

Here, the only "value" that the evidence in question could have is to prejudice Plaintiffs and confuse the issues that are before the Court, causing undue delay and wasting judicial resources in the process. Such evidence is therefore properly excluded.

### C. Plaintiffs Would Be Prejudiced by the Admission of Any Testimony or Other Evidence Regarding the Purported, Missing Norwest Research.

Wells Fargo and its experts rely rather heavily on the purported research conducted by Norwest Bank to support their assertion that some customers prefer the way Wells Fargo manipulates the order of their transactions. However, since this purported research has never been produced (and, in fact, Plaintiffs cannot even confirm that such research ever existed), and since Plaintiffs have not been given an opportunity to take discovery regarding this research, it would be highly prejudicial and unfair to Plaintiffs for any testimony or other evidence regarding or referring to this research to be admitted at trial. Any and all evidence regarding the purported Norwest research should be excluded.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude: (a) any and all evidence regarding the banking practices of other banks; and (b) any and all testimony or other evidence regarding the purported Norwest research regarding customer preferences.

Respectfully submitted,

Dated: March 29, 2010         McCUNE & WRIGHT, LLP


By: /s/ Richard D. McCune
    Richard D. McCune
    Attorney for Plaintiffs