Richard M. Heimann (State Bar No. 063607)
E-mail: rheimann@lchb.com
Barry R. Himmelstein (State Bar No. 157736)
E-mail: bhimmelstein@lchb.com
Michael W. Sobol (State Bar No. 194857)
E-mail: msobol@lchb.com
Jordan Elias (State Bar No. 228731)
E-mail: jelias@lchb.com
Mikaela Bernstein (State Bar No. 261301)
E-mail: mbernstein@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Richard D. McCune (State Bar No. 132124)
E-mail: rdm@mwtriallawyers.com
Jae (Eddie) K. Kim (State Bar No. 236805)
E-mail: jkk@mwtriallawyers.com
McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA  92374
Telephone:  (909) 557-1250
Facsimile:  (909) 557-1275

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125,<br><br>Defendants. | Case No. C 07-05923-WHA (JCSx)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE ANY AND ALL REFERENCE TO OCC OR FDIC REGULATIONS OR INTERPRETIVE LETTERS**<br><br>Judge Assigned: Hon. William H. Alsup<br>Trial Date: April 26, 2010 |

## I. INTRODUCTION

Plaintiffs respectfully move this Court to exclude any reference to Office of the Comptroller of Currency ("OCC") or Federal Deposit Insurance Corporation ("FDIC") regulations or interpretive letters by Wells Fargo or its witnesses on the basis that evidence of compliance with such regulations and interpretive letters is irrelevant, confusing and prejudicial to Plaintiffs and the class.

Wells Fargo is expected to attempt to offer evidence and testimony at trial regarding its compliance with OCC regulations and interpretive letters and FDIC regulations. For instance, Wells Fargo has submitted the expert report of Christopher James, in which Mr. James opined that: (1) Plaintiffs' challenge would "more than incidentally affect Wells Fargo's exercise of deposit-taking powers," as purportedly authorized by the OCC in an interpretive letter (Letter # 1082, 5/17/07, p.3); (2) Wells Fargo's posting practices are in accordance with "safe and sound banking principles," under 12 C.F.R. 7.4002; and (3) the safety and soundness of Wells Fargo's practices are supported by the FDIC's system for evaluating an institution's safety and soundness. Declaration of Richard D. McCune in Support of Plaintiffs' Motion in Limine No. 2 ("McCune Decl."), Ex. A (James Report) at 1, 2, 6, 11, 14. Another example is in the report of Wells Fargo's expert Paul Carrubba, which Wells Fargo submits to support its contention that its posting order practice comports with prudent and reasonable banking practices, as purportedly set forth in the "Q and A" section of the OCC's website. *See* McCune Decl., Ex. B, (Carrubba Report) at 3, 4, 7 and 11.

However, evidence that Wells Fargo has purportedly complied with federal regulations and interpretive letters is irrelevant to the question at issue in this case—*i.e.*, whether Wells Fargo violated California law by its conduct. References to regulations solely related to Wells Fargo's defense of federal preemption are additionally irrelevant and inadmissible as this Court has already rejected that defense. In addition, references to the safety and soundness standard is irrelevant as it solely relates to a banking institution's ability to maximize profits and makes no consideration for the fair treatment of customers, which is the actual issue to be resolved in this case. Finally, OCC interpretive letters and statements made in the "question and

answer" section of the OCC's website are irrelevant as they have no force of law. Therefore, references by Wells Fargo regarding OCC and FDIC regulations and interpretive letters, and its purported compliance therewith, are inadmissible as irrelevant to the issues in this case. In addition, even if the Court found such evidence to be at all relevant, any such references would unduly prejudice Plaintiffs and unnecessarily confuse the issues in this case.

## II. ARGUMENT

### A. References to OCC Regulations and Interpretive Letters Regarding Whether Wells Fargo's Practices Are Incidental to a Bank's Deposit-Taking Powers Are Irrelevant and Inadmissible, as Such References Only Relate to Defendant's Preemption Defense, Which This Court Has Already Rejected.

Under Fed. R. Evid. 401:

> "[r]elevant evidence" means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence.

Issues that are "of consequence" to determination of the case are usually determined by the pleadings, motions, pretrial orders and substantive law. *See Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir. 2002). For evidence to be legally relevant, it must relate to a fact "of consequence" to the case, *i.e.,* will the "fact" that the evidence is offered to establish help in determining some issues in the case? *Central Valley Chrysler Valley Jeep, Inc* v. *Witherspoon,* 2006 WL 1883363 (E.D. Cal., July 7, 2006).

A significant portion of Mr. James' expert report is devoted to whether Plaintiffs' challenged practice is incidental to the bank's deposit-taking powers. However, this issue relates only to whether the National Bank Act and OCC regulations preempt Plaintiffs' state law claims. The Court has already rejected Wells Fargo's preemption defense. (Order Den. Def.'s Mot. for Summ. J. and Granting in Part and Den. in Part Pls.' Mot. for Class Certification, at pp. 10-11.) As federal preemption is no longer an issue in this case, reference to the OCC's regulations and interpretive letters with regard to the practices "incidental to a bank's deposit-taking powers" is of no consequence to the resolution of this matter and is therefore irrelevant and inadmissible. Furthermore, permitting references to such regulations would only prejudice Plaintiffs and confuse the issues that *are* remaining to be resolved in this case.

**B.    References to OCC Regulations Regarding the Safety and Soundness of Banking Institutions Are Irrelevant and Inadmissible as Such Regulations Only Concern a Bank's Ability to Maximize Its Profits and Have No Bearing on the Elements of Plaintiffs' State Law Claims.**

Wells Fargo intends to make reference to 12 C.F.R. 7.4002, which states that:

> [a] national bank establishes non-interest charges and fees in accordance with safe and sound banking principles if the bank employs a decision-making process through which it considers the following factors, among others: (i) The cost incurred by the bank in providing the service; (ii) The deterrence of misuse by customers of banking services; (iii) The enhancement of the competitive position of the bank in accordance with the bank's business plan and marketing strategy; and (iv) The maintenance of the safety and soundness of the institution.

Mr. James's expert report further mentions FDIC standards for evaluating these safety and soundness principles for banking institutions.

However, reference to the safety and soundness standard is inadmissible because it relates solely to a banking institution's achievement of maximizing profits, remaining solvent, and protecting its shareholders.  Meanwhile, this standard makes absolutely no consideration for the rights of a banking institution's customers/depositors.  It does not forbid Wells Fargo from violating state laws regarding fraud and unfair practices, and makes no mention of the requirement that the bank execute it contracts with it customers in good faith, which are the actual issues to be resolved at trial in this case.  This Court has emphasized that what is at issue in this case is that "the bank must exercise its discretion in accordance with fair dealing and cannot exercise its discretion to enrich itself by gouging the consumer." (Order Re Mot. for Summ. J., May 5, 2009, at p. 8.)

This safety and soundness standard is completely self-serving for banking institutions and encourages only profit-generation, while failing to include or mention any consideration for banks' treatment of their customers.  Therefore, this standard has no bearing on the ultimate issues in this case, and is thus completely irrelevant and inadmissible.

Likewise, Mr. Carrubba's nebulous and very poorly-defined standard for prudent and reasonable banking practices is irrelevant for these same reasons.  Furthermore, inclusion of references of such an irrelevant standard at trial would only confuse the issues and prejudice

1  Plaintiffs' ability to have this case fairly heard.

2      **C.**    **References to Interpretive Letters by the OCC and Statements in the OCC's Question and Answer Section of Its Website Would Be Unduly Prejudicial to Plaintiffs, as Such Materials Do Not Have the Force of Law.**

4      This Court has already concluded that OCC interpretive letters do not have the full

5  force of law, as they are "merely interpretive rather than legislative." (Order Denying Def.'s Mot.

6  for Summ. J. and Granting in Part and Den. in Part Pls.' Mot. for Class Certification, at pp. 10-

7  11.) In fact, this Court specifically ruled that the OCC's interpretive letter with regard to bank

8  practices which incidentally affect the business or receiving deposits (OCC Interp. Letter No.

9  1083, at 3 (2007)) does not have the force of law and it has no preemptive bearing on Plaintiffs'

10  state law causes of action. (Order Denying Def.'s Mot. for Summ. J. and Granting in Part and

11  Den. in Part Pls.' Mot. for Class Certification, at pp. 10-11.) These letters have not undergone a

12  notice and comment period and may be published at the sole whim of the agency. Therefore,

13  Wells Fargo's reference to OCC interpretive letters to show that it has purportedly complied with

14  federal regulations is inadmissible as these letters do not have the force of law and have no

15  bearing on the issues in this case.

16      The same argument applies with even greater force to statements published on the

17  "Q and A"" section of the OCC's website, relied on by Wells Fargo's expert witness Mr.

18  Carrubba in his report. A federal agency's statements in the "Q and A" section of its website

19  *does not have the force of law* and is not to be given deference under *Chevron U.S.A., Inc. v.*

20  *Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2278 (1984). *See In re Methyl*

21  *Tertiary Butyl Ether Products Liability Litigation*, 559 F. Supp. 2d 424, 439 (S.D.N.Y. 2008)

22  ("Such documents fall into the category of 'nonlegislative rules' and may include, for example,

23  staff manuals, inspection manuals, opinion letters, unpublished non-binding opinions, press

24  releases, amicus briefs, advisories and bulletins.").

25      Here, any references to the OCC's "Q and A" section of its website to support

26  Wells Fargo's or its experts' positions on prudent and reasonable banking practices should be

27  excluded because such information does not have the force of law and is therefore wholly

28  irrelevant in determining whether Wells Fargo is liable for Plaintiffs' state-law claims for fraud

and unfair business practices.

Furthermore, permitting references to these interpretive letters and statements in the "Q and A" section of the OCC website would only confuse the issues and prejudice Plaintiffs' ability to have their case fairly heard. Therefore, any references to OCC's interpretive letters and statements on its website should be excluded.

## III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude in their entirety any references by Wells Fargo or its witnesses regarding OCC or FDIC regulations, interpretive letters, and/or statements on the OCC's website.

Respectfully submitted,

Dated: March 29, 2010                McCUNE & WRIGHT, LLP


By:    /s/ Richard D. McCune
       Richard D. McCune
       Attorney for Plaintiffs