Sonya D. Winner, SB # 200348
David M. Jolley, SB # 191164
Margaret G. May, SB # 234910
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
E-mail: mmay@cov.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, *et al.*, | Civil Case No.: CV-07-5923 WHA (JCSx) |
| Plaintiffs, | **WELLS FARGO'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CERTAIN EXHIBITS AND OTHER EVIDENCE RELATING TO OTHER BANK PRACTICES** |
| v. | |
| WELLS FARGO & COMPANY, *et al.*, | |
| Defendants. | Date: April 19, 2010<br>Time: 2:00 p.m.<br>Dept.: Courtroom 9 |
| | Honorable William H. Alsup |

## I. INTRODUCTION

In their exhibit list, witness list, and expert reports, as well as in their briefing on various motions, plaintiffs have made clear their intent to offer into evidence a wide variety of evidence concerning practices and conduct of Wells Fargo and other banks that have nothing to do with the bank's practice of posting debit-card transactions from highest amount to lowest instead of chronologically. As evidence on such topics is irrelevant to any issue to be tried, its admission would only result in confusion of the issues, undue delay, and wasted time. The Court should exclude this irrelevant material.

## II. ARGUMENT

Pursuant to Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Even evidence that satisfies a threshold showing of relevance may nonetheless be excluded if its probative value is substantially outweighed by the dangers of confusion, undue delay, or waste of time. Fed. R. Evid. 403. This Court has wide discretion in applying the balancing test of Rule 403. *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689-90 (9th Cir. 2001); *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1430 (9th Cir. 1991). Here, evidence and arguments about the various off-topic practices and issues that plaintiffs hope to raise at trial are both irrelevant and highly likely to lead to confusion of the issues and undue delay. Such evidence and arguments should, therefore, be excluded.

Pursuant to Federal Rules of Evidence 801 and 802, out-of-court statements that are offered in evidence to prove the truth of the matter asserted are inadmissible hearsay. Here, plaintiffs have offered several studies, reports, and press releases from third-parties for the truth of the matter asserted in those documents. Such documents are classic hearsay, and as such are inadmissible. *See United States v. An Article of Drug*, 661 F.2d 742, 745-46 (9th Cir. 1981) (studies, investigations); *Trans-Tec Asia v. M/V Harmony Container*, 435 F. Supp. 2d 1015, 1030 n.20 (C.D. Cal. 2005) (press releases).

### A. Evidence Concerning the Fairness of Wells Fargo's Authorization Policies Should Be Excluded.

Like all banks, Wells Fargo maintains the discretion (which it discloses) to permit some transactions to be authorized and/or paid into overdraft instead of rejected. This includes the discretion to authorize debit-card transactions when the account has insufficient funds at the time of authorization. (Such transactions do not, of course, necessarily end up as overdrafts, because the customer has the ability to make a "covering" deposit in the interim period before the transaction is submitted for settlement, a "float" that many customers know about and count upon.) Plaintiffs apparently intend to offer evidence concerning this practice, together with argument that the practice is improper and unfair. Whatever the merits of such an argument, it is not the subject of the claim in this case.

Moreover, the bank's practice of authorizing debit-card transactions when an account has insufficient funds was previously challenged in a class action in San Diego Superior Court. *Smith v. Wells Fargo Bank, N.A.*, Case No. GIC 802664. That case was settled, and a court-approved release granted on behalf of the class. At the outset of *this* case, plaintiffs' counsel here sought relief from that release from the *Smith* court to ensure that plaintiffs could pursue this action. The *Smith* court held that the claims here were not precluded by the *Smith* settlement because the practices at issue in the two cases were unrelated. *See* Declaration of Bryanne J. Schmitt ("Schmitt Dec.") Ex. 5 at page 2 of attached Minute Order.

After convincing the *Smith* court that this practice had nothing to do with their claims in this action, plaintiffs are now shamelessly attempting to make it a major feature of their case at trial. Plaintiffs have questioned witnesses extensively about the subject during depositions, have submitted expert opinions about the "ethical" implications of the practice, and have argued to this Court that the practice is a "secret line of credit" about which Wells Fargo misled customers. Dkt. No. 213-28 (Mandell Expert Report, filed under seal) at 9-10; Schmitt Dec. ¶ 2; Dkt. No. 198 at 13.

This practice is not, and cannot be, at issue in this case. This motion does not seek to exclude reference to the fact that Wells Fargo on some occasions *pays* transactions into

overdraft and the significance of that fact to how various alternative posting orders might affect customers. But the fairness and propriety of the bank's practice of *approving* debit-card transactions into insufficient funds is of no relevance to the issues to be decided. Any evidence and arguments concerning that practice would be irrelevant, serving only to confuse the issues. Evidence and argument concerning the practice should therefore be excluded.

### B. The 2008 FDIC Report Should Be Excluded Under Rules 402 and 403.

Plaintiffs have made much in their expert reports, depositions of Wells Fargo witnesses, and briefs of a 2008 FDIC Report (Schmitt Dec. Ex. 1 (Plaintiffs' Trial Ex. 184)) that provides various statistics and discussion on the general subject of overdraft practices and overdraft fees. Based on this document, plaintiffs apparently intend to argue, *inter alia*, that overdraft fees disproportionately burden poor and underprivileged populations.

The FDIC Report is not about the order in which banks post debit-card transactions. It does not even mention that subject, although it does present a few statistics about some banks' practices in posting transactions generally. Most of the report is focused on completely different practices relating to overdrafts and overdraft fees. The report is, moreover, based on a survey of a group of FDIC-supervised institutions, which necessarily does not include Wells Fargo or other large national banks. Schmitt Ex. 1 at ii (GUT001089); *see also id.* Ex. 2 at 125-27. Hence, the report offers no information on Wells Fargo, its primary competitors, or their customers. Indeed, the report itself explicitly warns:

> "[U]nbiased estimates of survey characteristics can be made only for the 1,171 institutions in the study population. *It is not possible to draw statistically defensible inferences from the sample data about banks outside of the underlying study population, including banks supervised by other agencies (such as national banks...).*"

Schmitt Dec. Ex. 1 at 3 (emphasis added). One of plaintiffs' experts (Charles Cowan, a statistician) confirmed that the Report was based on a "nonrandom sample" and that its data points were not "projectable" to a larger population. *Id.* Ex. 2 at 128. Yet plaintiffs and their experts continue to refer to and rely upon the document as if it nonetheless had direct relevance to Wells Fargo, seeking to use the report in ways that the agency authors themselves said were improper.

WELLS FARGO'S MOTION IN LIMINE NO. 2                3
Civil Case No.: CV-07-5923 WHA (JCSx)

1    References to discussions in this report and other documents to the impacts of
2  overdraft fees in general on particular demographic groups should be excluded for the additional
3  reason that these sources do not purport to shed any light on the impact of *the particular practice*
4  *at issue in this case* on any particular group.  Plaintiffs want to argue that the bank's posting
5  order is somehow "targeted" at poor and disadvantaged groups – an untrue assertion for which
6  they have no evidence.   It would be improper for plaintiffs to seek to bootstrap an argument on
7  this subject based on a government report that does not address the subject at issue and contains
8  no information about Wells Fargo or its customers.

  **C.**  **Certain Belatedly Disclosed and Hearsay Exhibits Are Inadmissible.**

    **1.**  **Plaintiffs' Belatedly Disclosed "Consumer Reports" Exhibits Are Inadmissible.**

On May 8, 2009 – well after the close of discovery – plaintiffs for the first time produced along with their Rule 26(a)(3) disclosures two documents that purport to relate to a survey study conducted by the Consumer Reports National Research Center.  Schmitt Dec. Exs. 3, 4 (Plaintiffs' Trial Exs. 195-96).  According to these documents, the study concluded that a majority of surveyed bank customers would prefer that overdraft services be optional.  These exhibits should be excluded, as they (i) constitute inadmissible hearsay, (ii) do not relate to posting order and are irrelevant, and (iii) were not timely disclosed.

First, these exhibits consist entirely of out-of-court statements of third parties offered to prove the truth of the matters asserted.  As such, they constitute inadmissible hearsay.

Second, the exhibits have nothing to do with posting order.  The study was directed at consumer understanding of, and preferences concerning, overdraft services in general and does not purport to address anything relating to posting order.  It is therefore irrelevant, and evidence concerning it would serve only to foster confusion and delay.

Third, plaintiffs have absolutely no excuse for the belated disclosure and production of these documents.  *See* Fed. R. Civ. P. 37(c)(1) (failure to disclose information pursuant to Rule 26 prevents the party from using that untimely information "on a motion, at a hearing, or at a trial").  Having sprung this material on Wells Fargo after the close of fact

WELLS FARGO'S MOTION IN LIMINE NO. 2    4
Civil Case No.:  CV-07-5923 WHA (JCSx)

discovery, when it was too late for any discovery on the methodology or quality of this study, plaintiffs certainly cannot assert that this late disclosure was harmless.

### 2. Plaintiffs' New Belated Additions to Their Exhibit List Are Inadmissible.

After the Court in May 2009 permitted plaintiffs to conduct a new analysis of class injury and damages, the parties stipulated to a new pre-trial schedule (Dkt. No. 260), which was accepted and ordered by the Court (Dkt. No. 261). At that time, the parties had already exchanged Rule 26(a)(3) disclosures of proposed witnesses and exhibits for trial. Given that the postponement of trial related only to plaintiffs' injury analysis, the stipulated scheduling order provided that – with regard to later updated exhibit and witness lists – "[t]he only new additions permitted are witnesses and exhibits that relate to plaintiffs' injury/damages analysis and Wells Fargo's responses to it." Dkt. 260 at 2.

On March 19, 2010, plaintiffs served Wells Fargo with their updated exhibit list. Schmitt Dec. ¶ 9 & Ex. 7. Notwithstanding the stipulated order mandating that the only permissible additions to the parties' exhibit lists were documents relating to the new expert reports, plaintiffs nonetheless added two "Center for Responsible Lending" reports (Plaintiffs' Trial Exs. 213, 214), a "Moebs $ervices Survey" (Plaintiffs' Trial Ex. 215), and a Bank of America press release (Plaintiffs' Trial Ex. 217) – none of which were mentioned in their new expert analysis.[1] As none of these documents was within the scope of what the parties were permitted to add to their exhibit lists, these items should be excluded.

These exhibits are also properly excluded for the independent reason that they are inadmissible hearsay. Even if plaintiffs had a witness who could authenticate them, these exhibits have no apparent purpose other than as proof of the matters they assert. They are accordingly inadmissible on this ground also.

---

[1] Moreover, as of this writing, plaintiffs have yet to supply Wells Fargo with copies of their Trial Exhibits 213-215. Schmitt Dec.¶ 10. Plaintiffs first provided a copy of the Bank of America press release (Plaintiffs' Trial Ex. 217) on March 12, 2010, when they attached it as an Exhibit in support of their Reply brief in support of their Motion to Exclude Testimony (Dkt. No. 321 Ex. A). *Id*.

WELLS FARGO'S MOTION IN LIMINE NO. 2     5
Civil Case No.: CV-07-5923 WHA (JCSx)

## III.   CONCLUSION

For the foregoing reasons, the Court should exclude (a) all evidence relating to Wells Fargo's practice of authorizing debit-card transactions in situations in which the account lacks sufficient funds at the time of authorization, and (b) the following exhibits on plaintiffs' pre-trial exhibit list:  Nos. 184, 195, 196, 213, 214, 215, and 217.

DATED: March 29, 2010                              Respectfully Submitted,

COVINGTON & BURLING LLP


By: _____/s/_____
   David M. Jolley
   Attorney for Defendant
   Wells Fargo Bank, N.A.