# EXHIBIT B

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DANIEL G. LAMB, JR., State Bar No. 101685
2  BRIAN D. MARTIN, State Bar No. 199255
   501 W. Broadway, Suite 1100
3  San Diego, CA 92101-3575
   Telephone: (619) 234-5000
4  Facsimile: (619) 236-1995

5  Attorneys for Defendants WELLS FARGO BANK, N.A.
   and WELLS FARGO & COMPANY
6

7  FINKELSTEIN & KRINSK LLP
   JEFFREY KRINSK, State Bar No. 109234
8  MARK L. KNUTSON, State Bar No. 131770
   C. MICHAEL PLAVI, State Bar No. 217153
9  501 W. Broadway, Suite 1200
   Telephone: (619) 238-1333
10 Facsimile: (619) 238-5425

11 Attorneys for Plaintiff SEAN. M. SMITH and
   the CLASS
12

13

14            SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                   FOR THE COUNTY OF SAN DIEGO

16

17 SEAN M. SMITH, for himself and on behalf )
   of all other similarly situated California )   Case No.: GIC802664
18 residents,                               )
                                            )   CLASS ACTION SETTLEMENT
19                          Plaintiffs,     )   AGREEMENT
                                            )
20              vs.                         )
                                            )
21 WELLS FARGO BANK, N.A.; WELLS            )   Dept.:    71
   FARGO & COMPANY; and DOES 1              )   Judge:    Hon. Ronald S. Prager
22 through 100, inclusive,                  )
                                            )   Complaint Filed: December 27, 2002
23                          Defendants.     )
                                            )
24

25        This is a class action settlement agreement (hereinafter "Settlement Agreement") by

26 and between Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company

27 (collectively, "Defendants" or "Wells Fargo"), on the one hand, and Plaintiff Sean M.

28

                                    1

EXHIBIT 2

1  Smith ("Plaintiff"), together with the class he represents (collectively, "Plaintiffs"), on the

2  other hand.

3  I.     RECITALS

4         WHEREAS, on or about December 27, 2002, Plaintiff filed a putative class action

5  complaint for (1) violations of Business & Professions Code sections 17200, *et seq.*, (2)

6  violations of Business & Professions Code sections 17500, *et seq.*, and (3) violations of

7  Civil Code sections 1750, *et seq.* (the "Complaint"). In the Complaint, plaintiff, on behalf

8  of the class of all California residents who had a Wells Fargo ATM or Check Card at any

9  time from December 27, 1998 to the present, alleges that Wells Fargo failed to adequately

10 disclose and misrepresented its policies and practices regarding point of sale debit card

11 transactions drawn on accounts with insufficient funds. The class seeks to recover, among

12 other sums, all overdraft fees paid to Wells Fargo during the class period arising out of POS

13 debit card transactions and to implement procedures enhancing disclosure of Wells Fargo's

14 practices to allow informed decision making by its customers;

15        WHEREAS, on February 18, 2003, Defendants filed an answer to the Complaint,

16 generally denying the allegations and asserting 18 affirmative defenses;

17        WHEREAS, on February 20, 2004, the Court, as defined below, certified a class in

18 this case consisting of "[a]ll persons and entities who, while a California resident, have

19 been charged an overdraft fee as a result of using a Wells Fargo Check Card issued by

20 defendants or an entity owned or controlled by them";

21        WHEREAS, the Court approved the form of summary notice for publication

22 (defined below as "Notice of Pendency of Action") which was published in the Los

23 Angeles Times, Sacramento Bee, San Diego Union Tribune and San Francisco Chronicle

24 on June 27, 2004 and June 29, 2004;

25        WHEREAS, the Notice of Pendency of Action gave the Class members the option

26 to exclude themselves or opt out of this Action by written request on or before August 27,

27 2004;

28

EXHIBIT 2

1    WHEREAS, Wells Fargo contends that in or around March 2002 it gave adequate

2    notice of its policy whereby it may approve check card purchases on insufficient funds and

3    charge the customer a fee for a resulting overdraft in a statement notice to customers and, to

4    certain customers, a mailed notice (defined below as "March 2002 Policy Change Notice");

5    WHEREAS, after extensive litigation, including motion practice, appellate

6    proceedings and discovery, on February 7, 2007, the parties concluded mediation of this

7    matter before the Honorable Lawrence J. Irving (Ret.);

8    WHEREAS, after considering the uncertainty of being able to establish the claims

9    that are or could be made in the Complaint, the uncertainty of being able to overcome the

10   defenses available to Defendants, the uncertainty related to the recovery for members of the

11   Class, the substantial benefits provided by Wells Fargo in settlement, and the attendant

12   risks, costs, and inherent delays of litigation generally, Plaintiffs, through their undersigned

13   counsel, have concluded that the settlement set forth in this Settlement Agreement is fair,

14   adequate, and reasonable;

15   WHEREAS, based on the uncertainty of being able to establish their defenses and

16   on the attendant risks, costs, and inherent delays in litigation generally, Defendants, through

17   their undersigned counsel, believe it desirable to settle, through this Settlement Agreement,

18   the claims that are or could have been raised in the Complaint; and

19   THEREFORE, Plaintiff, on behalf of himself and the Settlement Class as defined

20   below, and Wells Fargo, by and through their duly authorized counsel, agree that this

21   Action, and all matters and claims in the Complaint, and all matters and claims fairly

22   related to the subject matter of such claims, are settled, compromised, and dismissed, on the

23   merits and with prejudice, upon the below terms and conditions.

24   II.   DEFINITIONS

25   The following definitions apply to this Settlement Agreement:

26   A.   "Action" means this lawsuit as captioned above.

27

28

3
CLASS ACTION SETTLEMENT AGREEMENT                    GIC802664

EXHIBIT 2

1    B.    "ATM Card" means an automated teller machine card issued by Defendants
2  that may be used to make commercial transactions with merchants.

3    C.    "Check Card" means a debit card issued by Defendants that may be used to
4  make commercial transactions with merchants.

5    D.    "Claim Form" means the declaration under penalty of perjury to be signed
6  by class members who seek the refund of an overdraft fee offered by Wells Fargo as part of
7  this Settlement Agreement.  A true and correct copy of the Claim Form is attached to this
8  Settlement Agreement as Exhibit A.

9    E.    "Settlement Class" means the class previously certified by the Court in the
10  Action, which is "[a]ll persons and entities who, while a California resident, have been
11  charged an overdraft fee as a result of using a Wells Fargo Check Card issued by
12  defendants or an entity owned or controlled by them."

13    F.    "Class Counsel" means, for purposes of this settlement only, Finkelstein &
14  Krinsk LLP;

15    G.    "Class Notices" means the Notice of Pendency of Action, the Final Mailed
16  Notice and the Publication Notice.

17    H.    "Court," when capitalized, means the Superior Court in and for the City and
18  County of San Diego, California in which the Action is pending, and to which presentation
19  of this Settlement Agreement for judicial review and approval will be made.

20    I.    "Current Checking or Savings Account Holders" means each Wells Fargo
21  customer with a checking or savings account that is in good standing on the Effective Date,
22  if that customer did not opt out of the Class;

23    J.    "Defendants' Counsel" means the law firm of Pillsbury Winthrop Shaw
24  Pittman LLP.

25    K.    "Effective Date" means the date on which the Final Order and Judgment is
26  entered approving the proposed settlement and this Settlement Agreement without further
27  modification (unless the parties expressly agree to such further modification);

28

4
CLASS ACTION SETTLEMENT AGREEMENT                                    GIC802664

EXHIBIT 2

1    L.    "Fee and Expense Award" means an award by the Court of reasonable

2    attorney's fees, expert witness fees, litigation expenses, and costs of suit.

3    M.    "Final Effective Date" means the date on which all appeals from, or all time

4    periods to appeal from, the Final Order and Judgment have been exhausted, all without

5    modification of the Final Order and Judgment (unless the parties expressly agree to such

6    modification);

7    N.    "Final Hearing" shall mean the hearing, on a date to be set by the Court, to

8    consider final approval of the proposed settlement and this Settlement Agreement;

9    O.    "Final Mailed Notice" means notice, in the form of a Statement Notice or

10   insert into the customer's periodic bank statement, of this Settlement Agreement and of the

11   scheduling of the Final Hearing to certain current Wells Fargo checking and savings

12   account holders who had a Wells Fargo ATM or Check Card and who were charged an

13   overdraft fee for a POS or Check Card transaction during any statement period from May

14   24, 2002 to May 24, 2003. A true and correct copy of the language for the Final Mailed

15   Notice is attached hereto as Exhibit B.

16   P.    "Final Order and Judgment" means the termination of the Action and entry

17   of an order and judgment, at or following the Final Hearing, which shall:

18        1.    Approve the proposed settlement and this Settlement Agreement as

19   fair, adequate, and reasonable, and declare this Settlement Agreement to be binding upon

20   all Class members and to have preclusive effect in all pending and future lawsuits, except

21   lawsuits brought by government departments or agencies on behalf of the general public in

22   such departments' or agencies' jurisdictions;

23        2.    Confirm that Class Notices were provided as required by this

24   Settlement Agreement and therefore were reasonably and practicably calculated, under all

25   of the circumstances, to reasonably apprise Class members of the pendency of the Action,

26   their rights, among other things, to opt out and exclude themselves from the Class, to object

27   to the settlement and to attend the Final Hearing, and as fully consistent with the

28

EXHIBIT 2

1   requirements of Due Process under the United States and California State Constitutions and

2   California Code of Civil Procedure 382;

3          3.      Dismiss the Action on the merits and with prejudice, but without fees

4   or costs to any party except as provided in this Settlement Agreement;

5          4.      Either award fees to Class Counsel pursuant to any such pending

6   application, or set a date for a further hearing concerning such awards;

7          5.      Incorporate the release set forth in paragraph X., of this Settlement

8   Agreement; and

9          6.      Bar and permanently enjoin all Class members from instituting,

10  maintaining, or continuing to assert against Wells Fargo any actions or claims released in

11  this Settlement Agreement.

12      Q.      "Incentive Award" means, subject to the other terms of this Settlement

13  Agreement, and to the extent permitted by law and approved by the Court, the payments of

14  any monetary award to Plaintiff to recognize his individual contributions to the settlement

15  of this Action;

16      R.      "March 2002 Policy Change Notice" means the Statement Notice, and in

17  certain circumstances, direct mail notice, provided by Wells Fargo in or around March 2002

18  identifying the change in policy whereby Wells Fargo may approve a check card purchase

19  on insufficient funds, create an overdraft and charge a customer a fee for that overdraft;

20      S.      "Notice of Pendency of Action" means the notice of the pendency of this

21  Action published in the Los Angeles Times, Sacramento Bee, San Diego Union Tribune

22  and San Francisco Chronicle on June 27, 2004 and June 29, 2004. At true and correct copy

23  of the Notice of Pendency of Action is attached as Exhibit C to this Settlement Agreement.

24      T.      "Point-of-Sale" ("POS") means a consumer transaction initiated with a

25  merchant using either an ATM or Check Card.

26      U.      "Preliminary Approval Order" means an order entered by the Court that,

27  among other things, shall:

28

6
CLASS ACTION SETTLEMENT AGREEMENT                                    GIC802664

EXHIBIT 2

1       1.     Approve the form and methodology of the Class Notices as

2  reasonably and practicably calculated, under all of the circumstances, to apprise Class

3  members of the pendency of the Action, their rights, among other things, to opt out and

4  exclude themselves from the Class, to object to the settlement and to attend the Final

5  Hearing, and as fully consistent with the requirements of Due Process under the United

6  States and California State Constitutions and California Code of Civil Procedure 382;

7       2.     Find that the likelihood of final approval of the settlement is

8  sufficient to warrant the sending and publication of the Final Mail Notice and Publication

9  Notice, as defined below;

10      3.     Schedule a date for the Final Hearing to consider the fairness,

11  reasonableness, and adequacy of the remaining terms of the proposed settlement and

12  whether it should receive final approval from the Court; and

13      4.     Direct Plaintiff and Wells Fargo to proceed in accord with the terms

14  of this Settlement Agreement for the purpose of consummating the settlement.

15     V.    "Publication Notice" means notice of this Settlement Agreement and of the

16  scheduling of the Final Hearing by publication in the San Diego Union Tribune, the Los

17  Angeles Times, the Sacramento Bee and the San Francisco Chronicle.  The content of the

18  Publication Notice will be in the form attached as Exhibit F to this Settlement Agreement.

19     W.    "Settlement Web Site" means a web site to be created and maintained by

20  Wells Fargo where information regarding the Action and this Settlement Agreement and a

21  claim form will be posted.  A true and correct copy of the information that will be posted on

22  the Settlement Web Site is Exhibit D to this Settlement Agreement.

23     X.    "Statement Notice" means a notice to Wells Fargo customers placed upon

24  and part of the customers' periodic banking statement.

25  III.   <u>NO ADMISSION OF LIABILITY</u>

26     Wells Fargo expressly denies all liability in this Action.  By entering into this

27  Settlement Agreement, Wells Fargo is not admitting any liability to Plaintiff, any Class

28

7

EXHIBIT 2

1  member or any other person or entity or waiving (except to the extent the settlement in this

2  Settlement Agreement becomes final) any claim, counterclaim, defense, or affirmative

3  defense.

4  IV.    NON-MONETARY BENEFITS TO THE CLASS

5        Within six months after the Final Effective Date, Wells Fargo agrees to provide the

6  following non-monetary benefits to the class under this Settlement Agreement:

7        A.    Wells Fargo will provide two notices, in the form of a Statement Notice or

8  insert into the customer's periodic bank statement, to all Current Checking or Savings

9  Account Holders who have a Wells Fargo ATM or Check Card and who receive a monthly

10  account statement, identifying (1) Wells Fargo's policy or practice of approving certain

11  ATM Card or Check Card transactions on insufficient funds and (2) identifying the various

12  ways that customers can ascertain their account balances and/or make intraday deposits or

13  fund transfers to avoid overdrafting their accounts.  The language of the notices to be

14  provided pursuant to this paragraph shall be in substantial content as that attached as

15  Exhibit E to this Settlement Agreement.

16        B.    Wells Fargo will modify the notice which it currently mails to customers

17  who incur overdraft fees.  The notice will be modified to identify whether the overdraft was

18  incurred on a POS or Check Card Transaction, and if so, (1) sufficient information to

19  identify the merchant with whom the transaction occurred and (2) the date on which the

20  transaction occurred.

21  V.    MONETARY BENEFITS TO THE CLASS

22        Within 120 days after the Final Effective Date, Wells Fargo will agree to refund up

23  to $20 in overdraft fees to every Wells Fargo customer who, within 60 days following the

24  date of the Final Hearing, completes and submits a Claim Form stating under the penalty of

25  perjury that the customer was charged an overdraft fee on a Check Card purchase during

26  the 12 month period following May 24, 2002 because the customer was ignorant of the

27  Bank's change in overdraft policy or did not understand the March 2002 Policy Change

28

8

CLASS ACTION SETTLEMENT AGREEMENT

GIC802664

EXHIBIT 2

1    Notice. In no event shall Wells Fargo be required to pay out in aggregate more than $3

2    million in refunds pursuant to this paragraph. The $20 refund amount is subject to pro rata

3    reduction to the extent the aggregate amount of refund requests exceed $3 million.

4    VI.    FRAUDULENT CLAIMS

5           Wells Fargo may take whatever steps it deems necessary in its sole discretion,

6    including legal action or resort to law enforcement authorities, to prevent fraudulent claims

7    under this Settlement Agreement.

8    VII.    APPLICATION FOR PRELIMINARY APPROVAL

9           After execution of this Settlement Agreement and prior to the parties' joint

10    application to the Court for entry of a Preliminary Approval Order, Class Counsel and

11    Defendants' Counsel shall submit this Settlement Agreement to the Court and apply for the

12    Preliminary Approval Order.

13    VIII.    NOTICE OF SETTLEMENT AND FINAL HEARING

14           Not later than 75 days before the Final Hearing date, Wells Fargo shall, at its sole

15    expense, complete the following tasks:

16           A.    Wells Fargo will mail the Final Mail Notice to current customers readily

17    identifiable by Wells Fargo with reasonable accuracy from its current active records as

18    having been charged an overdraft fee on an ATM or Check Card transaction during the

19    period from May 24, 2002 through May 24, 2003.

20           B.    Wells Fargo will publish the Publication Notice. The Publication Notice

21    will be published in each of the identified publications once in each of two separate weeks.

22           C.    Wells Fargo will erect and thereafter maintain until 120 days following the

23    Effective Date, and Internet web site on which will be posted the information presented in

24    Exhibit D hereto together with copies of the Settlement Agreement and Claim Form in

25    portable document format and such other materials as may be jointly agreed to by the

26    parties.

27

28

9
CLASS ACTION SETTLEMENT AGREEMENT

GIC802664

EXHIBIT 2

IX.    OPTIONS TO THE CLASS MEMBERS

A.    In connection with the Notice of the Pendency of the Action, Class members were given the opportunity to opt out of the Action. None did. The parties disagree as to whether class members are entitled to exclude themselves from this Settlement. Wells Fargo contends that any class member who did not previously opt out when given an opportunity to do so in response to the Notice of Pendency of Action may not now do so in connection with this Settlement. Plaintiff contends that due process requires that class members be provided the opportunity to opt out of the Settlement. Unable to resolve their disagreement on this issue, and after further medication with Judge Irving and discussions with the Court, the parties have agreed to submit this legal issue to the Court for its binding, non-appealable determination concurrent with the parties' joint application for entry of a Preliminary Approval Order on the Settlement. However, in the event the Court determines that class members are entitled to seek to exclude themselves from the Settlement, Wells Fargo shall have the option to terminate the settlement in the event more than 50 class members opt out of the Class.

B.    Any Class member who did not opt out may object to the proposed settlement by filing with the Court and delivering to Class Counsel and Defendants' Counsel, by first class mail, postmarked not later than 45 days prior to the Final Hearing date in the Class Notices (unless such time is extended for such Class member in a writing signed by Class Counsel and Defendants' Counsel), a written statement of objection. The written statement of objection must set forth (i) the name of this Action; (ii) the Class member's full name, address, telephone number; (iii) the specific reasons for the objection, and (iv) any evidence or legal authority the Class member believes supports the objection; and

C.    All Class members or their attorneys who intend to appear at the Final Hearing must file with the Court and serve upon Class Counsel and Defendants' Counsel, not later than 45 days prior to the Final Hearing date in the Class Notice (unless such time

10
CLASS ACTION SETTLEMENT AGREEMENT

GIC802664

EXHIBIT 2

1    is extended for such Class member in a writing signed by Class Counsel and Defendants'

2    Counsel), a notice of their intention to appear.

3    X.     RELEASE

4         As of the Effective Date all Class members shall be deemed to have released and

5    discharged Wells Fargo, their parents, subsidiaries, affiliates, predecessors, successors, and

6    assigns, and each of their past, present and future officers, directors, employees, agents,

7    representatives, attorneys, heirs, administrators, executors, predecessors, successors and

8    assigns, (collectively, the "Releasees"), from any and all causes of action, claims, damages,

9    equitable, legal, and administrative relief, interest, demands, or rights, whether presently

10    known or unknown, whether based on facts in addition to or different from those which

11    they now know or believe to be true, or whether based on federal, state, or local statute or

12    ordinance, regulation, contract, common law, or any other source, that have been, could

13    have been, may be, or could be alleged or asserted by any Class member, either directly or

14    indirectly, on their own behalf, on behalf of the Class, or on behalf of any other person,

15    against the Releasees relating to, on the basis of, in connection with, or arising out of, in

16    whole or in part, the subject matter of or facts relating to any of the claims alleged in the

17    Complaint.  All Class members expressly waive any and all rights or benefits they may now

18    have, or in the future may have, under any law relating to the releases of unknown claims,

19    including, without limitation, California Civil Code Section 1542, which otherwise

20    provides that "A general release does not extend to claims which the creditor does not know

21    or suspect exist in his or her favor at the time of executing the release, which if known by

22    him or her must have materially affected his or her settlement with the debtor", or under

23    any other law or principle of common law of any State or territory of the United States, or

24    of any foreign country, that is comparable or equivalent in substance or intent to California

25    Civil Code Section 1542.

26

27

28

1    XI.   APPLICATION FOR ATTORNEY FEES, COSTS AND INCENTIVE AWARD

2          The Court may, in the Final Order and Judgment, or in a subsequent order, choose

3    to make a Fee and Expense Award to Class Counsel. The Court may also choose to award

4    Plaintiff an Incentive Award. With respect to such awards, the parties agree that:

5          A.    Wells Fargo will not oppose any application by Class Counsel for an award

6    of attorney fees under Code of Civil Procedure section 1021.5 in an amount up to $2

7    million and the reimbursement of actual litigation expenses in an amount up to $200,000.

8          B.    If Class Counsel so elects, Wells Fargo shall pay Class Counsel the full

9    amount of any Fee and Expense Award within fifteen (15) business days from entry of the

10   Court's Order thereon. If the Final Order and Judgment is reversed, vacated, modified

11   and/or remanded for further proceedings or otherwise disposed of in any manner other than

12   one resulting in an affirmance of the Final Order and Judgment, or if Wells Fargo or Class

13   Counsel properly and timely terminate the Settlement Agreement in accordance with

14   Section XII of this Agreement, then Class Counsel shall, within ten (10) days of such

15   events, return to Wells Fargo the full amount of attorneys' fees and expenses paid by Wells

16   Fargo in connection with the Settlement. If the Fee and Expense Award is reduced after

17   entry of the Final Order and Judgment, then Class Counsel shall, within ten (10) days of

18   said event, return to Wells Fargo the amount by which the Fee and Expense Award has

19   been reduced. Any return of funds under this subsection shall be increased by interest at

20   the rate of 5% per annum.

21         C.    Each Class Counsel that elects to be paid as discussed in section XI.B.,

22   above, will provide to Wells Fargo a promissory note guaranteeing the return of the funds

23   paid in accordance with this section XI if the funds are required to be returned. The

24   promissory note will be secured by the personal guarantee of each partner in the firm that is

25   class counsel, which personal guarantee will be secured by security reasonably acceptable

26   to Wells Fargo. The guarantees and the security will remain in effect until the Final

27   Effective Date.

28

12

CLASS ACTION SETTLEMENT AGREEMENT

GIC802664

EXHIBIT 2

1    D.    Wells Fargo will not oppose any application by Class Counsel for an

2  Incentive Award to the Plaintiff in an amount up to $5,000.  This Settlement Agreement is

3  not an admission by Wells Fargo that Plaintiff is entitled to an Incentive Award in any

4  amount.  Any such Incentive Awards will be paid within thirty (30) days after the Final

5  Effective Date.

6  XII.    TERMINATION OF SETTLEMENT AGREEMENT

7        Either Party may terminate this Settlement Agreement in its entirety at any time and

8  without further obligation if:

9    A.    Any court rejects, modifies, or denies approval or incorporation into the

10  Final Order and Judgment of any provision of this Settlement Agreement which Wells

11  Fargo regards as material; or

12    B.    Any court makes any order purporting to alter or amend any provision of the

13  Settlement Agreement, or purporting to preclude Plaintiffs or Wells Fargo, or any of them,

14  from proceeding in whole or in part with the proposed settlement or this Settlement

15  Agreement.

16  XIII.    COOPERATION

17        The parties and their respective counsel shall:

18    A.    Cooperate fully with one another in seeking approval of this Settlement

19  Agreement by the Court;

20    B.    Use their best efforts to effect the prompt consummation of the proposed

21  settlement and entry of the Final Order and Judgment contemplated by this Settlement

22  Agreement; and

23    C.    Cooperate fully with one another in defending any appeal from the

24  settlement or the Final Order and Judgment, defending any collateral attack on the

25  settlement or Final Order and Judgment or the preclusive effect of either of them, and

26  prosecuting any appeal from denial of approval of the settlement or this Settlement

27  Agreement, except that Wells Fargo shall not have any obligation to take any position with

28

13

CLASS ACTION SETTLEMENT AGREEMENT                              GIC802664

EXHIBIT 2

1   respect to any attorney's fees, costs, disbursements, expert witness fees, and incentive

2   payments awarded or not awarded by the Court.

3   XIV.   GOOD FAITH SETTLEMENT

4          This Settlement Agreement has been negotiated at arm's-length between parties of

5   equal bargaining power, and was drafted jointly by Class Counsel and Defendants'

6   Counsel. The amount of the settlement, as well as the other terms of this Settlement

7   Agreement, reflect a good faith settlement of the Class members' claims, reached

8   voluntarily after consultation with legal counsel. Neither this Settlement Agreement, nor

9   any of its provisions or Exhibits, nor any brief in support of it, nor any of the negotiations

10  or proceedings preceding its approval in the Final Order and Judgment, shall be offered or

11  received in evidence in any action or proceeding of any nature, or otherwise referred to or

12  used in any manner in any court or other tribunal, except to enforce or implement the terms

13  of this Settlement Agreement; to support or defend this Settlement Agreement on any

14  appeal from the Final Order and Judgment; or to enforce or assert a claim or defense of *res*

15  *judicata*, collateral estoppel, claim or issue preclusion, settlement, release, merger and bar,

16  or any similar claim or defense against a Class member.

17  XV.   RESERVATION OF JURISDICTION

18         The Court shall retain jurisdiction pursuant to California Code of Civil Procedure

19  Section 664.6 to implement and enforce the terms of this Settlement Agreement, including

20  jurisdiction to alter any deadline set by this Settlement Agreement or the Court. All parties

21  submit to the jurisdiction of the Court for such purposes.

22  XVI.  ENTIRE AGREEMENT

23         This Settlement Agreement contains the entire agreement and understanding of

24  Defendants, Plaintiff, the Class, Class Counsel, and Defendants' Counsel with respect to its

25  subject matter. This Settlement Agreement supersedes all prior agreements or

26  understandings (whether oral or written), if any, between them with respect to such subject

27  matter and may not be altered, amended, or modified except by a written instrument duly

28  

14
                                                                        GIC802664

EXHIBIT 2

1   executed by Wells Fargo or one of Defendants' Counsel, and by Class Counsel on behalf of

2   Plaintiff and the Class.

3   XVII.   <u>AUTHORITY</u>

4           Each of the undersigned represents and warrants that he or she has authority to

5   execute this Settlement Agreement on behalf of the persons he or she represents.  This

6   Settlement Agreement may be executed in counterparts and all the executed counterparts

7   shall together be treated as a whole.  Facsimile signatures shall be deemed equivalent to

8   original signatures for purposes of execution.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2

1   XVIII. <u>CHOICE OF LAW</u>

2        This Settlement Agreement shall be governed by the laws of the State of California,

3   without regard to the conflict of laws provisions thereof.

4        DATED:  May 14, 2007.

5

6                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                                         DANIEL G. LAMB, JR.
7                                        BRIAN D. MARTIN

8
                                         By _____
9                                                   Brian D. Martin
10                                       Attorneys for Defendants
                                         WELLS FARGO BANK, N.A. and WELLS
11                                       FARGO & COMPANY

12       DATED:  May 14, 2007.

13

14                                       FINKELSTEIN & KRINSK LLP
                                         JEFFREY KRINSK
15                                       MARK L. KNUTSON
                                         C. MICHAEL PLAVI
16

17                                       By _____
                                                   Mark L. Knutson
18                                       Attorneys for Plaintiff SEAN M. SMITH and the
                                         CLASS
19

20

21

22

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT                         GIC802664

EXHIBIT 2

1   XVIII. <u>CHOICE OF LAW</u>

2        This Settlement Agreement shall be governed by the laws of the State of California,

3   without regard to the conflict of laws provisions thereof.

4        DATED:  May 14, 2007.

5

6                             PILLSBURY WINTHROP SHAW PITTMAN LLP
                               DANIEL G. LAMB, JR.

7                             BRIAN D. MARTIN

8

9                           By _____
                                      Brian D. Martin

10                          Attorneys for Defendants
                          WELLS FARGO BANK, N.A. and WELLS

11                          FARGO & COMPANY

12        DATED:  May 14, 2007.

13

14                           FINKELSTEIN & KRINSK LLP
                             JEFFREY KRINSK

15                           MARK L. KNUTSON
                           C. MICHAEL PLAVI

16

17                         By _____

18                                  Mark L. Knutson
                        Attorneys for Plaintiff SEAN M. SMITH and the

19                        CLASS

20

21

22

23

24

25

26

27

28
CLASS ACTION SETTLEMENT AGREEMENT         GIC802664

EXHIBIT 2

1

EXHIBIT A

2

**CLAIM FORM**

3

**FOR CURRENT OR FORMER CUSTOMERS OF WELLS FARGO BANK WHO
WERE CHARGED OVERDRAFT FEES ON CHECK CARD PURCHASES**

4

To be eligible to participate in the benefits of the proposed settlement in *Smith v. Wells Fargo Bank, N.A. and

5

*Wells Fargo & Company*, Case No. GIC 802664, proceeding in the San Diego Superior Court, you must fill out
this Claim Form completely and mail it to the address given below, postmarked not later than _____,

6

2007. Claim Forms postmarked after that date will not be accepted. If you provide incomplete, incorrect, or
inaccurate information, your claim may be denied. The information you provide below will be used for account

7

verification and processing of your claim and will not be used or released for any other purpose.

1. Your full name as it appears or appeared on your Wells Fargo bank account:

8

Full Name_____

2. Current name, if different: _____

9

3. Your current mailing address:

10

Street Address:_____

City, State, Zip_____

11

4. Your address at the time you held a Wells Fargo account, if different from above:

12

Street Address:_____

City, State, Zip_____

13

5. Your Wells Fargo account number: _____

14

6. If you are no longer a Wells Fargo customer, on approximately what date was your account closed?  ___/___/___

15

7. Please review the statement below. If this statement applies to you, please sign below. Your
signature below indicates that you assert under the penalty of perjury that the statement is true and

16

correct as to you.

17

Between May 24, 2002 and May 24, 2003, I was a California

18

resident who had a Wells Fargo Check Card and I was charged
an overdraft fee in connection with my use of the Check Card.

19

At the time I was charged an overdraft fee in connection with
my use of the Check Card, I (1) did not expect to be charged

20

the overdraft fee because I was ignorant of Wells Fargo's
change in overdraft policy, **OR** (2) did not expect to be

21

charged the overdraft fee because I did not understand Wells
Fargo's March 2002 policy change notice.

22

BY MY SIGNATURE BELOW, **I HEREBY CERTIFY, UNDER PENALTY OF**

23

**PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA**, THAT
FOREGOING INFORMATION IS TRUE AND CORRECT.

24

Signature _____ Date ____

25

26

MAIL YOUR COMPLETED FORM TO THE ADDRESS BELOW:

27

[INSERT ADDRESS]

28

17

EXHIBIT 2

1

2   **YOUR CLAIM FORM MUST BE POSTMARKED NOT LATER THAN ____ 200_,**
    **OR YOUR CLAIM FORM WILL NOT BE ACCEPTED.**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GIC802664

EXHIBIT 2

1

## EXHIBIT B

2

### LEGAL NOTICE

3
*Smith v. Wells Fargo Bank, N.A. and Wells Fargo & Company*,
Case No. GIC 802664 in the Superior Court of California, Department 71, Hall of Justice, 330 West Broadway, San Diego, California 92101

4

#### NOTICE OF CLASS ACTION SETTLEMENT AND HEARING

5
IF YOU ARE A CALIFORNIA RESIDENT AND HAD A WELLS FARGO ATM OR CHECK CARD AT ANY TIME FROM
DECEMBER 18, 1999 TO THE PRESENT, AND WERE CHARGED AN OVERDRAFT FEE AS A RESULT OF USING YOUR ATM
OR CHECK CARD FOR A POINT-OF-SALE TRANSACTION, PLEASE NOTE:

6
A SETTLEMENT OF VARIOUS LEGAL CLAIMS RELATING TO YOUR WELLS FARGO CHECKING OR SAVINGS
ACCOUNT HAS BEEN PROPOSED IN THIS CLASS ACTION. THE SETTLEMENT MAY AFFECT YOUR RIGHTS.

7

#### WHAT IS THIS CASE AND THE SETTLEMENT ABOUT?

8
In the complaint, plaintiff, on behalf of the class of all California residents who had a Wells Fargo ATM or Check Card at any time from
December 27, 1998 to the present, claims that Wells Fargo failed to adequately disclose and misrepresented its policies and practices

9
regarding point of sale debit card transactions drawn on accounts with insufficient funds. The class seeks to recover, among other sums,
all overdraft fees paid to Wells Fargo during the class period arising out of POS debit card transactions. Wells Fargo denies those claims.

10
This settlement concerns those claims. You may have seen a notice in June 2004, stating that this case was pending in the Superior Court
of the State of California, in and for San Diego County. Now, after extensive discovery and negotiations, the parties have determined that
it is in all the parties interest to settle the case. The settlement provides non-monetary benefits to the Class members, and monetary

11
benefits to certain Class members. The settlement has been preliminarily approved by the Court.

12

#### WHAT ARE THE TERMS OF THE SETTLEMENT?

13
If the settlement is finally approved, the settlement provides both non-monetary and monetary benefits to the Class members. The non-
monetary benefits are the following: (1) Wells Fargo will provide a notice in the account statements of current checking or savings

14
account holders who have a Wells Fargo ATM or Check Card. The notice will explain that Wells Fargo may approve ATM Card or
Check Card transactions on insufficient funds and will suggest steps that customers can take to avoid overdrafts, (2) Wells Fargo will

15
modify the notice it provides to customers who incur overdraft fees. The modified notice will indicate whether the overdraft was incurred
on a POS or Check Card transaction and identify the merchant and the date of the transaction. The monetary benefit provided to Class

16
members is that Wells Fargo will refund up to $20 in overdraft fees to every Wells Fargo customer who provides a claim form under the
penalty of perjury attesting that the customer was charged an overdraft fee on a POS or Check Card transaction during the 12 month
period following May 24, 2002 because they were ignorant of the Bank's change in overdraft policy or did not understand the notice

17
provided to them in or around March 2002 identifying Wells Fargo's change in policy. The $20 refund amount is subject to pro rata
reduction to the extent the aggregate amount of refund requests exceed $3 million.

18

#### WHAT HAPPENS NEXT AND HOW DOES IT AFFECT ME?

19
On April 2, 2007, Judge Ronald S. Prager preliminarily approved this settlement, entering a written order to that effect on
_____. On _____ at _____ m. he will hold a further hearing to decide whether to make his approval final. If he
grants final approval, all members of the Class will be bound by the resulting judgment and court orders, and eligible Class members will

20
be entitled to claim benefits under the settlement. *If you want to object to the settlement, you must do so in writing by*
_____. *If you are class member and believe you are entitled to a refund described above, you must submit your claim by*
_____.

21

22
THIS NOTICE IS ONLY A SUMMARY OF THE SETTLEMENT. IF YOU THINK YOU MAY BE CLASS MEMBER OR IF
YOU WANT MORE INFORMATION, VISIT WWW._____, OR WRITE TO

23
_____, FOR A MORE DETAILED NOTICE AND INSTRUCTIONS, OR CALL,
TOLL FREE, 1-_____ FOR MORE PRE-RECORDED INFORMATION.

24

25

26

27

28

1

2

3

4

EXHIBIT C

**NOTICE OF PENDING ACTION**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

5

6

7

8

9

10

11

| | |
|---|---|
| SEAN M. SMITH, for himself and on behalf of all other similarly situated California residents<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO & COMPANY | CASE NO. GIC 802664<br><br>**SUMMARY NOTICE FOR PUBLICATION**<br><br>I/C Judge:<br><br>Hon. Ronald S. Prager |

12

13

TO:    **ALL PERSONS OR ENTITIES WHO**, while a California resident, have been charged an overdraft fee as a result of using a Wells Fargo Check Card issued by Wells Fargo Bank, N.A. or Wells Fargo & Company or an entity owned or controlled by them (the "Class").

14

15

16

17

**YOU ARE HEREBY NOTIFIED**, pursuant to an Order of the Superior Court of the State of California in and for San Diego County, that this action has been certified as a class action pursuant to Cal. Code of Civ. Proc. §382 on behalf of the above-referenced Class.  If you reside in California and were charged an overdraft fee as a result of using a Wells Fargo Check Card issued by the defendants, your rights may be affected by the certification of a Class in this litigation.

18

19

20

This class action lawsuit was brought by Sean M. Smith, on behalf of himself and the Class defined above.  The lawsuit alleges that within the applicable statute of limitations Wells Fargo engaged in (i) unfair business practices; (ii) false and misleading advertising; and (iii) violations of the Consumers Legal Remedies Act.  There has been no finding of wrongdoing by Wells Fargo and Wells Fargo denies these allegations.  This Notice is not an expression by the Court of any opinion of wrongdoing.

21

22

If you have you have further questions regarding this Notice of Pendency of Class Action, you may contact Class Counsel as follows:

23

24

FINKELSTEIN & KRINSK
501 West Broadway, Suite 1250
San Diego, CA 92101-3579
877 493 5366 (Toll Free)

25

26

27

If you choose, you may enter an appearance individually or through your own counsel at your own expense.  All such appearances must be made no later than August 27, 2004 by (i) filing a Notice of Appearance with the Clerk of this Court, located at 330 West Broadway, San Diego, CA 92101, and (ii) with service upon Finkelstein & Krinsk LLP,

28

600295362v1

20

CLASS ACTION SETTLEMENT AGREEMENT

GIC802664

EXHIBIT 2

1   501 West Broadway, Suite 1250, San Diego, CA 92101-3579 and Pillsbury Winthrop LLP,
    101 West Broadway, Suite 1800, San Diego, CA 92101-8219.

2

3        If you are within the definition of the Class set forth above in this notice, you may
    be entitled to participate in any recovery on behalf of the Class and will also be bound by
    any judgment, whether favorable or not, rendered in the Litigation unless you elect to

4   exclude yourself.

5        **ALL MEMBERS OF THE CLASS WHO DESIRE TO EXCLUDE
    THEMSELVES FROM THE CLASS MUST MAIL A WRITTEN REQUEST TO DO**

6   **SO TO THE WELLS FARGO CLASS NOTICE ADMINISTRATOR C/O RUST
    CONSULTING, INC., 501 MARQUETTE AVENUE, SUITE 700, MINNEAPOLIS,**

7   **MN 55402-1208 ON OR BEFORE AUGUST 27, 2004, AS DESCRIBED IN THE
    NOTICE OF PENDENCY OF CLASS ACTION.**

8

9        **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
    REGARDING THIS NOTICE.**

10  Dated: May 18, 2004

11                                          BY ORDER OF THE SUPERIOR COURT
                                            OF THE STATE OF CALIFORNIA IN AND
12                                          FOR SAN DIEGO COUNTY

13

14                                          /s/
                                            _____
                                            I/C Judge: Hon. Ronald S. Prager

15

16

17

18

19

20

21

22

23

24

25

26

27

28  690295362v1
    _____
                              21
                    CLASS ACTION SETTLEMENT AGREEMENT                     GIC802664

EXHIBIT 2

1

## EXHIBIT D

2

## IMPORTANT NOTICE ABOUT A NEW SETTLEMENT

3

*Smith v. Wells Fargo Bank, N.A. and Wells Fargo & Company,*

4

Case No. GIC 802664, Department 71, Superior Court of California, Hall of Justice, 330 West Broadway, San Diego, California 92101

5

IF YOU ARE A CALIFORNIA RESIDENT AND HAD A WELLS FARGO ATM OR CHECK CARD AT ANY TIME FROM
DECEMBER 27, 1998 TO THE PRESENT, AND WERE CHARGED AN OVERDRAFT FEE AS A RESULT OF USING YOUR

6

ATM OR CHECK CARD FOR A POINT-OF-SALE TRANSACTION, PLEASE NOTE:

7

A SETTLEMENT OF VARIOUS LEGAL CLAIMS RELATING TO YOUR WELLS FARGO CHECKING OR SAVINGS
ACCOUNT HAS BEEN PROPOSED IN THIS CLASS ACTION. THE SETTLEMENT MAY AFFECT YOUR RIGHTS.

8

### WHAT IS THIS CASE AND THE SETTLEMENT ABOUT?

9

In the complaint, plaintiff, on behalf of the class of all California residents who had a Wells Fargo ATM or Check Card at any time from

10

December 27, 1998 to the present, claims that Wells Fargo failed to adequately disclose and misrepresented its policies and practices

11

regarding point of sale debit card transactions drawn on accounts with insufficient funds.  The class seeks to recover, among other sums,

12

all overdraft fees paid to Wells Fargo during the class period arising out of POS debit card transactions.  Wells Fargo denies those claims.

13

This settlement concerns those claims.  You may have seen a notice in June 2004, stating that this case was pending in the Superior Court

14

of the State of California, in and for San Diego County.  Now, after extensive discovery and negotiations, the parties have determined that

15

it is in all the parties interest to settle the case.  The settlement provides non-monetary benefits to the Class members, and monetary

16

benefits to certain Class members.  The settlement has been preliminarily approved by the Court.

17

### WHAT DO I GET IF I REMAIN IN THE SETTLEMENT AND HOW DO I GET IT?

18

If the settlement is finally approved, the settlement provides both non-monetary and monetary benefits to the Class members.  The first

19

non-monetary benefit provided to the Class members is that Wells Fargo will provide two notices, either printed on periodic account

20

statements or on an insert mailed with account statements, to all current checking or savings account holders who have a Wells Fargo

21

ATM or Check Card and receive monthly statements, identifying (1) Wells Fargo's policy or practice of approving certain ATM Card or

22

Check Card transactions on insufficient funds and (2) identifying the various ways that customers can access their account balances

23

and/or make intraday deposits or fund transfers to avoid overdrafting their account.  The second non-monetary benefit provided to the

24

Class members is that Wells Fargo will modify the notice currently mailed to customers who incur overdraft fees.  The modified overdraft

25

notice will identify and describe whether the overdraft was incurred on a POS or Check Card transaction, and if so, (1) sufficient

26

information to identify the merchant with whom the transaction occurred and (2) the date on which the transaction occurred.

27

28

EXHIBIT 2

1   The monetary benefit provided to Class members is that Wells Fargo will agree to refund up to $20 in overdraft fees to every Wells Fargo

2   customer who completes a claim form under the penalty of perjury attesting that the customer was charged an overdraft fee on a POS or

3   Check Card transaction during the 12 month period following May 24, 2002 because the customer was ignorant of the Bank's change in

4   overdraft policy or did not understand the notice provided in or around March 2002 identifying Wells Fargo's change in policy whereby it

5   may now approve POS transactions on insufficient funds. In no event shall Wells Fargo be required to pay out in aggregate more than $3

6   million in refunds. The $20 refund amount is subject to *pro rata* reduction to the extent the total amount of refund requests exceed $3

7   million.

8   If you believe you are entitled to a refund of overdraft fees pursuant to this settlement you will need to fill out a Claim Form under

9   penalty of perjury by _____ to receive your refund. You can get one at www. _____ or by writing to

10  _____.

11

12  None of the benefits identified above will be provided unless the settlement is finally approved by the Court.

13              **HOW DO I KNOW IF I'M A MEMBER OF THE SETTLEMENT CLASS?**

14  If you are a California resident and had a Wells Fargo ATM or Check Card at any time from December 27, 1998 to the present, and you

15  have incurred an overdraft fee as a result of using your ATM or Check Card for a POS transaction, you are a Class member. You may

16  check whether you are a member of the Class by writing to _____, and providing your name and address, and your

17  checking or savings account number. The Class does not extend outside California.

18              **WHAT HAPPENS NEXT AND HOW DOES IT AFFECT ME?**

19  On April 2, 2007, Judge Ronald S. Prager preliminarily approved this settlement, entering a written order to that effect on

20  _____. On _____ at ____ m. he will hold a further hearing to decide whether to make his approval final. If he

21  grants final approval, all members of the Class will be bound by the resulting judgment and court orders, and eligible Class members will

22  be entitled to claim benefits under the settlement. *If you want to object to the settlement, you must do so in writing by*

23  _____. *If you are class member and believe you are entitled to a refund described above, you must submit your claim by*

24  _____.

25              **HOW DO I OBJECT IF I WANT TO OBJECT?**

26  YOU MUST FILE ANY OBJECTION WITH THE CLERK OF THE COURT AT DEPARTMENT 71, SUPERIOR COURT OF

27  CALIFORNIA, HALL OF JUSTICE, 330 WEST BROADWAY, SAN DIEGO, CALIFORNIA 92101 AND SERVE IT ON CLASS

28  600295362v1                                          23                                          GIC802664

EXHIBIT 2

1    COUNSEL AND DEFENDANTS' COUNSEL AT THE LAWYERS' ADDRESSES LISTED BELOW NO LATER THAN 45 DAYS

2    PRIOR TO THE FINAL HEARING. THE OBJECTION MUST INCLUDE (i) THE NAME OF THIS CASE; (ii) YOUR FULL NAME

3    (AND ACCOUNT NAME, IF DIFFERENT), ADDRESS, TELEPHONE NUMBER, AND CURRENT OR FORMER CHECKING OR

4    SAVINGS ACCOUNT NUMBER (IF AVAILABLE); (iii) THE REASONS FOR THE OBJECTION AND (iv) ALL EVIDENCE AND

5    CITATIONS YOU BELIEVE SUPPORT IT. IF YOU OR YOUR COUNSEL WISH TO APPEAR AT THE FINAL HEARING, YOU

6    MUST INCLUDE WITH THE OBJECTION A WRITTEN NOTICE IDENTIFYING WHO WILL APPEAR.

7                        **CAN YOU TELL ME MORE ABOUT THE CLAIMS IN THIS CASE?**

8    Plaintiff asserts claims under California law. He claims that Wells Fargo Bank, N.A. and Wells Fargo & Company engaged in unfair,

9    unlawful, or fraudulent business practices; false or misleading advertising; and violations of the California Consumers' Legal Remedies

10    Act.  The complaint alleges that Wells Fargo failed to adequately disclose and misrepresented its policies and practices regarding point of

11    sale debit card transactions drawn on accounts with insufficient funds by, among other things, (1) collecting "excessive overdraft fees";

12    (2) providing "involuntary overdraft protection" on POS debit card transactions even though this was contrary to the express terms of

13    Wells Fargo's account agreement; (3) failing to disclose that overdrafts of POS debit card transactions might be, in the discretion of Wells

14    Fargo, approved; (4) concealing overdraft charges on POS transactions by, among other practices, failing to give proper notice of such

15    overdrafts, and by "burying" overdraft charges on monthly statements so that they could not be identified; and (5) concealing various

16    billing practices with respect to overdrafts on POS debit card transactions.  Wells Fargo has denied all of Plaintiff's claims and have

17    raised a number of legal and factual defenses.

18                           **WHY WERE THESE CLAIMS SETTLED?**

19    Plaintiffs and Class Counsel all believe that this settlement is fair, adequate, and reasonable and that you should accept it. Their belief is

20    based on, among other things: (i) the uncertainty of being able to prove their claims; (ii) the uncertainty of being able to overcome

21    Defendants' defenses; (iii) the risks, costs, and inherent delays of all litigation; (iv) the uncertainty of recovery for members of the Class

22    otherwise; and (v) the substantial benefits provided by the settlement. They also believe that the way they reached this settlement

23    (including mediation before the Honorable J. Lawrence Irving, a former federal judge) has helped assure its fairness, adequacy, and

24    reasonableness.

25                           **WHO ARE THE LAWYERS IN THIS CASE?**

26    Plaintiff's Class Counsel is Finkelstein & Krinsk LLP, 501 West Broadway, Suite 1250, San Diego, California 92101.  Class Counsel

27    have extensive experience in class action litigation.  You will not have to pay these Class Counsel.  They are asking the Court to approve

28    600295362v1
    _____  24  _____
                        CLASS ACTION SETTLEMENT AGREEMENT                    GIC802664

EXHIBIT 2

1  fees and reimbursement of costs, to be paid by Wells Fargo, of up to $2,200,000, and to make an incentive awards of up to $5,000 to the

2  named Plaintiff. The Court will make the ultimate decision whether any fees requested by any lawyers in this case are fair. The

3  Defendants' Counsel are Daniel G. Lamb, Jr. and Brian D. Martin of Pillsbury Winthrop Shaw Pittman LLP, 501 West Broadway, Suite

4  1100, San Diego, California 92101.

5

6  **WHAT IF I WANT TO KNOW MORE?**

You can obtain more information, a copy of the Class Action Settlement Agreement, or a Claim Form at www. _____. You

7  can also obtain additional pre-recorded information by calling, toll free, 1-_____. DO NOT WRITE to the Clerk of the Court

8  or call Wells Fargo.

9  *This notice does not mean that the Court has made any decision as to how it would rule on the claims or defenses asserted by*

10 *any party. This notice is not intended to be, and should not be considered as, an expression of any opinion by the Court with respect to*

11 *the truth of the allegations or the strength of the claims or defenses asserted in the case.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

600295362v1

25

CLASS ACTION SETTLEMENT AGREEMENT

GIC802664

EXHIBIT 2

1

2                                 EXHIBIT E

3 **Notice No. 1**

4 IMPORTANT ACCOUNT REMINDER: WELLS FARGO ATTEMPTS TO APPROVE

5 AS MANY OF YOUR WELLS FARGO CHECK CARD AND WELLS FARGO ATM

6 CARD TRANSACTIONS AS POSSIBLE.  IF YOU PERFORM A TRANSACTION

7 AND DO NOT HAVE SUFFICIENT FUNDS TO PAY THE TRANSACTION, WELLS

8 FARGO MAY STILL AUTHORIZE (APPROVE) THE TRANSACTION. IF WE

9 AUTHORIZE THE TRANSACTION AND YOU DO NOT DEPOSIT OR TRANSFER

10 SUFFICIENT FUNDS INTO YOUR ACCOUNT ON THE SAME DAY (BEFORE THE

11 POSTED CUTOFF TIME), YOUR TRANSACTION MAY CREATE AN OVERDRAFT

12 TO YOUR ACCOUNT.  YOU MAY BE ASSESSED AN OVERDRAFT PROTECTION

13 TRANSFER FEE (IF YOU HAVE SUFFICIENT FUNDS IN A LINKED WELLS

14 FARGO ACCOUNT) OR AN OVERDRAFT FEE, WHICH MAY VARY DEPENDING

15 ON HOW OFTEN YOU OVERDRAW YOUR ACCOUNT.  CONSULT OUR

16 *CONSUMER ACCOUNT FEE AND INFORMATION SCHEDULE* FOR MORE

17 INFORMATION.  WE ENCOURAGE YOU TO CONTACT YOUR LOCAL BANKER,

18 CALL OUR PHONE BANK AT 1-800-TO-WELLS (1-800-869-3357) OR VISIT US

19 ONLINE TO SIGN UP FOR OVERDRAFT PROTECTION TO HELP YOU AVOID THE

20 INCONVENIENCE AND EXPENSE OF OVERDRAFTS AND/OR RETURNED ITEMS.

21

22 **Notice No. 2**

23 HELPFUL ACCOUNT REMINDER:  KEEPING TRACK OF YOUR ACCOUNT

24 BALANCE AND TRANSACTIONS WILL HELP YOU AVOID THE

25 INCONVENIENCE AND EXPENSE OF OVERDRAFTS AND RETURNED ITEMS.

26 HERE ARE TIPS YOU MAY FIND HELPFUL:

27

28     600295362v1                       26                            GIC802664

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT 2

1. RECORD ALL OF YOUR TRANSACTIONS – DON'T FORGET ATM TRANSACTIONS, CHECK CARD PURCHASES, ELECTRONIC BILL PAYMENTS, OR AUTOMATIC TRANSACTIONS.

2. WE OFFER A VARIETY OF WAYS TO CHECK YOUR AVAILABLE BALANCE SO THAT YOU DO NOT PERFORM A TRANSACTION WITHOUT SUFFICIENT FUNDS IN YOUR ACCOUNT. YOU CAN CHECK YOUR ACCOUNT'S CURRENT AVAILABLE BALANCE AT ANY WELLS FARGO ATM, BY CALLING OUR PHONE BANK, VISITING US ONLINE, OR CONTACTING YOUR LOCAL BANKER.

3. WE ALSO ENCOURAGE YOU TO SIGN UP FOR OVERDRAFT PROTECTION.

EXHIBIT 2

1

EXHIBIT F

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

600295362v1

28

CLASS ACTION SETTLEMENT AGREEMENT

GIC802664

EXHIBIT 2

CASE NO. GIC 802664, IN THE SUPERIOR COURT FOR THE COUNTY OF SAN DIEGO, CALIFORNIA
SEAN M. SMITH, PLAINTIFF, v. WELLS FARGO BANK, N.A., ET AL., DEFENDANTS
SUMMARY NOTICE OF PROPOPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING

ATTENTION: All persons and entities who, while a California resident, have been charged an overdraft fee as a result of using a Wells Fargo Check Card issued by Wells Fargo Bank, N.A. or Wells Fargo & Company or an entity owned or controlled by them. Your rights may be affected by a proposed settlement of a class action.

You may be in the class of people defined above covered by a proposed settlement of this alleged class action. You may be entitled to receive the benefits of a proposed settlement. The suit alleges Wells Fargo failed to provide its California resident customers with adequate notice of a May 2002 change in the Bank's overdraft policy regarding Check Card and point-of-sale (POS) transactions. Wells Fargo denies these allegations. Detailed notices that describe the settlement terms, conditions and benefits have been mailed to persons whose bank statements reflect that they were charged an overdraft fee for a Check Card or POS transaction between May 24, 2002 and May 24, 2003 according to the records maintained by Wells Fargo.

If you did not receive a mailed notice and think you may be in the class, you may visit www._____, write the Notice Administrator at P.O. Box xxxx, to obtain a copy of the mailed notice and claim form, or call toll-free, 1-_____ for more pre-recorded information. [INSERT OPT-OUT INFOR. IF APPLICABLE]. If you intend to appear at the hearing identified below or wish to oppose the settlement, you need to file a Notice of Intent to Appear and/or written objection with the Superior Court Clerk located at, 330 West Broadway, San Diego, CA 92101 on or before [45 days prior to Final Hearing], and serve it on class counsel and Wells Fargo's counsel as listed below:

Class Counsel

Finkelstein & Krinsk LLP

501 W. Broadway, Suite 1250

San Diego CA 92101-3593

Wells Fargo's Counsel

Pillsbury Winthrop Shaw Pittman LLP

501 West Broadway, Suite 1100

San Diego, CA 92101-3675

On _____, 2007, at _____ m., the Honorable Ronald S. Prager of the Superior Court for the County of San Diego, California, located in Department 71 at 330 West Broadway, San Diego, CA 92101 will hear objections to the fairness and reasonableness of the settlement. The mailed notice includes additional details about opting out, the fairness hearing, the proposed settlement, the class certification and the legal rights of persons included in the Class.

THIS NOTICE IS ONLY A SUMMARY. Do not call the Clerk of the Court for additional information. Additional information can be found in the mailed notice, which may be obtained as stated above. IF YOU HAVE ANY QUESTIONS, CALL 1-800-xxx-xxxx.

Date: _____

Signed: Hon. Ronald S Prager

EXHIBIT 2