IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,

Plaintiffs,

v.

WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1 through 125,

Defendants.

No. C 07-05923 WHA

**ORDER RE TX 588**

At issue is whether a Federal Register announcement by a group of federal bank-related agencies (Trial Exhibit 588) should be allowed in evidence under Rule 803(8). The crux of the proffer is this paragraph in an otherwise thick document:

> The Agencies are not addressing transaction processing order at this time. The Agencies believe that it would be difficult to set forth a bright-line rule that would clearly result in the best outcome for all or most consumers. For example, requiring institutions to pay smaller dollar items first may cause an institution to return unpaid a large dollar nondiscretionary item, such as a mortgage payment, if there is an insufficient amount of overdraft coverage remaining to cover the large dollar item after the smaller items have been paid.

74 Fed. Reg. at 5548 (col. 1).

Contrary to defendant, this passage — from 2009 — said nothing about the actual rationale of defendant years before when it adopted high-to-low processing in or before 2001.

1   There was no, moreover, "investigation" within the meaning of Rule 803(8)(C). The sources for the paragraph appear simply to have been "industry commenters" as referenced five times in the paragraphs immediately preceding in question. Nor did the paragraph make any "finding." It merely explained why the Agencies did "not address[] transaction processing order at this time."

Even if the second and third sentences were treated as a finding, those statements were substantially qualified. That it may be "difficult to set forth a bright-line rule that would clearly result in the best outcome for all or most consumers" does not mean it cannot be done or cannot be done on a record such as has been compiled in our trial. And, the phrases "clearly" and "all or most" inject qualifiers that undermine the supposed force of the statement. Similarly, phrases like "may cause" and "if there is" inject considerable speculation. "May cause" implies "may not cause." The "if" clause conditions the entire statement.

Nothing in the paragraph purports to say what consumers would actually prefer. That an institution "may" return a rent check if the overdraft coverage or tolerance were exhausted does not mean that consumers would prefer imposition of a larger number of overdraft fees. The consumer comments in the prior paragraph were plainly opposed to the practice even if in theory a rent check might be returned.

All of these qualifications having been said, the section of Trial Exhibit 588 that contained the paragraph in question will be allowed into evidence. At a minimum, it has some relevance to issues of the scope of potential relief herein. The Court will take into account the limitations on the proffered evidence in deciding how much weight to give it.

**IT IS SO ORDERED.**

Dated: May 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE