Richard M. Heimann (State Bar No. 063607)
E-mail: rheimann@lchb.com
Barry R. Himmelstein (State Bar No. 157736)
E-mail: bhimmelstein@lchb.com
Michael W. Sobol (State Bar No. 194857)
E-mail: msobol@lchb.com
Roger Heller (State Bar No. 215348)
E-mail: rheller@lchb.com
Mikaela Bernstein (State Bar No. 261301)
E-mail: mbernstein@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Richard D. McCune (State Bar No. 132124)
E-mail: rdm@mwtriallawyers.com
Jae (Eddie) K. Kim (State Bar No. 236805)
E-mail: jkk@mwtriallawyers.com
McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125,<br><br>　　　　　　Defendants. | Case No. C 07-05923-WHA (JCSx)<br><br>**PLAINTIFFS' RESPONSE TO WELLS FARGO'S MEMORANDUM REGARDING RELEASE IN *SMITH* CASE**<br><br>Courtroom:　　9<br>Judge Assigned:　Hon. William H. Alsup |

## I. INTRODUCTION

As set forth in Plaintiffs' Memorandum Regarding Release in *Smith* Case (Docket No. 469), the release and judgment in *Smith* do not preclude any of Plaintiffs' claims asserted in this case. The *Smith* court itself has confirmed as much, and nothing in Wells Fargo's submission (Docket No. 466) calls that conclusion into question in any way.

Though it acknowledges the lack of any substantive overlap between the claims asserted in *Smith* and the claims asserted here, Wells Fargo utterly fails to address the fact that all of the claims in this case fall *outside* the temporal scope of the *Smith* release. Wells Fargo's only reference to the temporal scope of the *Smith* release is in a footnote (*see* Docket No. 466 at 9 n.3), and even there, Wells Fargo ignores the *Smith* court's own order *defining* the scope of the release, which was previously *undefined*. As the *Smith* court confirmed, the *only* claims released by *any* Wells Fargo customer in *Smith* were claims arising out of overdrafts that occurred *during a 12 month period between May 2002 and May 2003*. This case, by contrast, addresses overdraft fees that were imposed *between November 15, 2004 and June 30, 2008*, completely outside of the 12 month release period covered by *Smith*. In a nutshell, *Smith* has *no* preclusive effect within the *Gutierrez* class period.

Moreover, Wells Fargo acknowledges in its submission, as it has repeatedly in this case, that the claims here address different conduct, rights, and harm than were at issue in *Smith*. While *Smith* concerned only the sufficiency of Wells Fargo's March 2002 disclosure regarding its adoption of "shadow lines" for debit card transactions, Plaintiffs' claims here address Wells Fargo's unfair "high-to-low" re-sequencing practice, its failure to disclose that posting order to customers, and its affirmative misrepresentations to customers regarding posting order, including misrepresentations made consistently throughout the class period that funds were withdrawn from the customer's account "immediately" or "automatically" upon use of a debit card (*i.e.*, in chronological order). As Wells Fargo concedes, all of Plaintiffs' damages models in this case carefully isolate only the damages associated with Wells Fargo's surreptitious, self-serving, and insufficiently disclosed re-ordering practices. Given, *inter alia*, the lack of substantive overlap between the two cases, and the fact that the plaintiff in *Smith* plainly did not pursue the class

interests sought to be protected in this case, the *Smith* release does not and cannot, under well-settled *California* law, preclude any of Plaintiffs' claims.[1]

## II. ARGUMENT

### A. Wells Fargo Ignores The Fact That All of Plaintiffs' Claims Are Outside of the Temporal Scope of the *Smith* Release.

Wells Fargo's only reference to the temporal scope of the *Smith* release appears in an *erroneous* footnote on the second to last page of its submission. Specifically, Wells Fargo states that "[t]he class period in this case extends slightly later than the end-point of the period covered by the release in *Smith*." Docket No. 466 at 9 n.3. Presumably, Wells Fargo is suggesting that the *Smith* release period extends to sometime in 2007, either when the *Smith* settlement was executed or when it was approved, although Wells Fargo provides no citation for its statement or any basis to support such an interpretation of the temporal scope of the *Smith* release.[2] In fact, that interpretation runs directly contrary to the *Smith* court's order.

As the parties to the *Smith* settlement agreed; as the judgment incorporating the *Smith* settlement ordered; and as provided for by California law, notwithstanding the entry of a final judgment, the trial court retained jurisdiction to implement and enforce the terms of the settlement. *See* Heller Decl., Ex. B (Settlement) at 14 ("The Court shall retain jurisdiction pursuant to California Code of Civil Procedure Section 664.6 to implement and enforce the terms of the Settlement Agreement....All parties submit to the jurisdiction of the Court for such purposes."). In addition to this *express* reservation, a reservation of jurisdiction under Section

---

[1] Wells Fargo's lengthy argument that the *Smith* settlement and release are not subject to collateral attack in this Court is beside the point. While there may indeed be grounds to review the sufficiency of the notice program in *Smith* under federal due process standards, this exercise is unnecessary, and therefore, under the well-settled doctrine of constitutional avoidance, inappropriate.

[2] It appears that Wells Fargo may be confusing the time frame of the class period with the time period of the release. While, as a general matter, the two ordinarily correspond, here, as the *Smith* court noted, there *was no class period*, rendering it necessary for the court to determine the temporal scope of the claims released. *See* Request for Judicial Notice and Declaration of Roger Heller ("Heller Decl.") (Docket No. 470), Ex. C at 2 ("By this Court's reading, the Settlement Class definition has no temporal limit at all. Indeed, it could be reasonably read to apply to all California Wells Fargo customers who have been charged an overdraft fee from the beginning of time to the end of time….But to determine if she is a 'party "aggrieved"…the Court must determine what claims have been released within the Settlement Class.").

664.6 also *implicitly* authorizes the trial court to determine the terms and conditions of settlement. *See Skulnick v. Roberts Express, Inc.*, 2 Cal.App.4th 884, 889 (1992). In a nutshell, the section authorizes the trial court that entered the judgment to "decid[e] what terms the parties themselves have previously agreed upon." *Weddington Prods., Inc. v. Flick*, 60 Cal.App4th 793, 810 (1998).

In determining the temporal scope of the release purchased by Wells Fargo for the sum of $2,080 (plus attorneys' fees and costs), the *Smith* court noted that the only monetary relief provided for in the *Smith* settlement consisted of a settlement fund from which customers who incurred an overdraft charge *during the 12 month period between May 24, 2002 and May 24, 2003* because they were ignorant of Wells Fargo's new "shadow line" policy could make a claim of up to $20 per customer. *See* Heller Decl., Ex. C at 2; *id*., Ex. B. (Settlement) at 8-9; *id*., Ex. D at ¶ 12. In construing the scope of the release, Judge Prager expressly found that *only* claims arising from overdrafts incurred *during this particular 12 month period* were released. Heller Decl., Ex. C at 2. This fact is determinative here. All of the overdraft charges at issue in this case were assessed between November 15, 2004 and June 30, 2008, and thus none of the claims asserted here can be barred by the release in *Smith*.

**B.  As Wells Fargo Acknowledges, The Claims Here Are Substantively Different From the Claims in *Smith*.**

Wells Fargo continues to acknowledge, as it has repeatedly in this case, that the *Smith* case did not concern the practices that are at issue in this case. Indeed, it is beyond dispute that the plaintiff in *Smith* neither alleged the conduct that forms the basis of Plaintiffs' claims here, nor asserted any claims based on such conduct. In fact, there is no evidence that the plaintiff in *Smith* would even have had *standing* to assert any of the claims asserted here. Wells Fargo further concedes that all of the damages models presented by Plaintiffs in *Gutierrez* isolate *only* those damages caused by the re-ordering practices at issue in this case. *See* Docket No. 466 at 4 ("the evidence of class injury (presented through the analysis of plaintiffs' expert, Art Olsen) focused exclusively on the impact of posting order.").

To bring the matter into sharp focus, while *Smith* potentially sought damages for *all* overdraft charges on debit card transactions, *Gutierrez* seeks *no* damages for *any* single

- 3 -

1  transaction; she seeks only the damages caused by the re-ordering of multiple overdraft
2  transactions.  Consistent with its scope, the *Smith* settlement allowed claimants to recover only
3  $20 for a *single* overdraft transaction; Plaintiffs in *Gutierrez* seek *no* damages for *any* class
4  member on *any* day in which they incurred but a *single* overdraft transaction.  If anything, the two
5  cases seek *complementary, non-overlapping* damages.

6  Under California law, the plaintiff in *Smith* could not have released Plaintiffs' claims here,
7  and so this Court cannot properly find that Plaintiffs' claims are precluded by the *Smith* release.
8  *See Trotsky v. Los Angeles Fed. S&L*, 48 Cal.App.3d 134, 140-148 (1975) (rejecting settlement
9  that purported to release class claim not pursued by plaintiff); *Citizens for Open Access to Sand
10 and Tide, Inc. v. Seadrift Ass'n*, 60 Cal.App.4th 1053, 1067-1070 (1998) (release in prior suit may
11 only bar claims in subsequent suit where claims in two suits are "identical" and the interests of
12 the parties in the subsequent suit were adequately represented in the prior suit).

13  This is true not only of Plaintiffs' claim challenging Wells Fargo's re-sequencing practice
14 as "unfair" under the UCL, *see* Docket No. 466 at 5 (Wells Fargo acknowledging that "the
15 practice challenged in *Smith*…is distinct from the posting order practice challenged in this case"),
16 but also with respect to Plaintiffs' other claims—under the UCL and common law—challenging
17 as fraudulent and deceptive Wells Fargo's omissions and affirmative misrepresentations
18 regarding its posting order (*e.g.*, that the customer's funds are withdrawn "immediately" or
19 "automatically" upon use of a debit card).  While the claims in *Smith* addressed the sufficiency of
20 Wells Fargo's 2002 disclosure regarding "shadow lines," they did not address the deceptive and
21 fraudulent representations alleged here.  The release in *Smith*, therefore, does not preclude
22 Plaintiffs' misrepresentation and omission claims here, which are based on omissions and
23 misrepresentations regarding a different subject than in *Smith* and that occurred well outside of
24 the temporal scope of the *Smith* release.

25  **C.     Whether The *Smith* Settlement is Subject to Collateral Attack is Irrelevant.**

26  Wells Fargo devotes much of its submission to arguing that this Court must leave the
27 *Smith* settlement alone.  As Wells Fargo concedes, collateral review of the sufficiency of a class
28 notice under federal due process standards may be warranted where the state court has not made

an express determination of the issue. *See Epstein v. MCA, Inc.*, 179 F.3d 641 (9th Cir. 1999). While the *Smith* court determined the class notice sufficient, it was constrained to apply a California state standard that is arguably at odds with the federal due process requirement that all persons readily identifiable receive direct mail notice. *See Cartt v. Superior Court*, 50 Cal.App.3d 960, (1975) ("[W]e can readily accept, for the sake of argument, that *Eisen IV* defines, as a matter of constitutional law, the type of notice that is required to insure that the result of the class action is binding on all members. It simply does not follow, however, that a state may not permit a class action to go forward unless the defendant can be assured in advance that in the event of a defense victory all members of the class will be foreclosed from further proceedings."). Accordingly, while there may well be sufficient grounds to review the sufficiency of the class notice in *Smith* under federal due process standards, under the well-settled doctrine of constitutional avoidance, the Court need not—and therefore *should not*—reach this issue.

### III.   CONCLUSION

For the foregoing reasons, and as set forth in Plaintiffs' opening submission (Docket No. 499), the Court should find that none of Plaintiffs' claims are precluded by the release and judgment in *Smith v. Wells Fargo*.

| | | |
|---|---|---|
| 1 | Dated: July 28, 2010 | Respectfully submitted, |
| 2 | | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 4 | | By:        /s/ *Barry R. Himmelstein* |
| 6 | | Richard M. Heimann (State Bar No. 063607)<br>Barry R. Himmelstein (State Bar No. 157736)<br>Michael W. Sobol (State Bar No. 194857)<br>Roger N. Heller (State Bar No. 215348)<br>Mikaela Bernstein (State Bar No. 261301)<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008 |
| 11 | | Richard D. McCune (State Bar No. 132124)<br>E-mail:  rdm@mwtriallawyers.com<br>Jae (Eddie) K. Kim (State Bar No. 236805)<br>E-mail: jkk@mwtriallawyers.com<br>McCUNE & WRIGHT, LLP<br>2068 Orange Tree Lane, Suite 216<br>Redlands, CA  92374<br>Telephone:  (909) 557-1250<br>Facsimile:  (909) 557-1275 |
| 15 | | *Attorneys for Plaintiffs and the Class* |

886766.2