IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. C 07-05923 WHA<br><br>**CLASS ACTION**<br><br>**ORDER REGARDING JOINT RECOMMENDATION ON POST-TRIAL ISSUES AND PROPOSED JUDGMENT** |

Following the issuance of the findings of fact and conclusions of law in this certified consumer class action, the parties were ordered to meet and confer on a number of post-trial issues, including a plan of notice and distribution of restitution payments to class members, whether an extension of restitution beyond the certified class period is appropriate, and the preparation of a proposed judgment. Defendant Wells Fargo Bank, N.A., was also ordered to provide a detailed description of the *new* posting method that would be implemented for debit-card transactions starting November 30, 2010. This order addresses, to the extent necessary, the issues raised in these filings.

**1. WELLS FARGO'S NEW "CHRONOLOGICAL" POSTING METHOD**

On October 12, a timely declaration was filed by Karen Moore, Senior Vice President in the Consumer and Small Business Deposits Group at Wells Fargo, setting forth the new method

by which the bank would post debit-card transactions beginning on November 30 (Dkt. No. 488). Plaintiffs did not file any objections to the method stated therein. This order finds, after closely reviewing Ms. Moore's description of the bank's planned posting process, that no changes to Wells Fargo's proposal are necessary at this time. The proposal appears to be properly conformed to the relief ordered in the August 2010 findings. This determination, however, is without prejudice to a future motion to enforce the judgment based upon a failure by the bank to comply with the terms of the injunction. In other words, this order should not be construed as barring any motion seeking to hold the bank in contempt for violating the injunction.

### 2. PRE-JUDGMENT INTEREST

Plaintiffs request an award of pre-judgment interest under Sections 3287(a) and 3288 of the California Civil Code. As explained below, such an award is not warranted under either code section. Section 3287(a) provides:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

The "vesting" requirement is satisfied at the time that the amount of damages become certain or capable of being made certain, not at the time liability to pay those amounts is determined. *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th Cir. 2009) (collecting cases). Moreover, "a factual dispute respecting damages will preclude a grant of prejudgment interest under § 3287(a)[.]" *Ibid.* (citing *Highlands Insurance Co. v. Continental Casualty Co.*, 64 F.3d 514, 521 (9th Cir. 1995)).

There was clearly "a factual dispute respecting damages" (or in this case, restitution) in the instant action. Indeed, much time was invested by both sides at trial presenting competing methods of calculating a proper amount of restitution. Even *plaintiffs* presented alternative means of measuring restitution, with calculations ranging from well over $300 million to half that amount. Given this record, it is clear that a calculation of damages was only possible through trial and a judgment. Under such circumstances, an award of prejudgment interest under Section 3287(a) is not appropriate. *See Duale v. Mercedes-Benz USA, LLC*, 148 56 Cal. Rptr. 3d 19, 27

2

1  (2007) ("[W]here the amount of damages cannot be resolved except by verdict or judgment,
2  prejudgment interest is not appropriate."). As such, prejudgment interest under Section 3287(a) is
3  **DENIED**.

4  With respect to Section 3288 of the California Civil Code, it states: "In an action for the
5  breach of an obligation not arising from contract, and in every case of oppression, fraud, or
6  malice, interest may be given, in the discretion of the jury." This discretion also extends to the
7  court when it serves as the trier of fact. *In re Slatkin*, 525 F.3d 805, 820 (9th. Cir. 2008); *see also*
8  *Bullis v. Security Pac. Nat. Bank*, 21 Cal. 3d 801, 814 n.16 (1978). After careful consideration of
9  the entire record, and for all of the reasons set forth above for denying prejudgment interest under
10 Section 3287(a), this order declines to award prejudgment interest under Section 3288. Plaintiffs'
11 request to award such interest is therefore **DENIED**.

### 3. PUNITIVE DAMAGES

Plaintiffs also request the opportunity to submit further briefing on whether punitive damages should be awarded on their common law claims for negligent misrepresentation and fraud. This request will not be granted. While the findings awarded restitution to the class under Section 17203 of the California Business and Professions Code, it did *not* award damages for claims of fraud and negligent misrepresentation. One of the reasons behind this decision was plaintiffs' representation to the Court that they would not be seeking such damages. Specifically, on the eve of trial, Wells Fargo moved for "summary judgment" (set in quotes because it was, in substance, a *Daubert* motion) based upon the second expert study conducted by plaintiffs' "damages" expert, Arthur Olsen (Dkt. No. 292). In that motion, the bank pointed out that plaintiffs had told defense counsel that they would not be seeking damages for their class-wise misrepresentation claims at trial (*see id.* at 27–28). In their opposition brief, plaintiffs reiterated this concession:

> Wells Fargo is correct that Plaintiffs have not, in [their expert's] latest report, attempted to quantify classwide damages on their misrepresentation-based claims. However, Plaintiffs may still seek injunctive relief based on these claims. Accordingly, summary judgment is inappropriate.

3

1  Based in part upon this concession that the damages study prepared by Expert Olsen did not
2  attempt to quantify damages for these particular claims, but that plaintiffs would "seek injunctive
3  relief based on these claims," plaintiffs' class-wide claims of fraud and negligent
4  misrepresentation survived the motion.

5       This representation, however, is exactly why the findings stated:  "Plaintiffs seek only
6  injunctive relief for their claims of negligent misrepresentation and fraud.  Given that such relief
7  will be ordered under plaintiffs' Section 17200 claims, it is unnecessary for this order to reach
8  these claims" (Findings at 73).  In other words, plaintiffs' pre-trial concessions — made so that
9  their fraud and negligent misrepresentation claims would remain alive at trial — resulted in an
10  award of restitution under Section 17203 and *no* award of compensatory or nominal damages.
11  This is fatal to plaintiffs' request for punitive damages.  *See California v. Altus Finance S.A.*, 540
12  F.3d 992, 1000 (9th Cir. 2008) ("California courts have long interpreted Section 3294 to require
13  an award of compensatory damages, even if nominal, to recover punitive damages.").

14       Finally, there was never any finding that Wells Fargo was "guilty of oppression, fraud, or
15  malice" by "clear and convincing evidence" — a prerequisite to any award of punitive damages.
16  *See* Cal. Civ. Code § 3294.  For these reasons, plaintiffs' request for an opportunity to submit
17  further briefing on their entitlement to an award of punitive damages is **DENIED**.  The issue has
18  already been decided.

19      **4.**    **EXTENDING RESTITUTION BEYOND THE CLASS PERIOD**

20       After careful consideration of the arguments and authorities presented by both sides, this
21  order declines to extend restitution — at this juncture — beyond the class period as certified.
22  Rather than reopen the trial record (which both sides acknowledge would be required), judgment
23  will be entered immediately for the class period litigated at trial.  The case will go up on appeal
24  and, if affirmed, the parties can at that point revisit the issue (including whether a fresh lawsuit
25  would be more appropriate to recover restitution beyond the class period).  While this action is
26  being appealed, however, Wells Fargo is **ORDERED** to preserve all records, including transaction
27  data, foreseeably in play for the "extended" time period in question.
28

### 5. ATTORNEY'S FEES AND NON-COST EXPENSES

Both sides intend to file motions for attorney's fees and non-cost expenses following the entry of judgment. This was expected. The parties are warned, however, that any such motions must be filed within the time periods set forth in the Federal Rules of Civil Procedure and any applicable Civil Local Rules. The parties should brief only their *entitlement* to attorney's fees and non-cost expenses, as well as whether the requested award should come from opposing counsel or the class. If entitlement to such fees and expenses is granted, the undersigned judge will issue a procedural order that will set forth a *specific* process by which a reasonable award will be determined.

### 6. PLAN OF DISTRIBUTION AND NOTICE AND CLASS ADMINISTRATION

In light of Wells Fargo's pending appeal of this action, this order agrees with the parties that the appointment of a class administrator now would be premature. Until such time that the appointment of a class administrator would be appropriate, this order will leave unresolved the parties' dispute over who should pay for the administration of the class, the destination of residual class funds (if any), and the final approval of the plan of distribution and notice.

### 7. STAYING THE MONETARY AWARD PURSUANT TO FRCP 62(d)

According to Wells Fargo, all national banks are entitled to a stay of any monetary award, without bond, pending appeal pursuant to Section 91 of the National Bank Act, 12 U.S.C. 91. The statute and decisions cited by the bank, however, do not appear to support this contention. Section 91, entitled "Transfers by bank and other acts in contemplation of insolvency," states:

> All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by chapter 4 of title 62 of the Revised Statutes, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction, or execution, shall be issued against such association or its property *before final judgment* in any suit, action, or proceeding, in any State, county, or municipal court.

5

In other words, this section of the National Bank Act appears to be directed towards writs issued prior to the entry of final judgment. *See Third Nat. Bank in Nashville v. Impac Ltd., Inc.*, 432 U.S. 312, 324 (1977) ("Fairly read, the statute merely prevents prejudgment seizure of bank property by creditors of the bank.").

As such, Wells Fargo's request for an immediate stay of the judgment without bond is **DENIED**. This denial, however, is without prejudice to Wells Fargo bringing a fresh and timely motion to dispense with the requirement of a supersedeas bond, clearly explaining its basis for stating that "clear statutory and case authority" supports its position (Br. 15).

*       *       *

Since this order has resolved all issues ripe for adjudication, there is no need for a hearing. Plaintiffs' request for a hearing is therefore **DENIED**. Consistent with the rulings herein and the findings of fact and conclusions of law, judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: October 25, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE