Case3:07-cv-05923-WHA Document505 Filed11/03/10 Page1 of 13

Richard M. Heimann (State Bar No. 063607)
*E-mail: rheimann@lchb.com*
Michael W. Sobol (State Bar No. 194857)
*E-mail: msobol@lchb.com*
Roger Heller (State Bar No. 215348)
*E-mail: rheller@lchb.com*
Jordan Elias (State Bar No. 228731)
*E-mail: jelias@lchb.com*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Richard D. McCune (State Bar No. 132124)
*E-mail: rdm@mwtriallawyers.com*
Jae (Eddie) K. Kim (State Bar No. 236805)
*E-mail: jkk@mwtriallawyers.com*
McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,

Plaintiffs,

v.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125,

Defendants.

Case No. C 07-05923-WHA (JCSx)

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO, N.A.'S MOTION FOR STAY OF EXECUTION OF MONEY JUDGMENT PENDING APPEAL WITHOUT THE POSTING OF A SUPERSEDEAS BOND**

The Honorable William H. Alsup

899094.4

PLAINTIFFS' OPP. TO WELLS FARGO'S MOTION FOR STAY OF EXECUTION WITHOUT POSTING SUPERSEDEAS BOND
CASE NO. C 07-05923 WHA (JCSX)

Case3:07-cv-05923-WHA Document505 Filed11/03/10 Page2 of 13

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1
ARGUMENT ..... 1
I. A Defendant Seeking a Stay of Execution of Judgment Must Post a Bond. ..... 1
II. The National Bank Act Exemption Does Not Apply After Entry of Final Judgment. ..... 1
III. An Appellate Bond Is Not an Attachment, Injunction, or Execution. ..... 5
IV. Wells Fargo's Request for Rule 62(d) Waiver Is Misplaced in Light of the Risk of Bank Collapse. ..... 6
CONCLUSION ..... 7

- i -
PLAINTIFFS' OPP. TO WELLS FARGO'S MOTION FOR STAY OF EXECUTION WITHOUT POSTING SUPERSEDEAS BOND
CASE NO. C 07-05923 WHA (JCSX)

## INTRODUCTION

Plaintiffs respectfully request that the Court deny Wells Fargo's motion to stay execution of judgment without the posting of a supersedeas bond. Rule 62(d) requires a defendant to post a supersedeas bond as security for a stay of execution of judgment. Wells Fargo's interpretation of the National Bank Act lacks support in the plain language of the statute, and in how that plain language has been interpreted by the United States Supreme Court. Further, the need for a bond is real as the risk of bank collapse is evident from the financial industry upheaval over the past two years and Congress' statement that the era of bank bailouts is over.

## ARGUMENT

### I. A Defendant Seeking a Stay of Execution of Judgment Must Post a Bond.

"Under Federal Rule of Civil Procedure 62(d), an appellant can stay execution of a money judgment by posting a supersedeas bond approved by the district court." *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1084 (9th Cir. 2009). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987). "The stay is effective when the supersedeas bond is approved by the court." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 191 n.9 (9th Cir. 1977) (citation omitted). This Court has recognized the "requirement" that a defendant must post a supersedeas bond for the protection of judgment creditors. *F.T.C. v. Inc21.Com Corp.*, 2010 WL 4071664, at *7 (N.D. Cal. Oct. 18, 2010) (Alsup, J.) ("[T]he undersigned judge declines to waive the requirement that a supersedeas bond be obtained pursuant to FRCP 62(d) to stay the judgment pending appeal.").

### II. The National Bank Act Exemption Does Not Apply After Entry of Final Judgment.

Wells Fargo seeks to gain the benefit contemplated by Rule 62(d)—a stay of execution of the Court's restitution award—without posting the security required by the rule, on the premise that Section 91 of the National Bank Act categorically exempts national banks from the bond requirement. However, as the Court has already recognized, the authorities Wells Fargo cites "do not appear to support th[e] contention" that they should be exempted from the Rule

62(d) bond requirement. Docket No. 497, at 5. In particular, Section 91 of the National Bank Act provides for relief from attachment, injunction, or execution—but only "*before* final judgment." 12 U.S.C. § 91 (emphasis added). Thus, the Supreme Court has held that Section 91 "merely prevents *prejudgment* seizure of bank property by creditors of the bank." Docket No. 497, at 6 (citing *Third Nat. Bank in Nashville v. Impac Ltd., Inc*., 432 U.S. 312, 324 (1977) (emphasis added)); *see also Van Reed v. People's Nat. Bank of Lebanon*, 198 U.S. 554, 559 (1905) (stating that the "authoritative construction of the statute" is "that no attachment can issue from a state court before judgment against a national bank or its property.").

The entirety of Wells Fargo's argument against the plain language of the rule and statute rests on an interpretation of the meaning of "final judgment" under Section 91, namely that "final judgment" must be further, and extra-statutorily, interpreted as "final judgment after appeals are exhausted." Wells Fargo is wrong that *before* judgment really means *after* judgment and appeal—and wrong that "courts have uniformly interpreted Section 91 . . . to refer to judgments that are 'final' in the sense that all appeals have been concluded . . . ." Motion at 3. In fact, federal courts have declined to adopt Wells Fargo's overly broad reading of "final judgment" under Section 91 as final judgment without any recourse to appeal.

For example, in *First National Bank v. Bell*, 1988 U.S. Dist. LEXIS 18552 (W.D. Okla. July 14, 1988) (attached hereto as Exhibit A), a national bank asked for a stay without being required to post a supersedeas bond after the court entered judgment on a $51.6 million jury verdict against the bank. *Id.* at *2. The court rejected the request, explaining that it "respectfully declines to adopt such a broad construction" of "final judgment" in Section 91. *Id.* Instead, the court ordered the bank to submit evidence that posting a full bond was impossible or impracticable, and to file a proposed plan for providing adequate security. *Id.* at *5; *see also United States v. Theos*, 709 F. Supp. 1007, 1010 (D. Colo. 1989) (declining a national bank's request under Section 91 for waiver of the supersedeas bond requirement, distinguishing *Pacific National Bank v. Mixter*, 124 U.S. 721 (1888)—Wells Fargo's principal authority—as involving "*dissolution of a prejudgment attachment*") (emphasis in original).[1]

[1] In the years following enactment of Section 91, courts applied it to nullify attachments or

*Footnote continued on next page*

As these holdings recognize, when Congress uses the term "final judgment," it intends that term to be applied in its usual sense—*i.e.*, final judgment subject to appeal—absent a clear contrary indication. *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) ("When interpreting a statute, we must give words their 'ordinary or natural' meaning."); *Firebaugh Canal Co. v. United States*, 203 F.3d 568, 573-74 (9th Cir. 2000) ("[T]he rules of statutory construction presume that the term is used in its ordinary sense unless there is clear evidence to the contrary.").

"Final judgment" is ordinarily understood to be synonymous with "final *appealable* judgment." *See, e.g.*, Black's Law Dictionary. Indeed, the Supreme Court has repeatedly held that "final judgment" means a court's last action settling the rights of the parties and disposing of all issues in controversy, subject to appeal. *See, e.g.*, *Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991) ("Traditionally, a 'final judgment' is one that is final *and* appealable.") (emphasis added). The Ninth Circuit has long recognized this common understanding as well. *See*, *e.g.*, *Nelson v. Meehan*, 155 F. 1, 3 (9th Cir. 1907) (reasoning that "a final judgment" is one that "may be appealed from"). If Congress intended to depart from this ordinary meaning, it would have said so. *See Baltimore & P.R. Co. v. Grant*, 98 U.S. 398, 403 (1878) ("No declaration of any such object on the part of Congress is found in the law; and when . . . it would have been so easy to have said so, we must presume that Congress meant the language employed should have its usual and ordinary signification").

Wells Fargo cites *United States v. Lemaire*, 826 F.2d 387 (5th Cir. 1987), and a small batch of subsequent cases which relied on *Lemaire* in concluding Section 91 permits a court to waive the bond requirement for national banks.[2] The *Lemaire* court reasoned that grafting the

---

*Footnote continued from previous page*
injunctions against national banks in situations where trial courts had yet to enter final judgment. *See, e.g.*, *Rosenheim Real-Estate Co. v. Southern Nat. Bank*, 46 S.W. 1026 (Tenn. Ch. App. 1897); *Garner v. Second Nat. Bank*, 66 F. 369 (C.C.S.D.N.Y. 1895); *Planters Loan & Sav. Bank v. Berry*, 18 S.E. 137 (Ga. 1893); *First Nat. Bank of Kasson v. La Due*, 40 N.W. 367 (Minn. 1888).

[2] The only case Wells Fargo cites from the Northern District of California is a bankruptcy decision, *In re Richmond Produce Co., Inc.*, 195 B.R. 455 (N.D. Cal. 1996), that engaged in little analysis of Section 91's phrase "before final judgment," but which simply adopted the view of a bankruptcy court that itself deferred to "the only circuit to have addressed this issue," the Fifth Circuit in *Lemaire*. *Richmond Produce*, 195 B.R. at 466. The Fifth Circuit's follow-up opinion to *Lemaire*—*State Bank & Trust Co. of Golden Meadow v. D.J. Griffin Boat*, 926 F.2d 449 (5th Cir. 1991)—embraced the same flawed reasoning as *Lemaire*. In finding it "significant that

*Footnote continued on next page*

Case3:07-cv-05923-WHA Document505 Filed11/03/10 Page6 of 13

"post-appeal" qualifier onto the plain language of Section 91 served to protect "the continued viability of national banks where possible . . . ." *Lemaire*, 826 F.2d at 390. The court's holding appears to have derived from a concern that the federal government would be left holding the obligations of a failed bank. *See id*. (emphasizing the need for "[q]uick and vigorous action to prevent the premature, and potentially fatal, seizure of assets of an operational bank, an eye cautiously cocked to the financial interest of the government as a creditor of any 'embarrassed' institution and as guarantor of its depositors, and the securing of substantial assets essential to a fair and equitable dispersal to creditors of a failed bank").

There is an irreconcilable tension between this rationale and the Supreme Court's holding that Section 91 "is applicable to solvent as well as insolvent national banks. The financial circumstances of the bank are *not* of controlling importance." *Impac*, 432 U.S. at 319 (emphasis added). Thus, the rule of *Lemaire*, fashioned out of whole cloth to protect undercapitalized national banks, contradicts a clear directive of the Supreme Court. *See Baker v. National State Bank*, 801 A.2d 1158, 1176 (N.J. Super. A.D. 2002) ("*Lemaire* is of little persuasive value."). Therefore, *Lemaire* and the cases that followed it provide no basis to depart from the ordinary sense of "final judgment" in applying 12 U.S.C. § 91.

The *Lemaire* court also reasoned by analogy to three statutory regimes as to which courts have recognized narrow exceptions to the rule that a "final judgment" is a judgment that can be appealed. 826 F.2d at 389. Yet, the court neither explained the unique reasons justifying departure from the rule in each of the three regimes, nor provided an analogous reason justifying departure in the case of the National Bank Act:

- First, with regard to the Equal Access to Justice Act, 28 U.S.C § 2412(d), the court neglected to mention Congress' express intent that "[t]he term 'final judgment'" in that statute "mean[s] a judgment the time to appeal which has expired for all parties . . . ." H.R. Rep. No. 98-

---

*Footnote continued from previous page*
nothing in either the state or federal statute expressly subjects application of the stay to such a [bond] requirement," the court seemed to forget all about the mandatory bond requirement in the plain language of Rule 62. *D.J. Griffin*, 926 F.2d at 451.

899094.4 - 4 - PLAINTIFFS' OPP. TO WELLS FARGO'S MOTION FOR STAY OF EXECUTION WITHOUT POSTING SUPERSEDEAS BOND CASE NO. C 07-05923 WHA (JCSX)

992, at 14 (1984), 1985 U.S.C.C.A.N. 132, 146. The court did not, and could not, cite any such unambiguous legislative intent as to the meaning of "before final judgment" in Section 91.

- Second, the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq*., "operates merely as a waiver of the United States' sovereign immunity in admiralty suits." *Nelsen v. Research Corp. of Univ. of Hawaii*, 752 F. Supp. 350, 353 (D. Hawaii 1990) (citing *Nelson v. United States*, 639 F.2d 469, 473 (9th Cir. 1980)). As a limited exception to the rule barring suits against the government, the Suits in Admiralty Act involves a unique set of legal and foreign-policy considerations irrelevant to the National Bank Act, and unmentioned by *Lemaire*.

- Third, while "final judgment or decree" in the Clayton Act, 15 U.S.C. § 16(a), has been interpreted to mean final judgment after exhaustion of appeals, *Lemaire* failed to give the unique reason why: so criminal antitrust defendants will not suffer adverse inferences in parallel civil suits for trebled damages based on evidence that turns out to be inadmissible or inadequate to support convictions. *See, e.g*., *Twin Ports Oil Co. v. Pure Oil Co*., 26 F. Supp. 366, 369 (D. Minn. 1939). Section 91 of the National Bank Act does not implicate this type of interaction between criminal and civil realms of law enforcement.

The straightforward reading of "final judgment" in Section 91 that remains consistent with Supreme Court precedent is "final judgment, subject to appeal." The Court entered final judgment on October 25, 2010. Docket No. 498. As a result, Section 91 has no relevance here because it only applies prior to final judgment, and Wells Fargo must post a bond to stay the execution of the judgment.

## III. An Appellate Bond Is Not an Attachment, Injunction, or Execution.

Even if the *Lemaire* court properly interpreted "final judgment" in 12 U.S.C. § 91—and this seems doubtful considering it was the first court in over a century to advance such an interpretation—the other cases cited by Wells Fargo improperly extended *Lemaire*'s holding to the supersedeas bond context. *Lemaire* did not address the propriety of a supersedeas bond, or whether such a bond could qualify as an attachment, injunction, or execution within the meaning of Section 91. *Lemaire* addressed a national bank's request that a judgment not be executed

Case3:07-cv-05923-WHA Document505 Filed11/03/10 Page8 of 13

against it, via writs of garnishment, during its appeal. 826 F.2d at 388. Unlike garnishment, however, a supersedeas bond is held in an escrow account on a temporary basis. Plaintiffs gain no access to the funds unless the bank loses its appeal and/or becomes incapable of satisfying the judgment.

By contrast, the Supreme Court has defined "execution, levy, attachment, [and] garnishment" as "legal terms of art [that] refer to formal procedures by which one person gains a degree of control over property otherwise subject to the control of another . . . ." *Washington State Dept. of Social & Health Services v. Guardianship Estate of Keffeler*, 537 U.S. 371, 383 (2003); *see, e.g.*, *Berry*, 18 S.E. at 138 (applying Section 91 to nullify an attachment that was "levied, before final judgment," against a national bank; "[t]his was a seizure of the debt, and the debt was the property of the bank. The seizure was utterly void"). Plaintiffs will exercise no control whatsoever over the corpus of a supersedeas bond. Therefore, such a bond does not constitute an "attachment, injunction, or execution." 12 U.S.C. § 91.

This is the holding of *Theos*, where the plaintiff obtained a judgment of $484,729.50 against a national bank. 709 F. Supp. at 1008. In a separate action, the OCC sought a preliminary injunction declaring that Section 91 precluded attachment of the bank's assets until the bank exhausted its appeals. 709 F. Supp. at 1009. The court refused to grant the injunction, based on its finding that a supersedeas bond is neither an "attachment" nor an "execution." *Id.* at 1010. "Moreover, in the 116 years since enactment of § 91, surely some court would have applied its restrictions to an appellate court bond had Congress so intended." 709 F. Supp. at 1011. This salient point is nowhere to be found in the flawed cases interpreting *Lemaire* to exempt national banks from appellate bonds.

## IV. <u>Wells Fargo's Request for Rule 62(d) Waiver Is Misplaced in Light of the Risk of Bank Collapse.</u>

Departing from the supersedeas bond requirement would be especially unwarranted in the present economic climate. A supersedeas bond is critical to guarantee recovery to the Class given the bank failures of 2008 and the new revelations of problems with

899094.4 - 6 - PLAINTIFFS' OPP. TO WELLS FARGO'S MOTION FOR STAY OF EXECUTION WITHOUT POSTING SUPERSEDEAS BOND CASE NO. C 07-05923 WHA (JCSX)

Case3:07-cv-05923-WHA Document505 Filed11/03/10 Page9 of 13

Wells Fargo's foreclosure business.[3] The Dodd-Frank financial regulation law specifically prohibits the federal government from bailing out a national bank that fails. *See* Pub. L. 111-203, 124 Stat. 1376, Sec. 214 (July 21, 2010) ("No taxpayer funds shall be used to prevent the liquidation of any financial company under this title."). Under these circumstances, the Court cannot be assured that Wells Fargo will remain liquid for the duration of the appeal.

**CONCLUSION**

Therefore, Plaintiffs respectfully request that Wells Fargo be required to post a supersedeas bond as security for the Class.

Dated: November 3, 2010

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: /s/ *Michael W. Sobol*
Michael W. Sobol

Richard M. Heimann (State Bar No. 063607)
Michael W. Sobol (State Bar No. 194857)
Roger Heller (State Bar No. 215348)
Jordan Elias (State Bar No. 228731)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Richard D. McCune (State Bar No. 132124)
Jae (Eddie) K. Kim (State Bar No. 236805)
McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

[3] *See, e.g.*, http://www.businessweek.com/news/2010-10-28/wells-fargo-to-be-focus-of-ohio-foreclosure-probe.html (*Business Week* reported on October 28, 2010, that the Ohio Attorney General has announced an investigation into Wells Fargo's foreclosure practices; Wells Fargo admitted it "did not strictly adhere to the required procedures" and, according to the Ohio Attorney General, "It's a business model designed on fraud.").

899094.4

- 7 -

PLAINTIFFS' OPP. TO WELLS FARGO'S MOTION FOR STAY OF EXECUTION WITHOUT POSTING SUPERSEDEAS BOND
CASE NO. C 07-05923 WHA (JCSX)

EXHIBIT A



LEXSEE 1988 US DIST LEXIS 18552

**THE FIRST NATIONAL BANK, et al., Plaintiff, v. RAY BELL, et al., Defendants. ED ALEXANDER, an individual, et al., Third-Party Defendants; FEDERAL DEPOSIT INSURANCE CORPORATION, an agency of the United States of America, et al., Plaintiffs, v. ATEX OIL COMPANY OF OKLAHOMA, INC., et al., Defendants; ATEX OIL COMPANY OF OKLAHOMA, INC., et al., Third-Party Plaintiffs, v. ED ALEXANDER, et al., Third-Party Defendants.**

**Case No. CIV-84-2386-P, Consolidated, Case No. CIV-86-1762-P**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

***1988 U.S. Dist. LEXIS 18552***

**July 14, 1988, Decided**
**July 14, 1988, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Following the journal entry of judgment in favor of third-party plaintiff oil company in its action against third-party defendant bank, the bank sought a stay of execution without the need to post supersedeas bond.

**OVERVIEW:** The bank argued that it was exempt from execution pending final resolution on appeal, pursuant to *12 U.S.C.S. § 91*, and that no supersedeas bond was needed because it was a sound financial institution with a net worth approximately 28 times the amount of the judgment. While recognizing that the Fifth Circuit had broadly construed "final judgment" as used in *§ 91* to mean a judgment on the merits which was no longer subject to examination on appeal, the court declined to adopt such a broad construction. The court stayed execution of the judgment pending a motion hearing. With regard to the bond, the court held that that a stay of execution without a supersedeas bond for the full amount of the judgment was possible where the judgment debtor demonstrated objectively that posting a full bond was impossible or impractical, and where the judgment debtor proposed an alternative plan to provide adequate security for the judgment creditor. Finding that the bank failed to satisfy either requirement, the court ordered the bank to file such affidavit or other documents as were necessary to make the requisite demonstration and to file a proposed plan for providing adequate security.

**OUTCOME:** The court stayed the execution of judgment in the oil company's third-party action against the bank pending a motion hearing. The court ordered the bank to file documents showing that posting of a full bond was impossible or impractical and a proposed plan for providing adequate security for the oil company.

**LexisNexis(R) Headnotes**

***Civil Procedure > Judgments > Relief From Judgment > Void Judgments***
***Contracts Law > Negotiable Instruments > Types > Bills of Exchange***
***Real Property Law > Financing > Mortgages & Other Security Instruments > Transfers > General Overview***

[HN1] *12 U.S.C.S. § 91* reads as follows: All transfers of the notes, bonds, bills of exchange, or other evidence of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation

thereof, made with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachments, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action or proceeding, in any state, county, or municipal court. *12 U.S.C.S. § 91*.

***Civil Procedure > Judgments > Entry of Judgments > Stays Pending Appeals > Supersedeas Bonds***
***Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview***
[HN2] The purpose of a supersedeas bond is to secure an appellee from loss resulting from a stay of execution. A full supersedeas bond should be the requirement in normal circumstances. While district courts have inherent discretionary authority in setting supersedeas bonds, courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors.

***Civil Procedure > Judgments > Entry of Judgments > Stays Pending Appeals > Supersedeas Bonds***
***Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview***
[HN3] The Tenth Circuit holds that the district court may grant a stay of execution without a supersedeas bond for the full amount of the judgment where the judgment debtor demonstrates objectively that posting a full bond is impossible or impractical, and where the judgment debtor proposes an alternative plan that will provide adequate (or as adequate as possible) security for the judgment creditor.

**JUDGES:** [*1] PHILLIPS

**OPINION BY:** LAYN R. PHILLIPS

**OPINION**

***ORDER ON CINB'S MOTION FOR STAY OF EXECUTION***

Before the Court is the motion filed April 18, 1988 by third-party defendant Continental Illinois National Bank and Trust Company of Chicago ("CINB") for a stay of execution without the need to post supersedeas bond.

On April 4, 1988, the Court entered its Journal Entry of Judgment on the jury verdict in favor of the Atex Group and against CINB, in the amount of $ 51,604,074.60. CINB now requests the Court to stay execution of said judgment without CINB being required to post a supersedeas bond for the full amount of the judgment. *Rule 62(d), Fed.R.Civ.P.*

As grounds therefore, CINB argues first that it is exempt from execution pending final resolution on appeal, pursuant to *12 U.S.C. § 91* ("*Section 91*"); and second that no supersedeas bond is needed because CINB is a sound financial institution with a net worth approximately twenty-eight times the amount of the judgment.

[HN1] *Section 91* reads as follows:

> All transfers of the notes, bonds, bills of exchange, or other evidence of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real [*2] estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachments, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action or proceeding, in any State, county, or municipal court.

***SECTION 91***

While recognizing that the Fifth Circuit has broadly construed "final judgment" as used in *Section 91* to mean a judgment on the merits which is no longer subject to examination on appeal, *United States v. Lemaire, 826 F.2d 387, 390 (5th Cir. 1987), cert. denied, U.S. , 108 S.Ct. 1223 (1988)*, this Court respectfully declines to adopt such a broad construction. Neither the Tenth Circuit nor any other court besides the Fifth Circuit has extended *Section 91* in such a way. *See Lemaire* [*3] *at 388 n. 4.*

***SOUND FINANCIAL INSTITUTION***

CINB's second argument is that it need not post supersedeas bond because CINB is a sound financial institution. While recognizing that at least one circuit has approved an unsecured stay, *Federal Prescription Service, Inc. v. American Pharmaceutical Association, 636 F.2d 755 (D.C. Cir. 1980)*, that case is distinguishable on its facts. In *Federal Prescription* the documented net worth of the judgment debtor was about forty-seven times the amount of the damage award, both parties appealed the judgment, and the judgment debtor was a

longtime resident of the district with no intention of leaving. *Id. at 756, 761*.

Subsequent cases also recognized the unique nature of *Federal Prescription's* holding. *See, e.g., United States v. Kurtz, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981), aff'd 688 F.2d 827 (3rd Cir. 1982), cert. denied, 459 U.S. 991 (1982)* ("we have found only one case" approving the district court's order of an unsecured stay); *Strama v. Peterson, 537 F. Supp. 668, 670 (N.D. Ill. 1982)* ("There [*4] is scant authority dealing with the *waiver* of a supersedeas bond").

***DISCUSSION***

[HN2] "The purpose of a supersedeas bond is to secure an appellee from loss resulting from a stay of execution." *Miami International Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986)*. "[A] full supersedeas bond should be the requirement in normal circumstances." *Id*. (citations omitted). While district courts have inherent discretionary authority in setting supersedeas bonds, *id*., courts "seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." *Texaco, Inc. v. Pennzoil Company, 784 F.2d 1133, 1155 (2nd Cir. 1986).*

The Tenth Circuit recently reviewed the circumstances under which the district court may grant a stay of execution without a supersedeas bond for the full amount of the judgment. *Miami International Realty Co. v. Paynter, 807 F.2d 871 (10th Cir. 1986). See, also, Olympia Equipment Leasing Co. v. Western Union Telegraph Co., 786 F.2d 794 (7th Cir. 1986)*; *Poplar Grove Planting and Refinery Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189 (5th Cir. 1979)*; [*5] *United States v. Kurtz, supra*; *C. Albert Sauter Co. v. Richard S. Sauter Co., 368 F. Supp. 501 (E.D. Pa. 1973)*; *TWA, Inc. v. Hughes, 314 F. Supp. 94 (S.D.N.Y. 1970).*

In *Miami International* [HN3] the Tenth Circuit held that the district court may grant a stay of execution without a supersedeas bond for the full amount of the judgment where the judgment debtor demonstrates objectively that posting a full bond is impossible or impractical, and where the judgment debtor proposes an alternative plan that will provide adequate (or as adequate as possible) security for the judgment creditor.

In the instant case CINB has failed to satisfy either requirement. Accordingly, the Court orders CINB to file such affidavit or other documents as are necessary to demonstrate objectively that posting a full bond is impossible or impractical, and further orders CINB to meet and confer with its judgment creditor, the Atex Group, and to file a proposed plan that will provide adequate (or as adequate as possible) security for the Atex Group. Said documents shall be filed no later than July 31, 1988.

The Court stays execution of judgment [*6] pending a motion hearing to be held on August 26, 1988 at 8:30 AM.

**IT IS SO ORDERED THIS 14 DAY OF JULY, 1988.**

**LAYN R. PHILLIPS**

**United States District Judge**