**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | No. C 07-05923 WHA<br><br>**CLASS ACTION**<br><br>**ORDER DENYING-IN-PART MOTION TO STAY MONETARY JUDGMENT AND REQUESTING ADDITIONAL INFORMATION** |

    Wells Fargo Bank, N.A., moves to stay the monetary judgment pending appeal without the posting of a supersedeas bond.

    Rule 62(d) requires a defendant to post a supersedeas bond as security for a stay of execution of judgment. *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1084 (9th Cir. 2009). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987).

    Wells Fargo argues that all national banks are entitled to a stay of any monetary award, without bond, pending appeal pursuant to Section 91 of the National Bank Act, 12 U.S.C. 91. The statute and decisions cited by Wells Fargo, however, do not support this contention. Section 91, entitled "Transfers by bank and other acts in contemplation of insolvency," states:

> All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by chapter 4 of title 62 of the Revised Statutes, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction, or execution, shall be issued against such association or its property *before final judgment* in any suit, action, or proceeding, in any State, county, or municipal court.

12 U.S.C. 91 (emphasis added).

According to Wells Fargo, the plain meaning of Section 91 provides that "final judgment" means that all appeals have been concluded. Not so. The National Bank Act does not define the term "final judgment". The Supreme Court, however, has commented that this section of the National Bank Act is directed towards writs issued prior to the entry of final judgment. *See Third Nat. Bank in Nashville v. Impac Ltd., Inc.*, 432 U.S. 312, 324 (1977) ("Fairly read, the statute merely prevents prejudgment seizure of bank property by creditors of the bank."). Moreover, the Supreme Court has repeatedly held that "final judgment" means a court's last action settling the rights of parties and disposing of all issues in controversy subject to appeal. *See Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991) ("Traditionally, a final judgment is one that is final and appealable."). Wells Fargo is wrong that *"before* final judgment" really means *"after* judgment and appeal".

Wells Fargo cites *United States v. Lemaire,* 826 F.2d 387 (5th Cir. 1987), to support the proposition that Section 91 permits a court to waive the bond requirement for national banks. This decision, however, is not precedent for this Court and contradicts a clear directive of the Supreme Court in regard to the interpretation of a final judgment when applying Section 91. Moreover, Wells Fargo does not cite any decision by the Supreme Court that overruled, distinguished, or addressed the decisions in *Impac* or *Melkonyan*.

Wells Fargo's request, based on Section 91 of the National Bank Act, for an immediate stay of the judgment without bond is **DENIED**.

2

Finally, Wells Fargo argues in the alternative that because it is able to pay the judgment, the bank is properly exempted from any requirement to post a supersedeas bond. In years past the financial condition of a national bank would have been unquestionably strong enough to dispense with a bond pending appeal. The recent collapse of the economy and attendant bailout of nation banks including Wells Fargo have changed the analysis. The recent submission by Wells Fargo completely fails to explain what its net assets are, much less its liquid net assets. This information is needed to determine whether posting a supersedeas bond pending appeal is appropriate. Instead, Wells Fargo merely submitted information related to net income and assets. For all the submission shows, Wells Fargo could indeed be making considerable profits but still have minimal net assets or negative assets.

Well Fargo will be given **SEVEN CALENDAR DAYS** from the date of this order to cure this defect in its submission. Keep in mind the Court is interested in knowing the net liquid assets that would be available to satisfy the judgment in question. The automatic stay of the monetary judgment that began on October 28 will remain in effect, pursuant to FRCP 62(a), pending the complete resolution of this motion.

**IT IS SO ORDERED.**

Dated: November 10, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3