United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | No. C 07-05923 WHA<br><br>**CLASS ACTION**<br><br>**ORDER RESOLVING BILL OF COSTS OBJECTIONS** |

## INTRODUCTION

Defendant Wells Fargo Bank, N.A. objects to plaintiffs' bill of costs. For the reasons stated below, Wells Fargo's objections are sustained as to $27,292.14 of plaintiffs' claimed costs.

## STATEMENT

After a two-week class-action bench trial that ended in May 2010, various injunctive relief and restitution was granted to the plaintiff class against Wells Fargo. Class counsel filed a bill of costs on November 8, 2010, and Wells Fargo filed objections three weeks later. These objections were not timely submitted under Civil Local Rule 54-2(a).

Of the $71,221.70 claimed by plaintiffs, Wells Fargo objects to $29,197.14. Wells Fargo's objections target individual line items in the four main categories of costs that plaintiffs claim: (1) fees of the clerk; (2) fees for service of summons and subpoena; (3) fees for printed or electronically recorded transcripts; and (4) fees and disbursements for printing.

**ANALYSIS**

An award of costs to a prevailing party is routine under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. Section 1920. In considering objections to a party's bill of costs, it is the district court's responsibility to exercise its discretion. *See Assoc. Of Mexican-Am. Educators of Cal.*, 231 F.3d 572, 591–93 (9th Cir. 2000).

*First*, Wells Fargo objects to plaintiffs' claim of $210.00 for fees paid in connection with counsel's *pro hac vice* application. Wells Fargo argues that under Civil Local Rule 54-3(a), fees of the clerk are allowable only as to "filing and service of process," which does not include fees for *pro hac vice* applications. This objection is **OVERRULED**. This is a national Court, and attorneys from out of state apply to and are granted leave to practice before this Court very often. These fees are allowable under 28 U.S.C. 1920(1), and the claimed amount is not excessive.

*Second*, Wells Fargo objects to plaintiffs' claim of $1,154.00 for what Wells Fargo characterizes as "the service of motion related papers and delivery of courtesy copies of various filings to the Court." Wells Fargo argues again that Rule 54-3(a) is limited and that the fees it allows for filing and service of process do not encompass these line items. This objection is also **OVERRULED**. The service of motion papers and the delivery of courtesy copies of filings are usual costs of litigation. These fees are allowable under 28 U.S.C. 1920(1), and the claimed amount is not excessive.

*Third*, Wells Fargo objects to plaintiff's claim of $20,631.68 for transcripts of court proceedings. Wells Fargo argues that under Civil Local Rule 54-3(b), the cost of transcripts is not normally allowed, and the claimed transcripts do not fall within any of the exceptions set forth in that rule. This objection is **SUSTAINED**. These costs are not allowable because plaintiffs have not demonstrated that the transcripts were obtained for the purposes or under the circumstances that Rule 54-3(b) enumerates as allowable.

*Fourth*, Wells Fargo objects to plaintiffs' claim of $7,201.46 for fees and disbursements for printing, which covers the copying of trial exhibits ($4,165.67) and an "interactive timeline" demonstrative provided during trial ($3,194.79). Regarding the copying of trial exhibits, Wells Fargo argues that Civil Local Rule 54-3(d)(4) allows the cost of reproducing trial exhibits only to

2

the extent a judge requires copies to be provided, and that only a single binder of key exhibits was required from each party in this action. Wells Fargo is correct. This binder should have cost no more than **$200.00**. As to plaintiffs' claim for the costs of copying trial exhibits in excess of that amount, the objection is **SUSTAINED**. Regarding the interactive timeline, Wells Fargo argues that Civil Local Rule 54-3(d)(5) allows the cost of preparing visual aids for trial only to the extent reasonably necessary to assist the trier of fact in understanding the issues, and that this extravagant line item was not necessary in that connection. Wells Fargo is correct again. A far less elaborate demonstrative is all that was necessary, and such a timeline should have cost no more than **$500.00**. As to plaintiffs' claim for the cost of the interactive timeline in excess of that amount, the objection is **SUSTAINED**.

**CONCLUSION**

Wells Fargo's objection to plaintiffs' claimed costs regarding fees of the clerk is **OVERRULED**. Wells Fargo's objection to plaintiffs' claimed costs regarding fees for service of summons and subpoena is **OVERRULED**. Wells Fargo's objection to plaintiffs' claimed costs regarding fees for printed or electronically recorded transcripts is **SUSTAINED**. Wells Fargo's objection to plaintiffs' claimed costs regarding fees and disbursements for printing is **SUSTAINED IN PART**. For the foregoing reasons, the Court should disallow $27,292.14 of the $71,221.70 claimed by plaintiffs in their bill of costs.

**IT IS SO ORDERED.**

Dated: December 2, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3