1    Richard M. Heimann (State Bar No. 063607)
     *E-mail: rheimann@lchb.com*
2    Michael W. Sobol (State Bar No. 194857)
     *E-mail: msobol@lchb.com*
3    Roger Heller (State Bar No. 215348)
     *E-mail: rheller@lchb.com*
4    Mikaela Bernstein (State Bar No. 261301)
     *E-mail: mbernstein@lchb.com*
5    LIEFF, CABRASER, HEIMANN &
     BERNSTEIN, LLP
6    275 Battery Street, 29th Floor
     San Francisco, CA  94111-3339
7    Telephone:  (415) 956-1000
     Facsimile:  (415) 956-1008
8
     Richard D. McCune (State Bar No. 132124)
9    *E-mail: rdm@mwtriallawyers.com*
     Jae (Eddie) K. Kim (State Bar No. 236805)
10   *E-mail: jkk@mwtriallawyers.com*
     McCUNE & WRIGHT, LLP
11   2068 Orange Tree Lane, Suite 216
     Redlands, CA  92374
12   Telephone:  (909) 557-1250
     Facsimile:  (909) 557-1275
13
     *Attorneys for Plaintiffs and the Class*
14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17

18   VERONICA GUTIERREZ, ERIN          Case No. C 07-05923-WHA (JCSx)
     WALKER, and WILLIAM SMITH, as
19   individuals and on behalf of all others   **CLASS COUNSEL'S SUPPLEMENTAL**
     similarly situated,                **SUBMISSION PURSUANT TO COURT'S**
20                                       **JANUARY 10, 2011 ORDER**
                    Plaintiffs,
21                                       Date:          January 13, 2011
     v.                                  Time:          2:00 p.m.
22                                       Courtroom:     9
     WELLS FARGO BANK, N.A.,             Judge Assigned:   Hon. William H. Alsup
23
                    Defendant.
24

25

26

27

28

1    **I.      INTRODUCTION**

2          Class Counsel respectfully file this memorandum pursuant to the Court's January 10, 2011

3    Order Requesting Supplemental Submissions (Dkt. No 548), directing: (1) the parties to address

4    "whether class members have a right to be heard regarding the amount of payment to which class

5    counsel is entitled"; and (2) Class Counsel to file a sworn declaration stating how the collective

6    lodestar figure, set forth in their initial entitlement motion, is allocated between the two Class

7    Counsel law firms.

8          With respect to the first issue, Fed. R. Civ. P. 23(h) requires that Class members be given

9    reasonable notice of, and an opportunity to object to, Class Counsel's motion for an award of

10   attorneys' fees and costs.  Class Counsel respectfully submit that this process should include:

11         (a)      A noticed motion for fees and costs filed by Class Counsel;

12         (b)      Notice of Class Counsel's motion, directed to the Class "in a reasonable manner"

13   as required by Fed. R. Civ. P. 23(h)(1).  Notice should be directed to the Class in the same

14   manner that the two prior Class notices have been disseminated in this case, and the costs of such

15   notice should be paid by Wells Fargo, given that its liability to the Class has now been

16   established;

17         (c)      An opportunity for Class members to object to Class Counsel's motion.  The

18   deadline for such objections must be set so that Class members have an adequate opportunity

19   after the motion is filed to review the motion and file any objections thereto, as required by Fed.

20   R. Civ. P. 23(h)(2) and Ninth Circuit precedent.  *See In re Mercury Interactive Corp. Sec. Litig.*,

21   618 F.3d 988 (9th Cir. 2010); and

22         (d)      A subsequent hearing on Class Counsel's motion, pursuant to Fed. R. Civ. P.

23   23(h)(3), if the Court deems it appropriate to hold such hearing.

24         With respect to the second issue, Class Counsel submits herewith the Declaration of

25   Michael W. Sobol, setting forth the allocation of the total lodestar and costs among the two Class

26   Counsel firms.  Class Counsel notes that these amounts represent Class Counsel's lodestars as of

27   November 8, 2010, the date Class Counsel were required to file their submission regarding their

28

entitlement to a fee.  Class Counsel intend to submit updated lodestar and cost figures in

connection with the filing of their motion regarding the proper amount of their fee award.

## II.   ARGUMENT

### A.   Fed. R. Civ. P. 23(h) Applies Here.

Fed. R. Civ. P. 23(h) applies to all awards of attorneys' fees and non-taxable costs in

certified class actions where, as here, such award is authorized by law.  Rule 23(h) provides:

> Attorney's Fees and Nontaxable Costs. In a certified class action,
> the court may award reasonable attorney's fees and nontaxable costs
> that are authorized by law or by the parties' agreement. The
> following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule
> 54(d)(2), subject to the provisions of this subdivision (h), at a time
> the court sets. Notice of the motion must be served on all parties
> and, for motions by class counsel, directed to class members in a
> reasonable manner.
>
> (2) A class member, or a party from whom payment is sought, may
> object to the motion.
>
> (3) The court may hold a hearing and must find the facts and state
> its legal conclusions under Rule 52(a).
>
> (4) The court may refer issues related to the amount of the award to
> a special master or a magistrate judge, as provided in Rule
> 54(d)(2)(D).

### B.   Consistent With Its Prior Instructions, the Court Should Order a "Specific Process" For Determining the Amount of Class Counsel's Fee Award That Comports with the Requirements of Rule 23(h).

#### 1.   Pursuant to Rule 23(h)(1), the Court Should Direct Class Counsel to File a Noticed Motion Addressing the Proper Amount of Their Fee and Cost Award.

In its October 25, 2010 Order Regarding Joint Recommendation Regarding Post-Trial

Issues and Proposed Judgment (Dkt. No. 497), the Court ordered the parties to initially brief their

*entitlement*  to fees and expenses, leaving the determination of the proper amount of such

award(s) for a later time and separate procedure:

> The parties should brief only their *entitlement* to attorney's fees and
> non-cost expenses, as well as whether the requested award should
> come from opposing counsel or the class.  If entitlement to such
> fees and expenses is granted, the undersigned judge will issue a
> procedural order that will set forth a *specific* process by which a
> reasonable award will be determined.

Dkt. No. 497 at 6 (emphasis original).[1]  Pursuant to the Court's Order, Class Counsel briefed their entitlement to an award, as well as the proper source(s) of such award, and expressly "reserve[d] the opportunity to more fully describe their efforts and their specific expenditures of time and resources in connection with the submission of the fee application that the Court intends as part of the '*specific* process by which a reasonable award [that] will be determined.'"  Dkt. No. 507 at 1. Assuming the Court finds that Class Counsel is entitled to an award, as part of the contemplated "specific process" for determining a reasonable award, the Court should require Class Counsel to file a noticed motion addressing the proper amount of their award.

### 2. Pursuant to Rule 23(h)(1), the Court Should Order That Notice Be Directed to Class Members in the Same Manner as Previous Class Notices Have Been Directed in This Case.

Rule 23(h) requires that notice of Class Counsel's fee motion be directed to Class members "in a reasonable manner."  Fed. R. Civ. P. 23(h)(1).  Class notices have been disseminated on two previous occasions in this case.  In both instances, the Court approved and ordered essentially the same notice distribution plan: (a) for current Wells Fargo customers, notice was provided as an insert with customers' regular account statements, with physical inserts for customers who regularly receive their statements by mail and electronic inserts for customers who regularly receive their statements electronically; and (b) for former Wells Fargo customers, notice was provided by publishing a one-time advertisement in the classified sections of The Sacramento Bee, The San Francisco Chronicle, the Los Angeles Times, and the San Diego Tribune.  *See* Dkt Nos. 115, 116, 250, 251.  Class Counsel submits that this distribution plan remains reasonable under the circumstances, and should be adopted with respect to notifying the Class regarding Class Counsel's fee motion.  As before, the Court should order the parties to submit a proposed form of class notice, and then, when the Court deems the form acceptable, order that such notice be disseminated pursuant to the approved distribution plan.

---

[1] The Court also stated "that any such motions must be filed within the time periods set forth in the Federal Rules of Civil Procedure and any applicable Civil Local Rules."  Dkt. No. 497 at 6. In an abundance of caution, Class Counsel also submitted summary information regarding their lodestars, the reasonableness of their hours spent and billing rates, and their out-of-pocket litigation costs in order to establish their entitlement to a fee.

1    Unlike with the prior notices, however, the costs of this notice should be paid by Wells

2    Fargo and not by Class Counsel.  The United States Supreme Court has recognized that there are

3    "instances in which a district court might be justified in placing the expense [of class notice] on a

4    defendant."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358-59 (1978).  Ninth Circuit and

5    other federal case law support that it is proper for the Court to order Wells Fargo to pay the costs

6    of class notice now that its liability has been established after trial.  *See Hunt v. Imperial*

7    *Merchant Services, Inc.*, 560 F.3d 1137, 1143-44 (9th Cir. 2009) (stating that "many district

8    courts have placed notice costs on the class action defendant once the defendant's liability has

9    been established," and ordering defendant to pay class notice costs notwithstanding its pending

10   appeal); *Six Mexican Workers v. Arizona Citrus Growers*, 641 F. Supp. 259, 264 (D. Ariz. 1986)

11   (ordering defendant to pay for distribution of relief and notice to class members in part because

12   court had already found liability and awarded damages after bench trial, and expressly

13   distinguishing from settlement context);[2] *see also In re Nassau County Strip Search Cases*, 2009

14   WL 706252, *1-2 (E.D.N.Y Mar. 16, 2009) (noting that "[i]t may be that under different

15   circumstances the potential of a *de minimis* award might require that the cost of notice remain

16   with the representative plaintiffs," but ordering defendants to pay notice costs because they

17   admitted liability and the anticipated recovery for plaintiffs was likely to far exceed notice costs).

18   The case for requiring Wells Fargo to pay for notice is particularly strong here, since Wells Fargo

19   has been found liable after trial, the amount due to the Class in restitution is known, and such

20   amount far exceeds the costs of providing notice.

21

22

23   _____

[2] *Accord Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 58-59 (D. Conn. 2001) (ordering

24   defendant to pay cost of notice where liability had been established); *Hartman v. Wick*, 678
     F.Supp. 312, 328-329 (D.D.C. 1988) ("As the Court has already found defendant liable,

25   defendant must bear the full expense of this notification task."); *Catlett v. Missouri Highway and
     Transp. Com'n*, 589 F.Supp. 949, 951-952 (D. Mo. 1984) (ordering defendant to pay notice costs

26   and noting that "a number of cases have recognized that cost allocation is proper once the
     defendant's liability has been established."); *Meadows v. Ford Motor Co.*, 62 F.R.D. 98, 101-102

27   (W.D. Ky. 1973) (ordering defendant to pay cost of notice because "the Court has already

28   determined that the plaintiff and the members of her class are entitled to recover on their demands
     for injunctive relief.").

- 4 -

### 3. Pursuant to Rule 23(h)(2), the Court Must Allow Class Members An Opportunity to Object *After* Class Counsel Files Their Motion.

Rule 23(h)(2) provides that where Class Counsel in a certified class action moves for attorneys' fees and expenses, "[a] class member, or a party from whom payment is sought, may object to the motion."  Therefore, Class members do, in fact, have the right to object to Class Counsel's fee motion here.  *See Mercury Interactive*, 618 F.3d at 993-994.[3]

While Rule 23(h) does not specify the timing of the objection period for Class members, the Ninth Circuit recently considered this issue in *Mercury Interactive, supra.*  In that case, the district court preliminary approved a class settlement, ordered that class notice be directed to the class, and required class members to submit any objections to the settlement or anticipated fee request by a specific deadline.  The class notice stated the amount of the fee award that class counsel would be seeking, and was disseminated well in advance of the objection deadline, but the objection deadline occurred before class counsel filed their fee motion.  After the district court granted final approval and awarded class counsel fees, an objector appealed, arguing that the district court misapplied Rule 23(h) and violated its due process rights by setting the objection deadline prior to the deadline for class counsel's fee motion.  The Ninth Circuit agreed.  Citing the language of the rule itself, the relevant Advisory Committee Notes, and other authorities, the Ninth Circuit held that under Rule 23(h), the objection deadline must be set so as to allow class members adequate time after the fee motion is filed to review the motion and file any objections:

> The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.

> The Advisory Committee Notes to the 2003 amendments to Rule 23(h) further support this reading of the rule. They elaborate that "[i]n setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential

---

[3] By the terms of Rule 23(h)(2), Class members have the right to object to Class Counsel's motion whether the fee award would be paid from the common restitution fund, directly by Wells Fargo pursuant to Cal. Code Civ. P. § 1021.5, or some combination of the two sources.

objectors to examine the motion." Fed.R.Civ.P. 23, 2003 Advisory Committee Notes, ¶ 68….

Commentators also agree with this logical interpretation of the rule. For example, Moore's Federal Practice counsels that "[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion…." 5 Moore's Federal Practice § 23.124[4] (Matthew Bender 3d ed.2009). Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.

In this case, Teachers was denied such an opportunity. At the time that its objections to the fee request were due, Teachers could make only generalized arguments about the size of the total fee because they were only provided with generalized information. Teachers could not provide the court with critiques of the specific work done by counsel when they were furnished with no information of what that work was, how much time it consumed, and whether and how it contributed to the benefit of the class.

#

[A] schedule that requires objections to be filed before the fee motion itself is filed denies the class the full and fair opportunity to examine and oppose the motion that Rule 23(h) contemplates.

*Mercury Interactive*, 618 F.3d at 993-995.  The Court declined to adopt a "bright-line rule" regarding the proper amount of time between the filing of the fee motion and the objection deadline, finding instead that such determination must be made on a case-by case basis.  *Id*. at 995 ("Obviously, that period will vary from case to case, and the district court is better positioned to make that decision after consideration of all of the circumstances in the case.").

Thus, under Rule 23(h) and the Ninth Circuit's holding in *Mercury Interactive*, the Court must provide Class members with an opportunity to object to Class Counsel's fee motion before issuing an award, and must set the deadline for objections so that Class members have an adequate opportunity after the motion is filed to review and object to such motion.

### 4.      Pursuant to Rule 23(h)(3), the Court May Hold a Hearing on Class Counsel's Motion.

Under Fed. R. Civ. Rule 23(h)(3), the Court may hold a hearing on Class Counsel's fee motion, but is not required to do so.  Any hearing on Class Counsel's motion should be scheduled after the deadline for Class members to file objections to Class Counsel's motion.[4]

### C.      Class Counsels' Lodestar and Costs Allocation.

Class Counsels' collective unadjusted lodestar amount, as stated in their entitlement motion, was $3,776,927.59.  In addition, Class Counsel incurred a total of $728,847.94 in non-taxable litigation costs.  As set forth in the Declaration of Michael W. Sobol, submitted herewith ("Sobol Decl."), the allocation of these amounts is as follows:

| M&W Lodestar | $2,220,667.09 |
| LCHB Lodestar | $1,556,260.50 |
| **Total Lodestar** | **$3,776,927.59** |

| M&W Non-Taxable Costs | $309,754.01 |
| LCHB Costs | $419,093.93 |
| **Total Costs** | **$728,847.94** |

Sobol Decl., ¶ 2.  These amounts represent the firms' approximate lodestars and non-taxable costs as of November 8, 2010, the date that Class Counsel were required to file their entitlement motion.  Class Counsel intend to submit updated lodestar and cost figures in connection with the filing of their motion regarding the proper amount of their fee award.  *Id*., ¶ 4.

## III.    CONCLUSION

The parties having briefed the issue of Class Counsel's entitlement to an award of attorneys' fees and costs, Class Counsel respectfully request that the Court take the next step and order a "specific process" for determining the amount of Class Counsel's fee award, with such process including:  (a) a noticed motion filed by Class Counsel addressing the proper amount of

---

[4] Pursuant to the Civil Local Rule 7-2, any hearing should also be scheduled at least 35 days after Class Counsel files their motion regarding the proper amount of their fee award.  *See Mercury Interactive*, 618 F.3d at 995 n.2.

CLASS COUNSEL'S SUPPLEMENTAL SUBMISSION
PER COURT'S JANUARY 10, 2011 ORDER
CASE NO. C 07-05923 WHA (JCSX)

1   their fee; (b) notice to the Class, directed in the same manner as previous class notices in this

2   case, with the costs of notice paid by Wells Fargo; (c) an opportunity for Class members to object

3   to Class Counsel's motion, with the objection deadline set so as to provide Class members

4   adequate time after the motion has been filed to review and object to the motion; and (d) a

5   hearing on Class Counsel's motion, should the Court find it appropriate.

6   Dated: January 12, 2011                Respectfully submitted,

7                                          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

8

9                                          By:_____/s/ _Michael W. Sobol_____

10

11                                         Richard M. Heimann (State Bar No. 063607)
                                           Michael W. Sobol (State Bar No. 194857)
12                                         Roger N. Heller (State Bar No. 215348)
                                           Mikaela Bernstein (State Bar No. 261301)
13                                         275 Battery Street, 29th Floor
                                           San Francisco, CA  94111-3339
14                                         Telephone:  (415) 956-1000
                                           Facsimile:  (415) 956-1008

15                                         Richard D. McCune (State Bar No. 132124)
                                           E-mail:  rdm@mwtriallawyers.com
16                                         Jae (Eddie) K. Kim (State Bar No. 236805)
                                           E-mail:  jkk@mwtriallawyers.com
17                                         McCUNE & WRIGHT, LLP
                                           2068 Orange Tree Lane, Suite 216
18                                         Redlands, CA  92374
                                           Telephone:  (909) 557-1250
19                                         Facsimile:  (909) 557-1275

20                                         Attorneys for Plaintiffs and the Class

21

22   907733.1

23

24

25

26

27

28