United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. C 07-05923 WHA<br><br>**ORDER GRANTING MOTION FOR AMENDMENT TO ORDER RESOLVING BILL-OF-COSTS OBJECTIONS AND VACATING HEARING** |

**INTRODUCTION**

In this certified consumer class action, plaintiffs move for an amendment to the order resolving defendant Wells Fargo's objections to plaintiffs' bill of costs. This order grants plaintiffs' motion.

**STATEMENT**

After three years of litigation that resulted in a $203 million judgment for the plaintiff class, plaintiffs filed a bill of costs on November 8, 2010. Defendant Wells Fargo filed objections to this bill of costs three weeks later. An order resolving the objections to the bill of costs was issued on December 3, 2010 (Dkt. No. 538).

A week later, plaintiffs filed a motion for an amendment to the order resolving the bill-of-costs objections; this motion has been fully briefed. Plaintiffs request reconsideration of

1  their entitlement to reimbursement for the costs of transcripts and trial exhibits. Defendants argue
2  that plaintiffs' motion is procedurally improper and lacks substantive support for their requests.
3  Because the federal and local rules do not anticipate the present procedural circumstances,
4  plaintiffs' motion will be deemed a proper motion for review of taxed costs pursuant to
5  FRCP 54(d)(1) and will be decided on the merits.

## ANALYSIS

Plaintiffs' motion concerns both the cost of transcripts and the cost of trial exhibits. These two items will be considered in turn.

**1.     Transcripts**

Civil Local Rule 54-3(b) sets forth the standards for taxing the cost of reporters' transcripts. It states:

> (1) The cost of transcripts necessarily obtained for an appeal is allowable.
> (2) The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.
> (3) The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

Civ. Loc. Rule 54-3(b). Wells Fargo objected to plaintiffs' claim of $20,631.68 for transcripts of court proceedings that were listed on the attachment to plaintiffs' bill of costs as having been "obtained for the use of trial." Because plaintiffs had not demonstrated that the transcripts were obtained for the purposes or under the circumstances that Rule 54-3(b) enumerates as allowable, Wells Fargo's objection was sustained (Dkt. No. 538 at 2).

Plaintiffs now argue that "these trial transcripts are patently necessary for litigating the appeal in this case" because "[t]he appeal issues . . . are largely based on testimony and evidence documented by the trial transcripts and the Court's Findings of Fact and Conclusions of Law, which themselves are based largely on the trial transcripts" (Reply Br. 3). Plaintiffs' new argument is persuasive; this order finds that plaintiffs now have shown that the transcripts are necessary to litigating the appeal. If plaintiffs had not ordered the transcripts previously "for the use of trial," then they now would obtain them necessarily for the appeal. Accordingly, the cost is allowable pursuant to Rule 54-3(b)(1).

None of Wells Fargo's arguments to the contrary are availing. *First*, Wells Fargo seeks to limit plaintiffs to the attachment filed with the bill of costs, but the local rules explicitly provide for submission of supplemental documentation rebutting objections, and the federal rules provide for challenges to the taxing of costs. FRCP 54(d)(1); Civ. Loc. Rule 54-4(a). *Second*, Wells Fargo also attacks the evidentiary basis for plaintiffs' new argument, but plaintiffs' multitudinous examples of transcript citations in the appellate record, along with common sense and experience, confirm that transcripts of the proceedings below will be central to the appeal. *Third*, Wells Fargo urges the Court to exercise its discretionary authority "to refuse to tax costs that are allowable under 28. U.S.C. 1920" (Opp. 5), but the only reason offered for doing so — plaintiffs' supposed dearth of evidentiary support — already has been disposed of by this order.

Because plaintiffs now have demonstrated that their claimed cost of $20,631.68 for transcripts of court proceedings is allowable pursuant to Civil Local Rule 54-3(b)(1), their motion to amend is **GRANTED** with respect to this item. Wells Fargo's objection to plaintiffs' claimed cost of $20,631.68 for transcripts of court proceedings is now **OVERRULED**.

### 2. Trial Exhibits

Civil Local Rule 54-3(d)(4) provides: "The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided." Civ. Loc. Rule 54-3(d)(4). Wells Fargo objected to plaintiffs' claim of $4,165.67 for the copying of trial exhibits. Noting that only a single binder of key exhibits was required from each party in this action, the order resolving the objections found that this binder should have cost no more than $200.00 and sustained Wells Fargo's objection as to the costs of copying trial exhibits in excess of that amount (Dkt. No. 538 at 2–3).

Plaintiffs now submit that, in addition to the single binder of key exhibits, the parties were required to jointly prepare a full set of all trial exhibits for the official record. To support this argument, plaintiffs quote relevant language from the Guidelines for Trial and Final Pretiral Conference in Civil Jury Cases Before the Honorable William Alsup. Plaintiffs request entitlement to recover the full amount claimed for the copying of trial exhibits in order to cover their share of the cost of this joint submission (Br. 2–3). Wells Fargo opposes plaintiffs' request

3

but does not dispute that the cited portion of the Guidelines required the parties to submit a joint set of official trial exhibits in addition to their key-exhibit binders (Opp. 5).

Because plaintiffs now have demonstrated that their full claimed cost of $4,165.67 for the copying of trial exhibits is allowable pursuant to Civil Local Rule 54-3(d)(4), their motion to amend is **GRANTED** with respect to this item. Wells Fargo's objection to plaintiffs' claimed cost of $4,165.67 for the copying of trial exhibits is now entirely **OVERRULED**.

## CONCLUSION

Plaintiffs' motion for amendment to the order resolving Wells Fargo's objections to plaintiffs' bill of costs is **GRANTED**. Wells Fargo's objection to plaintiffs' claimed cost of $20,631.68 for transcripts of court proceedings is now **OVERRULED**. Wells Fargo's objection to plaintiffs' claimed cost of $4,165.67 for the copying of trial exhibits is now entirely **OVERRULED**.

The clerk is directed to tax the previously disallowed cost of $20,631.68 for transcripts of court proceedings and the full cost of cost of $4,165.67 (instead of the more limited previous figure of $200.00) for the copying of trial exhibits.

The hearing on plaintiffs' motion set for January 20, 2011 is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 13, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE