IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | No. C 07-05923 WHA<br><br>**ORDER PARTIALLY GRANTING WELLS FARGO'S MOTION FOR REIMBURSEMENT AND POSTPONING CLASS COUNSEL'S MOTION FOR FEES AND COSTS** |

## INTRODUCTION

In this certified consumer class action, both class counsel and defendant Wells Fargo Bank, N.A. bring motions for entitlement to fees and costs. Class counsel request an award of attorney's fees and nontaxable costs, as well as participation bonuses for the class representatives. Wells Fargo requests reimbursement of incremental fees and expenses incurred unnecessarily because of plaintiffs' original improper damages study. This order partially grants Wells Fargo's motion and declines to reach class counsel's motion at this time.

## STATEMENT

The facts and procedural history of this action are now well known to the parties and have been set forth in detail in previous orders. Class counsel and defendant Wells Fargo each focus on separate aspects of the action in support of their motions.

Class counsel recapitulate the entire saga, of course portraying themselves in a favorable light. Class counsel characterize their decision to pursue this action on a contingency-fee basis as entailing great risk, and they claim that the value of the action was highly uncertain when they assumed this risk. Class counsel catalogue favorable results they achieved at each stage of the action, from pleadings and class certification through discovery, trial, and appeal. The ultimate result of class counsel's efforts was the entry of a $203 million restitution judgment and injunctive relief against Wells Fargo in favor of the class (Dkt. No. 498).

It must be said, however, that two different law firms represented the class as counsel of record, and the quality of their services was not equivalent. The law firm McCune & Wright, LLP represented the class throughout the duration of the action, and the law firm Lief, Cabraser, Heinmann & Bernstein, LLP was brought in as additional class counsel in June 2009. This association of counsel took place shortly after the trial date was continued to allow plaintiffs a second chance to complete a proper damages study after summary judgment proceedings exposed the inadequacy of plaintiffs' expert's first study. Lawyers from the Lief, Cabraser firm did an excellent job in rescuing expert and trial preparation and in trying the case. The work done by Richard McCune and other lawyers from the McCune law firm leading up to the expert period was unimpressive.

Wells Fargo's motion is premised on plaintiffs' improper original damages study, which was rejected at the summary judgment stage and later was replaced by a new study. Instead of performing a full analysis to identify all class members and to ascertain the impact of the challenged practice on each of them, the expert opinion originally proffered by class counsel was based on a relatively small sample of the available data. After finding this study to be inadequate, the Court continued the trial date and gave class counsel another chance to produce a proper damages study (Dkt. Nos. 245, 259). At that time, class counsel were warned that they may be required to reimburse defense counsel for the incremental expense of this wasted effort (Dkt. No. 263 at 16).

This order follows full briefing and a hearing on the motions. Before the hearing, supplemental briefing was requested on whether class members have a right to be heard regarding

2

the amount of payment to which class counsel is entitled. Both Wells Fargo and class counsel submitted that FRCP 23(h)(1) requires that class members be given notice and an opportunity to be heard on the issue of class counsel's fees. This rule was addressed at the January 13 hearing, including relevant Advisory Committee notes. Both sides were invited to file supplemental briefing on whether the rule applies only to fee awards paid from a class fund or also to fee awards paid by a defendant under a fee-shifting statute; the supplemental briefs were filed on January 18.

**ANALYSIS**

The two motions will be addressed in turn.

**1.    Class Counsel's Motion**

Class counsel move for entitlement to an award of attorney's fees and nontaxable costs, to be paid out of the class's common recovery, or by Wells Fargo, or from some combination of these two sources. No decision on this motion will be made at this time.

The Federal Rules of Civil Procedure provide that class counsel's claim for an award of attorney's fees and costs must be made by motion, and that notice of the motion must be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). An Advisory Committee Note on this rule provides: "Because members of the class have an interest in the arrangements for payment of class counsel whether that payment comes from the class fund or is made directly by another party, notice is required in all instances." *Ibid.* (Advisory Committee Notes). Out of an abundance of caution regarding this Advisory Committee Note, and without determining whether the note precludes a decision at this time on class counsel's entitlement to an award paid by Wells Fargo under a fee-shifting statute, this order will postpone until after appeal the issue of class counsel's entitlement to fees.

Class counsel may renew their motion after the pending appeal is resolved. The manner in which notice of the motion shall be directed to class members will be decided at that time.

**2.    Wells Fargo's Motion**

Wells Fargo moves for entitlement to recover incremental fees and expenses incurred unnecessarily as a result of class counsel's original inadequate damages study; Wells Fargo

3

identifies five categories of fees and expenses to which it claims entitlement. This motion is **GRANTED IN PART AND DENIED IN PART**.

Pursuant to general case management authority, a judge may alter case management deadlines on such conditions as he deems necessary and just. Fed. R. Civ. P. 16; *see Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 591–92 (2008). Upon finding the damages study plaintiffs proffered at the summary judgment stage to be wholly inadequate, the undersigned judge eventually altered the case management schedule and delayed trial in order to give plaintiffs a second chance to complete a proper damages study. Attorney McCune was warned that, as a reasonable condition of receiving this second chance, he likely would be required to reimburse defense counsel for the incremental expense of their wasted efforts regarding the original, improper damages study. In a brief urging the Court to postpone trial and allow plaintiffs to complete the second-chance study, class counsel stated: "Plaintiffs are willing to pay Wells Fargo's reasonable incremental fees and costs that it could have saved if Plaintiffs counsel had mined the entire database for all class members as part of its initial damage analysis." (Dkt. No. 257 at 6–7).

This order finds that class counsel's submission of the original damages study unreasonably multiplied these proceedings, and Wells Fargo is entitled to reimbursement from the McCune law firm (not from the plaintiff class and not from the Lief, Cabraser firm) for the incremental fees and expenses it incurred unnecessarily as a direct result of this improper study. Wells Fargo, however, must absorb the reasonable expenses it would have incurred if class counsel had done a proper damages study in the first instance; only the incremental costs and fees over and above that amount may be attributed to class counsel's poor strategy and shifted on that basis. Each category of fees and expenses to which defense counsel claims entitlement will be addressed in turn.

*First*, Wells Fargo requests reimbursement for attorney's fees incurred in relation to the first damages study, for example in coordinating access to the relevant data, reviewing and responding to the original expert reports, deposing plaintiffs' experts on these reports, and challenging the analysis through motion practice. Fees in this category were incurred

4

unnecessarily as a direct result of the improper damages study. Wells Fargo's request is therefore **GRANTED** as to this category of attorney's fees.

*Second*, Wells Fargo requests reimbursement for expert fees incurred in analyzing and responding to the first damages study. These fees also were incurred unnecessarily as a direct result of the improper study. Wells Fargo's request is therefore **GRANTED** as to this category of expert's fees.

*Third*, Wells Fargo requests reimbursement for the rental cost of a secure "clean room" for the five-month period during which it was used to provide plaintiffs access to Wells Fargo's confidential data for purposes of preparing and defending the first damages study. This rental cost was incurred unnecessarily as a direct result of the improper study. Wells Fargo's request is therefore **GRANTED** as to this category of costs.

*Fourth*, Wells Fargo requests reimbursement for the cost to date of the "new state-of-the-art computer server" that Wells Fargo "was forced to purchase and install" so that plaintiffs' expert could complete his second-chance damages analysis within the ordered schedule. This cost is part of the normal burden of providing discovery in large-scale modern-day litigation, and Wells Fargo will be able to put the new server to other uses after this action has concluded. Wells Fargo's request is therefore **DENIED** as to this category of costs.

*Fifth*, Wells Fargo requests reimbursement for the cost of overtime payments to security staff who provided weekend and after-hours access to the secure "clean room" housing Wells Fargo's data. Wells Fargo argues that these costs were unnecessary because plaintiffs' expert unreasonably demanded to work on this project outside of regular business hours. If Wells Fargo objected to providing weekend and after-hours access to the clean room, it should have voiced that objection before acquiescing to provide the requested access. Moreover, at least some amount of overtime payments to clean room security staff are a part of the normal burden of providing discovery in this type of action. Wells Fargo's request is therefore **DENIED** as to this category of costs.

Plaintiffs oppose Wells Fargo's requests for reimbursement. Plaintiffs argue that Wells Fargo's motion should be denied entirely because the first damages study was "invaluable and

5

necessary," both as an initial step in understanding the data and as a validation of the final damages study. This argument misses the point; the fact remains that the first damages study was *improper*. If the study had been done properly in the first instance, there would not have been a first and second step, and this duplication of costs and efforts would have been avoided. Moreover, the revised damages study stands alone as a sufficient form of proof, with no additional validation required. Plaintiffs also argue that certain categories of fees and expenses enumerated by Wells Fargo are not properly reimbursable. To the extent this order disagrees, the rationale was set forth with respect to each reimbursement category already discussed.

*     *     *

In the Court's judgement, the parties' disagreement over the dollar amount of the incremental attorney's fees, expert's fees, and clean-room costs that Wells Fargo is entitled to recover is liable to spawn satellite litigation ad infinitum. Instead of firing a starting pistol that would commence more litigation, likely running up an eighteen-month-long tab of special master's fees, this order will settle the amount by approximation.

Based on twenty-five years in practice and nearly twelve years on the bench, the undersigned judge finds the sum of ninety thousand dollars sufficient to reimburse Wells Fargo for the incremental fees and expenses it incurred unnecessarily as a result of class counsel's original inadequate damages study. The payment to Wells Fargo will be made by the McCune law firm, *not* by the plaintiff class or the Lief, Cabraser firm.

If either side objects to this amount, it must do so by **NOON ON JANUARY 27, 2011**, stating the grounds for the objection. In that event, the Court will appoint a special master to resolve the issue. If the party objecting does not succeed in obtaining a substantially better result, then that party is very likely to have to pay all or the lion's share of the fees and costs of the special master.

**CONCLUSION**

For the foregoing reasons, class counsel's motion for entitlement to an award of attorney's fees and costs is not reached at this time, and Wells Fargo's motion for entitlement to reimbursement is **GRANTED IN PART AND DENIED IN PART**. Class counsel may renew their motion after the pending appeal is resolved. The McCune law firm (and not the plaintiff class or

6

the Lief, Cabraser firm) must pay Wells Fargo ninety thousand dollars, subject to the stated conditions, as reimbursement for the incremental fees and expenses Wells Fargo incurred unnecessarily as a result of class counsel's original inadequate damages study.

**IT IS SO ORDERED.**

Dated: January 20, 2011. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE