IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 07-05923 WHA

**ORDER REGARDING REQUEST FOR ENTRY OF JUDGMENT**

## INTRODUCTION

In this certified consumer class action, a prior order granted in part plaintiffs' motion for judgment following remand. The primary issue now is whether judgment should be entered immediately (so that defendant can take an appeal), or whether entry of judgment should be delayed so that plaintiffs can file motions for fees and expenses in advance of the appeal. For the reasons explained below, the request to delay entry of judgment is **DENIED**. Judgment will be entered in an accompanying order.

## STATEMENT

The facts and extensive procedural history of this action are well known to the parties

and do not need to be repeated in detail here. In brief, a bench trial and post-trial briefing in 2010–2011 resulted in an injunction and over $200m in restitution from defendant Wells Fargo Bank, N.A. Class counsel's motion for fees and costs was deferred pending resolution of Wells Fargo's appeal (Dkt. No. 558).

In December 2012, our court of appeals reversed in part, vacated the relief, and remanded the action (Dkt. No. 569). A May 2013 order granted plaintiffs' motion for judgment on remand, reinstated the injunctive relief and restitution award, and granted post-judgment interest (Dkt. No. 586). The order further requested that the parties submit a recommended form of judgment that would capture the central points of the order and poise the action for any appeal.

Wells Fargo has already appealed the injunction entered in the May 2013 order and has unequivocally stated its intention to appeal the remainder of the order upon entry of judgment. Wells Fargo requests that judgment be entered forthwith and that all other issues be stayed pending appeal. Plaintiffs request that judgment be entered only after two proposed motions are resolved: class counsel's application for attorney's fees and a motion to require Wells Fargo to bear the costs of class administration.

**ANALYSIS**

Under Rule 58(b)(2), "the court must promptly approve the form of judgment." There is a narrow exception for cost or fee awards under Rule 58(e) (emphasis added):

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court *may* act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Assuming without deciding that both plaintiffs' proposed attorney's fees motion and motion to shift class administration expenses fall within Rule 58(e), the question is whether entry of judgment should be delayed in order to increase the number of issues that may be simultaneously sent up to our court of appeals. Under Rule 58(e), a court *may* exercise discretion to delay entry of judgment in order to resolve fee disputes. This order, however,

2

declines the invitation.

Plaintiffs' primary argument for delaying entry of judgment is that resolving the proposed motions prior to Wells Fargo's appeal would be more efficient and avoid potential successive appeals. This order disagrees. Plaintiffs' argument hinges on their assumption that they will score a complete victory on appeal. Although this is possible, anything less that than a complete victory could materially change the constellation of issues on which class counsel prevailed. The results would be renewed motion briefing on attorney's fees following appeal — wasting resources expended by the parties and the Court now — and the *same* potential for a successive appeal.

Nor are plaintiffs' motions for attorney's fees and expenses amenable to resolution on an expedited briefing schedule. As plaintiffs' themselves recognize, Rule 23(h)(1) requires that class members be given notice and an opportunity to be heard on the issues of fees and administration expenses. Thus, the normal motion calendar would have to be expanded to permit dissemination of notice to class members, a reasonable period for class members to file objections, replies thereto by class counsel, and a hearing. The schedule for these motions proposed by the parties would require at least three to four months (Joint Recommendation 4).

Resolution of the two motions would also impose substantial burdens on the parties and the Court. This is due to the complexity of the action, the extensive procedural history, the parties' dispute over counsel's entitlement to fees under California law, and the possibility that resolving the attorney's fees motion may require limited discovery. Given that all this work could be for naught after Wells Fargo's appeal, this order chooses to follow Rule 58 and entering judgment "promptly."

Plaintiffs say that resolution of Wells Fargo's prior appeal took two years. Thus, the potential for successive appeals creates the possibility that the class members will not see any relief for four years or more. This contention is unpersuasive. Regardless of whether the fees and class administration motions are resolved in the coming months, Wells Fargo has confirmed its intention to appeal. Substantial delay is therefore inevitable. In contrast, any *potential*

successive appeals would be contingent on intervening events and are thus highly speculative. Moreover, as defendants point out, plaintiffs have not established that the potential for additional delay (beyond the next appeal) would result in harm to class members. The amounts owed to individual class members are relatively small and the interests of the class as a whole are protected by the award of post-judgment interest.

\* \* \*

In the parties' joint submission, plaintiffs make various other proposals regarding class administration and dissemination of monies following resolution of the promised appeal. It is unnecessary to address these proposals at present. Thus, only two issues remain: (1) whether the monetary judgment against Wells Fargo should be stayed pending appeal without the posting of a supersedeas bond and (2) whether to adopt plaintiffs' or defendant's proposed form of judgment.

As to the former issue, following Wells Fargo's prior appeal an order held that a bond was not required because Wells Fargo demonstrated its ability to pay the judgment following appeal. Wells Fargo will again be permitted to rely on this showing. As for the rest of the stay motion, within **FIVE CALENDAR DAYS** from the date of this order, Wells Fargo shall file its motion to stay the monetary judgment pending appeal. Plaintiffs shall file an opposition brief within **FIVE CALENDAR DAYS** from the date Wells Fargo's motion is filed. Wells Fargo may file a reply within **TWO CALENDAR DAYS** from the date plaintiffs' opposition is filed. In the event that Wells Fargo's motion is not resolved before the expiration of the 14-day automatic stay period under Rule 62(a), the monetary judgment will remain stayed pending resolution of this motion.

As to the latter issue, this order agrees that plaintiffs' proposed form of judgment contains unnecessary verbiage (as well as provisions rendered moot by the rulings above). This order accordingly adopts Wells Fargo's proposed form of judgment.

**CONCLUSION**

Plaintiffs' request to delay entry of judgment is **DENIED**. Judgment will be entered in a separate order. Wells Fargo may file its motion to stay the monetary judgment by **AUGUST 7 AT NOON**.

**IT IS SO ORDERED.**

Dated:   August 2, 2013. 

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE