**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, ERIN WALKER and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.
_______________________________________/

No. C 07-05923 WHA

**SECOND CASE MANAGEMENT ORDER FOLLOWING REMAND**

Our court of appeals affirmed the $203 million restitution award but vacated and revised the injunction. *Gutierrez v. Wells Fargo Bank, N.A.*, No. 13-16195, 2014 WL 5462407, at *1, 2 (9th Cir. Oct. 29, 2014). On January 29, 2015, the parties appeared for a post-remand case management conference.

1. By **FEBRUARY 17 AT NOON**, class counsel shall file their motion for attorney's fees, expenses, and/or incentive awards. The motion must specifically breakdown the proposal for how much should come out of the judgment versus how much should be further awarded on top of the judgment pursuant to California Code of Civil Procedure Section 1021.5, and provide an estimate of how much each class member's *pro rata* share would be reduced. In other words, if the average class member's check is for $100 (before fees and expenses), how much, if any, would be taken out for fees and expenses, and how much, if any, would Wells Fargo pay on top of the judgment? Please be reasonable.

2. Class notice of the fee petition and the plan of distribution shall be as follows. A class notice shall be published one-time each in the Sacramento Bee, San Francisco Chronicle, Los Angeles Times, and San Diego Tribune. Wells Fargo shall also send a notice email to class members and shall keep accurate records of the email addresses that worked

United States District Court
For the Northern District of California

versus those that prompted a bounce-back email. Notice shall also be posted on the class website along with a copy of class counsel's fee and expenses petition.

3. By **FEBRUARY 18 AT NOON**, the parties shall file a joint agreed-upon proposed class notice, a joint agreed-upon proposed class email, and a joint agreed-upon proposed reminder postcard (reminding class members to cash their checks). The parties shall have met-and-conferred in person in this district in a good faith effort to resolve all disputes regarding class communications. Disagreements regarding specific language must be isolated and summarized (with supporting authorities) in a joint letter (not to exceed three pages, no attachments). The notice must clearly identify, among other things, the dollar amount of fees, expenses, and incentive awards sought, an estimate of the proposed reduction in share for the average class member, relevant deadlines, what class members must do to be paid, and a summary of the plan of distribution. Please include a proposed order.

4. Email and publication notice shall be done by **MARCH 6, 2015**. Please promptly file a declaration stating the efforts taken.

5. All class member comments and objections must be mailed to the class administrator and postmarked by **APRIL 20, 2015**. By **APRIL 24 AT NOON**, the class administrator shall file a declaration appending all timely received comments and objections.

6. Wells Fargo's opposition to class counsel's fee petition is due by **MAY 1 AT NOON**. Class counsel's reply is due by **MAY 8 AT NOON**. A hearing on all matters noticed to the class is set for **MAY 21 AT 2:00 P.M.**

7. As stated in a companion order, all class administrator applications must be filed by **FEBRUARY 12, 2015 AT NOON**. All comments and objections must be filed by **FEBRUARY 16 AT NOON**.

8. Within **TWENTY CALENDAR DAYS** after entry of an order resolving class counsel's fee application, Wells Fargo shall assemble an updated class list. That list shall include the following information: name, last-known mailing address, last-known email address, last-known telephone number, account number, group type (Groups 1, 2, 3),

amount of excess overdraft fees under the Scenario 2A analysis, *pro rata* share of post-judgment interest, *pro rata* share of attorney's fees, expenses, costs, and/or incentive awards (if any), and total amount due each class member. To be clear, the groups are as follows:

> [Group 1] For accounts due restitution and still open at Wells Fargo, the bank shall simply post a credit to the accounts.
>
> [Group 2] For accounts that have been closed but whose owner still banks with Wells Fargo in any capacity, the bank shall credit one of the owner's active accounts.
>
> [Group 3] For class members no longer doing business with Wells Fargo and to whom restitution is owed, the bank shall provide class counsel with their last known U.S. mail address, last known email address, and last known telephone number.

Restitution to restore the unexpected charges to Wells Fargo's customers was ordered pursuant to Expert Olsen's Scenario 2A (Dkt. Nos. 477 at 87–89, 586 at 12–14).

9. That updated class list shall then be made available to class counsel and the class administrator in a clean room for **FOURTEEN CALENDAR DAYS** (from 6:00 a.m. until midnight each day). The class administrator shall spot-check Wells Fargo's updated class list to make sure that Wells Fargo has properly classified class members in Groups 1, 2, and 3, and properly calculated the amount due each class member. Within **FIVE CALENDAR DAYS** thereafter, the class administrator and lead counsel for each side shall meet-and-confer in person in a good faith effort to resolve all disputes. All objections and responses must be summarized in a joint letter (not to exceed five pages) to be filed within **FOUR DAYS** after that meet-and-confer.

10. If there are no disputes, the parties shall promptly file a joint statement confirming that there are no disputes, summarizing the allocation of funds (*e.g.*, the amount due to Groups 1, 2, and 3, and the number of class members in each group), and stating that the distribution is ready to occur. Please file a proposed order authorizing the plan of distribution to proceed.

11. Once approval to proceed is granted and all orders of the district court are final and not subject to review or an appeal that could affect the *pro rata* share of any class member,

within **28 CALENDAR DAYS**, Wells Fargo shall credit the accounts for class members in Groups 1 and 2. Wells Fargo shall then promptly file a sworn declaration stating that the credits have been made and **LODGE UNDER SEAL** an alphabetized list of class members (names and cities are sufficient) that received credits. The class administrator and class counsel have **FIVE CALENDAR DAYS** thereafter to file a letter (not to exceed three pages) identifying any deficiencies. During those five days, the updated class list shall be made available to the class administrator and class counsel in the clean room. The class administrator shall spot-check that Wells Fargo properly credited those in Groups 1 and 2. Wells Fargo shall please cooperate in providing access to relevant records.

12. Then Wells Fargo shall promptly send class counsel and the class administrator a list of class members due money but that did not receive any credits (*e.g.*, those in Group 3). That list shall include the name, last-known mailing address, last-known email address, last-known telephone number, and total amount due each class member. The list shall be designated "HIGHLY CONFIDENTIAL" pursuant to the protective order.

13. The class administrator shall use all reasonable efforts to find the current addresses for all class members who did not receive any restitution money. The class administrator shall then mail checks to those class members. If the class member does not cash the check within ninety days, it will be voided. Thirty days before the deadline, a reminder postcard should be mailed to those who have not yet cashed their checks (unless the check was returned as undeliverable). The class administrator shall use all reasonable efforts to find the current addresses for class members for whom any checks were returned as undeliverable and promptly mail new checks to those class members.

14. The class administrator shall then file a sworn declaration describing the efforts taken and stating the breakdown of numbers (*e.g.*, the number of class members who cashed their checks and total amount cashed, and the number of class members who did not timely cash their checks and total unclaimed amount).

**United States District Court**
For the Northern District of California

15. How to handle the unclaimed amount, if any, shall be decided at a later date. The Court will want to consider potential consumer protection organizations and other appropriate *cy pres* organizations before making a final decision. It is possible, however, that the funds will be escheated to the State of California.

**IT IS SO ORDERED.**

Dated: January 29, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE