**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, ERIN WALKER
and WILLIAM SMITH, as individuals and
on behalf of all others similarly situated,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 07-05923 WHA

**ORDER RE ATTORNEY'S FEES AND EXPENSES**

    1.    The following procedure will be used to determine the amount of any award for attorney's fees and expenses.

    2.    No later than **FEBRUARY 17 AT NOON**, class counsel must file and serve a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered. Please serve a copy of any spreadsheet in native format (*e.g.*, Microsoft Excel) on the opposing side so that specific line items can be reviewed and calculated. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | | Project Total: | 23.5 | | $4350 |

3. All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above). Please state whether any amount was reduced for "billing judgment" and the amount reduced. If any amount was reduced because it was not associated with a prevailing issue, please so state that amount.

4. A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case. A summary chart of total time, fees, and expenses sought by each firm

(McCuneWright, LLP versus Lieff Cabraser Heimann & Bernstein, LLP) must be included with class counsel's submission. Appropriate documentation supporting all expenses sought must be timely filed.

5. The declaration must also set forth (a) the qualifications, experience, and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized, but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

6. Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

7. If the opposing party doubts the accuracy of the declaration, then the moving party must immediately produce the original underlying time records for inspection upon request.

8. This order recognizes that Wells Fargo would ordinarily have little interest in challenging the lodestar sought by class counsel since most, if not all, of any fee award would come out of the pockets of the class members, thereby reducing their recovery. In our case, however, since class counsel intends to seek fees pursuant to California Code of Civil Procedure Section 1021.5 so that some or all of any award could be paid on top of the judgment, this order will require Wells Fargo to file a counter-declaration by **MARCH 10, 2015**. That counter-

declaration may not simply attack the numbers in the fee application.  It must also set forth a counter-analysis in the same format required of the applicant, arriving at a final number.  The counter-declaration must clearly identify each line item in the application challenged as excessive, improper, or otherwise unrecoverable and explain why.  It may annotate (legible handwriting will be acceptable) the applicant's declaration to isolate the precise numbers at issue.

9. In other words, if Wells Fargo contends that any item or project was excessive, then it must provide a declaration setting forth completely all time expended by it on the same and on similar projects, in the same format described above, so that symmetry may be considered, making available the underlying records for inspection if requested.  If any billing rates are challenged, then the declaration must state the billing rates charged to the opposing party for all professionals representing the opposing party in the case and their experience levels.  The opposing declaration must also state, as to each project, the percentage of the project Wells Fargo contends was directed at issues on which fees are awardable, stating reasons for the percentage.  Please serve a copy of any spreadsheet appended to the counter-declaration in native format (*e.g.*, Microsoft Excel) on the opposing side.

10. Wells Fargo's counter-declaration is without prejudice to the possibility that class counsel's petition for fees pursuant to Section 1021.5 could be denied.

11. As stated at the January 30 hearing, a special master may be appointed pursuant to Rule 53(c) and Rule 54(d).  All objections to the appointment of a special master must be filed by **FEBRUARY 11 AT NOON**, save for specific objections to any individual to be appointed.

12. Please lodge chamber's copies of both submissions in a three-ring binder with tabs.  The briefing, declarations, and exhibits should be text-searchable.

**IT IS SO ORDERED.**

Dated: January 30, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4