Richard M. Heimann (State Bar No. 063607)
E-mail: rheimann@lchb.com
Michael W. Sobol (State Bar No. 194857)
E-mail: msobol@lchb.com
Roger Heller (State Bar No. 215348)
E-mail: rheller@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Richard D. McCune (State Bar No. 132124)
*rdm@mccunewright.com*
Jae (Eddie) K. Kim (State Bar No. 236805)
*jkk@mccunewright.com*
MCCUNEWRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. C 07-05923-WHA<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO AMEND IN PART ORDER RE ATTORNEY'S FEES AND EXPENSES**<br><br>Judge Assigned:   Hon. William H. Alsup |

Pursuant to Civil Local Rule 7-11, Plaintiffs respectfully move for an order to amend in part the Court's Order re Attorney's Fees and Expenses dated January 30, 2015, Doc. No. 619 ("Fee Order"). The Fee Order requires Class Counsel, and potentially Defendant's Counsel, to produce narrative descriptions of the time they have reported in this matter.

Class Counsel respectfully submits that the narrative descriptions of their time constitute confidential attorney work product, and in some instances reflect the content of attorney-client communications. *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013) (legal invoices comprise "attorney work product") (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). "[C]orrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, *litigation strategy, or the specific nature of the services provided, such as researching particular areas of law*, fall within the [attorney-client] privilege." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (citation omitted) (emphasis added). Disclosure of work product or privileged material of this nature remains sensitive at this stage of the litigation because Defendant has not yet fully exhausted its appellate rights regarding the judgment entered against it. (Defendant's opportunity to seek review from the Supreme Court does not expire until on or about March 11, 2015).

The Fee Order requires Class Counsel as part of its opening submission to submit with its fee application essentially narrative descriptions of their time. Fee Order at ¶ 2. The Fee Order states in pertinent part: "For each project, there must be a detailed description of the work, giving the date, hours expended, attorney time, and *task for each work entry*, in chronological order." *Id*. (emphasis added) (see Court's chart therewith). Defendants' assertion (made during the meet and confer on this motion) that this requirement does not obligate Class Counsel to reveal actual narrative time descriptions cannot possibly be correct. Even if the Fee Order were to be read as allowing Class Counsel to re-state all of their descriptions of every "task for each work entry" made over the past seven-plus years, the restated versions would (and should) contain the exact same information as that already contained in the actual narrative descriptions. Respectfully, under Class Counsel's reading of the Fee Order, it either actually or effectively requires the production of work product in the form of narrative descriptions of their time.

1  Class Counsel is cognizant of the Court's concern for having the fullest possible record in
2  making its determination on Class Counsel's application for attorneys' fees and reimbursement of
3  expenses.  Therefore, Class Counsel respectfully suggests that they lodge narrative descriptions of
4  time, in the manner required by the current Fee Order, with the Court, *ex parte, in camera.*
5  However, to preserve the protections afforded under the work-product doctrine and attorney-
6  client privilege, Class Counsel respectfully request that these narrative descriptions not be
7  publicly filed or exchanged between the parties.

8  Class Counsel is also cognizant that the Court means to enable the parties to make
9  meaningful challenges to reasonableness of the time reportedly incurred.  Therefore, Class
10 Counsel respectfully suggests that they be permitted to file and serve summaries of their time,
11 broken down on a project-by-project basis, and stating for each day the total time for each time
12 keeper for each project.  *Clarke* at 129 (". . . the general purpose of the work performed [is]
13 usually not protected from disclosure . . . ") (citations omitted).  As Class Counsel expects to have
14 over one hundred such "projects," they respectfully submit that such a detailed breakdown of
15 projects will itself allow for meaningful assessment of time reported.  To the extent that
16 Defendant challenges Class Counsel's time, Defendant would submit the narrative descriptions of
17 their respective relevant narrative time descriptions with the Court *ex parte* and *in camera*, again,
18 broken down on a project-by-project basis, and stating the total time for each time keeper for each
19 project.

20 Accordingly, Plaintiffs respectfully request that the Court amend the Fee Order to:  (a)
21 remove any requirement that the parties serve upon one another narrative descriptions of their
22 time records; (b) require that any narrative descriptions of time recorded, to the extent required to
23 be filed, be lodged with the Court *ex parte, in camera*, and not served on the other party; (c)
24 require that, to the extent any party lodges narrative descriptions of their time recorded to the
25 Court for *in camera* review, that for such time, the party file and serve summaries of that time,
26 broken down on a project-by-project basis, and stating the total time for each time keeper for each
27 project.
28

Alternatively, if the Court is not inclined to grant this relief, Class Counsel would respectfully request that the Court postpone Class Counsel's submission of time records until such time as any writ of certiorari to the Supreme Court filed by Defendant with respect to the judgment affirmed and entered by the Ninth Circuit Court of Appeals on October 29, 2014 (Case no. 13-16195, Doc. No. 38) has been denied, or if granted, until the conclusion of the corresponding appeal.

## Certification That Stipulation Could Be Obtained

I, Michael W. Sobol, certify pursuant to Local Rule 7-11(a) that I conferred with counsel for Defendant, David Jolley, regarding the issue addressed in this motion, and sent to him an earlier draft of this motion, to seek Defendants' consent, but was informed by him that Defendant could not stipulate to the relief sought in this motion.

Dated: February 11, 2015         Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:      /s/ *Michael W. Sobol*

Richard M. Heimann (State Bar No. 063607)
Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Richard D. McCune (State Bar No. 132124)
*rdm@mccunewright.com*
Jae (Eddie) K. Kim (State Bar No. 236805)
*jkk@mccunewright.com*
MCCUNEWRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

1217933.1