Richard M. Heimann (State Bar No. 063607)
E-mail: rheimann@lchb.com
Michael W. Sobol (State Bar No. 194857)
E-mail: msobol@lchb.com
Roger Heller (State Bar No. 215348)
E-mail: rheller@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Richard D. McCune (State Bar No. 132124)
*rdm@mccunewright.com*
Jae (Eddie) K. Kim (State Bar No. 236805)
*jkk@mccunewright.com*
MCCUNEWRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. C 07-05923-WHA<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO AMEND IN PART ORDER RE ATTORNEYS' FEES AND EXPENSES**<br><br>Judge Assigned:   Hon. William H. Alsup |

1   Having considered Plaintiffs' Administrative Motion to Amend in Part Order re
2   Attorney's Fees and Expenses and finding good cause, the Court GRANTS Plaintiffs' Motion.
3   The Court hereby amends its Order re Attorney's Fees and Expenses (Dkt. No. 619) as
4   follows:

- **Paragraph 2 is replaced in its entirety with the following:**

   2. No later than **FEBRUARY 17 AT NOON**, class counsel shall lodge a declaration with the Court, as provided in subparagraph (a) and paragraphs 3-5 below, and file and serve on Defendant a declaration, as provided in subparagraph (b) and paragraphs 3-5 below.

   (a)  Class counsel shall lodge with the Court for *in camera* review a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered. Class Counsel shall include with its submission a copy of any spreadsheet in native format (*e.g.*, Microsoft Excel) so that specific line items can be reviewed and calculated. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| Project Total: | | | 23.5 | | $4350 |

   (b)  Class counsel shall file and serve on Defendant a declaration, organized in the same fashion provided in subparagraph (a), except that a detailed description of the work shall not be included. Class Counsel shall serve on Defendant a copy of any spreadsheet in native format (*e.g.*, Microsoft Excel) reflecting this organization so that specific line items can be reviewed and calculated.

- **Paragraph 7 is deleted in its entirety.**

- **Paragraph 8 is replaced in its entirety with the following:**

    This order recognizes that Wells Fargo would ordinarily have little interest in challenging the lodestar sought by class counsel since most, if not all, of any fee award would come out of the pockets of the class members, thereby reducing their recovery.  In our case, however, since class counsel intends to seek fees pursuant to California Code of Civil Procedure Section 1021.5 so that some or all of any award could be paid on top of the judgment, this order will require Wells Fargo to provide counter-declarations, in the formats and using the procedure specified in paragraph 2 above, by **MARCH 10, 2015**.  Its counter-declarations may not simply attack the numbers in the fee application. It must also set forth a counter-analysis in the same format required of the applicant, arriving at a final number. The counter-declarations must clearly identify each line item in the application challenged as excessive, improper, or otherwise unrecoverable and explain why.  It may annotate (legible handwriting will be acceptable) the applicant's declaration to isolate the precise numbers at issue.

- **The first sentence of Paragraph 9 is replaced in its entirety with the following:**

    In other words, if Wells Fargo contends that any item or project was excessive, then it must provide declarations setting forth completely all time expended by it on the same and on similar projects, in the formats and using the procedure described in paragraph 2 above, so that symmetry may be considered.

**IT IS SO ORDERED.**

Dated: _____   _____
Hon. William H. Alsup
United States District Judge

1217723.1

[PROPOSED] ORDER GRANTING ADMIN. MOT. TO AMEND IN PART ORDER RE FEES & EXPENSES
CASE NO. C 07-05923 WHA