IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, ERIN WALKER
and WILLIAM SMITH, as individuals and
on behalf of all others similarly situated,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 07-05923 WHA

**REQUEST FOR RESPONSE AND TENTATIVE COMMENTS**

    The Court is in receipt of Wells Fargo's "motion for leave to take limited discovery concerning class counsel's motion for attorney's fees under California Code of Civil Procedure Section 1021.5." Section 1021.5 requires, among other things, that "the necessity and financial burden of private enforcement . . . are such as to make the award appropriate" and that "such fees should not in the interest of justice be paid out of the recovery, if any." Without the benefit of class counsel's reply brief in support of their fee petition and without the benefit of any objections from individual class members, the undersigned judge is tentatively of the view that the $203 million judgment is ample enough to cover any fee award the Court would likely make without undue injury to the overall recovery to the class. This tentative thought would militate against an award under Section 1021.5. Indeed, when the "estimated value [of the class action common fund recovery] is substantially more than [the] actual litigation costs, there should be no award under [S]ection 1021.5 unless public benefits are very significant." *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1407, 1415 (Cal. Ct. App. 1991), *disapproved on other grounds by Olson v. Automobile Club of Southern California*, 42 Cal. 4th 1142, 1151 (Cal. 2008).

    Under this framework, document request number 1 would fall away as irrelevant, if the request for fees under Section 1021.5 is denied. Document request number 3 would seem

unnecessary since the undersigned judge — having presided over this action since 2008 — already knows of the quality and value of the work performed by the lawyers in this action. And with respect to document request number 2, according to one email, dated March 9, class counsel appeared willing to produce copies of its fee-sharing agreement in this action. With these tentative comments in mind, both sides shall please address in their opposition and reply briefs the following questions:

1. Has any court sustained (or overruled) privilege over documents like the ones sought by Wells Fargo in our action in the context of a petition for fees under Section 1021.5?

2. What are the specific categories of documents over which class counsel assert the privilege? Has any court discussed attorney work product in the context of a Section 1021.5 fee petition? Please remember that privilege issues should be addressed on a sworn record for our court of appeals.

3. Does class counsel seek to rely on their "contemporaneous subjective thoughts and impressions about the anticipated costs and potential monetary recovery in this litigation" in support of fees sought under Section 1021.5? The normal rule is that privilege cannot be used as both a sword and a shield. Please distinguish between what types of pertinent information, if any, class counsel will (and has) relied upon versus what types of documents class counsel claims are privileged.

4. What responsive documents, if any, are class counsel willing to produce to Wells Fargo pursuant to the protective order?

The opposition is due by **MARCH 31 AT NOON**, and the reply is due by **APRIL 7 AT NOON**. This request contains some tentative views made without prejudice to a ruling after full briefing and oral argument.

Dated: March 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2