Sonya D. Winner (State Bar No. 200348)
E-mail: swinner@cov.com
David M. Jolley (State Bar No. 191164)
E-mail: djolley@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (State Bar No. 269482)
E-mail: ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil Case No.: CV-07-5923 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER ON LIMITED DISCOVERY RELATING TO CLASS COUNSEL'S FEE MOTION**<br><br>Honorable William Alsup |

1   WHEREAS, Class Counsel's Motion for an Award of Attorneys' Fees and Costs in this case (Dkt. No. 638) includes a request that the Court order defendant Wells Fargo Bank, N.A. ("Wells Fargo") to pay attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5 ("Section 1021.5");

WHEREAS, Wells Fargo is seeking limited discovery in connection with Class Counsel's request pursuant to Section 1021.5, and it has filed a motion with the Court seeking leave to take such discovery from Class Counsel (Dkt. No. 655);

WHEREAS, the parties have agreed that, in the briefing and argument on Class Counsel's request pursuant to Section 1021.5, neither party shall cite to or rely on any of their contemporaneous subjective evaluations and/or determinations of the financial risks and potential rewards associated with Class Counsel's representation of the plaintiffs and the class at the time they made vital litigation decisions, and no briefing, declarations, or argument provided by either party in support of or in opposition to Class Counsel's request pursuant to Section 1021.5 shall be construed as presenting or relying upon any such contemporaneous subjective evaluations.  Wells Fargo shall not, in opposing Class Counsel's request pursuant to Section 1021.5, make any arguments criticizing the absence of evidence regarding such contemporaneous subjective evaluations, or otherwise rely on its own or its counsel's contemporaneous subjective evaluations and/or determinations regarding the risks and potential success of this case.  This agreement is not intended to affect or limit any argument made by Class Counsel in support of their request for a fee award from the class judgment.  In light of this agreement, and subject to the Court's approval, Wells Fargo further agrees to withdraw its request for formal discovery relating to documents and information underlying any such subjective evaluations.

WHEREAS, the parties have met and conferred, and have agreed upon a limited set of document requests from Wells Fargo to Class Counsel with a response date of April 10, 2015.  These requests are as follows:

1. All documents comprising or containing any agreements between or among Class Counsel regarding any advancement of costs, or any collection, allocation, or distribution of fees received, or anticipated or hoped to be received, by Class Counsel in connection with the representation of any plaintiff or class in this case.

1

WHEREAS, this Stipulation will, with the approval of the Court, result in Wells Fargo withdrawing its pending Motion for Leave to Take Limited Discovery (Dkt. No. 655) and obviate the need for further briefing from the parties on that Motion.  It will also obviate the need for the Court to evaluate the various questions about issues raised by the Motion as set out in the Court's Request for Response and Tentative Comments (Dkt. No. 657).

Accordingly,

IT IS HEREBY STIPULATED by and between the parties that Class Counsel shall respond to the agreed-upon set of document requests from Wells Fargo on or before April 10, 2015.

IT IS FURTHER STIPULATED by and between the parties that, in the briefing and argument on Class Counsel's request pursuant to Section 1021.5, neither party shall cite to or rely on any of their contemporaneous subjective evaluations and/or determinations of the financial risks and potential rewards associated with Class Counsel's representation of the plaintiffs and the class at the time they made vital litigation decisions, and no briefing, declaration, or argument provided by either party in support of or in opposition to Class Counsel's request pursuant to Section 1021.5 shall be construed as presenting or relying upon any such contemporaneous subjective evaluations.  Wells Fargo shall not, in opposing Class Counsel's request pursuant to Section 1021.5, make any arguments criticizing the absence of evidence regarding such contemporaneous subjective evaluations, or otherwise rely on its own or its counsel's contemporaneous subjective evaluations and/or determinations regarding the risks and potential success of this case.

IT IS FURTHER STIPULATED by and between the parties that nothing in this Stipulation shall be construed as precluding either party from pointing to objective, publicly-available information that they contend should have a bearing on the Court's evaluation of Class Counsel's request pursuant to Section 1021.5.

IT IS FURTHER STIPULATED by and between the parties that nothing in this Stipulation is intended to affect or limit any briefing or argument made by Class Counsel in support of their request for a fee award from the class judgment.

STIPULATION AND [PROPOSED] ORDER ON
LIMITED DISCOVERY RE
CLASS COUNSEL'S FEE MOTION

IT IS FURTHER STIPULATED by and between the parties that, subject to the approval of the Court, Wells Fargo's pending Motion for Leave to Take Limited Discovery (Dkt. No. 655) shall be deemed withdrawn and there shall be no further briefing on that motion or in response to the Court's Request for Response and Tentative Comments (Dkt. No. 657).

DATED: March 26, 2015                           COVINGTON & BURLING LLP


                                                By: /s/ David M. Jolley
                                                    David M. Jolley
                                                    Attorneys for Defendants


DATED: March 26, 2015                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                                By: /s/ Michael W. Sobol
                                                    Michael W. Sobol
                                                    Attorneys for Plaintiffs


**IT IS SO ORDERED.**

```
Since Wells Fargo has withdrawn its motion for leave to take
limited discovery, this order terminates docket number 655.
The April 23 hearing is hereby vacated.
```
Dated: March 27, 2015.                          _____
                                                Hon. William Alsup
                                                United States District Judge

3

STIPULATION AND [PROPOSED] ORDER ON
LIMITED DISCOVERY RE
CLASS COUNSEL'S FEE MOTION