UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No. C 07-05923-WHA

**UPDATED SCHEDULING ORDER RE DISTRIBUTION**

In connection with distributing judgment funds to the class, this Court's Second Case Management Order Following Remand, dated January 29, 2015 (Dkt. No. 616) ("January 29 Order") directed defendant Wells Fargo Bank, N.A. ("Wells Fargo") to assemble an updated class list including specified information for each class member account, and to make such list available to class counsel and the class administrator in a clean room. January 29 Order at ¶¶ 8-10. The parties and the class administrator report that Wells Fargo timely made the updated class list available for review, and that class counsel, with the help of their expert Arthur Olsen, and the class administrator have spot-checked the updated class list.

The updated class list assembled by Wells Fargo will need to be further updated closer to the time of any actual distribution to account for: (i) changes in the status of class members as current or former Wells Fargo customers; (ii) the final amount of post-judgment interest due to the class, and (iii) any additional adjustments required as a result of the pending appeals. Class counsel and the class administrator will need an opportunity to spot-check the final updated class list before distribution occurs.

The Court therefore ORDERS the following updated schedule regarding the final updating of the class list and the distribution of judgment funds:

1. Within fourteen (14) calendar days after all orders of this Court are final and not subject to any further review or appeal that could affect the *pro rata* amount due any class member, Wells Fargo shall update the current class list and create a "Final Class List" that includes all of the information set forth in paragraph 8 of the Court's January 29 Order (Dkt. No. 616 at ¶ 8). In making the final calculations, post-judgment interest shall run up to and including the last date for Wells Fargo to create the Final Class List.

2. The Final Class List shall then be made available to class counsel and the class administrator in a clean room for seven (7) calendar days. The class administrator shall spot-check the Final Class List to make sure that Wells Fargo has properly classified class members in Groups 1, 2, and 3, and has properly calculated the amount due each class member. Within three (3) calendar days thereafter, the class administrator and counsel for each side shall meet and confer in person in a good faith effort to resolve any disputes. All objections and responses must be summarized in a joint letter (not to exceed five pages) to be filed within four (4) calendar days after that meet-and-confer.

3. If there are no disputes, the parties shall promptly (and no later than fourteen (14) calendar days after the last day for class counsel and the class administrator to review the Final Class List in the clean room): (a) file a joint statement confirming that there are no disputes, summarizing the final allocation of funds, and stating that the distribution is ready to occur; and (b) file a proposed order authorizing the plan of distribution to proceed. The joint statement shall also identify a third-party financial institution with at least $10 billion in assets designated by the class administrator to receive the funds due and payable pursuant to paragraph 4(b) below.

4. Within twenty-eight (28) calendar days after approval to proceed with the distribution plan is granted by the Court, the following shall occur:

    (a) Wells Fargo shall (i) credit the accounts for class members in Groups 1 and 2, in the final "take-home" amounts (*i.e.,* after making the *pro rata* adjustments for post-judgment interest and for attorneys' fees and costs, the class administrator's fees, the incentive awards, and any other adjustments as may be ordered by the Court as a result of now pending appeals) as indicated in the Final Class List, (ii) file a sworn declaration stating that the credits have been made; and (iii) lodge under seal an alphabetized list of class members (names and cities are

1

sufficient) who received credits. The class administrator and class counsel shall have five (5) calendar days thereafter to file a letter (not to exceed three pages) identifying any deficiencies. During those five days, the Final Class List shall be made available to the class administrator and class counsel in the clean room. The class administrator shall spot-check that Wells Fargo properly credited those in Groups 1 and 2. Wells Fargo shall please cooperate in providing access to relevant records; and

(b) Wells Fargo shall deposit or cause to be deposited into a segregated bank account ("Judgment Account") to be administered by the class administrator and held at the third-party financial institution designated by the class administrator, an amount equal to: the total class restitution judgment ($202,994,035.46); *plus* class-wide post-judgment interest; *minus* the aggregate of the account credits provided by Wells Fargo to class members in Groups 1 and 2.

5. Within five (5) calendar days after the last day for the class administrator or class counsel to file a deficiency letter regarding the Group 1 and 2 account credits (or, if a deficiency letter is filed, within five (5) calendar days after any alleged deficiency identified in the letter is resolved), Wells Fargo shall send class counsel and the class administrator a list (the "Mailed Payment List") of those class members due money, as indicated in the Final Class List, that was not paid by Wells Fargo via account credits. The Mailed Payment List shall include for each such class member: name, last-known mailing address, last-known email address, last-known telephone number, and "take-home" amount as indicated in the Final Class List. The Mailed Payment List shall be designated "HIGHLY CONFIDENTIAL" pursuant to the protective order in this case.

6. The class administrator shall use all reasonable efforts to find the current addresses for all class members on the Mailed Payment List. Within thirty (30) calendar days after receiving the Mailed Payment List, the class administrator shall mail checks, drawn from the Judgment Account in the amounts indicated in the Mailed Payment List, to all class members on the Mailed Payment List. Such checks shall be valid for a period of ninety (90) calendar days, and thereafter shall be voided if the class member has not cashed the check within that time. Thirty (30) calendar days before the void date, the class administrator shall mail a reminder postcard to those class members who have

UPDATED SCHEDULING ORDER RE DISTRIBUTION
Case No. C 07-05923-WHA

not yet cashed their checks (unless the check was returned as undeliverable). The class administrator shall use all reasonable efforts to find the current addresses for class members for whom any checks are returned as undeliverable and promptly mail new checks to those class members.

7. After one-hundred-eighty (180) calendar days have passed following the deadline for the initial mailing of checks to class members on the Mailed Payment List, the class administrator shall promptly file a sworn declaration describing the efforts taken to distribute payment checks to class members and stating the number of class members who cashed their checks and total amount cashed, and the number of class members who did not timely cash their checks and total unclaimed amount. Within ten (10) calendar days thereafter, the parties shall submit to the Court recommendation(s) for how to handle the unclaimed amounts.

8. Payment of class counsels' awarded attorneys' fees and expenses, and payment of the class administrator's fees, shall be made by the class administrator, drawn from the Judgment Account, pursuant to the timing and procedures set forth in the Court's Order Awarding Fees, Expenses, and Incentive Awards (Dkt. No. 682). Payment of the plaintiffs' incentive awards shall be made by the class administrator, drawn from the Judgment Account, when the class distribution (*i.e.*, the initial mailing of the class member checks) is made.

**IT IS SO ORDERED.**

DATED:   July 22, 2015.

_____
Hon. William Alsup
United States District Judge