Richard M. Heimann (State Bar No. 063607)
E-mail: rheimann@lchb.com
Michael W. Sobol (State Bar No. 194857)
E-mail: msobol@lchb.com
Roger Heller (State Bar No. 215348)
E-mail: rheller@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Richard D. McCune (State Bar No. 132124)
E-mail: rdm@mccunewright.com
Jae (Eddie) K. Kim (State Bar No. 236805)
E-mail: jkk@mccunewright.com
MCCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs and the Class*

Sonya D. Winner (State Bar No. 200348)
E-mail: swinner@cov.com
David M. Jolley (State Bar No. 191164)
E-mail: djolley@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (State Bar No. 269482)
E-mail: ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Defendant*
Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. C 07-05923-WHA<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PROVISION OF INFORMATION TO THE CLASS ADMINISTRATOR FOR USE IN ATTEMPTING TO FIND UPDATED ADDRESS INFORMATION FOR UNDELIVERABLE JUDGMENT CHECKS**<br><br>The Honorable William H. Alsup |

## STIPULATION

WHEREAS, on July 22, 2015, the Court entered an Updated Scheduling Order Re Distribution in this action (Dkt. 688) ("Updated Scheduling Order") governing, *inter alia*, the procedures for distributing judgment payments to the members of the class;

WHEREAS, the Updated Scheduling Order provided that judgment payments for class members with existing Wells Fargo accounts – *i.e.*, "Group 1" and "Group 2" class members – were to be made by account credit (Dkt. No. 688, ¶ 6; Dkt. No. 616, ¶ 8);

WHEREAS, on June 7, 2016, Wells Fargo confirmed to the Court that it had completed the account credits for Groups 1 and 2. (Dkt. 701);

WHEREAS, the Updated Scheduling Order provided that judgment payments for "class members no longer doing business with Wells Fargo" – *i.e.*, "Group 3" class members – were to be made by mailed check sent by the Class Administrator (Dkt. No. 688, ¶ 6; Dkt. No. 616, ¶ 8);

WHEREAS, pursuant to the Updated Scheduling Order, Wells Fargo provided the Class Administrator with the last known mailing addresses for the Group 3 class members as part of the "Mailed Payment List" – which also contained, for each such class member, last known email address, last known telephone number, and account number (*see* Dkt. 688, ¶ 5) – and subsequently the Class Administrator updated those mailing addresses through the National Change of Address Registry;

WHEREAS, pursuant to the Updated Scheduling Order, between July 1, 2016 and July 8, 2016, the Class Administrator mailed 714,337 judgment checks to each of the Group 3 class members;

WHEREAS, the Class Administrator reports that as of September 9, 2016, of the 714,337 mailed judgment checks it sent, it has received as "returned, undeliverable mail" the checks for 175,405 class members (hereinafter, the "Undeliverable Class Members");

WHEREAS, the Updated Scheduling Order provides that the Class Administrator must use "all reasonable efforts to find the current address" for Undeliverable Class Members, so that it can "promptly mail new checks to those class members." (Dkt. 688, ¶ 6);

WHEREAS, the Class Administrator will use the identifying information currently included in the "Mailed Payment List," to conduct "skip trace" searches to obtain updated addresses for the Undeliverable Class Members, but has also indicated that the effectiveness of those efforts may be increased if the Class Administrator had access to these particular class members' Social Security Numbers (which the Court did not order Wells Fargo to provide as part of the Mailed Payment List in the Updated Scheduling Order);

WHEREAS, Class Counsel believes that it is the prudent course to have Wells Fargo provide the Class Administrator with access to the Social Security Numbers for the Undeliverable Class Members;

WHEREAS, Wells Fargo has reasonably raised security and privacy concerns regarding its provision of Social Security Numbers for the Undeliverable Class Members, and Class Counsel and Wells Fargo agree that such information should only be provided by Wells Fargo: (a) to the Class Administrator only (and no one else, including Class Counsel); (b) only for those class members who are Undeliverable Class Members; and (c) only within the confines of a Wells Fargo facility for the sole purpose of the Class Administrator initiating the aforementioned skip trace searches from within that Wells Fargo facility; and

WHEREAS, the Class Administrator has agreed to abide by the security protocols set forth herein with respect to any and all Social Security Numbers provided by Wells Fargo;

**IT IS HEREBY STIPULATED**, by and between the parties, through their counsel of record, and the parties respectfully request that the Court order, as follows:

1. Within three (3) days following the entry of this Order, the Class Administrator shall provide Wells Fargo with an "Undeliverables File" that includes the name and account number of each Undeliverable Class Member.

2. By no later than September 23, 2016, Wells Fargo shall allow the Class Administrator access to Wells Fargo's "clean room" in Concord, California, and allow the Class Administrator access to an "SSN File" that lists the name, account number, and Social Security Number for each Undeliverable Class Member for purposes of initiating skip trace searches from

within the Wells Fargo clean room.

3. While inside Wells Fargo's clean room, the Class Administrator shall be accompanied and monitored by a Wells Fargo representative to maintain the security of the Social Security Numbers at issue.

4. At no point, except as necessary to perform the skip trace searches themselves, shall any of the Social Security Numbers be removed from or transmitted outside of the Wells Fargo facility.

**ORDER**

**IT IS SO ORDERED.**

Dated: September 14, 2016.

_____
The Honorable William Alsup
United States District Judge